UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| KOPPERS PERFORMANCE CHEMICALS INC. f/k/a OSMOSE WOOD PRESERVING CO. OF AMERICA, INC. f/k/a OSMOSE WOOD PRESERVING, INC. f/k/a OSMOSE, INC. | CASE NO.: 2:20-cv-2017-RMG |
| Plaintiff, | |
| v. | |
| THE TRAVELERS INDEMNITY COMPANY; ARGONAUT-MIDWEST INSURANCE COMPANY d/b/a ARGO GROUP; INSURANCE COMPANY OF NORTH AMERICA d/b/a CHUBB; INDEMNITY INSURANCE COMPANY OF NORTH AMERICA d/b/a CHUBB; PACIFIC EMPLOYERS INSURANCE COMPANY d/b/a CHUBB; and ACE AMERICAN INSURANCE COMPANY d/b/a CHUBB; | |
| Defendants. | |

## COMPLAINT

Plaintiff, Koppers Performance Chemicals Inc. f/k/a Osmose Wood Preserving Co. of America, Inc. f/k/a Osmose Wood Preserving, Inc. f/k/a Osmose, Inc. ("Koppers"), by and through its undersigned counsel, hereby files this Complaint against Defendants The Travelers Indemnity Company ("Travelers"), Argonaut-Midwest Insurance Company d/b/a Argo Group ("Argo"), Insurance Company of North America d/b/a Chubb ("INA"), Indemnity Insurance Company of North America d/b/a Chubb ("IICNA"), Pacific Employers Insurance Company d/b/a Chubb ("PEIC"), and ACE American Insurance Company d/b/a Chubb ("AAIC") (INA, IICNA, PEIC, and AAIC, collectively, "Chubb") and alleges as follows:

1.  This is partially an action for declaratory relief pursuant to the S.C. Code Ann. §§ 15-53-10 et. seq.

2.	This is also an action seeking damages for breach of contract occasioned by the defendant insurers' wrongful disclaimer of defense and indemnity obligations to Koppers.

## THE PARTIES

3.	Koppers Performance Chemicals Inc. is a corporation organized and existing under the laws of the State of New York with its principal place of business in the State of Georgia.

4.	Upon information and belief, The Travelers Indemnity Company is a Connecticut corporation with its principal place of business in Connecticut. The Travelers Indemnity Company is licensed and authorized to conduct business, and does conduct business, in South Carolina.

5.	Upon information and belief, Argonaut-Midwest Insurance Company is an Illinois corporation with its principal place of business in Texas. Argonaut-Midwest Insurance Company is licensed and authorized to conduct business, and does conduct business, in South Carolina.

6.	Upon information and belief, Insurance Company of North America is a Pennsylvania corporation with its principal place of business in Pennsylvania. Insurance Company of North America is licensed and authorized to conduct business, and does conduct business, in South Carolina.

7.	Upon information and belief, Indemnity Insurance Company of North America is a Pennsylvania corporation with its principal place of business in Pennsylvania. Indemnity Insurance Company of North America is licensed and authorized to conduct business, and does conduct business, in South Carolina.

8.	Upon information and belief, Pacific Employers Insurance Company is a Pennsylvania corporation with its principal place of business in Pennsylvania. Pacific Employers

Insurance Company is licensed and authorized to conduct business, and does conduct business, in South Carolina.

9.  Upon information and belief, ACE American Insurance Company is a Pennsylvania corporation with its principal place of business in Pennsylvania. ACE American Insurance Company is licensed and authorized to conduct business, and does conduct business, in South Carolina.

10. In accordance with S.C. Code Ann. § 15-53-80, all of the parties herein are proper parties to this action in that each has or claims an interest that would be affected by the requested declaration.

## JURISDICTION AND VENUE

11. Jurisdiction of this Court over this action is invoked pursuant to 28 U.S.C. § 1332(a)(1). There is complete diversity of citizenship between Plaintiff and Defendants, and the matter in controversy exceeds, exclusive of interest and costs, the sum of $75,000.

12. Venue is proper in this district under 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to the claim occurred in this district.

## THE NATURE OF THIS ACTION

The Underlying Action and Settlement

13. Koppers was named as a defendant in an action styled *Phillip H. Riley and Amanda Riley v. Buck Lumber and Building Supply, Inc., et al.*, Court of Common Pleas Ninth Judicial Circuit Charleston County, SC Civil Action No. 2014CP107249 (the "Underlying Action"). A copy of the complaint in the Underlying Action is attached as Exhibit A.

14. The plaintiffs in the Underlying Action asserted claims against Koppers related to Mr. Riley's exposure to chromated copper arsenate ("CCA").

15. CCA is a chemical used to treat and preserve wood.

16. The complaint in the Underlying Action alleged that Mr. Riley's exposure to CCA caused his cancer, which subsequently led to his premature death at the age of 38.

17. Prior to his death, Mr. Riley testified in his deposition in the Underlying Action that his father ran a fence-making business out of the backyard of his childhood home. Mr. Riley testified that he was exposed to CCA beginning with his birth in 1978 and ending in 1992, when his father stopped using wood treated with CCA. A copy of the relevant pages from Mr. Riley's deposition transcript are attached as Exhibit B.

18. The Underlying Action was settled in March 2018 and Koppers was dismissed in May 2018.

<u>The Travelers Insurance Policy</u>

19. Koppers paid a substantial premium to Travelers to purchase a combined liability insurance policy with numbers TR-NSL-107T689-0-78 and TRL-HPS-144T550-9-78, covering the period January 1, 1978 to January 1, 1979 (the "Travelers Policy"). A copy of the Travelers Policy as it exists in Koppers' possession is attached hereto as Exhibit C.

20. The Travelers Policy was in full force and effect during the relevant time period.

21. The Travelers Policy provides coverage to Koppers for, among other things, liability due to alleged bodily injury caused by Koppers' products.

22. The Travelers Policy also provides that Travelers will pay all reasonable and necessary attorneys' fees and costs incurred to defend a covered action.

4

<u>Travelers' Coverage Position</u>

23. Koppers timely notified Travelers of the filing of the Underlying Action and demanded defense and indemnity coverage from Travelers.

24. Travelers disclaimed any obligation to defend or indemnify Koppers against the Underlying Action in a letter dated July 18, 2017 ("Travelers Disclaimer Letter"). A copy of the Travelers Disclaimer Letter is attached as Exhibit D.

25. Travelers asserted in the Travelers Disclaimer Letter that, despite Mr. Riley's sworn testimony that he was exposed to CCA in 1978, Travelers concluded Mr. Riley was too young to have been exposed to CCA in 1978. Therefore, Travelers concluded Mr. Riley's exposure to CCA fell outside of its policy period.

26. Travelers further disclaimed any obligation to defend or indemnify Koppers against the Underlying Action in the Travelers Disclaimer Letter on the basis that Koppers provided late notice.

27. Travelers further disclaimed any obligation to defend or indemnify Koppers against the Underlying Action in the Travelers Disclaimer Letter on the basis that the portion of the Travelers Policy designated by policy number TRL-HPS-144T550-9-78 did not cover claims against Koppers occurring in the United States.

28. Travelers confirmed its disclaimer in a letter dated June 12, 2018.

<u>The Argo Insurance Policies</u>

29. Koppers paid substantial premiums to Argo to purchase liability policy number CL-371-002087, covering the period June 1, 1979 to December 1, 1980 (the "Argo 1980 policy");

5

liability policy number CL-389-002087, covering the period December 1, 1980 to December 1, 1981 (the "Argo 1981 Policy"); and liability policy number CL-401-002087, covering the period December 1, 1981 to December 1, 1982 (the "Argo 1982 Policy") (the Argo 1980 Policy, the Argo 1981 Policy, and the Argo 1982 Policy, collectively, the "Argo Policies").

30. A copy of the Argo 1980 Policy as it exists in Koppers' possession is attached hereto as Exhibit E. It appears the Argo 1981 Policy and the Argo 1982 Policy are substantially similar to the Argo 1980 Policy.

31. The Argo Policies were in full force and effect during the relevant time period.

32. The Argo Policies provide coverage to Koppers for, among other things, liability due to alleged bodily injury caused by Koppers' products.

33. The Argo Policies also provide that Argo will pay all reasonable and necessary attorneys' fees and costs incurred to defend a covered action.

Argo's Coverage Position

34. Koppers timely notified Argo of the filing of the Underlying Action and demanded defense and indemnity coverage from Argo.

35. Argo disclaimed any obligation to defend or indemnify Koppers against the Underlying Action in a letter dated June 22, 2017 ("Argo Disclaimer Letter"). A copy of the Argo Disclaimer Letter is attached as Exhibit F.

36. Argo asserted in the Argo disclaimer letter that the Argo Policies were only intended to provide coverage for Koppers' Hawaii operations, despite the lack of any geographical restriction in the policies.

### The Chubb Insurance Policies

37. Koppers paid substantial premiums to Chubb to purchase various general liability policies covering portions of the period from 1979 to 2003 (the "Chubb Policies"). These policies were purchased from various Chubb companies, including INA, IICNA, PEIC, and AAIC.

38. The relevant Chubb Policies were in full force and effect during the relevant time period.

39. The Chubb Policies provide coverage to Koppers for, among other things, liability due to alleged bodily injury caused by Koppers' products.

40. The Chubb Policies also provide that Chubb will pay all reasonable and necessary attorneys' fees and costs incurred to defend a covered action.

41. Although the Chubb policies contain deductibles that must be satisfied before Chubb is obligated to provide defense and/or indemnity coverage, one or more of the Chubb policies have exhausted deductibles, meaning Chubb owes first-dollar defense and indemnity coverage under those policies.

### Chubb's Coverage Position

42. Koppers timely notified Chubb of the filing of the Underlying Action and demanded defense and indemnity coverage from Chubb.

43. Chubb issued a reservation of rights letter dated April 19, 2018 ("Chubb Coverage Letter"), in which Chubb acknowledged an obligation to provide defense and indemnity coverage on a "pro-rational basis" under certain Chubb policies. A copy of the Chubb Coverage Letter is attached as Exhibit G.

44. The Chubb Coverage Letter contains a laundry list of 21 potential coverage issues which Chubb claims "may limit or preclude coverage".

45. The Chubb Coverage Letter is ambiguous, lacks specificity, and is inadequate to reserve rights under South Carolina law.

46. Despite acknowledging defense and indemnity obligations to Koppers, Chubb has refused to reimburse Koppers for its defense or indemnity costs incurred in the Underlying Action.

## COUNT I
### (Declaratory Judgment)

47. Plaintiff reasserts the allegations of the preceding paragraphs as if fully set forth herein.

48. Plaintiff is in doubt as to its rights, duties and obligations owed to it pursuant to the Travelers Policy, Argo Policies, and Chubb Policies and the applicability of the Travelers Policy, Argo Policies, and Chubb Policies to the Underlying Action, including, but not limited to, the obligations of Travelers, Argo, and Chubb to defend Plaintiff with respect to the Underlying Action and whether the damages sustained constitute a covered loss under the Travelers Policy, Argo Policies, and Chubb Policies. Thus, Plaintiff is in need of and entitled to a judicial declaration of its rights regarding the same.

49.     Plaintiff believes coverage is available under one or more of the Travelers Policy, Argo Policies, and Chubb Policies because the damages claimed against Plaintiff in the Underlying Action:

a. constituted an "occurrence" under the Travelers Policy, Argo Policies, and Chubb Policies;

b. are covered under the Travelers Policy, Argo Policies, and Chubb Policies; and

c. triggered a duty under the Travelers Policy, Argo Policies, and Chubb Policies to defend Plaintiff.

50.     Plaintiff has complied with all conditions precedent to the filing of this lawsuit, and notwithstanding the same, Defendants have denied the claims in question and/or have reserved their rights to deny the claims in question.  Alternatively, to the extent Plaintiff has failed to comply with any conditions precedent, the failure to comply with the same did not prejudice and/or is an immaterial breach of the subject contracts of insurance as such claims were or would have been denied by Travelers, Argo, and/or Chubb.  Alternatively, Travelers, Argo, and Chubb waived any such conditions and/or are estopped from asserting any defenses related to conditions precedent.

51.     Plaintiff has been required to retain the undersigned counsel and is obligated to pay them a reasonable fee for their services.

52.     Plaintiff is entitled to the recovery of its attorney's fees and costs in the present declaratory judgment action in the manner set forth and as provided by Gordon Gallup Realtors v. Cincinnati Ins. Co., 274 S.C. 468, 265 S.E.2d 38 (1980) and Hegler v. Gulf Ins. Co., 270 S.C. 548, 550 243 S.E.2d 443,444 (1978).

53.     All parties having any interest in the declarations sought and all other persons having interest therein or adversely affected are joined in this action.

## COUNT II
**(For Breach of the Duty to Defend)**

54. Plaintiff reasserts the allegations of the preceding paragraphs as if fully set forth herein.

55. Koppers has fulfilled all of its duties under the Travelers Policy, Argonaut Policies, and Chubb Policies, and/or such duties or conditions have been waived by Travelers, Argonaut and/or Chubb.

56. The Travelers Policy, Argonaut Policies, and Chubb Policies all require the respective insurance companies to fully defend Koppers against the Underlying Action.

57. Travelers, Argonaut, and Chubb have breached their contractual obligations to Koppers by refusing to defend Koppers against the Underlying Action and by refusing to reimburse Koppers for its reasonable and necessary fees and costs incurred to defend the Underlying Action.

58. Each of Travelers, Argonaut, and Chubb owed Koppers a complete defense of the Underlying Action.

59. As a direct and proximate result of Travelers, Argonaut, and Chubb's breach of their duty to defend Koppers, Koppers has been deprived the benefit of the insurance coverage that was purchased in the Travelers Policy, Argonaut Policies, and Chubb Policies, and has suffered damages.

60. As a direct and proximate result of Travelers, Argonaut, and Chubb's breach of their duty to defend Koppers, Koppers has retained the undersigned counsel to represent it in this action, and is entitled to recover its reasonable attorneys' fees and costs incurred to force Travelers, Argonaut, and Chubb to honor their duty to defend.

## COUNT III
**(For Breach of the Duty to Indemnify)**

61. Plaintiff reasserts the allegations of the preceding paragraphs as if fully set forth herein.

62. Koppers has fulfilled all of its duties under the Travelers Policy, Argonaut Policies, and Chubb Policies, and/or such duties or conditions have been waived by Travelers, Argonaut and/or Chubb.

63. Travelers, Argonaut, and Chubb have breached their contractual obligations to Koppers by refusing to indemnify Koppers for the settlement amount paid by Koppers to settle the Underlying Action.

64. As a direct and proximate result of Travelers, Argonaut, and Chubb's breach of their duty to indemnify, Koppers has been deprived the benefit of the insurance coverage that was purchased in the Travelers Policy, Argonaut Policies, and Chubb Policies, and has suffered damages.

WHEREFORE, Koppers respectfully requests that the Court enter judgment:

A. On Count I, in the form of a declaration from this Honorable Court as to the rights of the parties as follows:

    a. That the Travelers Policy, Argo Policies, and Chubb Policies were in full force and effect at all times relevant hereto;

    b. That Travelers, Argo, and Chubb owed a duty to defend Plaintiff under the respective Travelers Policy, Argo Policies, and Chubb Policies from any and all of the claims in the Underlying Action;

    c.    That any and all of the damages referenced in the Underlying Action against Plaintiff represent covered losses under the Travelers Policy, Argo Policies, and Chubb Policies;

    d.    That Plaintiff is entitled to damages in the amount of the covered damages paid by Plaintiff in the Underlying Action; and

    e.    That no exclusions or other limitations of coverage contained in Travelers Policy, Argo Policies, and Chubb Policies are applicable to the claims against Plaintiff in the Underlying Action.

B.    On Count II, for damages in favor of Koppers and against Travelers, Argonaut, and Chubb, in an amount to be determined at trial, due to Travelers, Argonaut, and Chubb's breach of their duty to defend Koppers and refusal to pay Koppers' reasonable and necessary defense fees and costs in the Underlying Action;

C.    On Count III, for damages in favor of Koppers and against Travelers, Argonaut, and Chubb, in an amount to be determined at trial, due to Travelers, Argonaut, and Chubb's breach of their duty to indemnify Koppers and refusal to reimburse Koppers for its payment made to settle the Underlying Action; and

D.    Awarding Koppers its attorneys' fees, costs and expenses incurred to force Travelers, Argonaut, and Chubb to honor their duty to defend, along with pre- and post-judgment interest, taxable costs, and any other and further relief the Court deems just, equitable, and proper.

## **JURY TRIAL DEMANDED**

Plaintiff respectfully requests a trial by jury on all claims, as well as on each defense which may be raised by any Defendant, which are triable to a jury.

Dated: May 27, 2020                           Respectfully submitted,

/s/ Laura F. Locklair
LAURA F. LOCKLAIR
Federal Bar No. 11900
South Carolina Bar No. 77679
E-mail address: llocklair@insurance-counsel.com
BOYLE, LEONARD & ANDERSON, P.A.
28 Hasell Street
Charleston, SC 29401
Telephone: (843) 576-4141
Facsimile: (239) 337-7674

OF COUNSEL

FRIEDMAN, P.A.
ROBERT H. FRIEDMAN
Florida Bar No. 25994
E-mail address: rob@friedmanpa.com
340 Royal Poinciana Way
Suite 317-202
Palm Beach, FL  33480
Telephone: (561) 800-2110
Facsimile: (561) 246-3413

Counsel for Koppers Performance Chemicals Inc.