# EXHIBIT 3



# The Travelers Insurance Companies

## Hartford, Connecticut

### (Each a Stock Insurance Company)

The member of The Travelers Insurance Companies designated in the declarations as the insurer (herein called the company), in consideration of the payment of the premium, in reliance upon the statements in the declarations made a part hereof and subject to all of the terms of this policy, agrees with the *named insured* as follows:

# Definitions

When used in this policy (including endorsements forming a part hereof): ◆

**"automobile"** means a land motor vehicle, trailer or semitrailer designed for travel on public roads (including any machinery or apparatus attached thereto), but does not include *mobile equipment;*

**"bodily injury"** means bodily injury, sickness or disease sustained by any person which occurs during the policy period, including death at any time resulting therefrom;

**"completed operations hazard"** includes *bodily injury* and *property damage* arising out of operations or reliance upon a representation or warranty made at any time with respect thereto, but only if the *bodily injury* or *property damage* occurs after such operations have been completed or abandoned and occurs away from premises owned by or rented to the *named insured.* "Operations" include materials, parts or equipment furnished in connection therewith. Operations shall be deemed completed at the earliest of the following times:

(1) when all operations to be performed by or on behalf of the *named insured* under the contract have been completed,

(2) when all operations to be performed by or on behalf of the *named insured* at the site of the operations have been completed, or

(3) when the portion of the work out of which the injury or damage arises has been put to its intended use by any person or organization other than another contractor or subcontractor engaged in performing operations for a principal as a part of the same project.

Operations which may require further service or maintenance work, or correction, repair or replacement because of any defect or deficiency, but which are otherwise complete, shall be deemed completed.

The *completed operations hazard* does not include *bodily injury* or *property damage* arising out of

(a) operations in connection with the transportation of property, unless the *bodily injury* or *property damage* arises out of a condition in or on a vehicle created by the loading or unloading thereof,

(b) the existence of tools, uninstalled equipment or abandoned or unused materials, or

(c) operations for which the classification stated in the policy or in the company's manual specifies "including completed operations";

**"elevator"** means any hoisting or lowering device to connect floors or landings, whether or not in service, and all appliances thereof including any car, platform, shaft, hoistway, stairway, runway, power equipment and machinery; but does not include an *automobile* servicing hoist, or a hoist without a platform outside a building if without mechanical power or if not attached to building walls, or a hod or material hoist used in alteration, construction or demolition operations, or an inclined conveyor used exclusively for carrying property or a dumbwaiter used exclusively for carrying property and having a compartment height not exceeding four feet;

**"incidental contract"** means any written (1) lease of premises, (2) easement agreement, except in connection with construction or demolition operations on or adjacent to a railroad, (3) undertaking to indemnify a municipality required by municipal ordinance, except in connection with work for the municipality, (4) sidetrack agreement, or (5) *elevator* maintenance agreement;

**"insured"** means any person or organization qualifying as an insured in the "Persons Insured" provision of the applicable insurance coverage. The insurance afforded applies separately to each *insured* against whom claim is made or suit is brought, except with respect to the limits of the company's liability;

**"mobile equipment"** means a land vehicle (including any machinery or apparatus attached thereto), whether or not self-propelled, (1) not subject to motor vehicle registration, or (2) maintained for use exclusively on premises owned by or rented to the *named insured,* including the ways immediately adjoining, or (3) designed for use principally off public roads, or (4) designed or maintained for the sole purpose of affording mobility to equipment of the following types forming an integral part of or permanently attached to such vehicle: power cranes, shovels, loaders, diggers and drills; concrete mixers (other than the mix-in-transit type); graders, scrapers, rollers and other road construction or repair equipment; air-compressors, pumps and generators, including spraying, welding and building cleaning equipment; and geophysical exploration and well servicing equipment;

**"named insured"** means the person or organization named in Item 1. of the declarations of this policy;

**"named insured's products"** means goods or products manufactured, sold, handled or distributed by the *named insured* or by others trading under his name, including any container thereof (other than a vehicle),

but *"named insured's products"* shall not include a vending machine or any property other than such container, rented to or located for use of others but not sold;

*"occurrence"* means an accident, including continuous or repeated exposure to conditions, which results in *bodily injury* or *property damage* neither expected nor intended from the standpoint of the *insured;*

*"policy territory"* means:

(1) the United States of America, its territories or possessions, or Canada, or

(2) international waters or air space, provided the *bodily injury* or *property damage* does not occur in the course of travel or transportation to or from any other country, state or nation, or

(3) anywhere in the world with respect to damages because of *bodily injury* or *property damage* arising out of a product which was sold

for use or consumption within the territory described in paragraph (1) above, provided the original suit for such damages is brought within such territory;

*"products hazard"* includes *bodily injury* and *property damage* arising out of the *named insured's products* or reliance upon a representation or warranty made at any time with respect thereto, but only if the *bodily injury* or *property damage* occurs away from premises owned by or rented to the *named insured* and after physical possession of such products has been relinquished to others;

*"property damage"* means (1) physical injury to or destruction of tangible property which occurs during the policy period, including the loss of use thereof at any time resulting therefrom, or (2) loss of use of tangible property which has not been physically injured or destroyed provided such loss of use is caused by an *occurrence* during the policy period.

## Supplementary Payments

The company will pay, in addition to the applicable limit of liability:

(a) all expenses incurred by the company, all costs taxed against the *insured* in any suit defended by the company and all interest on the entire amount of any judgment therein which accrues after entry of the judgment and before the company has paid or tendered or deposited in court that part of the judgment which does not exceed the limit of the company's liability thereon;

(b) premiums on appeal bonds required in any such suit, premiums on bonds to release attachments in any such suit for an amount not in excess of the applicable limit of liability of this policy, and the cost

of bail bonds required of the *insured* because of accident or traffic law violation arising out of the use of any vehicle to which this policy applies, not to exceed $250 per bail bond, but the company shall have no obligation to apply for or furnish any such bonds;

(c) expenses incurred by the *insured* for first aid to others at the time of an accident, for *bodily injury* to which this policy applies;

(d) reasonable expenses incurred by the *insured* at the company's request in assisting the company in the investigation or defense of any claim or suit, including actual loss of earnings not to exceed $25 per day.

## Nuclear Energy Liability Exclusion (Broad Form)

I. The policy does not apply:

A. Under any Liability Coverage, to *bodily injury* or *property damage*

(1) with respect to which an *insured* under the policy is also an insured under a nuclear energy liability policy issued by Nuclear Energy Liability Insurance Association, Mutual Atomic Energy Liability Underwriters or Nuclear Insurance Association of Canada, or would be an insured under any such policy but for its termination upon exhaustion of its limit of liability; or

(2) resulting from the hazardous properties of nuclear material and with respect to which (a) any person or organization is required to maintain financial protection pursuant to the Atomic Energy Act of 1954, or any law amendatory thereof, or (b) the *insured* is, or had this policy not been issued would be, entitled to indemnity from the United States of America, or any agency thereof, under any agreement entered into by the United States of America, or any agency thereof, with any person or organization.

B. Under any Medical Payments Coverage, or under any Supplementary Payments provision relating to first aid, to expenses incurred with respect to *bodily injury* resulting from the *hazardous properties* of *nuclear material* and arising out of the operation of a *nuclear facility* by any person or organization.

C. Under any Liability Coverage, to *bodily injury* or *property damage* resulting from the *hazardous properties* of *nuclear material*, if

(1) the *nuclear material* (a) is at any *nuclear facility* owned by, or operated by or on behalf of, an *insured* or (b) has been discharged or dispersed therefrom;

(2) the *nuclear material* is contained in *spent fuel* or *waste* at any time possessed, handled, used, processed, stored, transported or disposed of by or on behalf of an *insured;* or

(3) the *bodily injury* or *property damage* arises out of the furnishing

*"nuclear material"* means *source material, special nuclear material* or *byproduct material;*

*"source material", "special nuclear material",* and *"byproduct material"* have the meanings given them in the Atomic Energy Act of 1954 or in any law amendatory thereof;

*"spent fuel"* means any fuel element or fuel component, solid or liquid, which has been used or exposed to radiation in a *nuclear reactor;*

*"waste"* means any waste material (1) containing *byproduct material* and (2) resulting from the operation by any person or organization of any *nuclear facility* included within the definition of *nuclear facility* under paragraph (a) or (b) thereof;

*"nuclear facility"* means

(a) any *nuclear reactor,*

(b) any equipment or device designed or used for (1) separating the isotopes of uranium or plutonium, (2) processing or utilizing *spent fuel,* or (3) handling, processing or packaging *waste,*

(c) any equipment or device used for the processing, fabricating or alloying of *special nuclear material* if at any time the total amount of such material in the custody of the *insured* at the premises where such equipment or device is located consists of or contains more than 25 grams of plutonium or uranium 233 or any combination thereof, or more than 250 grams of uranium 235,

(d) any structure, basin, excavation, premises or place prepared or used for the storage or disposal of *waste,*

and includes the site on which any of the foregoing is located, all operations conducted on such site and all premises used for such operations;

by an *insured* of services, materials, parts or equipment in connection with the planning, construction, maintenance, operation or use of any *nuclear facility,* but if such facility is located within the United States of America, its territories or possessions or Canada, this exclusion (3) applies only to *property damage* to such *nuclear facility* and any property thereat.

II. As used in this exclusion:

*"hazardous properties"* include radioactive, toxic or explosive properties;

*"nuclear reactor"* means any apparatus designed or used to sustain nuclear fission in a self-supporting chain reaction or to contain a critical mass of fissionable material;

*"property damage"* includes all forms of radioactive contamination of property.

III. This exclusion modifies the provisions of the policy relating to all Automobile Liability, General Liability and Medical Payments Insurance other than Comprehensive Personal and Farmer's Comprehensive Personal Insurance.

# Conditions

**1. Premium.** All premiums for this policy shall be computed in accordance with the company's rules, rates, rating plans, premiums and minimum premiums applicable to the insurance afforded herein.

Premium designated in this policy as "advance premium" is a deposit premium only which shall be credited to the amount of the earned premium due at the end of the policy period. At the close of each period (or part thereof terminating with the end of the policy period) designated in the declarations as the audit period the earned premium shall be computed for such period and, upon notice thereof to the *named insured*, shall become due and payable. If the total earned premium for the policy period is less than the premium previously paid, the company shall return to the *named insured* the unearned portion paid by the *named insured*.

The *named insured* shall maintain records of such information as is necessary for premium computation, and shall send copies of such records to the company at the end of the policy period and at such times during the policy period as the company may direct.

**2. Inspection and Audit.** The company shall be permitted but not obligated to inspect the *named insured's* property and operations at any time. Neither the company's right to make inspections nor the making thereof nor any report thereon shall constitute an undertaking, on behalf of or for the benefit of the *named insured* or others, to determine or warrant that such property or operations are safe or healthful, or are in compliance with any law, rule or regulation.

The company may examine and audit the *named insured's* books and records at any time during the policy period and extensions thereof and within three years after the final termination of this policy, as far as they relate to the subject matter of this insurance.

**3. Financial Responsibility Laws.** When this policy is certified as proof of financial responsibility for the future under the provisions of any motor vehicle financial responsibility law, such insurance as is afforded by this policy for *bodily injury* liability or for *property damage* liability shall comply with the provisions of such law to the extent of the coverage and limits of liability required by such law. The *insured* agrees to reimburse the company for any payment made by the company which it would not have been obligated to make under the terms of this policy except for the agreement contained in this paragraph.

**4. Insured's Duties in the Event of Occurrence, Claim or Suit.**

(a) In the event of an *occurrence*, written notice containing particulars sufficient to identify the *insured* and also reasonably obtainable information with respect to the time, place and circumstances thereof, and the names and addresses of the injured and of available witnesses, shall be given by or for the *insured* to the company or any of its authorized agents as soon as practicable.

(b) If claim is made or suit is brought against the *insured*, the *insured* shall immediately forward to the company every demand, notice, summons or other process received by him or his representative.

(c) The *insured* shall cooperate with the company and, upon the company's request, assist in making settlements, in the conduct of suits and in enforcing any right of contribution or indemnity against any person or organization who may be liable to the *insured* because of injury or damage with respect to which insurance is afforded under this policy; and the *insured* shall attend hearings and trials and assist in securing and giving evidence and obtaining the attendance of witnesses. The *insured* shall not, except at his own cost, voluntarily make any payment, assume any obligation or incur any expense other than for first aid to others at the time of accident.

**5. Action Against Company.** No action shall lie against the company unless, as a condition precedent thereto, there shall have been full compliance with all of the terms of this policy, nor until the amount of the *insured's* obligation to pay shall have been finally determined either by judgment against the *insured* after actual trial or by written agreement of the *insured*, the claimant and the company.

Any person or organization or the legal representative thereof who has secured such judgment or written agreement shall thereafter be entitled to recover under this policy to the extent of the insurance afforded by this policy. No person or organization shall have any right under this policy to join the company as a party to any action against the *insured* to determine the *insured's* liability, nor shall the company be impleaded by the *insured* or his legal representative. Bankruptcy or insolvency of the *insured* or of the *insured's* estate shall not relieve the company of any of its obligations hereunder.

**6. Other Insurance.** The insurance afforded by this policy is primary insurance, except when stated to apply in excess of or contingent upon the absence of other insurance. When this insurance is primary and the *insured* has other insurance which is stated to be applicable to the loss on an excess or contingent basis, the amount of the company's liability under this policy shall not be reduced by the existence of such other insurance.

When both this insurance and other insurance apply to the loss on the same basis, whether primary, excess or contingent, the company shall not be liable under this policy for a greater proportion of the loss than that stated in the applicable contribution provision below:

(a) **Contribution by Equal Shares.** If all of such other valid and collectible insurance provides for contribution by equal shares, the company shall not be liable for a greater proportion of such loss than would be payable if each insurer contributes an equal share until the share of each insurer equals the lowest applicable limit of liability under any one policy or the full amount of the loss is paid, and with respect to any amount of loss not so paid the remaining insurers then continue to contribute equal shares of the remaining amount of the loss until each such insurer has paid its limit in full or the full amount of the loss is paid.

(b) **Contribution by Limits.** If any of such other insurance does not provide for contribution by equal shares, the company shall not be liable for a greater proportion of such loss than the applicable limit of liability under this policy for such loss bears to the total applicable limit of liability of all valid and collectible insurance against such loss.

**7. Subrogation.** In the event of any payment under this policy, the company shall be subrogated to all the *insured's* rights of recovery therefor against any person or organization and the *insured* shall execute and deliver instruments and papers and do whatever else is necessary to secure such rights. The *insured* shall do nothing after loss to prejudice such rights.

**8. Changes.** Notice to any agent or knowledge possessed by any agent or by any other person shall not effect a waiver or a change in any part of this policy or estop the company from asserting any right under the terms of this policy; nor shall the terms of this policy be waived or changed, except by endorsement issued to form a part of this policy.

**9. Assignment.** Assignment of interest under this policy shall not bind the company until its consent is endorsed hereon; if, however, the *named insured* shall die, such insurance as is afforded by this policy shall apply (1) to the *named insured's* legal representative, as the *named insured*, but only while acting within the scope of his duties as such, and (2) with respect to the property of the *named insured*, to the person having proper temporary custody thereof, as *insured*, but only until the appointment and qualification of the legal representative.

**10. Three Year Policy.** If this policy is issued for a period of three years any limit of the company's liability stated in this policy as "aggregate" shall apply separately to each consecutive annual period thereof.

**11. Cancellation.** This policy may be canceled by the *named insured* by mailing to the company written notice stating when thereafter the cancellation shall be effective. This policy may be canceled by the company by mailing to the *named insured* at the address shown in this policy, written notice stating when not less than ten days thereafter such cancellation shall be effective. The mailing of notice as aforesaid shall be sufficient proof of notice. The effective date and hour of cancellation stated in the notice shall become the end of the policy period. Delivery of such written notice either by the *named insured* or by the company shall be equivalent to mailing.

If the *named insured* cancels, earned premium shall be computed in accordance with the customary short rate table and procedure. If the company cancels, earned premium shall be computed pro rata. Premium adjustment may be made either at the time cancellation is effected or as soon as practicable after cancellation becomes effective, but payment or tender of unearned premium is not a condition of cancellation.

**12. Declarations.** By acceptance of this policy, the *named insured* agrees that the statements in the declarations are his agreements and representations, that this policy is issued in reliance upon the truth of such representations and that this policy embodies all agreements existing between himself and the company or any of its agents relating to this insurance.

(continued on Page 3)

**New York Special Provision**—If a Comprehensive Automobile Liability Insurance, Garage Insurance or Automobile Medical Payments Insurance Coverage Part forming a part of this policy insures premises located or *automobiles* principally garaged in New York, the Nuclear Energy Liability Exclusion (Broad Form) does not apply to such premises or *automobiles*.

**Puerto Rico Special Provision**—It is agreed that the Action Against Company Condition applicable to any liability coverage afforded by the policy with respect to *occurrences* which take place in Puerto Rico is amended to read:

No action shall lie against the company unless as a condition precedent thereto, the *insured* shall have fully complied with all the terms of this policy.

**South Carolina Special Provision**—If a Comprehensive General Liability, Manufacturers' and Contractors' Liability, Owners', Landlords' and Tenants' Liability, Druggists' Liability, Storekeeper's, Completed Operations and Products Liability, Contractual Liability, Premises Medical Payments or Garage Insurance Coverage Part forming a part of this policy insures premises located in South Carolina, it is agreed that with respect to such insurance that part of the alcoholic beverage exclusion which relates to the selling, serving or giving of any alcoholic beverage (a) to a person under the influence of alcohol or (b) which causes or contributes to the intoxication of any person, is deleted.

**Texas Special Provision**—With respect to such insurance as may be afforded by this policy by The Charter Oak Fire Insurance Company for premises located or *automobiles* principally garaged in Texas, it is agreed as follows:

**Dividend Provision—Participating Companies.** The *named insured* shall be entitled to participate in a distribution of the surplus of the company, as determined by its Board of Directors from time to time, after approval in accordance with the provisions of the Texas Insurance Code of 1951, as amended.

**Vermont Special Provisions—**

1. If this policy affords a Liability Coverage with respect to a premises located or an *automobile* principally garaged in Vermont, it is agreed that the policy is amended in the following particulars with respect to such Coverage:

   The Policy is issued and delivered subject to the Laws of Vermont and particularly to Section 9242, Chapter 391 "The Vermont Statutes, Revision of 1947," including the following statutory requirements forming a part of such Laws:

   The company shall pay and satisfy any judgment that may be recovered against the *insured* upon any claim covered by this Policy to the extent and within the limits of liability assumed thereby, and shall protect the *insured* against the levy of any execution issued upon any such judicial judgment or claim against the *insured*. No limitation of liability in this Policy shall be valid if, after a judgment has been rendered against the *insured* in respect to his legal liability for damages in a particular instance, the company continues the litigation by an appeal or otherwise, unless the *insured* shall stipulate with the company, agreeing to continue such litigation.

   No action shall lie against the company to recover for any loss under this Policy, unless brought within one year after the amount of such loss is made certain either by judgment against the *insured* after final determination of the litigation or by agreement between the parties with the written consent of the company.

   The insolvency or bankruptcy of the *insured* shall not release the company from the payment of damages for injury sustained or loss occasioned during the life of the Policy, and in case of such insolvency or bankruptcy an action may be maintained by the injured person or claimant against the company under the terms of the Policy for the amount of any judgment obtained against the *insured* not exceeding the limits of the Policy.

   Payment of any judicial judgment or claim by the *insured* for any of the company's liability hereunder shall not bar the *insured* from any action or right of action against the company. In case of payment of loss or expense under this Policy, the company shall be subrogated to all rights of the *insured* against any party, as respects such loss or expense, to the amount of such payment, and the *insured* shall execute all papers required and shall cooperate with the company to secure to the company such rights.

2. If a Comprehensive General Liability, Manufacturers' and Contractors' Liability, Owners' and Contractors' Protective Liability, Owners', Landlords' and Tenants' Liability, Premises Medical Payments or Storekeeper's Coverage Part forming a part of this policy insures premises located or operations conducted in Vermont, the exclusion relating to the operation or use of any snowmobile or trailer designed for use therewith applies only if the *bodily injury* or *property damage* occurs away from premises owned by, rented to or controlled by the *named insured*.

**In witness whereof, the company has caused this policy to be signed by its President and Secretary at Hartford, Connecticut, and countersigned on the declarations page by a duly authorized agent of the company.**

*Secretary*

*President*

C-16216   Edition 1-1-73   PRINTED IN U.S.A.   N.S.   (GA)

The insurer for this Policy is that member of The Travelers Insurance Companies designated by an 'X' below:

# THE TRAVELERS INSURANCE COMPANIES

*(Each A Stock Insurance Company)*

HARTFORD • CONNECTICUT

- [ ] THE TRAVELERS INDEMNITY COMPANY
- [ ] THE CHARTER OAK FIRE INSURANCE COMPANY
- [ ] THE TRAVELERS INDEMNITY COMPANY OF AMERICA
- [ ] THE TRAVELERS INDEMNITY COMPANY OF ILLINOIS
- [ ] THE TRAVELERS INDEMNITY COMPANY OF RHODE ISLAND

| TRL-HPS-144T550-9-78 | ◄POLICY NUMBER |

## DECLARATIONS

## COMMERCIAL AUTOMOBILE—GENERAL LIABILITY POLICY

**Item 1.** *Named Insured*

Osmose Wood Preserving Co of America Inc
etal per End 8000(1)
980 Ellicott St
Buffalo NY 14209

Address
(No., street, town, county, state, zip code)

**Item 2.** Policy Period:     From **01-01-78**     to **01-01-79**     12:01 A.M.†

**Item 3.**

| Parts | Coverages | | each person | each occurrence | aggregate | Advance Premium |
|---|---|---|---|---|---|---|
| | Owners', Landlords' and Tenants' | Bodily Injury Liability | | M | | $ Prem |
| | | Property Damage Liability | | M | M | $ |
| | Manufacturers' and Contractors' | Bodily Injury Liability | | M | | $ |
| | | Property Damage Liability | | M | M | $ |
| L11 | Completed Operations and Products | Bodily Injury Liability | | See M | | $ To Be |
| | | Property Damage Liability | End M 8000(2)M | | M | $ |
| L26 | Contractual Liability | Bodily Injury Liability | | See M | | $ |
| | | Property Damage Liability | End M 8000(2)M | | M | $ |
| | Automobile | Bodily Injury Liability | | M | | $ Coll |
| | | Property Damage Liability | | M | | $ |
| | Uninsured Motorists (Damages for Bodily Injury) | | each person | each accident | | $ Under |
| | Premises Medical Payments | | $ | | M | $ |
| | Automobile Medical Payments | | $ | | | $ |
| | Automobile Physical Damage | Comprehensive | | | | $ TPB |
| | | Collision | ACV Less $     Deductible | | | $ |
| | | Fire, Lightning or Transportation | | | | $ |
| | | Theft | $ | | | $ |
| | | Combined Additional | | | | $ |

Limits of Liability

The insurance afforded is only with respect to such of the Coverage Parts as are indicated by Symbol Number and the Coverages therein as are indicated by specific premium charge. The limit of the company's liability against each such Coverage shall be as stated herein, subject to all the terms of this policy having reference thereto. In any Limits of Liability space the letter "M" means "Thousands of Dollars" and the letters "ACV" mean "Actual Cash Value".

Symbol numbers of Endorsements, Schedules and additional Coverage Parts forming a part of this policy on its effective date.

IL 90 01 8000(1-4)
19950  29200

# 04429

Total Advance Premium

**Item 4.** (a) The *named insured* is:     individual [ ];     partnership [X];     corporation [X];     joint venture [ ];     other: _____

(b) Audit Period: Annual, unless otherwise stated;     semi-annual [ ];     quarterly [ ];     monthly [ ]

**Item 5.** During the past three years no insurer has cancelled insurance, issued to the *named insured*, similar to that afforded hereunder, unless otherwise stated herein:

General Liability Coverage Parts—The declarations are completed on an accompanying schedule designated "General Liability Hazards".

Automobile Liability Coverage Parts—The declarations are completed on an accompanying schedule designated "Automobile Liability Hazards".

†Standard time at the address of the *named insured* as stated herein.

Countersigned by _M S Gibson_

Keep this declarations page in your "Policy Jacket—Edition January 1, 1973", Form C-16216. These declarations and all Coverage Parts, Schedules and Endorsements issued to form a part hereof, together with your Policy Jacket, form your complete insurance policy.

C-16242  Edition January 1, 1973  PRINTED IN U.S.A.

## COMPLETED OPERATIONS AND PRODUCTS LIABILITY INSURANCE COVERAGE PART

### I. Coverage A—Bodily Injury Liability

### Coverage B—Property Damage Liability

The company will pay on behalf of the *insured* all sums which the *insured* shall become legally obligated to pay as damages because of

Coverage A. *bodily injury* or

Coverage B. *property damage*

to which this insurance applies, caused by an *occurrence*, if the *bodily injury* or *property damage* is included within the *completed operations hazard* or the *products hazard*, and the company shall have the right and duty to defend any suit against the *insured* seeking damages on account of such *bodily injury* or *property damage*, even if any of the allegations of the suit are groundless, false or fraudulent, and may make such investigation and settlement of any claim or suit as it deems expedient, but the company shall not be obligated to pay any claim or judgment or to defend any suit after the applicable limit of the company's liability has been exhausted by payment of judgments or settlements.

### Exclusions

This insurance does not apply:

(a) to liability assumed by the *insured* under any contract or agreement; but this exclusion does not apply to a warranty of fitness or quality of the *named insured's products* or a warranty that work performed by or on behalf of the *named insured* will be done in a workmanlike manner;

(b) to *bodily injury* or *property damage* for which the *insured* may be held liable

(1) as a person or organization engaged in the business of manufacturing, distributing, selling or serving alcoholic beverages, or

(2) if not so engaged, as an owner or lessor of premises used for such purposes,

if such liability is imposed

(i) by, or because of the violation of, any statute, ordinance or regulation pertaining to the sale, gift, distribution or use of any alcoholic beverage, or

(ii) by reason of the selling, serving or giving of any alcoholic beverage to a minor or to a person under the influence of alcohol or which causes or contributes to the intoxication of any person;

but part (ii) of this exclusion does not apply with respect to liability of the *insured* as an owner or lessor described in (2) above;

(c) to any obligation for which the *insured* or any carrier as his insurer may be held liable under any workmen's compensation, unemployment compensation or disability benefits law, or under any similar law;

(d) to *bodily injury* to any employee of the *insured* arising out of and in the course of his employment by the *insured* or to any obligation of the *insured* to indemnify another because of damages arising out of such injury;

(e) to loss of use of tangible property which has not been physically injured or destroyed resulting from

(1) a delay in or lack of performance by or on behalf of the *named insured* of any contract or agreement, or

(2) the failure of the *named insured's products* or work performed by or on behalf of the *named insured* to meet the level of performance, quality, fitness or durability warranted or represented by the *named insured*;

but this exclusion does not apply to loss of use of other tangible property resulting from the sudden and accidental physical injury to or destruction of the *named insured's products* or work performed by or on behalf of the *named insured* after such products or work have been put to use by any person or organization other than an *insured*;

(f) to *property damage* to the *named insured's products* arising out of such products or any part of such products;

(g) to *property damage* to work performed by or on behalf of the *named insured* arising out of the work or any portion thereof, or out of materials, parts or equipment furnished in connection therewith;

(h) to damages claimed for the withdrawal, inspection, repair, replacement, or loss of use of the *named insured's products* or work completed by or for the *named insured* or of any property of which such products or work form a part, if such products, work or property are withdrawn from the market or from use because of any known or suspected defect or deficiency therein;

(i) (1) to *bodily injury* or *property damage* arising out of any emission, discharge, seepage, release or escape of any liquid, solid, gaseous or thermal waste or pollutant

(i) if such emission, discharge, seepage, release or escape is either expected or intended from the standpoint of any *insured* or any person or organization for whose acts or omissions any *insured* is liable, or

(ii) resulting from or contributed to by any condition in violation of or non-compliance with any governmental rule, regulation or law applicable thereto;

but this exclusion (i)(1) does not apply to *property damage* arising out of any emission, discharge, seepage, release or escape of petroleum or petroleum derivatives into any body of water;

(2) to *property damage* arising out of any emission, discharge, seepage, release or escape of petroleum or petroleum derivatives into any body of water, but this exclusion (i)(2) does not apply to *property damage* resulting from fire or explosion arising out of any emission, discharge, seepage, release or escape which neither

(i) is expected or intended from the standpoint of any *insured* or any person or organization for whose acts or omissions any *insured* is liable, nor

(ii) results from or is contributed to by any condition in violation of or non-compliance with any governmental rule, regulation or law applicable thereto.

### II. Persons Insured

Each of the following is an *insured* under this insurance to the extent set forth below:

(a) if the *named insured* is designated in the declarations as an individual, the person so designated but only with respect to the conduct of a business of which he is the sole proprietor, and the spouse of the *named insured* with respect to the conduct of such a business;

(b) if the *named insured* is designated in the declarations as a partnership or joint venture, the partnership or joint venture so designated and any partner or member thereof but only with respect to his liability as such;

(c) if the *named insured* is designated in the declarations as other than an individual, partnership or joint venture, the organization so designated and any executive officer, director or stockholder thereof while acting within the scope of his duties as such;

(d) any person (other than an employee of the *named insured*) or organization while acting as real estate manager for the *named insured*.

This insurance does not apply to *bodily injury* or *property damage* arising out of the conduct of any partnership or joint venture of which the *insured* is a partner or member and which is not designated in this policy as a *named insured*.

### III. Limits of Liability

Regardless of the number of (1) *insureds* under this policy, (2) persons or organizations who sustain *bodily injury* or *property damage*, or (3) claims made or suits brought on account of *bodily injury* or *property damage*, the company's liability is limited as follows:

Coverage A—The total liability of the company for all damages, including damages for care and loss of services, because of *bodily injury* sustained by one or more persons as the result of any one *occurrence* shall not exceed the limit of *bodily injury* liability stated in the declarations as applicable to "each *occurrence*".

*(Continued on Page 2)*

L 11A

Subject to the above provision respecting "each *occurrence*", the total liability of the company for all damages because of all *bodily injury* to which this coverage applies shall not exceed the limit of *bodily injury* liability stated in the declarations as "aggregate".

**Coverage B**—The total liability of the company for all damages because of all *property damage* sustained by one or more persons or organizations as the result of any one *occurrence* shall not exceed the limit of *property damage* liability stated in the declarations as applicable to "each *occurrence*".

Subject to the above provision respecting "each *occurrence*", the total liability of the company for all damages because of all *property* damage to which this coverage applies shall not exceed the limit of *property damage* liability stated in the declarations as "aggregate".

**Coverages A and B**—For the purpose of determining the limit of the company's liability, all *bodily injury* and *property damage* arising out of continuous or repeated exposure to substantially the same general conditions shall be considered as arising out of one *occurrence*.

**IV. Policy Territory**

This insurance applies only to *bodily injury* or *property damage* which occurs within the *policy territory*.

# CONTRACTUAL LIABILITY INSURANCE COVERAGE PART

## (Blanket Coverage)

DECLARATIONS SCHEDULE                                    Forming part of Policy No. TRL-HPS-144T550-9-78

| No. | Designation of Contracts | Code | Premium Bases | Rates B.I. | Rates P.D. | Advance Premium B.I. | Advance Premium P.D. |
|---|---|---|---|---|---|---|---|
| | ~~XXXXXXXXXXXXXXX~~ | | (a) Cost | (a) Per $100 of Cost | | | |
| | Product purchase order agreements | | (b) Sales | (b) Per $1000 of Sales | | Included | |
| | *[handwritten text]* | | | | | | |

| Minimum Premiums    B.I.    P.D. | | | | | Total | | |

---

## I. Coverage Y—Contractual Bodily Injury Liability

### Coverage Z—Contractual Property Damage Liability

The company will pay on behalf of the *insured* all sums which the *insured*, by reason of *contractual liability* assumed by him under any written contract of the type designated in the schedule for this insurance, shall become legally obligated to pay as damages because of

### Coverage Y—*bodily injury* or
### Coverage Z—*property damage*

to which this insurance applies, caused by an *occurrence*, and the company shall have the right and duty to defend any *suit* against the *insured* seeking damages on account of such *bodily injury* or *property damage*, even if any of the allegations of the *suit* are groundless, false or fraudulent, and may make such investigation and settlement of any claim or *suit* as it deems expedient, but the company shall not be obligated to pay any claim or judgment or to defend

(1) any arbitration proceeding wherein the company is not entitled to exercise the *insured's* rights in the choice of arbitrators and in the conduct of such proceedings, or

(2) any *suit* after the applicable limit of the company's liability has been exhausted by payment of judgments or settlements.

### Exclusions

This insurance does not apply:

(a) to liability assumed by the *insured* under any *incidental contract*;

(b) (1) if the *insured* is an architect, engineer or surveyor, to *bodily injury* or *property damage* arising out of the rendering of or failure to render professional services by such *insured*, including

　　(i) the preparation or approval of maps, drawings, opinions, reports, surveys, change orders, designs or specifications, and

　　(ii) supervisory, inspection or engineering services;

(2) if the indemnitee of the *insured* is an architect, engineer or surveyor, to the liability of the indemnitee, his agents or employees, arising out of

　　(i) the preparation or approval of or failure to prepare or approve maps, drawings, opinions, reports, surveys, change orders, designs or specifications, or

　　(ii) the giving of or the failure to give directions or instructions by the indemnitee, his agents or employees, provided such giving or failure to give is the primary cause of the *bodily injury* or *property damage*;

(c) to *bodily injury* or *property damage* due to war, whether or not declared, civil war, insurrection, rebellion or revolution or to any act or condition incident to any of the foregoing;

(d) to *bodily injury* or *property damage* for which the indemnitee may be held liable

(1) as a person or organization engaged in the business of manufacturing, distributing, selling or serving alcoholic beverages, or

(2) if not so engaged, as an owner or lessor of premises used for such purposes,

if such liability is imposed

　　(i) by, or because of the violation of, any statute, ordinance or regulation pertaining to the sale, gift, distribution or use of any alcoholic beverage or

　　(ii) by reason of the selling, serving or giving of any alcoholic beverage to a minor or to a person under the influence of alcohol or which causes or contributes to the intoxication of any person;

but part (ii) of this exclusion does not apply with respect to liability of the indemnitee as an owner or lessor described in (2) above;

(e) to any obligation for which the *insured* or any carrier as his insurer may be held liable under any workmen's compensation, unemployment compensation or disability benefits law, or under any similar law;

(f) to *property damage* to

(1) property owned or occupied by or rented to the *insured*,

(2) property used by the *insured*, or

(3) property in the care, custody or control of the *insured* or as to which the insured is for any purpose exercising physical control;

(g) to any obligation for which the *insured* may be held liable in an action on a contract by a third party beneficiary for *bodily injury* or *property damage* arising out of a project for a public authority; but this exclusion does not apply to an action by the public authority or any other person or organization engaged in the project;

(h) to *property damage* to premises alienated by the *named insured* arising out of such premises or any part thereof;

(i) to loss of use of tangible property which has not been physically injured or destroyed resulting from

(1) a delay in or lack of performance by or on behalf of the *named insured* of any contract or agreement, or

(2) the failure of the *named insured's products* or work performed by or on behalf of the *named insured* to meet the level of performance, quality, fitness or durability warranted or represented by the *named insured*;

(*Continued on Page 2*)

L 26C

but this exclusion does not apply to loss of use of other tangible property resulting from the sudden and accidental physical injury to or destruction of the *named insured's products* or work performed by or on behalf of the *named insured* after such products or work have been put to use by any person or organization other than an *insured*;

(j) to *property damage* to the *named insured's products* arising out of such products or any part of such products;

(k) to *property damage* to work performed by or on behalf of the *named insured* arising out of the work or any portion thereof, or out of materials, parts or equipment furnished in connection therewith;

(l) to damages claimed for the withdrawal, inspection, repair, replacement, or loss of use of the *named insured's products* or work completed by or for the *named insured* or of any property of which such products or work form a part, if such products, work or property are withdrawn from the market or from use because of any known or suspected defect or deficiency therein;

(m) to *bodily injury* or *property damage* arising out of the ownership, maintenance, operation, use, loading or unloading of any mobile equipment while being used in any prearranged or organized racing, speed or demolition contest or in any stunting activity or in practice or preparation for any such contest or activity;

(n) (1) to *bodily injury* or *property damage* arising out of any emission, discharge, seepage, release or escape of any liquid, solid, gaseous or thermal waste or pollutant

   (i) if such emission, discharge, seepage, release or escape is either expected or intended from the standpoint of any *insured* or any person or organization for whose acts or omissions any *insured* is liable, or

   (ii) resulting from or contributed to by any condition in violation of or non-compliance with any governmental rule, regulation or law applicable thereto;

but this exclusion (n) (1) does not apply to *property damage* arising out of any emission, discharge, seepage, release or escape of petroleum or petroleum derivatives into any body of water;

(2) to *property damage* arising out of any emission, discharge, seepage, release or escape of petroleum or petroleum derivatives into any body of water, but this exclusion (n) (2) does not apply to *property damage* resulting from fire or explosion arising out of any emission, discharge, seepage, release or escape which neither

   (i) is expected or intended from the standpoint of any *insured* or any person or organization for whose acts or omissions any *insured* is liable, nor

   (ii) results from or is contributed to by any condition in violation of or non-compliance with any governmental rule, regulation or law applicable thereto;

Unless stated in the schedule for this insurance as not applicable, the following exclusions also apply to *contractual liability* assumed by the *insured* under any agreement relating to construction operations.

This insurance does not apply:

(o) to *bodily injury* or *property damage* arising out of construction, maintenance or repair of watercraft or loading or unloading thereof;

(p) to *bodily injury* or *property damage* arising out of operations, within fifty feet of any railroad property, affecting any railroad bridge or trestle, tracks, road beds, tunnel, underpass or crossing.

## II. Persons Insured

Each of the following is an insured under this insurance to the extent set forth below:

(a) if the *named insured* is designated in the declarations as an individual, the person so designated but only with respect to the conduct of a business of which he is the sole proprietor, and the spouse of the *named insured* with respect to the conduct of such a business;

(b) if the *named insured* is designated in the declarations as a partnership or joint venture, the partnership or joint venture so designated and any partner or member thereof but only with respect to his liability as such;

(c) if the *named insured* is designated in the declarations as other than an individual, partnership or joint venture, the organization so designated and any executive officer, director or stockholder thereof while acting within the scope of his duties as such.

## III. Limits of Liability

Regardless of the number of (1) *insureds* under this policy, (2) persons or organizations who sustain *bodily injury* or *property damage*, or (3) claims made or *suits* brought on account of *bodily injury* or *property damage*, the company's liability is limited as follows:

**Coverage Y**—The total liability of the company for all damages, including damages for care and loss of services, because of *bodily injury* sustained by one or more persons as a result of any one *occurrence* shall not exceed the limit of *bodily injury* liability stated in the declarations as applicable to "each *occurrence*".

**Coverage Z**—The total liability of the company for all damages because of all *property damage* sustained by one or more persons or organizations as the result of any one *occurrence* shall not exceed the limit of *property damage* liability stated in the declarations as applicable to "each *occurrence*".

Subject to the above provision respecting "each *occurrence*", the total liability of the company for all damages because of all *property damage* to which this coverage applies shall not exceed the limit of *property damage* liability stated in the declarations as "aggregate". Such aggregate limit of liability applies separately with respect to each project away from premises owned by or rented to the *named insured*.

**Coverages Y and Z**—For the purpose of determining the limit of the company's liability, all *bodily injury* and *property damage* arising out of continuous or repeated exposure to substantially the same general conditions shall be considered as arising out of one *occurrence*.

## IV. Policy Period; Territory

This insurance applies only to *bodily injury* or *property damage* which occurs during the policy period within the *policy territory*.

## V. Additional Definitions

When used in reference to this insurance (including endorsements forming a part of the policy):

"contractual liability" means liability expressly assumed under a written contract or agreement; provided, however, that *contractual liability* shall not be construed as including liability under a warranty of the fitness or quality of the *named insured's products* or a warranty that work performed by or on behalf of the *named insured* will be done in a workmanlike manner;

"suit" includes an arbitration proceeding to which the *insured* is required to submit or to which the *insured* has submitted with the company's consent.

## VI. Additional Conditions

**Arbitration**

The company shall be entitled to exercise all of the *insured's* rights in the choice of arbitrators and in the conduct of any arbitration proceeding.

**Premium**

The advance premium stated in the schedule is the estimated premium on account of such written contracts as are on file with or known to the company. The *named insured* shall notify the company of all other written contracts entered during the policy period to which this insurance applies.

### Description of Terms Used As Premium Base

When used as a premium basis:

(1) the word "cost" means the total cost of all work in connection with all contracts of the type designated in the schedule for this insurance with respect to which "cost" is the basis of premium, regardless of whether any liability is assumed under such contracts by the *insured*. It includes the cost of all labor, materials and equipment furnished, used or delivered for use in the execution of such work, whether furnished by the *insured*, or others including all fees, allowances, bonuses or commissions made, paid or due. It shall not include the cost of any operations to which exclusions (o) or (p) apply, unless such exclusions are voided in the schedule.

(2) the word "sales" means the gross amount of money charged by the *named insured* or by others trading under his name for all goods and products sold or distributed during the policy period and charged during the policy period for installation, servicing or repair, and includes taxes, other than taxes which the *named insured* and such others collect as a separate item and remit directly to a governmental division.



**THE TRAVELERS INSURANCE COMPANIES**

This endorsement is issued by that member of The Travelers Insurance Companies which issued the policy of which this endorsement forms a part.

If any additional premium is noted below, this endorsement is issued in consideration thereof. If any return premium is noted below, the receipt thereof is acknowledged upon acceptance of this endorsement.

Effective from _____ at the time of day the policy becomes effective.    Amending Policy No. **TRI-HPS-144T550-9-78**
(Month, Day, Year)

Issued to_____

Date of Issue:            Additional Premium $            Return Premium $

(The information provided for above, except the policy number, is required to be stated only when this endorsement is issued for attachment to the policy subsequent to its effective date.)

It is agreed that as of the effective date hereof the policy is amended in the following particulars:

### AMENDATORY ENDORSEMENT

### PUNITIVE OR EXEMPLARY DAMAGES EXCLUSION .

**Regardless of any other provision of this policy, this policy does not apply to punitive or exemplary damages.**

C-17820  REV. 8-75  PRINTED IN U.S.A.  (776)  Countersigned By _____

**THE TRAVELERS INSURANCE COMPANIES**

This endorsement is issued by that member of The Travelers Insurance Companies which issued the policy of which this endorsement forms a part.

If any additional premium is noted below, this endorsement is issued in consideration thereof. If any return premium is noted below, the receipt thereof is acknowledged upon acceptance of this endorsement.

Effective from_____at the time of day the policy becomes effective. Amending Policy No. TRI-HPS-114T550-9-78
               _(Month, Day, Year)_

Issued to_____
Date of Issue:                    Additional Premium $                    Return Premium $

(The information provided for above, except the policy number, is required to be stated only when this endorsement is issued for attachment to the policy subsequent to its effective date.)

It is agreed that as of the effective date hereof the policy is amended in the following particulars:

Item 1 -

Name of Insured to read:

Osmose Wood Preserving Co of America, Ino
Pole Sprayers, Ino
Osmose Realty Corporation
Animal Repellents, Ino
Pole Sprayers of Canada, Ltd
Timber Consultants, Ino
Timber Specialties, Ltd.

*all even in effect polic*

C-17820  REV. 8-75  PRINTED IN U.S.A.  (776)   Countersigned By_____

 **THE TRAVELERS INSURANCE COMPANIES**

This endorsement is issued by that member of The Travelers Insurance Companies which issued the policy of which this endorsement forms a part.

If any additional premium is noted below, this endorsement is issued in consideration thereof. If any return premium is noted below, the receipt thereof is acknowledged upon acceptance of this endorsement.

Effective from_____at the time of day the policy becomes effective.   Amending Policy No. **TRL-HPS-144T550-9-78**
                    *(Month, Day, Year)*

Issued to_____

Date of Issue:                            Additional Premium $                    Return Premium $

(The information provided for above, except the policy number, is required to be stated only when this endorsement is issued for attachment to the policy subsequent to its effective date.)

It is agreed that as of the effective date hereof the policy is amended in the following particulars:

**This endorsement modifies such insurance as is afforded by the provisions of the policy relating to the following:**

> **COMPLETED OPERATIONS AND PRODUCTS LIABILITY INSURANCE**
>
> **CONTRACTUAL LIABILITY INSURANCE**

---

**Policy Territory – Limits of Liability**

**I    The definition of "policy territory" is deleted and replaced by the following:**

**Policy territory. This policy applies everywhere, provided claim is made or suit is brought elsewhere than in the United States of America, its territories or possessions or Canada. The Company shall have the right, but not the duty, to investigate and settle such claims and defend such suits. In any case which the Company elects not to investigate, settle or defend, the insured, under the supervision of the Company, shall make or cause to be made such investigation and defenses as are reasonably necessary, and subject to prior authorization by the Company, will effect to the extent possible such settlement or settlements as the Company and the insured deem prudent. The Company shall reimburse the insured for the reasonable cost of such investigation and defense and, within the applicable limit of liability of the policy, for the amounts of such authorized settlements.**

(continued on Page #2)

SYMBOL NO.
**8000(2)**

C-17820  REV. 8-75  PRINTED IN U.S.A.  (776)   Countersigned By_____



### THE TRAVELERS INSURANCE COMPANIES

This endorsement is issued by that member of The Travelers Insurance Companies which issued the policy of which this endorsement forms a part.

If any additional premium is noted below, this endorsement is issued in consideration thereof.   If any return premium is noted below, the receipt thereof is acknowledged upon acceptance of this endorsement.

Effective from_____at the time of day the policy becomes effective.   Amending Policy No.____ TRI-HPS-141T550-9-78
                    *(Month, Day, Year)*                                                                Page #2

Issued to_____
Date of Issue:                          Additional Premium $                    Return Premium $

(The information provided for above, except the policy number, is required to be stated only when this endorsement is issued for attachment to the policy subsequent to its effective date.)

It is agreed that as of the effective date hereof the policy is amended in the following particulars:

II   **Limits of Liability.**  The **Limits of Liability** provisions are deleted and replaced by the following:

Regardless of the number of (1) insureds under this policy, (2) persons or organizations who sustain bodily injury or property damage or (3) claims made or suits brought on account of bodily injury or property damage, the company's liability is limited as follows:

The total liability of the company for all damages, including damages for care and loss of services, because of all bodily injury and property damage to which this policy applies shall not exceed the limit of bodily injury and property damage liability stated below as "aggregate".

| <u>Coverage</u> | <u>Limits of Liability</u> |
|---|---|
| Bodily Injury and Property Damage | $  2,000,000   aggregate |

SYMBOL NO.
8000(2)

C-17820  REV. 8-75  PRINTED IN U.S.A.  (776)   Countersigned By _M S Gaboon_

 **THE TRAVELERS INSURANCE COMPANIES**

This endorsement is issued by that member of The Travelers Insurance Companies which issued the policy of which this endorsement forms a part.

If any additional premium is noted below, this endorsement is issued in consideration thereof. If any return premium is noted below, the receipt thereof is acknowledged upon acceptance of this endorsement.

Effective from_____at the time of day the policy becomes effective.   Amending Policy No. TRL-HPS-144T550-9-78

    (Month, Day, Year)

Issued to_____

Date of Issue:                    Additional Premium $                    Return Premium $

(The information provided for above, except the policy number, is required to be stated only when this endorsement is issued for attachment to the policy subsequent to its effective date.)

It is agreed that as of the effective date hereof the policy is amended in the following particulars:

*Open ... Cp Uncertain,*
*Closed ... On the account*

### PREMIUM COMPUTATION ENDORSEMENT

The Earned Premium for Policy TRL-HPS-144T550-9-78 for limits of bodily injury liability of $2,000,000 each occurrence and for limits of property damage liability of $250,000 each occurrence is to be computed in accordance with the following provisions:

1. STANDARD OPEN PREMIUM: The standard open premium is the earned premium computed by the application of rates designated by the letter "S" in accordance with the provisions of the following policy, exclusive of this endorsement:

    TRL-HPS-144T550-9-78 *Prem. Prod.*

2. STANDARD CLOSED PREMIUM: The standard closed premium is the sum of:

    (A) The earned premium computed in accordance with the provisions of the following policies, exclusive of any retrospective premium endorsement, return premium plan endorsement, or premium discount endorsement made a part of any such policy:

        TR-UB-107T686-5-78 *most. W.C. Exp Calif*
        TR-UB-107T687-7-78 *N.J. W.C.*

    (B) The earned premium computed by the application of rates designated by the letter "S" in accordance with the provisions of the following policies, exclusive of the application of any retrospective premium endorsement, return premium plan endorsement or premium discount endorsement made a part of any such policy:

(continued on Page #2)

SYMBOL NO.

8000(4)

C-17820  REV. 8-75  PRINTED IN U.S.A.  (776)  Countersigned By_____



**THE TRAVELERS INSURANCE COMPANIES**

This endorsement is issued by that member of The Travelers Insurance Companies which issued the policy of which this endorsement forms a part.

If any additional premium is noted below, this endorsement is issued in consideration thereof.  If any return premium is noted below, the receipt thereof is acknowledged upon acceptance of this endorsement.

Effective from _____ at the time of day the policy becomes effective.  Amending Policy No. **TRL-HPS-144T550-9-78**
_(Month, Day, Year)_

Issued to _____

Date of Issue: _____    · Additional Premium $ _____    Return Premium $ _____

(The information provided for above, except the policy number, is required to be stated only when this endorsement is issued for attachment to the policy subsequent to its effective date.)

It is agreed that as of the effective date hereof the policy is amended in the following particulars:        *low ⋅ 20.5%*

The "S" premium for coverage as afforded by this policy shall be 9.6% of the Audited "S" Comprehensive General and "S" Special General Liability Premium of Policy TR-NSL-107T689-0-78

The estimated "S" premium for this policy is $26,626

ENDORSEMENT



**THE TRAVELERS INSURANCE COMPANIES**

This endorsement is issued by that member of The Travelers Insurance Companies which issued the policy of which this endorsement forms a part.

If any additional premium is noted below, this endorsement is issued in consideration thereof. If any return premium is noted below, the receipt thereof is acknowledged upon acceptance of this endorsement.

Effective from_____at the time of day the policy becomes effective.
(*Month, Day, Year*)

Amending Policy No. ___ TRL-HPS-144T550-9-78

Page #2

Issued to_____

Date of Issue:                    Additional Premium $                    Return Premium $

(The information provided for above, except the policy number, is required to be stated only when this endorsement is issued for attachment to the policy subsequent to its effective date.)

It is agreed that as of the effective date hereof the policy is amended in the following particulars:

TR-NSL-107T689-0-78 *Main Leas*
TR-CAX-144T942-8-78 *Canada No auto* ~~and Umbr~~ *as of 7/20/78*
TR-CPP-107T692-1-78 *Canada GL* ~~~~ *as of 9/20/78*

3.  <u>EARNED CLOSED PREMIUM</u>: The earned closed premium is the sum of:

    (A) The earned premium determined in accordance with the provisions of the following policies:

        TR-UB-107T686-5-78 *incl. WC exc Calif*
        TR-UB-107T687-7-78 *N.J. WC*

    (B) The earned premium determined by the application of rates designated by the letter "S" in accordance with the provisions of the following policies:

        TR-NSL-107T689-0-78 *Main Leas*
        TR-CAX-144T942-8-78 *Canada Non owned auto*
        TR-CPP-107T692-1-78 *Canada GL*

4.  <u>INCURRED LOSSES</u>: Incurred losses mean the actual paid losses, the reserves as estimated by the company for unpaid losses, and allocated loss expense under the policies designated in Paragraphs 1 and 2 foregoing as of the computation dates hereinafter specified, provided that:

    (A) Allocated loss expense incurred in connection with the insurance provided under Coverage A of the Workers' Compensation policies designated in Paragraph 2(A) foregoing, shall not be included herein;

(continued on Page #3)

SYMBOL No.

8000(4)

C-17820  REV. 8-75  PRINTED IN U.S.A.  (776)   Countersigned By_____

 **THE TRAVELERS INSURANCE COMPANIES**

This endorsement is issued by that member of The Travelers Insurance Companies which issued the policy of which this endorsement forms a part.

If any additional premium is noted below, this endorsement is issued in consideration thereof.   If any return premium is noted below, the receipt thereof is acknowledged upon acceptance of this endorsement.

Effective from_____at the time of day the policy becomes effective.   Amending Policy No.   TRL-HPS-144T550-9-78
                   *(Month, Day, Year)*                                                                    Page #3

Issued to_____
Date of Issue:                          Additional Premium $                    Return Premium $

(The information provided for above, except the policy number, is required to be stated only when this endorsement is issued for attachment to the policy subsequent to its effective date.)

It is agreed that as of the effective date hereof the policy is amended in the following particulars:

    (B)  Under the Workers' Compensation policy designated in Paragraph 2(A) foregoing, the limit of such incurred losses to be included herein because of any one accident shall be $250,000.  For the purpose of this paragraph, reserves and paid losses arising out of occupational disease, including death at any time resulting therefrom, sustained by any one person, shall be deemed to arise out of a single accident;

    (C)  Under all the liability policies designated in Paragraphs 1 and 2(B) foregoing the limit of such incurred losses to be included herein because of any one occurrence shall be $250,000 inclusive of allocated claim expense for General Liability and $100,000. inclusive of Allocated claim expense for Automobile Liability.

5.  <u>TAX MULTIPLIER</u>:  The tax multiplier is factor 1.037

6.  <u>EARNED OPEN PREMIUM</u>:

    (A)  The earned open premium as determined by this endorsement shall be the premium for Policy TRL-HPS-144T550-9-78 and shall be an amount which when added to the earned closed premium, less any dividend declaration, will produce the amount obtained by the application of the tax multiplier to the sum of:

    (i)  34.2% of the standard closed and standard open premium,

    (ii)  110% of the incurred losses,

(continued on Page #4)

SYMBOL NO.

8000(4)

C-17820  REV. 8-75  PRINTED IN U.S.A.  (776)  Countersigned By_____

**THE TRAVELERS INSURANCE COMPANIES**

This endorsement is issued by that member of The Travelers Insurance Companies which issued the policy of which this endorsement forms a part.

If any additional premium is noted below, this endorsement is issued in consideration thereof. If any return premium is noted below, the receipt thereof is acknowledged upon acceptance of this endorsement.

Effective from _____ at the time of day the policy becomes effective. 
_(Month, Day, Year)_ 

Amending Policy No. ____ TRL–HPS–144T550–9–78

Page #4

Issued to _____

Date of Issue:                    Additional Premium $                    Return Premium $

(The information provided for above, except the policy number, is required to be stated only when this endorsement is issued for attachment to the policy subsequent to its effective date.)

It is agreed that as of the effective date hereof the policy is amended in the following particulars:

> (iii) at the initial, second and third computations of the earned open premium, 17.2%, 8.8% and 5.4%, respectively, of the standard closed and standard open premium.

(B) The resulting earned open premium is the premium for Policy TRL–HPS–144T550–9–78, provided that such premium shall not be less than the minimum earned open premium, as hereinafter defined and shall not be greater than the maximum earned open premium as hereinafter defined.

7. **MINIMUM EARNED OPEN PREMIUM:**

(A) The minimum earned open premium shall be an amount which when added to the earned closed premium (less any dividend declared on policies included in computation of such premium) will produce the amount obtained by application of the tax multiplier to 34.2% of the sum of the standard closed and standard open premiums.

(B) In the event of cancellation by the insured of Policy TRL–HPS–144T550–9–78 prior to expiration date of policy, the minimum earned open premium shall be the standard open premium.

8. **MAXIMUM EARNED OPEN PREMIUM:**

(A) The maximum earned open premium shall not be more than an amount which when added to the earned closed premium (less any dividend declared on policies included in computation of such premium) will produce a total amount equal to the amount obtained by the application of the percentage 270% to the sum of the Standard Closed and Standard Open Premiums.

(continued on Page #5)

C-17820  REV. 8-75  PRINTED IN U.S.A.  (776)    Countersigned By _____

SYMBOL NO.

8000(4)

 **THE TRAVELERS INSURANCE COMPANIES**

This endorsement is issued by that member of The Travelers Insurance Companies which issued the policy of which this endorsement forms a part.

If any additional premium is noted below, this endorsement is issued in consideration thereof. If any return premium is noted below, the receipt thereof is acknowledged upon acceptance of this endorsement.

Effective from _____ at the time of day the policy becomes effective. Amending Policy No. __TRL-HPS-144T550-9-78__
                     *(Month, Day, Year)*                                                                          Page #5

Issued to _____
Date of Issue:                          Additional Premium $                          Return Premium $

(The information provided for above, except the policy number, is required to be stated only when this endorsement is issued for attachment to the policy subsequent to its effective date.)

It is agreed that as of the effective date hereof the policy is amended in the following particulars:

(B)  In the event of cancellation of the policy by the insured, or in the event of cancellation by the company for non-payment of premium, for the purpose of computation of the maximum earned open premium, the standard open premium shall be computed as the sum of the audited standard open premium from the beginning of the policy period to the date of cancellation and the estimated standard open premium for the balance of the one year period.

9.  COMPUTATIONS:

(A)  The company shall make an initial computation of the earned open premium based upon incurred losses valued as of a date six months after termination of the policy within 60 days of such valuation date or as soon as practicable thereafter.

(B)  There will be four additional computations of the earned open premium based on incurred losses valued as of a date 12 months after the date used in valuation of incurred losses from the last preceding computation. Further computations of the earned open premium may be made by the company if further adjustments are requested either by the company or by the insured upon notifying the other party within 60 days of the promulgation of the results of any such computation.

10.  FINAL PREMIUM:

The final premium for Policy TRL-NSL-144T550-9-78 shall be the sum of:

(A)  The earned open premium as determined in accordance with the provisions of Paragraph 9 of this endorsement, and

(continued on Page #6)

SYMBOL NO.

8000(4)

C-17820  REV. 8-75 PRINTED IN U.S.A.  (776)  Countersigned By _____

 **THE TRAVELERS INSURANCE COMPANIES**

This endorsement is issued by that member of The Travelers Insurance Companies which issued the policy of which this endorsement forms a part.

If any additional premium is noted below, this endorsement is issued in consideration thereof.  If any return premium is noted below, the receipt thereof is acknowledged upon acceptance of this endorsement.

Effective from_____at the time of day the policy becomes effective.  Amending Policy No. TRL-HPS-144T550-9-78
_____(Month, Day, Year)_____

Page #6

Issued to_____

Date of Issue:                    Additional Premium $                    Return Premium $

(The information provided for above, except the policy number, is required to be stated only when this endorsement is issued for attachment to the policy subsequent to its effective date.)

It is agreed that as of the effective date hereof the policy is amended in the following particulars:

 (B)  The earned "E" premium computed in accordance with the provisions
      of Policy TR-NSL-107T689-0-78, such computation to be made in
      accordance with the terms of the policy exclusive of this endorsement.

11.  PAYMENT OF PREMIUM:

 (A)  The standard open premium shall be payable in accordance with the
      provisions of Policy TRL-HPS-144T550-9-78 relating to the payment
      of premium.

 (B)  Adjustments of the earned open premium shall be made immediately
      following each computation (including interim computations of the
      earned open premium) on the basis of the difference between the
      earned open premium then computed, subject to the minimum and
      maximum amounts herein specified, and the amount of premium
      previously paid to and retained by the company under Policy TRL-
      HPS-144T550-9-78 excluding from these computations any premium
      paid by the insured to the company by reason of the application
      of rates designated by the letter "E" in such policy.

12.  CANCELLATION:

      Cancellation or termination of the policy to which this endorsement
      forms a part shall not be deemed to affect such adjustments of premiums
      which are provided for in this endorsement and which take place subsequent
      to the date of such cancellation or termination.

SYMBOL NO.

8000(4)

C-17820  REV. 8-75  PRINTED IN U.S.A.  (776)  Countersigned By_____



## THE TRAVELERS INSURANCE COMPANIES

This endorsement is issued by that member of The Travelers Insurance Companies which issued the policy of which this endorsement forms a part.

If any additional premium is noted below, this endorsement is issued in consideration thereof.  If any return premium is noted below, the receipt thereof is acknowledged upon acceptance of this endorsement.

Effective from_____at the time of day the policy becomes effective.  Amending Policy No.__TRL-HPS-144T550-9-78__
                  *(Month, Day, Year)*

Issued to_____
Date of Issue:                          Additional Premium $                    Return Premium $

(The information provided for above, except the policy number, is required to be stated only when this endorsement is issued for attachment to the policy subsequent to its effective date.)

It is agreed that as of the effective date hereof the policy is amended in the following particulars:

THIS ENDORSEMENT MODIFIES SUCH INSURANCE AS IS AFFORDED BY THE PROVISIONS OF THE POLICY RELATING TO THE FOLLOWING:

CONTRACTUAL LIABILITY INSURANCE (BLANKET COVERAGE)

---

### AMENDMENT OF "PERSONS INSURED" PROVISION

IT IS AGREED THAT THE "PERSONS INSURED" PROVISION IS AMENDED TO INCLUDE A SECOND PARAGRAPH AS FOLLOWS:

"THIS INSURANCE DOES NOT APPLY TO BODILY INJURY OR PROPERTY DAMAGE ARISING OUT OF THE CONDUCT OF ANY PARTNERSHIP OR JOINT VENTURE OF WHICH THE INSURED IS A PARTNER OR MEMBER AND WHICH IS NOT DESIGNATED IN THIS POLICY AS A NAMED INSURED."

SYMBOL NO.

19950

C-17820  REV. 8-75  PRINTED IN U.S.A.  (776)    Countersigned By_____



## THE TRAVELERS INSURANCE COMPANIES

This endorsement is issued by that member of The Travelers Insurance Companies which issued the policy of which this endorsement forms a part.

If any additional premium is noted below, this endorsement is issued in consideration thereof. If any return premium is noted below, the receipt thereof is acknowledged upon acceptance of this endorsement.

Effective from _____ at the time of day the policy becomes effective. Amending Policy No. **TRL-HPS-144T550-9-78**
     (Month, Day, Year)

Issued to _____

Date of Issue: _____     Additional Premium $ _____     Return Premium $ _____

(The information provided for above, except the policy number, is required to be stated only when this endorsement is issued for attachment to the policy subsequent to its effective date.)

It is agreed that as of the effective date hereof the policy is amended in the following particulars:

THIS ENDORSEMENT MODIFIES SUCH INSURANCE AS IS AFFORDED BY THE PROVISIONS OF ANY GENERAL LIABILITY INSURANCE

### OTHER INSURANCE-COORDINATION CLAUSE

IN THE EVENT OF A LOSS COVERED BY THIS POLICY AND ANY OTHER POLICY CONTAINING THIS COORDINATION CLAUSE, THE SUM OF THE APPLICABLE LIMITS OF LIABILITY UNDER ALL SUCH POLICIES WILL NOT BE MORE THAN THE LIMIT OF LIABILITY OF THE POLICY WHICH HAS THE HIGHEST LIMIT OF LIABILITY APPLICABLE TO THE OCCURRENCE, AND THE TRAVELERS WILL NOT BE LIABLE FOR MORE THAN THEIR PROPORTIONATE SHARE OF THAT HIGHEST LIMIT OF LIABILITY.

SYMBOL NO.

29200

C-17820  REV. 8-75  PRINTED IN U.S.A.  (776)  Countersigned By _____

ENDORSEMENT

 **THE TRAVELERS INSURANCE COMPANIES**

This endorsement is issued by that member of The Travelers Insurance Companies which issued the policy of which this endorsement forms a part.

If any additional premium is noted below, this endorsement is issued in consideration thereof. If any return premium is noted below, the receipt thereof is acknowledged upon acceptance of this endorsement. *Card 349*

Effective from __01-01-78__ at the time of day the policy becomes effective.     Amending Policy No. __TRL-HPS-144T550-9-78__
                    (Month, Day, Year)

Issued to __OSMOSE WOOD PRESERVING CO OF AMERICA INC ETAL PER END 8000(1)__

Date of Issue: __05-02-78 PC/DP__          Additional Premium $          Return Premium $

(The information provided for above, except the policy number, is required to be stated only when this endorsement is issued for attachment to the policy subsequent to its effective date.)

It is agreed that as of the effective date hereof the policy is amended in the following particulars:

### ADDITIONAL CONDITION RENEWAL

RENEWAL, IF THE COMPANY ELECTS NOT TO RENEW THIS POLICY, IT SHALL MAIL TO THE NAMED INSURED, AT THE ADDRESS SHOWN IN THE POLICY, WRITTEN NOTICE OF SUCH NON RENEWAL NOT LESS THAN SIXTY DAYS PRIOR TO THE EXPIRATION DATE. THE MAILING OF NOTICE AS AFORESAID SHALL BE SUFFICIENT PROOF OF NOTICE. DELIVERY OF SUCH NOTICE BY THE COMPANY SHALL BE EQUIVALENT TO MAILING.

ANY CHANGE IN THE RATES, PREMIUMS OR PAYMENT PLANS AND POLICY FORMS IN USE BY THE COMPANY FOR INSURANCE SHALL NOT CONSTITUTE REFUSAL TO RENEW THIS POLICY.

SYMBOL No.
**8000**

C-17820  REV. 8-75  PRINTED IN U.S.A.  (776)  Countersigned By _MS Jabor_

ENDORSEMENT



**THE TRAVELERS INSURANCE COMPANIES**

This endorsement is issued by that member of The Travelers Insurance Companies which issued the policy of which this endorsement forms a part.

If any additional premium is noted below, this endorsement is issued in consideration thereof. If any return premium is noted below, the receipt thereof is acknowledged upon acceptance of this endorsement.

Effective from __01-01-78__ at the time of day the policy becomes effective.   Amending Policy No. __TRL-HPS-144T550-9-78__
(Month, Day, Year)

Issued to __OSMOSE WOOD PRESERVING CO OF AMERICA INC ET AL PER END 8000(1)__

Date of Issue: __05-02-78 PC/DP__   Additional Premium $ _____   Return Premium $ _____

(The information provided for above, except the policy number, is required to be stated only when this endorsement is issued for attachment to the policy subsequent to its effective date.)

It is agreed that as of the effective date hereof the policy is amended in the following particulars:

## CANCELLATION

IT IS AGREED THAT CONDITION II., CANCELLATION, IS MODIFIED BY REPLACING THE PROVISION WITH RESPECT TO WHEN THE POLICY MAY BE CANCELLED BY THE COMPANY WITH THE FOLLOWING:

THIS POLICY MAY BE CANCELLED BY THE COMPANY BY MAILING TO THE NAMED INSURED AT THE ADDRESS SHOWN IN THIS POLICY, WRITTEN NOTICE STATING WHEN, A) NOT LESS THAN TEN DAYS THEREAFTER IN CASE OF NON-PAYMENT OF PREMIUM, B) NOT LESS THAN TEN DAYS THEREAFTER IN CASE ANY BANKRUPTCY OR DEBTOR RELIEF PROCEEDING IS BROUGHT BY OR AGAINST THE NAMED IN-SURED UNDER TITLE II OF THE UNITED STATES CODE, AND C) NOT LESS THAN SIXTY DAYS THEREAFTER IN ALL OTHER CASES, SUCH CANCELLATION SHALL BY EFFECTIVE.

SYMBOL NO.
**8000**

C-17820  REV. 8-75  PRINTED IN U.S.A.  (776)   Countersigned By _MS Jabrrt_____

ENDORSEMENT



**THE TRAVELERS INSURANCE COMPANIES**

This endorsement is issued by that member of The Travelers Insurance Companies which issued the policy of which this endorsement forms a part.

If any additional premium is noted below, this endorsement is issued in consideration thereof.  If any return premium is noted below, the receipt thereof is acknowledged upon acceptance of this endorsement.

Effective from  **01-01-78**  at the time of day the policy becomes effective.   Amending Policy No.  **TRL-HPS-144T550-9-78**
_(Month, Day, Year)_

Issued to  **OSMOSE WOOD PRESERVING CO OF AMERICA INC ET AL PER END 8000(1)**
Date of Issue:  **09-19-78 AR/NC**        Additional Premium $        Return Premium $

(The information provided for above, except the policy number, is required to be stated only when this endorsement is issued for attachment to the policy subsequent to its effective date.)

It is agreed that as of the effective date hereof the policy is amended in the following particulars:

## ADDITIONAL CONDITION MATERIAL CHANGE

IT IS AGREED THAT ANY MATERIAL CHANGE TO THIS POLICY MAY ONLY BE MADE UNDER THE FOLLOWING CONDITIONS:

THE COMPANY MAY EFFECT CHANGE TO THIS POLICY BY MAILING TO THE NAMED INSURED AT THE ADDRESS SHOWN IN THIS POLICY WRITTEN ENDORSEMENT STATING WHEN,

(A) NOT LESS THAN TEN DAYS THEREAFTER IN CASE OF NON-PAYMENT OF PREMIUM

(B) NOT LESS THAN TEN DAYS THEREAFTER IN CASE OF ANY BANKRUPTCY OR DEBTOR RELIEF PROCEEDING IS BROUGHT BY OR AGAINST THE NAMED INSURED UNDER TITLE II OF THE UNITED STATES CODE

(C) NOT LESS THAN SIXTY DAYS THEREAFTER IN ALL OTHER CASES, SUCH CHANGE SHALL BE EFFECTIVE.

_(not specifically requested!)_

SYMBOL NO.
**8000**

C-17820  REV. 5-78  PRINTED IN U.S.A.        Countersigned By

GENERAL LIABILITY   *Code 349*
*FOREIGN PRODUCTS AND CONTRACTUAL*

INSURED: Moore

| | *Wrote Insurer | xCarrier Refused | *Wrote Client | xNot Wanted | +Effected |
|---|---|---|---|---|---|
| **1. a. Insured – Over 50% Entities *forget* | | | | | |
| b. Mention Joint Venture | | | | | |
| 2. Persons Insured | 8/2/77 | 9/12/77 | | | |
| 5. Comprehensive Form | | | | | |
| **6. Adequate limits | | | | | ✓ |
| 7. Occurrence | | | | | ✓ |
| **8. Disclosure of hazards | 8/2/78 | | | | |
| **9. Liquor Liability | | | | | |
| a. Host Exposure | 8/2/78 | | | | |
| b. Host Ex. Support | 8/2/78 | | | | |
| c. Liquor Liability N/A | | | | | |
| 10. x, c & u Exclusions | | | | | ✓ |
| **11. Contractual Liability | | | | | |
| a. Blanket Contractual | | | | | ✓ |
| b. Remove Exclusions: | | | | | |
| (1) Third Party Ben. | | | 7/20/78 | | |
| (2) Liq. Law Liab. | 8/2/78 | | | | |
| (3) x, c & u Excl. | | | | | ✓ |
| (4) Indem. Negl. | | | | | ✓ |
| (5) Autos, etc. | | | | | |
| d. Oral agreements | 8/2/78 | | | | |
| **12. Pers. Injury Liability | | | | | |
| a. (1) False arrest, etc. | 8/2/78 | | | | |
| (2) Libel, slander | 8/2/78 | | | | |
| (3) Wrongful entry, etc. | 8/2/78 | | | | |
| b. Remove Exclusions: | | | | | |
| (1) Assumed Liab. | | | 7/20/78 | | |
| (2) Claims of Employees | 8/2/78 | | | | |
| 14. b. Malpr.–Nurses, etc. *incidental* | 8/2/78 | | | | |
| 15. Vendors Coverage | | | | | |
| 16. Water Damage Liab. *no.t. + pollution* | | | | | |
| a. Elim.c.c. or c.–Real *forget ?* | | | | | |
| b. Elim.c.c. or c.–P.P. *forget ?* | | | | | |
| 18. Premises Med. Pays. *forget* | | | | | |
| **19. Employees as Insureds | | | | | |
| 20. Broad Form P.D. | 8/2/78 | | | | |
| 21. Elimin. c.c. or c. *forget* | | | | | |
| **22. Knowledge of Acc. *forget* 10/28/77 | | 9/12/77 | | | |
| **23. Automatic Liab.–Owners *forget* | | | | | |
| 24. Elevator Collision *forget ?* | | | | | |
| **25. Deductibles *none* | | | | | |
| 26. a. Auto Liab. Same Carrier | | | | | ✓ |
| b. Expir. A.L. & G.L. Same | | | | | ✓ |
| c. Unins.Motor.–Mobile N/A | | | | | |
| 27. a. W.W. for Products *outside U.S. + Canada* | | | | | ✓ |
| b. W.W. for Operations *U.S.* | | | 8/2/78 | | |
| **28. Retrospective Rating, etc. | | | | | |
| 32. Extend Canc. Notice *forget thy.* 8/2/78 | | | | | ✓ |
| 36. Return Prem. to Spec.Party N/A | | | | | |
| 37. Packaging *forget* | | | | | |
| **38. Explain Contam. Excl. | | | | | |
| *39. Elevator Inspections N/A | | | | | |
| 40. Advice re certifs. | | | | | |

*Dates Dictated          xDates of Decision          +Check Mark

...pending on new item as of 8/1/72

ORSEMENT



**THE TRAVELERS INSURANCE COMPANIES**

This endorsement is issued by that member of The Travelers Insurance Companies which issued the policy of which this endorsement forms a part.

If any additional premium is noted below, this endorsement is issued in consideration thereof. If any return premium is noted below, the receipt thereof is acknowledged upon acceptance of this endorsement.

Effective from **01-01-78** at the time of day the policy becomes effective.  Amending Policy No. **TR-UB-107T686-5-78**
(Month, Day, Year)

Issued to **OSMOSE WOOD PRESERVING CO OF AMERICA INC ET AL PER SCHEDULES 3877**

Date of Issue: **05/01/78   KLP/JGW**    Additional Premium $    Return Premium $

(The information provided for above, except the policy number, is required to be stated only when this endorsement is issued for attachment to the policy subsequent to its effective date.)

It is agreed that as of the effective date hereof the policy is amended in the following particulars:

**END 25480 AMEND THE FOLLOWING TO READ:**    <u>**STATE**</u>        <u>**PERCENTAGE**</u>

                                                                                    **VA**                      **95%**

SYMBOL NO.
**8000**

C-17820  REV. 8-75 PRINTED IN U.S.A.  (776)  Countersigned By_____

MAY 1 9 1978

...DORSEMENT



**THE TRAVELERS INSURANCE COMPANIES**

This endorsement is issued by that member of The Travelers Insurance Companies which issued the policy of which this endorsement forms a part.

If any additional premium is noted below, this endorsement is issued in consideration thereof. If any return premium is noted below, the receipt thereof is acknowledged upon acceptance of this endorsement.

Effective from **01-01-78** at the time of day the policy becomes effective. Amending Policy No. **TR-UB-107T686-5-78**
(Month, Day, Year)

Issued to **OSMOSE WOOD PRESERVING CO OF AMERICA INC ET AL PER SCHEDULES 3877**
Date of Issue: **05/01/78  KLP/JGW**   Additional Premium $          Return Premium $

(The information provided for above, except the policy number, is required to be stated only when this endorsement is issued for attachment to the policy subsequent to its effective date.)

It is agreed that as of the effective date hereof the policy is amended in the following particulars:

### ADDITIONAL CONDITION RENEWAL

RENEWAL. IF THE COMPANY ELECTS NOT TO RENEW THIS POLICY, IT SHALL MAIL TO THE NAMED INSURED, AT THE ADDRESS SHOWN IN THE POLICY, WRITTEN NOTICE OF SUCH NON RENEWAL NOT LESS THAN SIXTY DAYS PRIOR TO THE EXPIRATION DATE. THE MAILING OF NOTICE AS AFORESAID SHALL BE SUFFICIENT PROOF OF NOTICE. DELIVERY OF SUCH NOTICE BY THE COMPANY SHALL BE EQUIVALENT TO MAILING.

ANY CHANGE IN THE RATES, PREMIUMS OR PAYMENT PLANS AND POLICY FORMS IN USE BY THE COMPANY FOR INSURANCE SHALL NOT CONSTITUTE A REFUSAL TO RENEW THIS POLICY.

SYMBOL NO.

**8000**

C-17820  REV. 8-75  PRINTED IN U.S.A.  (1776)  Countersigned By _MS Jeber_

ENDORSEMENT

MAY 1 9 1978



**THE TRAVELERS INSURANCE COMPANIES**

This endorsement is issued by that member of The Travelers Insurance Companies which issued the policy of which this endorsement forms a part.

If any additional premium is noted below, this endorsement is issued in consideration thereof.  If any return premium is noted below, the receipt thereof is acknowledged upon acceptance of this endorsement.

Effective from __01-01-78__ at the time of day the policy becomes effective.  Amending Policy No. __TR-UB-107T686-5-78__
(Month, Day, Year)

Issued to __OSMOSE WOOD PRESERVING CO OF AMERICA INC ET AL PER SCHEDULES 3877__

Date of Issue: __05/10/78   KLP/JGW__   Additional Premium $   Return Premium $

(The information provided for above, except the policy number, is required to be stated only when this endorsement is issued for attachment to the policy subsequent to its effective date.)

It is agreed that as of the effective date hereof the policy is amended in the following particulars:

## AMENDMENT TO CANCELLATION CONDITION

IT IS AGREED THAT CONDITION 14 CANCELLATION, PARAGRAPH ONE IS DELETED AND REPLACED BY THE FOLLOWING:

THIS POLICY MAY BE CANCELED BY THE INSURED BY MAILING TO THE COMPANY WRITTEN NOTICE STATING WHEN THEREAFTER THE CANCELLATION SHALL BE EFFECTED.  THIS POLICY MAY BE CANCELED BY THE COMPANY BY MAILING TO THE NAMED INSURED AT THE ADDRESS SHOWN IN THIS POLICY; WRITTEN NOTICE STATING WHEN, (A) NOT LESS THAN TEN DAYS THEREAFTER IN CASE OF NON-PAYMENT OF PREMIUM, (B) NOT LESS THAN TEN DAYS THEREAFTER IN CASE OF BANKRUPCY OR DEBTOR RELEIF PROCEEDING IS BROUGHT BY OR AGAINST THE NAMED INSURED UNDER TITLE II OF THE UNITED STATES CODE, AND (C) NOT LESS THAN NINETY DAYS THEREAFTER IN ALL OTHER CASES, SUCH CANCELLATION SHALL BE EFFECTIVE.  THE MAILING OF NOTICE AS AFORESAID SHALL BE SUFFICIENT PROOF OF NOTICE.  THE EFFECTIVE DATE AND HOUR OF CANCELLATION STATED IN THE NOTICE SHALL BECOME THE END OF THE POLICY PERIOD.  DELIVERY OF SUCH NOTICE EITHER BY THE INSURED OR THE COMPANY SHALL BE EQUIVALENT TO MAILING.

SYMBOL NO.

**8000**

C-17820  REV. 8-75  PRINTED IN U.S.A.  (776)   Countersigned By_____

# DECLARATIONS

Schedule _____ 1 _____ Issued _____ For attachment to Policy No. _____ TR-UB-107T686-5-78

| Classification of Operations | Code No. | Estimated Total Annual Remuneration | Rates per $100 of Remuneration | Estimated Annual Premiums |
|---|---|---|---|---|
| 1-BUILDING OPERATION COMMERCIAL | 9026 | | | |
| 2-CONTRACTOR EXECUTIVE SUPERVISOR | 5606 | | | |
| 3-CHEMICAL MFG NOC | 4815 | | | |
| 4-EXECUTIVE OFFICERS NOC | 8809 | | | |
| 5-EXTERMINATOR & D | 9014 | | | |
| 6-MILLWRIGHT WORK NOC & D | 3724 | | | |
| 7-PAINTING NOC & D | 5474 | | | |
| 8-WOOD PRESERVING & D | 2960 | | | |
| 9-PAINTING, DECORATING OR PAPER HANGING NOC & D | 5474 | | | |
| 10-PAINTING OR PAPER HANDING NOC & D | 5476 | | | |
| 11-PAINTING OR PAPER HANGING NOC & D | 5474 | | | |
| 12-PET SHOPS-RETAIL | 8017 | | | |
| 13-TREE PRUNING NPD | 005 | | | |
| 14-CLERICAL OFFICE EMPLOYEES NOC | 8810 | | | |
| 15-SALESMEN OUTSIDE | 8742 | | | |
| 16-LOSS CONSTANT | 032 | | | |
| 17-LOSS CONSTANT | 0032 | | | |

This schedule is issued by that member of The Travelers Insurance Companies which issued the policy of which this schedule forms a part.

C-7088  REV. 5-76  PRINTED IN U.S.A.  (877)

3877

## DECLARATIONS

Schedule ___2___ Issued _____ For attachment to Policy No. __TR-UB-107T686-5-78__

| Classification of Operations | Code No. | Estimated Total Annual Remuneration | Rates per $100 of Remuneration | Estimated Annual Premiums |
|---|---|---|---|---|
| OSMOSE WOOD PRESERVING CO OF AMERICA INC | | | | |
| LOCATIONS | OPERATIONS | | | |
| STATE OF AL  (0000) | 5-9014-01 | 4,500 | 1.73 | 79  78 |
| | 11-5474 | 600 | 3.18 | 19 |
| INCR. LIMITS 2% | | | | 2 |
| | | | | 100  99 |
| TENTATIVE EXPER. MODIFICATION 1.10 MODIFIED PREM. | | | | 110  109 |
| STATE OF AR | 5-9014-03 | 50,000 | 2.45 | 1,225 |
| | 11-5474 | 600 | 4.40 | 26 |
| | 15-8742 | 15,600 | .66 | 103 |
| INCR. LIMITS 2% | | | | 27  28 |
| | | | | 1,381  1382 |
| TENTATIVE EXPER. MODIFICATION 1.10 MODIFIED PREM. | | | | 1,519  1520 |
| STATE OF CO | 5-9014-05 | 40,000 | 3.01 | 1,204 |
| | 11-5474 | 600 | 3.55 | 21 |
| | 15-8742 | 15,600 | .48 | 75 |
| INCR. LIMITS 2% | | | | 26  27 |
| | | | | 1,326  1327 |
| TENTATIVE EXPER. MODIFICATION 1.10 MODIFIED PREM. | | | | 1,459  1460 |

# DECLARATIONS

Schedule _____ 3 _____ Issued _____ For attachment to Policy No. _____ TR-UB-107T686-5-78 _____

| Classification of Operations | Code No. | Estimated Total Annual Remuneration | Rates per $100 of Remuneration | Estimated Annual Premiums |
|---|---|---|---|---|
| OSMOSE WOOD PRESERVING CO OF AMERICA INC    (CONT'D) | | | | |
| LOCATIONS                                    OPERATIONS | | | | |
| STATE OF CT | 5-9014-06 | 1,100 | 2.59 | 28 |
| | 11-5474 | 600 | 6.05 | 36 |
| INCR. LIMITS 2% | | | | 1 |
| | | | | 65 |
| TENTATIVE EXPER. MODIFICATION 1.10 MODIFIED PREM. | | | | —72 |
| STATE OF DE | 13-005-07 | 1,100 | 9.45 | 104 |
| INCR. LIMITS 2% | | | | 2 |
| | | | | — 106 |
| STATE OF FL | | | | |
| STATE TERMINAL AND WAREHOUSE CORPORATION 101 NORTH 12TH ST TAMPA  33601 | 5-9014-09 | 35,000 | 5.80 | 2,030 |
| | 11-5472 | 600 | 8.10 | 49 |
| INCR. LIMITS 2%    S/B 5474 | | | | 42 |
| | | | | 2,121 |
| TENTATIVE EXPER. MODIFICATION 1.10 MODIFIED PREM. | | | | — 2,333 |

This schedule is issued by that member of The Travelers Insurance Companies which issued the policy of which this schedule forms a part.

C-7088  REV. 5-76  PRINTED IN U.S.A.  (877)

3877

## DECLARATIONS

Schedule ___4___ Issued _____ For attachment to Policy No. __TR-UB-1077686-5-78__

| Classification of Operations | Code No. | Estimated Total Annual Remuneration | Rates per $100 of Remuneration | Estimated Annual Premiums |
|---|---|---|---|---|
| __OSMOSE WOOD PRESERVING CO OF AMERICA INC__ | (CONT'D) | | | |
| | | | | |
| __LOCATIONS__ | __OPERATIONS__ | | | |
| STATE OF GA   (0000) | 2-5606-10 | 15,000 | 1.36 | 204 |
| | 3-4815 | 40,000 | 2.17 | 868 |
| | 5-9014 | 35,000 | 1.80 | 630 |
| | 6-3724 | 15,600 | 2.95 | 460 |
| | 11-5474 | 600 | 3.78 | 23 |
| | 14-8810 | 100,000 | .15 | 150 |
| | 15-8742 | 110,000 | .37 | 407 |
| INCR. LIMITS 2% | | | | 55 |
| | | | | 2,797 |
| TENTATIVE EXPER. MODIFICATION 1.10 MODIFIED PREM. | | | | — 3,077 |
| | | | | |
| STATE OF HI | 15-8742-52 | 10,000 | .90 | 90 |
| INCR. LIMITS 2% | | | | 2 |
| | | | | 92 |
| TENTATIVE EXPER. MODIFICATION 1.10 MODIFIED PREM. | | | | — 101 |

This schedule is issued by that member of The Travelers Insurance Companies which issued the policy of which this schedule forms a part.

C-7088  REV. 5-76  PRINTED IN U.S.A.  (877)

3877

# DECLARATIONS

Schedule ___5___ Issued _____ For attachment to Policy No. __TR-UB-1077686-5-78__

| Classification of Operations | Code No. | Estimated Total Annual Remuneration | Rates per $100 of Remuneration | Estimated Annual Premiums |
|---|---|---|---|---|
| OSMOSE WOOD PRESERVING CO OF AMERICA INC (CONT'D) | | | | |
| LOCATIONS | OPERATIONS | | | |
| STATE OF ID | 5-9014-11 | 100 | 3.17 | 3 |
| INCR. LIMITS 2% | | | | |
| TENTATIVE EXPER. MODIFICATION 1.10 MODIFIED PREM. | | | | 3 |
| | 17-0032 | | | 5 |
| | | | | — 8 |
| STATE OF IL     IL UI ACCT. #117405 | | | 3.38 | |
| | 2-5606-12 | 16,000 | 3.70 | 592 |
| | 5-9014 | 25,000 | 2.48 | 620 |
| | 11-5474 | 600 | 6.91 | 41 |
| | 15-8742 | 15,600 | .56 | 87 |
| INCR. LIMITS 2% | | | | 27 |
| | | | | 1,367 |
| TENTATIVE EXPER. MODIFICATION 1.10 MODIFIED PREM. | | | | 1,504 |

This schedule is issued by that member of The Travelers Insurance Companies which issued the policy of which this schedule forms a part.

C-7088 REV. 5-76 PRINTED IN U.S.A. (877)

3877

## DECLARATIONS

Schedule __6_____ Issued _____ For attachment to Policy No. _____ TR-UB-107T686-5-78

| Classification of Operations | Code No. | Estimated Total Annual Remuneration | Rates per $100 of Remuneration | Estimated Annual Premiums |
|---|---|---|---|---|
| OSMOSE WOOD PRESERVING CO OF AMERICA INC    (CONT'D) | | | | |
| LOCATIONS | OPERATIONS | | | |
| STATE OF IN | 5-9014-13 | 13,000 | 1.40 | 182 |
| | 11-5474 | 600 | 1.86 | 11 |
| INCR. LIMITS 2% | | | | 4 |
| | | | | 197 |
| TENTATIVE EXPER. MODIFICATION 1.10 MODIFIED PREM. | | | | — 217 |
| STATE OF IA | 2-5606-14 | 14,000 | .96 | 134 |
| | 5-9014 | 65,000 | 3.53 | 2,295 |
| | 11-5474 | 600 | 5.53 | 33 |
| | 15-8742 | 15,600 | .65 | 101 |
| INCR. LIMITS 2% | | | | 51 |
| | | | | 2,614 |
| TENTATIVE EXPER. MODIFICATION 1.10 MODIFIED PREM. | | | | — 2,875 |
| STATE OF KS | 5-9014-15 | 3,500 | 1.86 | 65 |
| | 11-5474 | 600 | 3.76 | 23 |
| | 15-8742 | 15,600 | .41 | 64 |
| INCR. LIMITS 2% | | | | 3 |
| | | | | 155 |
| TENTATIVE EXPER. MODIFICATION 1.10 MODIFIED PREM. | | | | — 171 |

This schedule is issued by that member of The Travelers Insurance Companies which issued the policy of which this schedule forms a part.

C-7088  REV. 5-76  PRINTED IN U.S.A.  (877)

3877

## DECLARATIONS

Schedule ____7____ Issued _____ For attachment to Policy No. __TR-UB-107T686-5-78__

| Classification of Operations | Code No. | Estimated Total Annual Remuneration | Rates per $100 of Remuneration | Estimated Annual Premiums |
|---|---|---|---|---|
| <u>OSMOSE WOOD PRESERVING CO OF AMERICA INC</u>  (CONT'D) | | | | |
| <u>LOCATIONS</u> | <u>OPERATIONS</u> | | | |
| STATE OF KY | 5-9014-16 | 16,000 | 5.02 | 803 |
| | 11-5474 | 600 | 7.74 | 46 |
| INCR. LIMITS 2% | | | | 17 |
| | | | | 866 |
| TENTATIVE EXPER. MODIFICATION 1.10 MODIFIED PREM. | | | | —953 |
| STATE OF LA    (0000) | 2-5606-17 | 11,000 | 1.75 | 193 |
| | 5-9014 | 85,000 | 2.35 | 1,998 |
| | 11-5474 | 600 | 7.69 | 46 |
| | 15-8742 | 6,000 | .65 | 39 |
| INCR. LIMITS 2% | | | | — 46 |
| | | | | 2,322 |
| TENTATIVE EXPER. MODIFICATION 1.10 MODIFIED PREM. | | | | — 2,554 |
| STATE OF ME | 2-5606-18 | 9,000 | .64 | 58 |
| | 5-9014 | 6,000 | 4.14 | 248 |
| | 11-5474 | 600 | 6.00 | 36 |
| | 15-8742 | 500 | .63 | 3 |
| INCR. LIMITS 2% | | | | 7 |
| | | | | 352 |
| TENTATIVE EXPER. MODIFICATION 1.10 MODIFIED PREM. | | | | — 387 |

This schedule is issued by that member of The Travelers Insurance Companies which issued the policy of which this schedule forms a part.

C-7088  REV. 5-76  PRINTED IN U.S.A.  (877)

## DECLARATIONS

Schedule ____8____ Issued _____ For attachment to Policy No. ____TR-UB-107T686-5-78____

| Classification of Operations | Code No. | Estimated Total Annual Remuneration | Rates per $100 of Remuneration | Estimated Annual Premiums |
|---|---|---|---|---|
| <u>OSMOSE WOOD PRESERVING CO OF AMERICA INC</u> | (CONT'D) | | | |
| <u>LOCATIONS</u> | <u>OPERATIONS</u> | | | |
| STATE OF MD | 5-9014-19 | 1,100 | 2.59 | 28 |
| | 11-5474 | 600 | 4.60 | 28 |
| INCR. LIMITS 2% | | | | 1 |
| | | | | 57 |
| TENTATIVE EXPER. MODIFICATION 1.10 MODIFIED PREM. | | | | ~ 63 |
| STATE OF MA | 5-9014-20 | 1,100 | 2.99 | 33 |
| | 11-5474 | 600 | 6.15 | 37 |
| INCR. LIMITS 1% | | | | 1 |
| | | | | 71 |
| TENTATIVE EXPER. MODIFICATION 1.10 MODIFIED PREM. | | | | ~ 78 |
| STATE OF MI | | | | |
| C/O CORP COMPANY 615 GRISWALD DETROIT | 5-9014-21 | 4,000 | 3.90 | 156 |
| | 10-5476 | 600 | 5.68 8.18 | 34 |
| INCR. LIMITS 2% | | | | 4 |
| | | | | ~ 194 |
| STATE OF MN | | | | |
| C.P. CORP SYSTEM 405 SECOND AVE SOUTH MINNEAPOLIS   55401 | 5-9014-22 | 65,000 | 4.46 | 2,899 |
| | 11-5474 | 600 | 5.84 7.25 | 35 |
| INCR. LIMITS 2% | | | | 59 |
| | | | | 2,993 |
| TENTATIVE EXPER. MODIFICATION 1.10 MODIFIED PREM. | | | | 3,292 |

This schedule is issued by that member of The Travelers Insurance Companies which issued the policy of which this schedule forms a part.

C-7088  REV. 5-76  PRINTED IN U.S.A.  (877)                                                    3877

# DECLARATIONS

Schedule _____ 9 _____ Issued _____ For attachment to Policy No. __TR-UB-107T686-5-78__

| Classification of Operations | Code No. | Estimated Total Annual Remuneration | Rates per $100 of Remuneration | Estimated Annual Premiums |
|---|---|---|---|---|
| OSMOSE WOOD PRESERVING CO OF AMERICA INC | (CONT'D) | | | |
| LOCATIONS | OPERATIONS | | | |
| STATE OF MS | 5-9014-23 | 25,000 | 2.66 | 665 |
| | 11-5474 | 600 | 2.77 | 17 |
| INCR. LIMITS 2% | | | | 14 |
| | | | | 696 |
| TENTATIVE EXPER. MODIFICATION 1.10 MODIFIED PREM. | | | | ─ 766 |
| STATE OF MO | 5-9014-24 | 50,000 | 1.82 | 910 |
| | 11-5474 | 600 | 2.55 | 15 |
| | 15-8742 | 10,000 | .38 | 38 |
| | | | | 963 |
| TENTATIVE EXPER. MODIFICATION 1.10 MODIFIED PREM. | | | | ─ 1,059 |
| STATE OF MT - ID # 16-0579500 | 5-9014-25 | 1,100 | 4.58 | 50 |
| | 11-5474 | 600 | 15.04 | 90 |
| INCR. LIMITS 2% | | | | 3 |
| | | | | 143 |
| TENTATIVE EXPER. MODIFICATION 1.10 MODIFIED PREM. | | | | ─ 157 |
| STATE OF NE | 2-5606-26 | 14,000 | .83 | 116 |
| | 5-9014 | 21,000 | 1.37 | 288 |
| | 11-5474 | 600 | 2.95 | 18 |
| INCR. LIMITS 2% | | | | 8 |
| | | | | 430 |
| TENTATIVE EXPER. MODIFICATION 1.10 MODIFIED PREM. | | | | ─ 473 |

This schedule is issued by that member of The Travelers Insurance Companies which issued the policy of which this schedule forms a part.

# DECLARATIONS

Schedule ___10___ Issued _____ For attachment to Policy No. ___TR-UB-107T686-5-78___

| Classification of Operations | Code No. | Estimated Total Annual Remuneration | Rates per $100 of Remuneration | Estimated Annual Premiums |
|---|---|---|---|---|
| OSMOSE WOOD PRESERVING CO OF AMERICA INC | (CONT'D) | | | |
| LOCATIONS | OPERATIONS | | | |
| STATE OF NH - ID#16-0579500 | 5-9014-28 | 1,100 | 4.79 | 53 |
| | 11-5474 | 600 | 7.76 | 47 |
| INCR. LIMITS 2% | | | | 2 |
| | | | | 102 |
| TENTATIVE EXPER. MODIFICATION 1.10 MODIFIED PREM. | | | | 112 |
| STATE OF NM | 5-9014-30 | 5,000 | 2.38 | 119 |
| | 11-5474 | 1,000 | 4.62 | 46 |
| INCR. LIMITS 2% | | | | 3 |
| | | | | 168 |
| TENTATIVE EXPER. MODIFICATION 1.10 MODIFIED PREM. | | | | 185 |
| STATE OF NY | 2-5606-31 | 52,000 | 3.90 | 2,028 |
| | 3-4815 | 190,000 | 6.42 | 12,198 |
| | 4-8809 | 250,000 | .42 | 1,050 |
| | 5-9014 | 130,000 | 3.53 | 4,589 |
| | 7-5474 | 600 | 9.00 | 54 |
| | 14-8810 | 185,000 | .30 | 555 |
| | 15-8742 | 116,000 | .59 | 684 |
| NON-SUBJECT EMPLOYEES | | IF ANY | TO BE | DETERMINED |
| | | | | 21,158 |
| TENTATIVE EXPER. MODIFICATION1.10 MODIFIED PREM. | | | | 23,274 |

This schedule is issued by that member of The Travelers Insurance Companies which issued the policy of which this schedule forms a part.

-7088  REV. 5-76  PRINTED IN U.S.A.  (877)

3877

# DECLARATIONS

Schedule __11__ Issued _____ For attachment to Policy No. __TR-UB-107T686-5-78__

| Classification of Operations | Code No. | Estimated Total Annual Remuneration | Rates per $100 of Remuneration | Estimated Annual Premiums |
|---|---|---|---|---|
| OSMOSE WOOD PRESERVING CO OF AMERICA INC | (CONT'D) | | | |
| LOCATIONS | OPERATIONS | | | |
| STATE OF NC | 5-9014-32 | 14,000 | .89 | 125 |
| | 11-5474 | 600 | 2.01 | 12 |
| | 15-8742 | 5,000 | .19 | 10 |
| 418 MAIN ST HIGHLANDS | 12-8017 | 2,500 | .39 | 10 |
| INCR. LIMITS 2% | | | | 3 |
| | | | | 160 |
| TENTATIVE EXPER. MODIFICATION 1.10 MODIFIED PREM. | | | | — 176 |
| STATE OF OK | 5-9014-35 | 1,100 | 3.71 | 41 |
| | 11-5474 | 600 | 3.91 | 23 |
| INCR. LIMITS 2% | | | | 1 |
| | | | | 65 |
| TENTATIVE EXPER. MODIFICATION 1.10 MODIFIED PREM. | | | | — 72 |
| STATE OF OR | 5-9014-36 | 10,000 | 7.93 | 793 |
| | 11-5474 | 500 | 11.27 | 56 |
| INCR. LIMITS 2% | | | | 17 |
| | | | | 866 |
| TENTATIVE EXPER. MODIFICATION 1.10 MODIFIED PREM. | | | | — 953 |
| STATE OF PA | 13-005-37 | 25,000 | 9.40 | 2,350 |
| INCR. LIMITS 2% | | | | 47 |
| | | | | 2,397 |
| TENTATIVE EXPER. MODIFICATION .951 MODIFIED PREM. | | | | — 2,280 |

This schedule is issued by that member of The Travelers Insurance Companies which issued the policy of which this schedule forms a part.

C-7088  REV. 5-76  PRINTED IN U.S.A.  (877)     3877

## DECLARATIONS

Schedule ____12____ Issued _____ For attachment to Policy No. ___TR-UB-107T686-5-78___

| Classification of Operations | Code No. | Estimated Total Annual Remuneration | Rates per $100 of Remuneration | Estimated Annual Premiums |
|---|---|---|---|---|
| OSMOSE WOOD PRESERVING CO OF AMERICA INC (CONT'D) | | | | |
| LOCATIONS | OPERATIONS | | | |
| STATE OF RI | 5-9014-38 | 1,100 | 3.74 | 41 |
| | 11-5474 | 600 | 5.90 | 35 |
| INCR. LIMITS 2% | | | | 2 |
| | | | | 78 |
| STATE OF SC | 5-9014-39 | 25,000 | 1.22 | 305 |
| | 11-5474 | 600 | 3.16 | 19 |
| INCR. LIMITS 2% | | | | 6 |
| | | | | 330 |
| TENTATIVE EXPER. MODIFICATION 1.10 MODIFIED PREM. | | | | 363 |
| STATE OF SD | 2-5606-40 | 15,600 | .33 | 51 |
| | 5-9014 | 22,000 | 1.53 | 337 |
| | 11-5474 | 600 | 2.48 | 15 |
| INCR. LIMITS 2% | | | | 8 |
| | | | | 411 |
| TENTATIVE EXPER. MODIFICATION 1.10 MODIFIED PREM. | | | | 452 |
| STATE OF TN | 2-5606-41 | 500 | 3.04 | 15 |
| | 3-4815 | 65,000 | 1.43 | 930 |
| | 5-9014 | 6,000 | 1.75 | 105 |
| | 11-5474 | 600 | 3.35 | 20 |
| | 14-8810 | 25,000 | .16 | 40 |
| INCR. LIMITS 2% | | | | 22 |
| | | | | 1,132 |
| TENTATIVE EXPER. MODIFICATION 1.10 MODIFIED PREM. | | | | 1,245 |

This schedule is issued by that member of The Travelers Insurance Companies which issued the policy of which this schedule forms a part.

C-708B  REV. 5-76  PRINTED IN U.S.A.  (877)

## DECLARATIONS

Schedule ____13____ Issued _____ For attachment to Policy No. ____TR-UB-107T686-5-78____

| Classification of Operations | Code No. | Estimated Total Annual Remuneration | Rates per $100 of Remuneration | Estimated Annual Premiums |
|---|---|---|---|---|
| OSMOSE WOOD PRESERVING CO OF AMERICA INC    (CONT'D) | | | | |
| LOCATIONS                              OPERATIONS | | | | |
| STATE OF TX | | | | |
| 2002 BOTHWELL RD | | | | |
| HOUSTON    77024 | 5-9014-42 | 215,000 | 5.53 | 11,890 |
| | 9-5474 | 600 | 5.11 | 31 |
| | 15-8742 | 8,700 | .71 | 62 |
| INCR. LIMITS 2% | | | | 240 |
| | | | | 12,223 |
| TENTATIVE EXPER. MODIFICATION 1.10 MODIFIED PREM. | | | | 13,445 |
| STATE OF UT | 5-9014-43 | 1,100 | 2.15 | 24 |
| | 11-5474 | 600 | 4.35 | 26 |
| INCR. LIMITS 2% | | | | 1 |
| | | | | 51 |
| TENTATIVE EXPER. MODIFICATION 1.10 MODIFIED PREM. | | | | 56 |
| STATE OF VT | 2-5606-44 | 11,000 | .50 | 55 |
| | 5-9014 | 22,000 | 2.25 | 495 |
| | 11-5474 | 600 | 3.71 | 22 |
| | 15-8742 | 16,000 | .55 | 88 |
| INCR. LIMITS 2% | | | | 13 |
| | | | | 673 |
| TENTATIVE EXPER. MODIFICATION 1.10 MODIFIED PREM. | | | | 740 |

This schedule is issued by that member of The Travelers Insurance Companies which issued the policy of which this schedule forms a part.

C-7088  REV. 5-76  PRINTED IN U.S.A.  (877)

3877

# DECLARATIONS

Schedule __14__ Issued _____ For attachment to Policy No. __TR-UB-107T686-5-78__

| Classification of Operations | Code No. | Estimated Total Annual Remuneration | Rates per $100 of Remuneration | Estimated Annual Premiums |
|---|---|---|---|---|
| OSMOSE WOOD PRESERVING CO OF AMERICA INC | (CONT'D) | | | |
| LOCATIONS | OPERATIONS | | | |
| STATE OF VA | 2-5606-45 | 15,000 | 3.08 | 462 |
| | 5-9014 | 230,000 | 1.71 | 3,933 |
| | 11-5474 | 600 | 4.00 | 24 |
| | 15-8742 | 15,600 | .41 | 64 |
| INCR. LIMITS 2% | | | | 90 |
| | | | | 4,573 |
| TENTATIVE EXPER. MODIFICATION 1.10 MODIFIED PREM. | | | | 5,030 |
| STATE OF WI | 2-5606-48 | 15,000 | 2.03 | 305 |
| | 5-9014 | 17,000 | 1.88 | 320 |
| | 11-5474 | 600 | 3.11 | 19 |
| | 14-8810 | 60,000 | .09 | 54 |
| | 15-8742 | 78,000 | ..29 | 226 |
| INCR. LIMITS 2% | | | | 18 |
| | | | | 942 |

This schedule is issued by that member of The Travelers Insurance Companies which issued the policy of which this schedule forms a part.

C-7088  REV. 5-76  PRINTED IN U.S.A.  (877)

3877

# DECLARATIONS

Schedule _____15_____ Issued _____ For attachment to Policy No. ___TR-UB-107T686-5-78___

| Classification of Operations | Code No. | Estimated Total Annual Remuneration | Rates per $100 of Remuneration | Estimated Annual Premiums |
|---|---|---|---|---|
| OSMOSE REALTY CORP | | | | |
| LOCATIONS | OPERATIONS | | | |
| STATE OF NY | 1-9026-31 | 3,000 | 2.83 | 85 |
| NON-SUBJECT EMPLOYEES | | IF ANY | TO BE | DETERMINED |
| TENTATIVE EXPER. MODIFICATION 1.10 MODIFIED PREM. | | | | — 94 |

This schedule is issued by that member of The Travelers Insurance Companies which issued the policy of which this schedule forms a part.

C-7088  REV. 5-76  PRINTED IN U.S.A.  [877]

## DECLARATIONS

Schedule _____16_____ Issued _____ For attachment to Policy No. _____ TR-UB-1077686-5-78 _____

| Classification of Operations | Code No. | Estimated Total Annual Remuneration | Rates per $100 of Remuneration | Estimated Annual Premiums |
|---|---|---|---|---|
| POLE SPRAYERS INC | | | | |
| | | | | |
| LOCATIONS | OPERATIONS | | | |
| STATE OF AL | 5-9014-01 | 15,000 | 1.73 | 260 |
| | 11-5474 | 500 | 3.18 | 16 |
| INCR. LIMITS 2% | | | | 6 |
| | | | | 282 |
| TENTATIVE EXPER. MODIFICATION 1.10 MODIFIED PREM. | | | | — 310 |
| (NONE) | 17-0032 | | | |
| STATE OF AZ | 5-9014-02 | 1,500 | 6.20 | 93 |
| | 11-5474 | 500 | 7.68 | 38 |
| INCR. LIMITS 2% | | | | 3 |
| | | | | 134 |
| TENTATIVE EXPER. MODIFICATION 1.10 MODIFIED PREM. | | | | — 147 |
| (NONE) | 17-0032 | | | |
| STATE OF AR | 5-9014-03 | 60,000 | 2.45 | 1,470 |
| | 11-5474 | 500 | 4.40 | 22 |
| INCR. LIMITS 2% | | | | 30 |
| | | | | 1,522 |
| TENTATIVE EXPER. MODIFICATION 1.10 MODIFIED PREM. | | | | — 1,674 |

## DECLARATIONS

Schedule ____17____ Issued _____ For attachment to Policy No. ___TR-UB-107T686-5-78___

| Classification of Operations | Code No. | Estimated Total Annual Remuneration | Rates per $100 of Remuneration | Estimated Annual Premiums |
|---|---|---|---|---|
| POLE SPRAYERS INC      (CONT'D) | | | | |
| LOCATIONS | OPERATIONS | | | |
| STATE OF CO | 5-9014-05 | 1,500 | 3.01 | 45 |
| | 11-5474 | 500 | 3.55 | 18 |
| INCR. LIMITS 2% | | | | 1 |
| | | | | 64 |
| TENTATIVE EXPER. MODIFICATION 1.10 MODIFIED PREM. | | | | 70 |
| (NONE) | 17-0032 | | | |
| STATE OF CT | 5-9014-06 | 1,500 | 2.59 | 39 |
| | 11-5474 | 500 | 6.05 | 30 |
| INCR. LIMITS 2% | | | | 1 |
| | | | | 70 |
| TENTATIVE EXPER. MODIFICATION 1.10 MODIFIED PREM. | | | | 77 |
| (NONE) | 17-0032 | | | |
| STATE OF DE | 13-005-07 | 1,500 | 9.45 | 142 |
| INCR. LIMITS 2% | | | | 3 |
| | | | | 145 |
| STATE OF FL | | | | |
| STAR TERMINAL AND WAREHOUSE CORPORATION 101 NORTH 12TH ST TAMPA   33601 | 5-9014-09 | 1,500 | 5.80 | 87 |
| | 11-5474 | 500 | 8.10 | 41 |
| INCR. LIMITS 2% | | | | 3 |
| | | | | 131 |
| TENTATIVE EXPER. MODIFICATION 1.10 MODIFIED PREM. | | | | 144 |
| ($12) | 17-0032 | | | |

This schedule is issued by that member of The Travelers Insurance Companies which issued the policy of which this schedule forms a part.

## DECLARATIONS

Schedule ___18___ Issued _____ For attachment to Policy No. __TR-UB-107T686-5-78__

| Classification of Operations | Code No. | Estimated Total Annual Remuneration | Rates per $100 of Remuneration | Estimated Annual Premiums |
|---|---|---|---|---|
| POLE SPRAYERS INC    (CONT'D) | | | | |
| | | | | |
| LOCATIONS | OPERATIONS | | | |
| STATE OF GA (0000) | 5-9014-10 | 1,500 | 1.80 | 27 |
| | 11-5474 | 500 | 3.78 | 19 |
| INCR. LIMITS 2% | | | | 1 |
| | | | | 47 |
| TENTATIVE EXPER. MODIFICATION 1.10 MODIFIED PREM. | | | | —52 |
| ($10) | 17-0032 | | | |
| | | | | |
| STATE OF IL    IL UI ACCT #139517 | 5-9014-12 | 9,000 | 2.48 | 223 |
| | 11-5474 | 500 | 6.91 | 35 |
| INCR. LIMITS 2% | | | | 5 |
| | | | | 263 |
| TENTATIVE EXPER. MODIFICATION 1.10 MODIFIED PREM. | | | | 289 |
| ($10) | 17-0032 | | | |
| | | | | |
| STATE OF IN | 5-9014-13 | 30,000 | 1.40 | 420 |
| | 11-5474 | 500 | 1.86 | 9 |
| INCR. LIMITS 2% | | | | 9 |
| | | | | 438 |
| TENTATIVE EXPER. MODIFICATION 1.10 MODIFIED PREM. | | | | 482 |
| (NONE) | 17-0032 | | | |

## DECLARATIONS

Schedule ___19___ Issued _____ For attachment to Policy No. ___TR-UB-107T686-5-78___

| Classification of Operations | Code No. | Estimated Total Annual Remuneration | Rates per $100 of Remuneration | Estimated Annual Premiums |
|---|---|---|---|---|
| POLE SPRAYERS INC    (CONT'D) | | | | |
| | | | | |
| LOCATIONS | OPERATIONS | | | |
| STATE OF IA | 5-9014-14 | 3,000 | 3.53 | 106 |
| | 11-5474 | 500 | 5.53 | 28 |
| INCR. LIMITS 2% | | | | 3 |
| | | | | 137 |
| TENTATIVE EXPER MODIFICATION 1.10 MODIFIED PREM. | | | | 151 |
| ($10) | 17-0032 | | | |
| STATE OF KS | 5-9014-15 | 1,500 | 1.86 | 28 |
| | 11-5474 | 500 | 3.76 | 19 |
| INCR. LIMITS 2% | | | | 1 |
| | | | | 48 |
| TENTATIVE EXPER. MODIFICATION 1.10 MODIFIED PREM. | | | | 53 |
| | 17-0032 | | | 4 |
| | | | | 57 |
| STATE OF KY | 5-9014-16 | 6,000 | 5.02 | 301 |
| | 11-5474 | 500 | 7.74 | 39 |
| INCR. LIMITS 2% | | | | 7 |
| | | | | 347 |
| TENTATIVE EXPER. MODIFICATION 1.10 MODIFIED PREM. | | | | 382 |
| (NONE) | 17-0032 | | | |

This schedule is issued by that member of The Travelers Insurance Companies which issued the policy of which this schedule forms a part.

C-7088  REV. 5-76  PRINTED IN U.S.A.  (877)                                                                3877

## DECLARATIONS

Schedule____20_____ Issued _____ For attachment to Policy No. ~~TR-UB-107T686-5-78~~

| Classification of Operations | Code No. | Estimated Total Annual Remuneration | Rates per $100 of Remuneration | Estimated Annual Premiums |
|---|---|---|---|---|
| POLE SPRAYERS INC    (CONT'D) | | | | |
| | | | | |
| LOCATIONS | OPERATIONS | | | |
| STATE OF LA    (0000) | 5-9014-17 | 1,500 | 2.35 | 35 |
| | 11-5474 | 500 | 7.69 | 38 |
| INCR. LIMITS 2% | | | | 1 |
| | | | | 74 |
| TENTATIVE EXPER. MODIFICATION 1.10 MODIFIED PREM. | | | | 81 |
| ($15) | 17-0032 | | | |
| STATE OF ME | 5-9014-18 | 1,500 | 4.14 | 62 |
| | 11-5474 | 500 | 6.00 | 30 |
| INCR. LIMITS 2% | | | | 2 |
| | | | | 94 |
| TENTATIVE EXPER. MODIFICATION 1.10 MODIFIED PREM. | | | | 103 |
| | 17-0032 | | | 3 |
| | | | | 106 |
| STATE OF MD | 5-9014-19 | 1,500 | 2.59 | 39 |
| | 11-5474 | 500 | 4.60 | 23 |
| INCR. LIMITS 2% | | | | 1 |
| | | | | 63 |
| TENTATIVE EXPER. MODIFICATION 1.10 MODIFIED PREM. | | | | 69 |
| | 17-0032 | | | 8 |
| | | | | 77 |

## DECLARATIONS

Schedule 21 _____ Issued _____ For attachment to Policy No. _____ TR-UB-107T686-5-78

| Classification of Operations | Code No. | Estimated Total Annual Remuneration | Rates per $100 of Remuneration | Estimated Annual Premiums |
|---|---|---|---|---|
| POLE SPRAYERS INC    (CONT'D) | | | | |
| | | | | |
| LOCATIONS | OPERATIONS | | | |
| STATE OF MA | 5-9014-20 | 1,500 | 2.99 | 45 |
| | 11-5474 | 500 | 6.15 | 31 |
| INCR. LIMITS 1% | | | | 1 |
| | | | | 77 |
| TENTATIVE EXPER. MODIFICATION 1.10 MODIFIED PREM. | | | | 85 |
| | 17-0032 | | | 20 |
| | | | | — 105 |
| | | | | |
| STATE OF MI | 5-9014-21 | 1,500 | 3.90 | 59 |
| | 10-5476 | 500 | 5.68 | 28 |
| INCR. LIMITS 2% | | | | 2 |
| | | | | 89 |
| | 17-0032 | | | 15 |
| | | | | — 104 |
| | | | | |
| STATE OF MS | 5-9014-23 | 85,000 | 2.66 | 2,261 |
| | 11-5474 | 500 | 2.77 | 14 |
| INCR. LIMITS 2% | | | | 46 |
| | | | | 2,321 |
| TENTATIVE EXPER. MODIFICATION 1.10 MODIFIED PREM. | | | | ~ 2,553 |
| | ($10)    17-0032 | | | |

This schedule is issued by that member of The Travelers Insurance Companies which issued the policy of which this schedule forms a part.

C-7088  REV. 5-76  PRINTED IN U.S.A.  (877)

# DECLARATIONS

Schedule _____22_____ Issued _____ For attachment to Policy No. __TR-UB-107T686-5-78__

| Classification of Operations | Code No. | Estimated Total Annual Remuneration | Rates per $100 of Remuneration | Estimated Annual Premiums |
|---|---|---|---|---|
| <u>POLE SPRAYERS INC</u>     (CONT'D) | | | | |
| <u>LOCATIONS</u> | <u>OPERATIONS</u> | | | |
| STATE OF MO | 5-9014-24 | 12,000 | 1.82 | 218 |
| | 11-5474 | 500 | 2.55 | 13 |
| | | | | 231 |
| TENTATIVE EXPER. MODIFICATION 1.10 MODIFIED PREM. | | | | — 254 |
| ($12) | 17-0032 | | | |
| STATE OF MT  -  ID # 16-0746762 | 5-9014-25 | 1,500 | 4.58 | 69 |
| | 11-5474 | 500 | 15.04 | 75 |
| INCR. LIMITS 2% | | | | 3 |
| | | | | 147 |
| TENTATIVE EXPER. MODIFICATION 1.10 MODIFIED PREM. | | | | 162 |
| | 17-0032 | | | 3 |
| | | | | ⋍ 165 |
| STATE OF NE | 5-9014-26 | 1,500 | 1.37 | 21 |
| | 11-5474 | 500 | 2.95 | 15 |
| INCR. LIMITS 2% | | | | 1 |
| | | | | 37 |
| TENTATIVE EXPER. MODIFICATION 1.10 MODIFIED PREM. | | | | 41 |
| | 17-0032 | | | 10 |
| | | | | — 51 |

This schedule is issued by that member of The Travelers Insurance Companies which issued the policy of which this schedule forms a part.

C-7088  REV. 5-76  PRINTED IN U.S.A.  (977)

3877

**DECLARATIONS**

Schedule _____ 23 _____ Issued _____ For attachment to Policy No. __TR-UB-707T686-5-78__

| Classification of Operations | Code No. | Estimated Total Annual Remuneration | Rates per $100 of Remuneration | Estimated Annual Premiums |
|---|---|---|---|---|
| POLE SPRAYERS INC    (CONT'D) | | | | |
| STATE OF NH  - ID # 16-0746762 | 5-9014-28 | 1,500 | 4.79 | 72 |
| | 11-5474 | 500 | 7.76 | 39 |
| INCR. LIMITS 2% | | | | 2 |
| | | | | 113 |
| TENTATIVE EXPER. MODIFICATION 1.10 MODIFIED PREM. | | | | 124 |
| (NONE) | 17-0032 | | | |
| STATE OF NM | 5-9014-30 | 1,500 | 2.38 | 36 |
| | 11-5474 | 500 | 4.62 | 23 |
| INCR. LIMITS 2% | | | | 1 |
| | | | | 60 |
| TENTATIVE EXPER. MODIFICATION 1.10 MODIFIED PREM. | | | | 66 |
| | 17-0032 | | | 10 |
| | | | | 76 |
| STATE OF NY | 5-9014-31 | 1,000 | 3.53 | 35 |
| | 7-5474 | 500 | 9.00 | 45 |
| USL & HW   SEE END 25480 | 3-4815U | 1,500 | 9.80 | 147 |
| | | | | 227 |
| NON-SUBJECT EMPLOYEES | | IF ANY | TO BE | DETERMINED |
| TENTATIVE EXPER. MODIFICATION 1.10 MODIFIED PREM. | | | | 250 |
| ($18) | 17-0032 | | | |

This schedule is issued by that member of The Travelers Insurance Companies which issued the policy of which this schedule forms a part.

C-7088  REV. 5-76  PRINTED IN U.S.A.  (877)

3877

## DECLARATIONS

Schedule _____ 24 _____ Issued _____ For attachment to Policy No. __ TR-UB-107T686-5-78 __

| Classification of Operations | Code No. | Estimated Total Annual Remuneration | Rates per $100 of Remuneration | Estimated Annual Premiums |
|---|---|---|---|---|
| POLE SPRAYERS INC     (CONT'D) | | | | |
| | | | See e.l) H.l) | |
| LOCATIONS | OPERATIONS | | | |
| STATE OF NC | 5-9014-32 | 1,500 | .89 | 13 |
| | 11-5474 | 500 | 2.01  3.15 | 10 |
| | | | | 23 |
| INCR. LIMITS 2% | | | | |
| TENTATIVE EXPER. MODIFICATION 1.10 MODIFIED PREM. | | | | 25 |
| STATE OF OK | 5-9014-35 | 10,000 | 3.71 | 371 |
| | 11-5474 | 500 | 3.91 | 20 |
| INCR. LIMITS 2% | | | | 8 |
| | | | | 399 |
| TENTATIVE EXPER. MODIFICATION 1.10 MODIFIED PREM. | | | | 439 |
| (\$5) | 17-0032 | | | |
| STATE OF OR | 5-9014-36 | 1,500 | 7.93 | 119 |
| | 11-5474 | 500 | 11.27 | 56 |
| INCR. LIMITS 2% | | | | 4 |
| | | | | 179 |
| TENTATIVE EXPER. MODIFICATION 1.10 MODIFIED PREM. | | | | 197 |
| (NONE) | 17-0032 | | | |
| STATE OF PA | 13-005-37 | 1,500 | 9.40 | 141 |
| INCR. LIMITS 2% | | | | 3 |
| | | | | 144 |
| TENTATIVE EXPER MODIFICATION .951 MODIFIED PREM. | | | | 137 |
| (\$10) | 16-032 | | | |

This schedule is issued by that member of The Travelers Insurance Companies which issued the policy of which this schedule forms a part.

C-7088  REV. 5-76  PRINTED IN U.S.A.  (877)

3877

## DECLARATIONS

Schedule ____25____ Issued _____ For attachment to Policy No. __TR-UB-107T686-5-78__

| Classification of Operations | Code No. | Estimated Total Annual Remuneration | Rates per $100 of Remuneration | Estimated Annual Premiums |
|---|---|---|---|---|
| <u>POLE SPRAYERS INC</u>    (CONT'D) | | | | |
| <u>LOCATIONS</u> | <u>OPERATIONS</u> | | | |
| STATE OF RI | 5-9014-38 | 1,500 | 3.74 | 56 |
| | 11-5474 | 500 | 5.90 | 30 |
| INCR. LIMITS 2% | | | | 2 |
| | | | | 88 |
| | 17-0032 | | | 10 |
| | | | | 98 |
| STATE OF SC | 5-9014-39 | 1,500 | 1.22 | 18 |
| | 11-5474 | 500 | 3.16 | 16 |
| INCR. LIMITS 2% | | | | 1 |
| | | | | 35 |
| TENTATIVE EXPER. MODIFICATION 1.10 MODIFIED PREM. | | | | 39 |
| | 17-0032 | | | 15 |
| | | | | 54 |
| STATE OF SD | 5-9014-40 | 1,500 | 1.53 | 23 |
| | 11-5474 | 500 | 2.48 | 12 |
| INCR. LIMITS 2% | | | | 1 |
| | | | | 36 |
| TENTATIVE EXPER. MODIFICATION 1.10 MODIFIED PREM. | | | | 40 |
| | 17-0032 | | | 8 |
| | | | | 48 |

This schedule is issued by that member of The Travelers Insurance Companies which issued the policy of which this schedule forms a part.
C-7088  REV. 5-76  PRINTED IN U.S.A.  (877)

3877

# DECLARATIONS

Schedule _____ 26 _____ Issued _____ For attachment to Policy No. _TR-UB-107T686-5-78_

| Classification of Operations | Code No. | Estimated Total Annual Remuneration | Rates per $100 of Remuneration | Estimated Annual Premiums |
|---|---|---|---|---|
| POLE SPRAYERS INC    (CONT'D) | | | | |
| STATE OF TN | 5-9014-41 | 1,500 | 1.75 | 26 |
| | 11-5474 | 500 | 3.35 | 17 |
| INCR. LIMITS 2% | | | | 1 |
| | | | | 44 |
| TENTATIVE EXPER. MODIFICATION 1.10 MODIFIED PREM. | | | | 48 |
| ($7)   17-0032 | | | | |
| STATE OF TX | | | | |
| 2002 BOTHWELL RD HOUSTON 77024 | 5-9014-42 | 8,000 | 5.53 | 442 |
| | 11-5474 | 500 | 5.11 | 26 |
| INCR. LIMITS 2% | | | | 9 |
| | | | | 477 |
| TENTATIVE EXPER. MODIFICATION 1.10 MODIFIED PREM. | | | | 525 |
| STATE OF UT | 5-9014-43 | 1,500 | 2.15 | 32 |
| | 11-5474 | 500 | 4.35 | 22 |
| INCR. LIMITS 2% | | | | 1 |
| | | | | 55 |
| TENTATIVE EXPER. MODIFICATION 1.10 MODIFIED PREM. | | | | 61 |
| | 17-0032 | | | 10 |
| | | | | 71 |

This schedule is issued by that member of The Travelers Insurance Companies which issued the policy of which this schedule forms a part.
C-7088  REV. 5-76  PRINTED IN U.S.A.  (877)

## DECLARATIONS

Schedule __27__ Issued _____ For attachment to Policy No. __TR-UB-107T686-5-78__

| Classification of Operations | Code No. | Estimated Total Annual Remuneration | Rates per $100 of Remuneration | Estimated Annual Premiums |
|---|---|---|---|---|
| POLE SPRAYERS INC     (CONT'D) | | | | |
| | | | | |
| LOCATIONS | OPERATIONS | | | |
| STATE OF VT | 5-9014-44 | 1,500 | 2.25 | 34 |
| | 11-5474 | 500 | 3.71 | 19 |
| INCR. LIMITS 2% | | | | 1 |
| | | | | 54 |
| TENTATIVE EXPER. MODIFICATION 1.10 MODIFIED PREM. | | | | 59 |
| ($15) | 17-0032 | | | |
| STATE OF VA | 5-9014-45 | 1,500 | 1.71 | 26 |
| | 11-5474 | 500 | 4.00 | 20 |
| INCR. LIMITS 2% | | | | 1 |
| | | | | 47 |
| TENTATIVE EXPER. MODIFICATION 1.10 MODIFIED PREM. | | | | 52 |
| ($10) | 17-0032 | | | |
| STATE OF WI | 5-9014-48 | 100,000 | 1.88 | 1,880 |
| | 11-5474 | 500 | 3.11 | 16 |
| INCR. LIMITS 2% | | | | 38 |
| | | | | 1,934 |

This schedule is issued by that member of The Travelers Insurance Companies which issued the policy of which this schedule forms a part.

C-7088  REV. 5-76  PRINTED IN U.S.A.  (877)

3877

## DECLARATIONS

Schedule ___28___ Issued _____ For attachment to Policy No. ___TR-UB-107T686-5-78___

| Classification of Operations | Code No. | Estimated Total Annual Remuneration | Rates per $100 of Remuneration | Estimated Annual Premiums |
|---|---|---|---|---|
| ANIMAL REPELLENTS INC | | | | |
| LOCATIONS                    OPERATIONS | | | | |
| STATE OF NC | 14-8810-32 | 1,000 | .06 | 1 |
| INCR. LIMITS 2% | | | | |
| TENTATIVE EXPER. MODIFICATION 1.10 MODIFIED PREM. | | | | 1 |
| | 17-0032 | | | 9 |
| | | | | 10 |

This schedule is issued by that member of The Travelers Insurance Companies which issued the policy of which this schedule forms a part.
C-7088 REV. 5-76 PRINTED IN U.S.A. (877)

3877

## DECLARATIONS

Schedule _____ 29 _____ Issued _____ For attachment to Policy No. _____ TR-UB-107T686-5-78

| Classification of Operations | Code No. | Estimated Total Annual Remuneration | Rates per $100 of Remuneration | Estimated Annual Premiums |
|---|---|---|---|---|
| TIMBER CONSULTANTS INC | | | | |
| | | | | |
| LOCATIONS                    OPERATIONS | | | | |
| STATE OF WI | 14-8810-48 | 1,000 | .09 | 1 |
| | | | | |
| INCR. LIMITS 2% | | | | |
| | | | | |
| ($10) | 17-0032 | | | |

This schedule is issued by that member of The Travelers Insurance Companies which issued the policy of which this schedule forms a part.

C-7088  REV. 5-75  PRINTED IN U.S.A.  (877)

# DECLARATIONS

Schedule ___30___ Issued _____ For attachment to Policy No. ____TR=IIB=107T686=5=78____

| Classification of Operations | Code No. | Estimated Total Annual Remuneration | Rates per $100 of Remuneration | Estimated Annual Premiums |
|---|---|---|---|---|
| WOOD PROTECTION COMPANY | | | | |
| LOCATIONS                OPERATIONS | | | | |
| STATE OF TX | | | | |
| 5151 SOUTH LOOP EAST | | | | |
| HOUSTON   77033 | 8=2960=42 | 40,000 | 9.95 | 3,980 |
| | 14=8810 | 60,000 | .26 | 156 |
| | 15=8742 | 75,000 | .71 | 533 |
| USL & HW   SEE END 25480 | | | MINIMUM | 10 |
| INCR. LIMITS 2% | | | | 94 |
| | | | | 4,773 |
| TENTATIVE EXPER. MODIFICATION 1.10 | | | | |
| MODIFIED PREM. | | | | 5,250 |
| ($10) | 17=0032 | | | |

This schedule is issued by that member of The Travelers Insurance Companies which issued the policy of which this schedule forms a part.

C-7088  REV. 5-76  PRINTED IN U.S.A.  (877)                                                                                        3877

Applicable in the States of Massachusetts, Missouri,
Pennsylvania and Texas.

# Short Rate Cancelation Table
(Premiums Subject to Short Rate Adjustment)

| Days Policy in Force | Per Cent of One Year Premium | Days Policy in Force | Per Cent of One Year Premium |
|---|---|---|---|
| 1 | 5% | 154-156 | 53% |
| 2 | 6 | 157-160 | 54 |
| 3- 4 | 7 | 161-164 | 55 |
| 5- 6 | 8 | 165-167 | 56 |
| 7- 8 | 9 | 168-171 | 57 |
| 9- 10 | 10 | 172-175 | 58 |
| 11- 12 | 11 | 176-178 | 59 |
| 13- 14 | 12 | 179-182 (6 mos.) | 60 |
| 15- 16 | 13 | 183-187 | 61 |
| 17- 18 | 14 | 188-191 | 62 |
| 19- 20 | 15 | 192-196 | 63 |
| 21- 22 | 16 | 197-200 | 64 |
| 23- 25 | 17 | 201-205 | 65 |
| 26- 29 | 18 | 206-209 | 66 |
| 30- 32 (1 mo.) | 19 | 210-214 (7 mos.) | 67 |
| 33- 36 | 20 | 215-218 | 68 |
| 37- 40 | 21 | 219-223 | 69 |
| 41- 43 | 22 | 224-228 | 70 |
| 44- 47 | 23 | 229-232 | 71 |
| 48- 51 | 24 | 233-237 | 72 |
| 52- 54 | 25 | 238-241 | 73 |
| 55- 58 | 26 | 242-246 (8 mos.) | 74 |
| 59- 62 (2 mos.) | 27 | 247-250 | 75 |
| 63- 65 | 28 | 251-255 | 76 |
| 66- 69 | 29 | 256-260 | 77 |
| 70- 73 | 30 | 261-264 | 78 |
| 74- 76 | 31 | 265-269 | 79 |
| 77- 80 | 32 | 270-273 (9 mos.) | 80 |
| 81- 83 | 33 | 274-278 | 81 |
| 84- 87 | 34 | 279-282 | 82 |
| 88- 91 (3 mos.) | 35 | 283-287 | 83 |
| 92- 94 | 36 | 288-291 | 84 |
| 95- 98 | 37 | 292-296 | 85 |
| 99-102 | 38 | 297-301 | 86 |
| 103-105 | 39 | 302-305 (10 mos.) | 87 |
| 106-109 | 40 | 306-310 | 88 |
| 110-113 | 41 | 311-314 | 89 |
| 114-116 | 42 | 315-319 | 90 |
| 117-120 | 43 | 320-323 | 91 |
| 121-124 (4 mos.) | 44 | 324-328 | 92 |
| 125-127 | 45 | 329-332 | 93 |
| 128-131 | 46 | 333-337 (11 mos.) | 94 |
| 132-135 | 47 | 338-342 | 95 |
| 136-138 | 48 | 343-346 | 96 |
| 139-142 | 49 | 347-351 | 97 |
| 143-146 | 50 | 352-355 | 98 |
| 147-149 | 51 | 356-360 | 99 |
| 150-153 (5 mos.) | 52 | 361-365 (12 mos.) | 100 |

This endorsement is issued by that member of The Travelers Insurance Companies which issued the policy of which this endorsement forms a part.

## STATUTORY PROVISIONS ENDORSEMENT—VERMONT

With respect to such insurance as is afforded by the policy under Coverage B by reason of the designation of Vermont in Item 3 of the declarations it is agreed that:

1. No limitation of liability in the policy shall be valid if, after a judgment has been rendered against the insured in respect to his legal liability for damages in a particular instance, the company continues the litigation by an appeal or otherwise, unless the insured shall stipulate with the company, agreeing to continue such litigation.

2. No action shall lie against the company to recover for any loss under the policy, unless brought within one year after the amount of such loss is made certain either by judgment against the insured after final determination of the litigation or by agreement between the parties with the written consent of the company.

3. Payment of any judicial judgment or claim by the insured for any of the company's liability hereunder shall not bar the insured from any action or right of action against the company.

This endorsement is issued by that member of The Travelers Insurance Companies which issued the policy of which this endorsement forms a part.

## STATUTORY PROVISIONS ENDORSEMENT—RHODE ISLAND

It is agreed that with respect to such insurance as is afforded by the policy under Coverage B by reason of the designation of Rhode Island in Item 3 of the declarations, the company shall be directly liable to pay to any person sustaining bodily injury by accident or disease, or, in the event of his death, to the person or persons entitled to sue for damages because of such death, subject to the applicable limit of liability and the other provisions of the policy not inconsistent herewith, the damages for which the insured is liable. Such injured person, or, in the event of his death, the person or persons entitled to sue therefor, may join the company as a defendant in any suit against the insured to recover damages on account of such injury or death.

This endorsement is issued by that member of The Travelers Insurance Companies which issued the policy of which this endorsement forms a part.

## APPLICATION OF LIMITS OF LIABILITY ENDORSEMENT—MASSACHUSETTS

With respect to such insurance as is afforded by the policy by reason of the designation of Massachusetts in Item 3 of the declarations, it is agreed that no limit of liability stated in the declarations or elsewhere in the policy shall be applicable to the company's liability to the insured under Section 25 of Chapter 152, as amended, General Laws of Massachusetts.

This endorsement is issued by that member of The Travelers Insurance Companies which issued the policy of which this endorsement forms a part.

Countersigned by ⟋⟋ _S_ _Faber_
**Authorized Agent**

## AMENDMENT OF INSURING AGREEMENT IV ENDORSEMENT–CONNECTICUT

It is agreed that with respect to such insurance as is afforded by the policy under Coverage A by reason of the designation of Connecticut in Item 3 of the declarations, Insuring Agreement IV, "Application of Policy," is amended to read as follows:

This policy applies only to injury (1) by accident occurring during the policy period, or (2) by disease caused or aggravated by exposure during the policy period to conditions in the course of employment by the insured.

This endorsement is issued by that member of The Travelers Insurance Companies which issued the policy of which this endorsement forms a part.

C-7119  5-54  PRINTED IN U.S.A.  (374)

3890

## APPLICATION OF LIMITS OF LIABILITY ENDORSEMENT–MISSOURI

With respect to such insurance as is afforded by the policy under Coverage B by reason of the designation of Missouri in Item 3 of the declarations, it is agreed that no limit of liability stated in the declarations or elsewhere in the policy shall be applicable to the company's liability for damages because of bodily injury by accident, including death at any time resulting therefrom, sustained by an employee of the insured and arising out of and in the course of an employment with respect to which the insured is subject to the Missouri Workmen's Compensation Law.

This endorsement is issued by that member of The Travelers Insurance Companies which issued the policy of which this endorsement forms a part.

C-7208  NEW 8-54  PRINTED IN U.S.A.  (1173)

3920

## NEW YORK SUPPLEMENT TO RETROSPECTIVE PREMIUM ENDORSEMENT

It is agreed that the Retrospective Premium Endorsement forming a part of the policy applies subject to the following provisions:

 (a) When recovery has been obtained against a third party, expenses incurred in connection with such recovery which are to be included in determining "incurred losses" under a Workmen's Compensation and Employers' Liability Policy shall not exceed the amount of recovery.

 (b) In the event the Special Disability Fund as created by Subdivision 8 of Section 15 of the New York Workmen's Compensation Law has been held legally liable for payments of indemnity and medical in connection with any accident, the incurred losses pertaining to such accident shall be limited to the net amount, not exceeding the loss limitation applicable to New York Workmen's Compensation and Employers' Liability losses, of the indemnity and medical losses for which the company is liable under said law.

  If, subsequent to the determination of the final retrospective premium and within five years after the effective date of the policy, the New York Special Disability Fund is held legally liable for indemnity and medical payments on any claim or claims not due to dust disease so as to reduce the amount of incurred losses used in the computation of the final retrospective premium, such final retrospective premium shall be recomputed. For such recomputation incurred losses on all other claims shall be included in the same amounts as in the last preceding computation of the final retrospective premium.

This endorsement is issued by that member of The Travelers Insurance Companies which issued the policy of which this endorsement forms a part.

## AMENDMENT TO CANCELATION CONDITION—MARYLAND

It is agreed that with respect to such insurance as is afforded by the policy by reason of the designation of Maryland in Item 3 of the declarations, the first paragraph of Condition 14 of the policy is replaced by the following:

This policy may be canceled by the insured by mailing to the company written notice stating when thereafter the cancelation shall be effective. This policy may be canceled by the company by mailing to the insured at the address shown in this policy or at the last known place of residence of the insured if different from the address shown in this policy written notice by registered mail stating when not less than 30 days thereafter such cancelation shall be effective. The mailing of notice as aforesaid shall be sufficient proof of notice. The effective date and hour of cancelation stated in the notice shall become the end of the policy period. Delivery of such written notice either by the insured or by the company shall be equivalent to mailing.

This endorsement is issued by that member of The Travelers Insurance Companies which issued the policy of which this endorsement forms a part.

## CLASSIFICATION AND RATE ENDORSEMENT – FLORIDA

It is agreed that with respect to any part of the premium under this policy which is derived from classifications giving coverage under both the laws of the State of Florida and any law of the United States, the parties hereto will recognize and accept the authority of the Insurance Commissioner of the State of Florida to take action with respect to rates and classifications applicable to the policy to the same degree and extent as if such rates and classifications gave coverage only under the laws of the State of Florida.

This endorsement is issued by that member of The Travelers Insurance Companies which issued the policy of which this endorsement forms a part.

C-11864 2-67 PRINTED IN U.S.A. N.S. 1274

10930

## MARYLAND SUPPLEMENT TO RETROSPECTIVE PREMIUM ENDORSEMENT

It is agreed that:

1. Before computing the retrospective premium in accordance with the Retrospective Premium Endorsement, there shall be deducted from the state standard premium for Maryland a sum equal to $.03 for each $100 of remuneration earned by employees of the insured engaged in operations with respect to which the policy affords insurance by reason of the designation of Maryland in Item 3 of the Declarations.

2. The insured shall pay to the company, in addition to the retrospective premium so computed, a sum equal to that deducted in accordance with paragraph 1 above.

This endorsement is issued by that member of The Travelers Insurance Companies which issued the policy of which this endorsement forms a part.

C-17528  4-74  PRINTED IN U.S.A.

11343

## AMENDMENT TO RETROSPECTIVE PREMIUM ENDORSEMENT -- PLAN D -- MISSOURI

It is agreed that, with respect to Missouri, the definition of "incurred losses" is amended to read:

(d)  "Incurred Losses" means the sum of:

    (1)  All losses, including medical, actually paid,

    (2)  reserves for unpaid losses as estimated by the company,

    (3)  premiums on bonds paid for by the company in accordance with the provisions of the policies,

    (4)  interest accruing after entry of a judgment against the insured,

    (5)  allocated loss adjustment expenses, and

    (6)  expenses incurred in seeking recovery against a third party

under the insurance subject to Plan D, provided (i) as respects the insurance afforded under any workmen's compensation and employers' liability policy, items (3) and (5) above shall not apply and item (6) shall apply only if recovery is obtained against the third party, and (ii) items (3), (4) and (5) above shall not apply as respects automobile physical damage insurance.


THE TRAVELERS INSURANCE COMPANY

*Secretary*

THE TRAVELERS INDEMNITY COMPANY

*Secretary*

C-11901  3-67  PRINTED IN U.S.A.

11770

## AMENDATORY ENDORSEMENT – IDAHO

It is agreed that:

If the insured is an individual or a partnership, such insurance as is afforded by the policy by reason of the designation of Idaho in Item 3 of the declarations shall not apply to injury, including death resulting therefrom, sustained by any member of the family of the insured dwelling in his house or any member of such partnership except such members of the family of the insured or of the insured partnership, if any, as are named below or listed in Item 4 of the declarations.

If the insured is a corporation, such insurance as is afforded by the policy by reason of the designation of Idaho in Item 3 of the declarations shall not apply to injury, including death resulting therefrom, sustained by any executive officer of the corporation who is a director thereof and who owns ten percent or more of all the issued and outstanding voting stock of the corporation, except any such officer who has elected coverage under the Idaho workmen's compensation law and is named below or listed in Item 4 of the declarations.

"Remuneration" when used as a premium basis for such insurance as is afforded by the policy by reason of the designation of Idaho in Item 3 of the declarations shall include the remuneration of each such person named below or listed in Item 4 of the declarations.

This endorsement is issued by that member of The Travelers Insurance Companies which issued the policy of which this endorsement forms a part.

C-17828  8-74  PRINTED IN U.S.A.  N.S.

15352

### INCLUSION OF LIABILITY ENDORSEMENT
### SECTION 59-10-7 OF THE NEW MEXICO STATUTES
### ANNOTATED, 1953 COMPILATION

#### *(Safety Devices)*

It is agreed that such insurance as is afforded by the policy by reason of the designation of New Mexico in Item 3 of the declarations also applies to the insured's liability to pay, under the terms of Section 59-10-7 of the New Mexico Statutes, Annotated, 1953 Compilation, as amended, the increase in the compensation otherwise payable under the provisions of the workmen's compensation law of New Mexico, in case of injury to or death of a workman resulting from the insured's failure to supply safety devices.

This endorsement is issued by that member of The Travelers Insurance Companies which issued the policy of which this endorsement forms a part.

## CHOICE OF PHYSICIAN ENDORSEMENT—MONTANA

It is agreed that, with respect to such insurance as is afforded by the policy by reason of the designation of Montana in Item 3 of the declarations, the policy applies in accordance with Section 40-4108, R.C.M., 1947, which reads, in part: "all policies insuring the payment of compensation under the Workmen's Compensation Act shall provide the insured shall have full freedom of choice in the selection of any duly licensed physician, osteopath, chiropractor, optometrist, chiropodist or clinical psychologist for treatment of any illness or injury within the scope and limitations of his practice."

This endorsement is issued by that member of The Travelers Insurance Companies which issued the policy of which this endorsement forms a part.

## AMENDATORY ENDORSEMENT – NEW YORK

With respect to such insurance as is afforded by the policy under Coverage B by reason of the designation of New York in Item 3 of the declarations, it is agreed that no limit of liability stated in the declarations or elsewhere in the policy shall be applicable to the company's liability for damages because of bodily injury by accident or disease, including death at any time resulting therefrom, sustained by an employee of the insured and arising out of and in the course of an employment with respect to which the employee and the insured are subject to the New York Workmen's Compensation Law.

This endorsement is issued by that member of The Travelers Insurance Companies which issued the policy of which this endorsement forms a part.

C-12158  8-67  PRINTED IN U.S.A.  773  N.S.

16240

## EXCLUSION OF MARITIME LIABILITY ENDORSEMENT

Effective from _____ at the time of day the policy becomes effective.  Amending Policy No. _____
                   *(Month, Day, Year)*

Issued to _____

Date of Issue:

| FOR CO. USE | OFFICE & CODE | PROD. CODE | PROD. |
|---|---|---|---|
| | POL. EXPIRES | MODE OF ADJUST. | LOC. OF RISK |

(The information provided for above, except the policy number, is required to be stated only when this endorsement is issued for attachment to the policy subsequent to its effective date.)

It is agreed that this policy does not apply to injury, including death resulting therefrom, sustained by a master or a member of the crew of any vessel.

This exclusion does not apply to any person employed by the insured in any classification designated below.

### Classification

1.

2.

This endorsement is issued by that member of The Travelers Insurance Companies which issued the policy of which this endorsement forms a part.

Countersigned by _M A Jabor_

C-17915  9-74  PRINTED IN U.S.A.  N.S.

17701

MICHIGAN—4—1954

## STATUTORY PROVISIONS ENDORSEMENT—MICHIGAN
(Revised effective July 1, 1971)

It is agreed that if insurance is afforded under the policy for the obligations of the insured under the Michigan workmen's compensation act the following statutory requirements, in the language of the statute, are hereby made applicable to such insurance:

Notwithstanding any language elsewhere contained in this contract or policy of insurance, the accident fund or the insurer issuing this policy hereby contracts and agrees with the insured employer:

Compensation:
(a)   That it will pay to the persons that may become entitled thereto all workmen's compensation for which the insured employer may become liable under the provisions of the Michigan workmen's compensation act for all compensable injuries or compensable occupational diseases happening to his employees during the life of this contract or policy;

Medical services:
(b)   That it will furnish or cause to be furnished to all employees of the employer, all reasonable medical, surgical and hospital services and medicines when they are needed which the employer may be obligated to furnish or cause to be furnished to his employees under the provisions of the Michigan workmen's compensation act and that it will pay to the persons entitled thereto for all such services and medicines when they are needed for all compensable injuries or compensable occupational disease happening to his employees during the life of this contract or policy;

Rehabilitation services:
(c)   That it will furnish or cause to be furnished such rehabilitation services for which the insured employer may become liable to furnish or cause to be furnished under the provisions of the Michigan workmen's compensation act for all compensable injuries or compensable occupational disease happening to his employees during the life of this contract or policy;

Funeral expenses:
(d)   That it will pay or cause to be paid the reasonable expense of the last sickness and burial of all employees whose deaths are caused by compensable injuries or compensable occupational diseases happening during the life of this contract or policy and arising out of and in the course of their employment with the employer, which the employer may be obligated to pay under the provisions of the Michigan workmen's compensation act;

Scope of contract:
(e)   That this insurance contract or policy shall for all purposes be held and deemed to cover all the businesses the said employer is engaged in at the time of the issuance of this contract or policy and all other businesses, if any, the employer may engage in during the life thereof, and all employees the employer may employ in any of his businesses during the period covered by this policy;

Obligations assumed:
(f)   That it hereby assumes all obligations imposed upon the employer by his acceptance of the Michigan workmen's compensation act, as far as the payment of compensation, death benefits, medical, surgical, hospital care or medicine and rehabilitation services is concerned;

Termination notice:
(g)   That it will file with the bureau of workmen's compensation at Lansing, Michigan, at least 20 days before the taking effect of any termination or cancellation of this contract or policy, a notice giving the date at which it is proposed to terminate or cancel this contract or policy; and that any termination of this policy shall not be effective as far as the employees of the insured employer are concerned until 20 days after notice of proposed termination or cancellation is received by the bureau of workmen's compensation;

Conflicting provisions:
(h)   That all the provisions of this contract, if any, which are not in harmony with this paragraph are to be construed as modified hereby, and all conditions and limitations in the policy, if any, conflicting herewith are hereby made null and void.

This endorsement is issued by that member of The Travelers Insurance Companies which issued the policy of which this endorsement forms a part.

## BROAD FORM ALL STATES ENDORSEMENT

It is agreed that:

1. If the insured undertakes operations in any state not designated in Item 3 of the declarations, other than Nevada, North Dakota, Ohio, Washington, West Virginia or Wyoming, Coverage A applies to such operations.

2. If the company is prevented from performing its obligations under Coverage A with respect to such operations because the insured or the company has failed to take the necessary action to bring the insured within the workmen's compensation or occupational disease laws of such state, the company shall reimburse the insured for all compensation and other benefits required of the insured under such workmen's compensation or occupational disease law.

3. Coverage B applies to operations of the insured covered by this endorsement. The limit of liability for bodily injury by disease, including death resulting at any time therefrom, applies as though each state in which such operations are conducted were designated in Item 3 of the declarations.

4. The word "State" as used in this endorsement means any State of the United States of America and the District of Columbia.

5. The insured shall give notice to the company before or within a reasonable time after the commencement of such operations, but failure to give notice shall not invalidate the insurance. The insured shall, if requested by the company, take whatever action is necessary to come within the workmen's compensation and occupational disease laws of such state.

6. The premium bases and rates for the classifications of operations in any such state shall be those applicable under the manuals in use by the company, and the premium shall be computed accordingly on the basis stated in Condition 1 of the policy.

7. The insurance afforded by this endorsement does not cover fines or penalties imposed on the insured for failure to comply with the requirements of any workmen's compensation law.

8. All of the provisions of the policy, insofar as such provisions are not inconsistent herewith, are applicable to the insurance afforded by the policy by virtue of this endorsement.

Amending Policy No. _____ Issued to _____

Name of Insured

Effective from _____
At 12:01 A.M. Standard Time

(The above is required to be completed only when this endorsement is issued subsequent to preparation of the policy.)

This endorsement is issued by that member of The Travelers Insurance Companies which issued the policy of which this endorsement forms a part.

Secretary

## FLORIDA AMENDATORY ENDORSEMENT

Notwithstanding any other provision of the policy to which this endorsement is attached, the insurance afforded hereunder shall continue until at least 30 days have elapsed after a notice of cancellation or termination has been sent to the Division of Labor in Tallahassee, Florida and to the NAMED INSURED; provided, however, that if after the normal expiration date of this coverage another qualified carrier issues a Workmen's Compensation Insurance Policy to the same NAMED INSURED insuring the same liability and files a certificate of insurance to such effect with Division of Labor, this policy may be canceled upon the effective date of the other carrier's policy, after giving notice to the Division of Labor and the NAMED INSURED.

This endorsement is issued by that member of The Travelers Insurance Companies which issued the policy of which this endorsement forms a part.

### AMENDMENT TO CANCELLATION CONDITION ENDORSEMENT – ILLINOIS

It is agreed that with respect to such insurance as is afforded by the policy by reason of the designation of Illinois in Item 3 of the declarations, the first paragraph of Condition 14 of the policy is replaced by the following:

"This policy may be canceled by the insured by mailing to the company written notice stating when thereafter the cancellation shall be effective. Delivery of such written notice by the insured shall be equivalent to mailing. This policy may be canceled by the company by mailing to the insured at the last known mailing address, written notice stating when thereafter such cancellation shall be effective. If the policy is canceled by the company due to nonpayment of premium, written notice of cancellation must be mailed at least 10 days prior to the effective date of such cancellation. If the policy is canceled by the company for any reason other than nonpayment of premium, written notice of cancellation must be mailed:

1. At least 15 days prior to the effective date of cancellation if the policy has been in force for 180 days or less, or

2. At least 30 days prior to the effective date of cancellation if the policy has been in force for more than 180 days.

A notice of cancellation by the company for other than nonpayment of premium shall state, or be accompanied by a statement that upon request of the insured to the company, the company will furnish in writing, the reason or reasons for cancellation. Such request must be made within 30 days after the cancellation effective date. The mailing of notice as aforesaid shall be sufficient proof of notice. The effective date and hour of cancellation stated in the notice shall become the end of the policy.

If the company elects not to renew the policy, it shall mail to the insured, at the last mailing address known by the company, not less than 30 days prior to the expiration date, a notice of its intention not to renew, and such notice shall state, or be accompanied by a statement that upon request of the insured to the company, the company will furnish in writing the reason or reasons for nonrenewal. Such request must be made within 30 days after the nonrenewal. Notwithstanding the failure of the company to comply with the foregoing, this policy shall terminate on its expiration date, if:

(a) The company has manifested its willingness to renew directly to the insured, or in the case of nonpayment of premium, or

(b) The insured has notified the company or its agent or broker that he does not want the policy renewed, or

(c) On the effective date of any other insurance policy procured by the insured as replacement for this policy.

The mailing of notice as aforesaid shall be sufficient proof of notice."

This endorsement is issued by that member of The Travelers Insurance Companies which issued the policy of which this endorsement forms a part.

C-18650  4-76  PRINTED IN U.S.A.

27630

## AMENDMENTS TO COVERAGE B ENDORSEMENT – OREGON

It is agreed that such insurance as is afforded by the policy under Coverage B by reason of the designation of Oregon in Item 3 of the declarations does not apply to bodily injury by accident or disease, including death at any time resulting therefrom, where the injury is proximately caused by failure of the insured to comply with a notice posted pursuant to ORS 654.082 as now or hereafter amended.

This endorsement is issued by that member of The Travelers Insurance Companies which issued the policy of which this endorsement forms a part.

C-18868  NEW 9-76  PRINTED IN U.S.A.

28060

## STATUTORY PROVISIONS ENDORSEMENT—SOUTH DAKOTA

It is agreed that with respect to such insurance as is afforded by the policy under Coverage B by reason of the designation of South Dakota in Item 3 of the declarations, the company shall be directly liable to pay any person sustaining bodily injury by accident or disease, or, in the event of his death, to the person or persons entitled to sue for damages because of such death, subject to the applicable limit of liability and the other provisions of the policy not inconsistent herewith, the damages for which the insured is liable. Such injured person, or, in the event of his death, the person or persons entitled to sue therefor, may join the company as a defendant in any suit against the insured to recover damages on account of such injury or death.

This endorsement is issued by that member of The Travelers Insurance Companies which issued the policy of which this endorsement forms a part.

## NEW MEXICO INSURANCE IN THE TRAVELERS INDEMNITY COMPANY

Amending Policy Numbered ___ TR-UB-107T686-5-78 ___

It is agreed that the obligations expressed in the policy, subject to the exclusions, conditions and other terms thereof, are the obligations of The Travelers Indemnity Company to the extent that such obligations are with respect to hazards rated at New Mexico rates filed with the Superintendent of Insurance of the State of New Mexico, and that the policy to such extent is a contract between the insured and The Travelers Indemnity Company and no other, any expression in the policy to the contrary notwithstanding.

THE TRAVELERS INSURANCE COMPANY            THE TRAVELERS INDEMNITY COMPANY

*Secretary*                    *Secretary*

C-1499  PRINTED IN U.S.A.  1074

**2759**

## UNITED STATES LONGSHOREMEN'S AND HARBOR WORKERS' COMPENSATION ACT ENDORSEMENT

It is agreed that:

1. With respect to operations in a state designated in Item 3 of the declarations, the unqualified term "workmen's compensation law" includes the United States Longshoremen's and Harbor Workers' Compensation Act, U.S. Code (1946) Title 33, Sections 901-49, and Definition (a) of Insuring Agreement III is amended accordingly.

2. With respect to operations subject to the said Longshoremen's and Harbor Workers' Compensation Act, the states, if any, named below, shall be deemed to be designated in Item 3 of the declarations.

OSMOSE WOOD PRESERVING CO OF AMERICA

Amending Policy No. TR-UB-107T686-5-78 ___ Issued To INC ET AL PER SCHEDULES 3877 _____
Name of Insured

Effective from ___ 01-01-78 ___ .
At 12:01 A.M. Standard Time

This endorsement is issued by that member of The Travelers Insurance Companies which issued the policy of which this endorsement forms a part.

Secretary

C-7122  5-54  PRINTED IN U.S.A.  (775)

3893

## MISSOURI INSURANCE IN THE TRAVELERS INDEMNITY COMPANY

### Amending Policy Numbered  TR-UB-107T686-5-78

It is agreed that the obligations expressed in the policy, subject to the exclusions, conditions and other terms thereof, are the obligations of The Travelers Indemnity Company to the extent that such obligations are with respect to hazards rated at Missouri rates filed in the State of Missouri, and that the policy to such extent is a contract between the insured and The Travelers Indemnity Company and no other, any expression in the policy to the contrary notwithstanding.

THE TRAVELERS INSURANCE COMPANY                 THE TRAVELERS INDEMNITY COMPANY

_Secretary_                                      _Secretary_

**4314**

**ENDORSEMENT**

 **THE TRAVELERS INSURANCE COMPANIES**

This endorsement is issued by that member of The Travelers Insurance Companies which issued the policy of which this endorsement forms a part.

If any additional premium is noted below, this endorsement is issued in consideration thereof.  If any return premium is noted below, the receipt thereof is acknowledged upon acceptance of this endorsement.

Effective from _____ at the time of day the policy becomes effective.    Amending Policy No. **TR-UB-107T686-5-78**
(Month, Day, Year)

Issued to _____

Date of Issue:                    Additional Premium $                    Return Premium $

(The information provided for above, except the policy number, is required to be stated only when this endorsement is issued for attachment to the policy subsequent to its effective date.)

It is agreed that as of the effective date hereof the policy is amended in the following particulars:

ITEM 3.    COVERAGE A OF THIS POLICY APPLIES TO THE WORKMEN'S COMPENSATION
LAW AND ANY OCCUPATIONAL DISEASE LAW OF EACH OF THE FOLLOWING STATES:

AL AZ AR CO CT DE FL GA HI ID IL IN IA KS KY LA ME MD MA MI

MN MS MO MT NE NH NM NY NC OK OR PA RI SC SD TN TX UT VT VA

WI

SYMBOL NO.
8000(1)

C-17820  REV. 8-75  PRINTED IN U.S.A.  (776)    Countersigned By _M A Tabor_

ENDORSEMENT

 **THE TRAVELERS INSURANCE COMPANIES**

This endorsement is issued by that member of The Travelers Insurance Companies which issued the policy of which this endorsement forms a part.

If any additional premium is noted below, this endorsement is issued in consideration thereof.  If any return premium is noted below, the receipt thereof is acknowledged upon acceptance of this endorsement.

Effective from_____at the time of day the policy becomes effective.  Amending Policy No.\_\_\_\_ **TR-UB-107T686-5-78**
(*Month, Day, Year*)

Issued to_____

Date of Issue:                        Additional Premium $                    Return Premium $

(The information provided for above, except the policy number, is required to be stated only when this endorsement is issued for attachment to the policy subsequent to its effective date.)

It is agreed that as of the effective date hereof the policy is amended in the following particulars:

IT IS AGREED THIS POLICY DOES NOT APPLY TO THE OPERATIONS OF THE COMMERCIAL CHEMICAL DIVISION OF OSMOSE WOOD PRESERVING CO. OF AMERICA, INC IN THE STATE OF TENNESSEE.

SYMBOL NO.
8000(2)

C-17820  REV. 8-75  PRINTED IN U.S.A.  (776)  Countersigned By_____

## SYMBOL NUMBERS OF ENDORSEMENTS

Amending Policy No. __TR-UB-107T686-5-78__

It is agreed that endorsements with the following symbol numbers form a part of this policy on its effective date:

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| 3890 | 10930 | 23800 | 15352 | 20230 | 27630 | 4401 | 11343 |
| 3884 | 19980 | 3920 | 4314 | 11770 | 16821 | 16221 | 2759 |
| 16190 | 4122A | 16240 | 28060 | 3882 | 29240 | 14771 TX 3.2 | |
| 3879 | 3877(30) | 3893 | 3908 | 8000(1-2) | 17701 | TX-11(23600) | |
| 25480 | 27520 | 27580 | 20100 RETRO PLAN D | | 20101 RETRO PLAN D | | |
| 9380 | | | | | | | |

This endorsement is issued by that member of The Travelers Insurance Companies which issued the policy of which this endorsement forms a part.

C-10925  1-66  PRINTED IN U.S.A.  (775)

9380

**EXECUTIVE OFFICERS, PARTNERS AND SOLE PROPRIETORS ENDORSEMENT – TEXAS**

TX-3.2

It is agreed that:

1. Such insurance as is afforded by the policy by reason of the designation of Texas in Item 3 of the declarations does not apply to injury, including death resulting therefrom, sustained by any executive officer, partner or sole proprietor of the insured, except such, if any, as are designated below or in Item 4 of the declarations.

2. ''Remuneration'', when used as a premium basis for such insurance, shall not include the remuneration of any executive officer, partner or sole proprietor of the insured not so designated.

Designation of Persons

### ALL EXECUTIVE OFFICERS

Amending Policy No. __TR-UB-107T686-5-78__

This endorsement is issued by that member of The Travelers Insurance Companies which issued the policy of which this endorsement forms a part.

**ENDORSEMENT**

 **THE TRAVELERS INSURANCE COMPANIES**

This endorsement is issued by that member of The Travelers Insurance Companies which issued the policy of which this endorsement forms a part.

If any additional premium is noted below, this endorsement is issued in consideration thereof. If any return premium is noted below, the receipt thereof is acknowledged upon acceptance of this endorsement.

Effective from_____at the time of day the policy becomes effective.  
(*Month, Day, Year*)

Amending Policy No. **TR-UB-107T686-5-78**

Issued to_____

Date of Issue:                     Additional Premium $                     Return Premium $

(The information provided for above, except the policy number, is required to be stated only when this endorsement is issued for attachment to the policy subsequent to its effective date.)

It is agreed that as of the effective date hereof the policy is amended in the following particulars:

## MISSOURI SUPPLEMENT TO RETROSPECTIVE PREMIUM ENDORSEMENT-

### PLAN D

IT IS AGREED THAT, WITH RESPECT TO MISSOURI, THE CONVERTED LOSSES AND THE EXCESS LOSS, PREMIUM, IF ANY, UNDER ANY WORKMEN'S COMPENSATION AND EMPLOYERS' LIABILITY POLICY SHALL EACH BE INCREASED BY THE MISSOURI SECOND INJURY FUND ASSESSMENT FACTOR OF 1.0050.

SYMBOL NO.  
16821

C-17820 REV. 8-75 PRINTED IN U.S.A. (776)  Countersigned By *M S Faber*

Page 1

## RETROSPECTIVE PREMIUM ENDORSEMENT—ONE YEAR—PLAN D

Amending Policy No. <u>TR-UB-107T686-5-78</u>

It is agreed that this endorsement applies to the policies designated in Table I below, subject to the following provisions:

1. **Final Premium.** The final premium for such policies is the sum of:
   (a) the premium for the insurance not subject to Plan D, as specified in Table I, computed in accordance with the provisions of such policies, other than this endorsement, and
   (b) the premium for the insurance subject to Plan D, as specified in Table I, hereinafter referred to as the retrospective premium.

2. **Retrospective Premium.** The retrospective premium for all policies as specified in Table I, Item 1 combined shall be the sum of:
   (a) the basic premiums for each state,
   (b) the excess loss premiums for each state, and
   (c) the converted losses for each state,
   each multiplied by the applicable state tax multiplier. Such retrospective premium shall be subject to the minimum retrospective premium and to the maximum retrospective premium.

3. **Definition of Terms Used in the Computation of the Retrospective Premium.**
   (a) "Standard premium" means the premium for the insurance subject to Plan D computed in accordance with the provisions of the policies, other than this endorsement and exclusive of the application of any premium discount endorsement.
   (b) "Basic premiums" means the amounts obtained by applying to each portion of the standard premium the basic premium percentage stated in Table II as applicable thereto.
   (c) "Excess loss premiums" means the sum of:
      (1) the amounts obtained by applying to that portion of the standard premium under workmen's compensation and employers' liability policies for each state for which a factor is entered in the Excess Loss Premium Factors (Workmen's Compensation) column of Table I, the applicable factor times the applicable loss conversion factor,
      (2) the amounts obtained by applying to that portion of the standard premium for automobile physical damage insurance, the factor stated in the Excess Loss Premium Factors (Physical Damage) column of Table I, times the applicable loss conversion factor, and
      (3) the amounts obtained by applying to that portion of the standard premium for insurance stated in Table I as subject to a combination loss limitation, the factor stated in the Excess Loss Premium Factors (Combination) column in Table I times the applicable loss conversion factor.
   (d) "Incurred Losses" means the sum of:
      (1) all losses, including medical, actually paid,
      (2) reserves for unpaid losses as estimated by the company,
      (3) premiums on bonds paid for by the company in accordance with the provisions of the policies,
      (4) interest accruing after entry of a judgment against the insured,
      (5) allocated loss adjustment expenses, and
      (6) expenses incurred in seeking recovery against a third party
      under the insurance subject to Plan D, provided: (i) as respects the insurance afforded under any workmen's compensation and employers' liability policy: (a) item (3) above shall not apply, (b) item (5) above shall apply as respects employers' liability coverage only, (c) item (6) above shall apply only if recovery is obtained against the third party, and (ii) items (3), (4), and (5) above shall not apply as respects automobile physical damage insurance.
   (e) "Compensation loss limitation," if stated in Table I, means the limit of incurred losses to be included in computing the retrospective premium under the workmen's compensation and employers' liability policies designated in Table I as subject to Plan D, applicable to any state for which a factor is shown in the Excess Loss Premium Factors (Workmen's Compensation) column of Table I, arising out of bodily injury by accident or disease, including death at any time resulting therefrom, sustained by one or more employees in a single accident. For the purpose of this definition, incurred losses arising out of bodily injury by disease, including death at any time resulting therefrom, sustained by any one employee shall be deemed to arise out of a single accident.

      If, during the policy period,
      (1) the insured engages in operations in any state for which this policy affords insurance but for which no factor is shown in the Excess Loss Premium Factors (Workmen's Compensation) column of Table I, and
      (2) on the date this endorsement becomes applicable with respect to any such additional state, there is a loss limitation with respect to all states specifically insured under the policy and subject to Plan D, and
      (3) the insured is eligible to elect such loss limitation in such additional state,
      such loss limitation shall also apply to incurred losses pertaining to such additional state. The excess loss premium factor applicable to such additional state, determined in accordance with the manuals in use by the company, shall be deemed to be entered in Table I.
   (f) "Automobile physical damage loss limitation", if stated in Table I, means the limit of incurred losses to be included in computing the retrospective premium for the automobile physical damage insurance afforded under any policy designated in Table I as subject to Plan D, arising out of any one occurrence.
   (g) "Combination loss limitation", if stated in Table I, means the overall limit of incurred losses, arising out of one accident or occurrence, to be included in computing the retrospective premium for the combination of insurance designated in the Combination Loss Limitations paragraph in Table I and afforded under any policy designated in Table I as subject to Plan D.
   (h) "Loss conversion factor" means the factor designated in Table I.
   (i) "Converted losses" means the incurred losses multiplied by the applicable loss conversion factor.
   (j) "State tax multiplier" means the applicable factor stated in the State Tax Multiplier Table in Table I.

*(Continued on page 2)*

20100

**Page 2**

(k)  "Minimum retrospective premium" is the amount obtained by the application of the minimum premium percentage stated in Table II to the standard premium.

(l)  "Maximum retrospective premium" is the amount obtained by the application of the maximum premium percentage stated in Table II to the standard premium.

4.  **Payments and Computations of Premium for Insurance Subject to Plan D.**

(a)  **Standard Premium.**  The named insured shall pay the standard premium to the company in accordance with the provisions of the policies, other than this endorsement, specifying the manner of premium payment.

(b)  **Retrospective Premium.**  A computation of the retrospective premium, based upon incurred losses valued as of a date six months after termination of the policies, shall be made by the company as soon as practicable after such valuation date. The premium so computed shall be the final retrospective premium if (1) all claims have been closed or it is apparent that the retrospective premium will exceed the maximum retrospective premium, and (2) within ninety days from approval of such computation by the organization having jurisdiction, the company, with the agreement of the named insured, requests of such organization that the computation be final.

If such computation is not final, a further computation of the retrospective premium, based upon incurred losses valued as of a date eighteen months after termination of the policies, shall be made by the company as soon as practicable after such valuation date. Such further computation shall be final unless, within ninety days from approval of such computation by the organization having jurisdiction, the company or the named insured requests of such organization that a further computation be authorized. Any subsequent computations, to be made only at intervals of twelve months, shall each be subject to a similar procedure.

If the named insured disposes of his entire interest in the operations covered by the policies, or makes an assignment for the benefit of creditors, or is in a legal proceeding reorganized or declared bankrupt or insolvent, and if the retrospective premium as of the date of such change of status is greater than the standard premium for insurance to such date, the company may compute the retrospective premium as of such date, as soon as practicable thereafter.

After each computation, if the premium thus computed exceeds the premium paid for insurance subject to Plan D, the named insured shall pay the difference to the company; if less, the company shall return the difference to the named insured.

5.  **Cancellation**

In the event of cancellation by the named insured of the policies designated in Table I, the premium for insurance subject to Plan D shall be determined in accordance with the provisions of this endorsement, provided:

(a)  In computing the basic premiums and excess loss premiums for each state, the standard premium shall be computed at short rates in accordance with the customary short rate table and procedure; the minimum retrospective premium shall be the standard premium so computed.

(b)  In computing the maximum retrospective premium, the standard premium shall be computed pro rata for the period the policies were in force and then extended pro rata to the normal expiration date of the policies.

In the event of cancellation by the company of such policies the premium for insurance subject to Plan D shall be determined in accordance with the provisions of this endorsement, provided if such cancellation is because of non-payment of premium by the named insured, in computing the maximum retrospective premium the standard premium shall be computed pro rata for the period the policies were in force and then extended pro rata to the normal expiration date of the policies.

In the event of cancellation of insurance on a part of the named insured's operations the retrospective premium shall be computed in accordance with the rules of Retrospective Rating Plan D which were in effect upon the effective date of the policies.

TABLE I    TR-UB-107T686-5-78

Premium Subject to Plan D, Limitations, Loss Conversion Factor,
State Tax Multipliers
Excess Loss Premium Factors

1. The premium for the following policies combined is to be computed in accordance with the provisions of Retrospective Rating Plan D in all states where such plan is or becomes applicable on an interstate basis, subject to the limitations specified herein:

   List of Policies    TR-UB-107T686-5-78
   TR-NSL-107T689-0-78

2. Plan D does not apply to the premium for Family Protection Coverage or Protection Against Uninsured Motorist Coverage if afforded under the policies designated in paragraph 1. Plan D does not apply to the premium:

   **ALL PREMIUM OVER PLAN LIMITS**

   **AUTOMOBILE UNINSURED MOTORIST**

3. The premium for the general liability and automobile liability insurance afforded under the policies designated in paragraph 1 above for insurance in excess of the limits of liability stated below shall not be subject to Plan D:

   | | | |
   |---|---|---|
   | Automobile Liability — Bodily Injury | $ 100,000 | each person |
   | | $ 100,000 | each occurrence |
   | Automobile Liability — Property Damage | $ 100,000 | each occurrence |
   | General Liability — Bodily Injury | $ 100,000 | each occurrence |
   | (including incidental contracts) | $ | aggregate |
   | General Liability — Property Damage | $ 100,000 | each occurrence |
   | (including incidental contracts) | $ 100,000 | aggregate |
   | Contractual Liability — Bodily Injury | $ | each occurrence |
   | (other than incidental contracts) | | |
   | Contractual Liability — Property Damage | $ | each occurrence |
   | (other than incidental contracts) | $ | aggregate |
   | **PROFESSIONAL LIABILITY** | $ | EACH CLAIM |
   | | $ | AGGREGATE |

   The incurred losses to be included in computing the premium for the insurance subject to Plan D shall not include that portion of the losses actually paid and the reserves for unpaid losses which is in excess of the limits of liability stated above, but that part of the incurred losses consisting of premiums on bonds, interest accruing after entry of judgment, allocated loss adjustment expenses and expenses incurred in seeking recovery against a third party shall not be subject to such limits.

4. Combination Loss Limitation is $ 100,000 applicable to the following combination of insurance:
5. Compensation Loss Limitation is $ 100,000
6. Automobile Physical Damage Loss Limitation is $
7. Loss Conversion Factor is TX COMP  1.107   TX AUTO & GL 1.110   A/O 1.100

TR-UB-107T686-5-78                                   **Page 4**

**8.**

| | STATE TAX MULTIPLIERS | | | | EXCESS LOSS PREMIUM FACTORS | | |
|---|---|---|---|---|---|---|---|
| Name Of State | Workmen's Compensation And Employers' Liability | Automobile Liability | General Liability | Automobile Physical Damage | Workmen's Compensation And Employers' Liability | Combi- nation | Automobile Physical Damage |
| | | SEE | SUPPLEMENT | | ATTACHED | | |

### TABLE II—PERCENTAGES TO DETERMINE BASIC, MINIMUM, AND MAXIMUM PREMIUMS.

The basic premium, the minimum premium, and the maximum premium for insurance subject to Plan D are percentages of the standard premium for such insurance. Such percentages are computed initially upon an estimate of the standard premium and finally upon the earned standard premium for such insurance. If the standard premium lies between any two of the figures on the "Standard Premium" line, the percentages applicable shall be obtained by linear interpolation to the nearest one-tenth of 1%.

#### PERCENTAGES OF STANDARD PREMIUM

| | 50% | | 100% | 150% | |
|---|---|---|---|---|---|
| Standard Premium | $ 207,931 | or less | $ 415,860 | $ 623,790 | or more |
| Minimum Premium | BXTM | | BXTM | BXTM | |
| Maximum Premium | 2.740 | | 2.700 | 2.670 | |
| BASIC PREMIUM | | | | | |
| Workmen's Compensation | | | | | |
| New York | .241 | | .234 | .228 | |
| Pennsylvania | .170 | | .165 | .158 | |
| Texas | .160 | | .152 | .145 | |
| Other States | .174 | | .166 | .159 | |
| MISSOURI | .171 | | .167 | .162 | |
| | | | | | |
| Liability | | | | | |
| Mass. Stat. B.L. | | | | | |
| Mass. Non-Stat. Auto B.I. | | | | | |
| Texas Gen. Liab. | .246 | | .232 | .228 | |
| Texas Auto Liab. | .236 | | .203 | .191 | |
| Other | .032 | | .028 | .027 | |

**Automobile Physical Damage**

This endorsement is executed by The Travelers Insurance Company as respects insurance afforded by that company only; it is executed by The Travelers Indemnity Company as respects insurance afforded by that company only.

THE TRAVELERS INSURANCE COMPANY                    THE TRAVELERS INDEMNITY COMPANY

_____                              _____
        Secretary                                          Secretary

C-16219 9-72 Printed in U.S.A. 273.                                              20100

SUPPLEMENT    TR-UB-107T686-5-78

8.

| | STATE TAX MULTIPLIERS | | | | EXCESS LOSS PREMIUM FACTORS | | |
|---|---|---|---|---|---|---|---|
| Name Of State | Workmen's Compensation And Employers' Liability | Automobile Liability | General Liability | Automobile Physical Damage | Workmen's Compensation And Employers' Liability | Combination | Automobile Physical Damage |
| CA | | 1.033 | 1.034 | | | .005 | |
| CT | | 1.029 | 1.030 | | • | .005 | |
| LA | 1.032 | 1.035 | 1.036 | | III .037 | .005 | |
| MN | 1.127 | | | | III .018 | | |
| MO | 1.042 | | | | .029 | | |
| MT | 1.102 | | | | III .021 | | |
| NY | | BI 1.028 PD 1.023 | 1.035 | | | .005 | |
| NC | | 1.031 | 1.035 | | | .005 | |
| OR | 1.074 | | | | III .146 | | |
| TX | 1.054 | 1.047 | 1.052 | | III .005 | .005 | |
| VT | | 1.029 | 1.030 | | | .005 | |
| VA | | 1.037 | 1.038 | | | .005 | |

USL & HW                                TO BE DETERMINED

This endorsement is executed by The Travelers Insurance Company as respects insurance afforded by that company only; it is executed by The Travelers Indemnity Company as respects insurance afforded by that company only.

THE TRAVELERS INSURANCE COMPANY                    THE TRAVELERS INDEMNITY COMPANY

_Secretary_                                        _Secretary_

C-16219  9-72  Printed in U.S.A.                                        20100

## RETROSPECTIVE PREMIUM ENDORSEMENT—ONE YEAR—PLAN D

It is agreed that this endorsement applies to the policies designated in Table I below, subject to the following provisions:

1. **Final Premium.** The final premium for such policies is the sum of:
   (a) the premium for the insurance not subject to Plan D, as specified in Table I, computed in accordance with the provisions of such policies, other than this endorsement, and
   (b) the premium for the insurance subject to Plan D, as specified in Table I, hereinafter referred to as the retrospective premium.

2. **Retrospective Premium.** The retrospective premium for all policies as specified in Table I, Item 1 combined shall be the sum of:
   (a) the basic premiums for each state,
   (b) the excess loss premiums for each state, and
   (c) the converted losses for each state,

   each multiplied by the applicable state tax multiplier. The retrospective development premium is then added to the resulting product for each state. The retrospective premium shall be subject to the minimum retrospective premium and the maximum retrospective premium.

3. **Definition of Terms Used in the Computation of the Retrospective Premium.**
   (a) "Standard premium" means the premium for the insurance subject to Plan D computed in accordance with the provisions of the policies, other than this endorsement and exclusive of the application of any premium discount endorsement.
   (b) "Basic premiums" means the amounts obtained by applying to each portion of the standard premium the basic premium percentage stated in Table II as applicable thereto.
   (c) "Excess loss premiums" means the sum of:
      (1) the amounts obtained by applying to that portion of the standard premium under workmen's compensation and employers' liability policies for each state for which a factor is entered in the Excess Loss Premium Factors (Workmen's Compensation) column of Table I, the applicable factor times the applicable loss conversion factor,
      (2) the amounts obtained by applying to that portion of the standard premium for automobile physical damage insurance, the factor stated in the Excess Loss Premium Factors (Physical Damage) column of Table I, times the applicable loss conversion factor, and
      (3) the amounts obtained by applying to that portion of the standard premium for insurance stated in Table I as subject to a combination loss limitation, the factor stated in the Excess Loss Premium Factors (Combination) column in Table I times the applicable loss conversion factor.
   (d) "Incurred Losses" means the sum of:
      (1) all losses, including medical, actually paid,
      (2) reserves for unpaid losses as estimated by the company,
      (3) premiums on bonds paid for by the company in accordance with the provisions of the policies,
      (4) interest accruing after entry of a judgment against the insured,
      (5) allocated loss adjustment expenses, and
      (6) expenses incurred in seeking recovery against a third party

      under the insurance subject to Plan D, provided: (i) as respects the insurance afforded under any workmen's compensation and employers' liability policy: (a) item (3) above shall not apply, (b) item (5) above shall apply as respects employers' liability coverage only, (c) item (6) above shall apply only if recovery is obtained against the third party, and (ii) items (3), (4), and (5) above shall not apply as respects automobile physical damage insurance.
   (e) "Compensation loss limitation," if stated in Table I, means the limit of incurred losses to be included in computing the retrospective premium under the workmen's compensation and employers' liability policies designated in Table I as subject to Plan D, applicable to any state for which a factor is shown in the Excess Loss Premium Factors (Workmen's Compensation) column of Table I, arising out of bodily injury by accident or disease, including death at any time resulting therefrom, sustained by one or more employees in a single accident. For the purpose of this definition, incurred losses arising out of bodily injury by disease, including death at any time resulting therefrom, sustained by any one employee shall be deemed to arise out of a single accident.

      If, during the policy period,
      (1) the insured engages in operations in any state for which this policy affords insurance but for which no factor is shown in the Excess Loss Premium Factors (Workmen's Compensation) column of Table I, and
      (2) on the date this endorsement becomes applicable with respect to any such additional state, there is a loss limitation with respect to all states specifically insured under the policy and subject to Plan D, and
      (3) the insured is eligible to elect such loss limitation in such additional state,

      such loss limitation shall also apply to incurred losses pertaining to such additional state. The excess loss premium factor applicable to such additional state, determined in accordance with the manuals in use by the company, shall be deemed to be entered in Table I.
   (f) "Automobile physical damage loss limitation", if stated in Table I, means the limit of incurred losses to be included in computing the retrospective premium for the automobile physical damage insurance afforded under any policy designated in Table I as subject to Plan D, arising out of any one occurrence.
   (g) "Combination loss limitation", if stated in Table I, means the overall limit of incurred losses, arising out of one accident or occurrence, to be included in computing the retrospective premium for the combination of insurance designated in the Combination Loss Limitations paragraph in Table I and afforded under any policy designated in Table I as subject to Plan D.
   (h) "Loss conversion factor" means the factor designated in Table I.
   (i) "Converted losses" means the incurred losses multiplied by the applicable loss conversion factor.
   (j) "State tax multiplier" means the applicable factor stated in the State Tax Multiplier Table in Table I.

*(Continued on page 2)*

20101

Page 2

(k) "Retrospective Development Premium".   The retrospective development premium for each state is the amount obtained by multiplying the state standard premium by the product of (i) the state retrospective development factor x (ii) the loss conversion factor x (iii) the state tax multiplier.

(l) "State Retrospective Development Factors".   The state retrospective development factors are the applicable factors stated in the retrospective development factors column in the Table of States.

(m) "Minimum retrospective premium" is the amount obtained by the application of the minimum premium percentage stated in Table II to the standard premium.

(n) "Maximum retrospective premium" is the amount obtained by the application of the maximum premium percentage stated in Table II to the standard premium.

4.   Payments and Computations of Premium for Insurance Subject to Plan D.

(a) Standard Premium.   The named insured shall pay the standard premium to the company in accordance with the provisions of the policies, other than this endorsement, specifying the manner of premium payment.

(b) Retrospective Premium.   A computation of the retrospective premium, based upon incurred losses valued as of a date six months after termination of the policies, shall be made by the company as soon as practicable after such valuation date. The premium so computed shall be the final retrospective premium if (1) all claims have been closed or it is apparent that the retrospective premium will exceed the maximum retrospective premium, and (2) within ninety days from approval of such computation by the organization having jurisdiction, the company, with the agreement of the named insured, requests of such organization that the computation be final.

If such computation is not final, a further computation of the retrospective premium, based upon incurred losses valued as of a date eighteen months after termination of the policies, shall be made by the company as soon as practicable after such valuation date. Such further computation shall be final unless, within ninety days from approval of such computation by the organization having jurisdiction, the company requests of such organization or the insured requests of the company that a further computation be authorized.   Any subsequent computations, to be made only at intervals of twelve months, shall each be subject to a similar procedure.

If the named insured disposes of his entire interest in the operations covered by the policies, or makes an assignment for the benefit of creditors, or is in a legal proceeding reorganized or declared bankrupt or insolvent, and if the retrospective premium as of the date of such change of status is greater than the standard premium for insurance to such date, the company may compute the retrospective premium as of such date, as soon as practicable thereafter.

After each computation, if the premium thus computed exceeds the premium paid for insurance subject to Plan D, the named insured shall pay the difference to the company; if less, the company shall return the difference to the named insured.

5.   Cancellation

In the event of cancellation by the named insured of the policies designated in Table I, the premium for insurance subject to Plan D shall be determined in accordance with the provisions of this endorsement, provided:

(a) In computing the basic premiums and excess loss premiums and the retrospective development premiums for each state, the standard premium shall be computed at short rates in accordance with the customary short rate table and procedure; the minimum retrospective premium shall be the standard premium so computed.

(b) In computing the maximum retrospective premium, the standard premium shall be computed pro rata for the period the policies were in force and then extended pro rata to the normal expiration date of the policies.

In the event of cancellation by the company of such policies the premium for insurance subject to Plan D shall be determined in accordance with the provisions of this endorsement, provided if such cancellation is because of non-payment of premium by the named insured, in computing the maximum retrospective premium the standard premium shall be computed pro rata for the period the policies were in force and then extended pro rata to the normal expiration date of the policies.

In the event of cancellation of insurance on a part of the named insured's operations the retrospective premium shall be computed in accordance with the rules of Retrospective Rating Plan D which were in effect upon the effective date of the policies.



# THE TRAVELERS

Casualty-Property
Commercial Lines Department

## NOTICE TO THE PRODUCER

The enclosed policy provides coverage for Compensation exposures in North Carolina.

Recent legislation passed in North Carolina permits the use of higher rates even though the Commissioner has disapproved a filing. When a Company elects to use the higher rate the resulting difference in premium must be held in Escrow at a specified rate of interest for possible return to the insured should the North Carolina courts uphold the Commissioner's ruling or approve an increase of a lesser amount than was filed.

The Travelers intends to issue policies at the higher rates and therefore pay commissions based on the higher premium. Should we at some future date be required to refund premium plus interest, it is our intent to absorb the interest for the entire return premium - including that portion of interest involving commissions. You will, of course, be responsible for any return commission.

Should you have any questions concerning this matter please contact the Travelers office that produced your policy.

Leslie M. Dow
Vice President

LMD/bc

ENDORSEMENT



**THE TRAVELERS INSURANCE COMPANIES**

This endorsement is issued by that member of The Travelers Insurance Companies which issued the policy of which this endorsement forms a part.

If any additional premium is noted below, this endorsement is issued in consideration thereof.  If any return premium is noted below, the receipt thereof is acknowledged upon acceptance of this endorsement.

Effective from ___02-01-78___ at the time of day the policy becomes effective.  Amending Policy No. __TR-UB-107T686-5-78__
(Month, Day, Year)

Issued to OSMOSE WOOD PRESERVING CO OF AMERICA INC ET AL PER SCHEDULES 3877
Date of Issue:  02-14-78 JOD/DT        Additional Premium $                Return Premium $

(The information provided for above, except the policy number, is required to be stated only when this endorsement is issued for attachment to the policy subsequent to its effective date.)

It is agreed that as of the effective date hereof the policy is amended in the following particulars:

THE RATES FOR THE FOLLOWING CLASSIFICATIONS IS CHANGED TO READ
AS STATED BELOW:

|  | CLASS | RATE |
|---|---|---|
| STATE OF NC | 5-9014-32 | 1.16 |
| | 11-5474 | 3.15 |
| | 12-8017 | .47 |
| | 14-8810 | .07 |
| | 15-8742 | .23 |

ENDORSEMENT 25480 TO READ:        STATE            PERCENTAGE
                                   NC                144%

**Notice of Rate Change – North Carolina**

The premium for this policy reflects changes in rates applicable to North Carolina placed into effect under the provisions of Article 12B, Chapter 58 of the North Carolina General Statutes.

PREMIUM ADJUSTMENT WILL BE MADE ON AUDIT

SYMBOL No.
8000

C-17820  REV. 8-75 PRINTED IN U.S.A.  (776)  Countersigned By _M S Faber_

**Page 3**

**TABLE I**          TR-UB-107T686-5-78

Premium Subject to Plan D, Limitations, Loss Conversion Factor,
State Tax Multipliers
Excess Loss Premium Factors

1.  The premium for the following policies combined is to be computed in accordance with the provisions of Retrospective Rating Plan D in all states where such plan is or becomes applicable on an interstate basis, subject to the limitations specified herein:

    List of Policies    TR-UB-107T686-5-78
                        TR-NSL-107T689-0-78

2.  Plan D does not apply to the premium for Family Protection Coverage or Protection Against Uninsured Motorist Coverage if afforded under the policies designated in paragraph 1. Plan D does not apply to the premium:

    **ALL PREMIUM OVER PLAN LIMITS**

    **AUTOMOBILE UNINSURED MOTORISTS**

3.  The premium for the general liability and automobile liability insurance afforded under the policies designated in paragraph 1 above for insurance in excess of the limits of liability stated below shall not be subject to Plan D:

| | | |
|---|---|---|
| Automobile Liability — Bodily Injury | $ 100,000 | each person |
| | $ 100,000 | each occurrence |
| Automobile Liability — Property Damage | $ 100,000 | each occurrence |
| General Liability — Bodily Injury (including incidental contracts) | $ 100,000 | each occurrence |
| | $ | aggregate |
| General Liability — Property Damage (including incidental contracts) | $ 100,000 | each occurrence |
| | $ 100,000 | aggregate |
| Contractual Liability — Bodily Injury (other than incidental contracts) | $ | each occurrence |
| Contractual Liability — Property Damage (other than incidental contracts) | $ | each occurrence |
| | $ | aggregate |
| **PROFESSIONAL LIABILITY** | $ | **EACH OCCURRENCE** |
| | $ | **AGGREGATE** |

The incurred losses to be included in computing the premium for the insurance subject to Plan D shall not include that portion of the losses actually paid and the reserves for unpaid losses which is in excess of the limits of liability stated above, but that part of the incurred losses consisting of premiums on bonds, interest accruing after entry of judgment, allocated loss adjustment expenses and expenses incurred in seeking recovery against a third party shall not be subject to such limits.

4.  Combination Loss Limitation is $ 100,000 applicable to the following combination of insurance:
5.  Compensation Loss Limitation is $ 100,000 .
6.  Automobile Physical Damage Loss Limitation is $
7.  Loss Conversion Factor is TX COMP 1.107  TX AUTO & GL 1.110  A/O 1.100

TR–UB–107T686–5–78

8.

| | STATE TAX MULTIPLIERS | | | | EXCESS LOSS PREMIUM FACTORS | | |
|---|---|---|---|---|---|---|---|
| Name Of State | Workmen's Compensation And Employers' Liability | Automobile Liability | General Liability | Automobile Physical Damage | Workmen's Compensation And Employers' Liability | Combination | Automobile Physical Damage |
| AL | 1.060 | 1.050 | 1.052 | | III .034 | .005 | |
| AZ | 1.057 | 1.034 | 1.030 | | III .056 | .005 | |
| AR | 1.044 | | | | III .023 | | |
| CO | 1.044 | 1.032 | 1.033 | | III .018 | .005 | |
| CT | 1.087 | | | | III .083 | | |
| DE | 1.083 | 1.029 | 1.030 | | III .174 | .005 | |
| FL | 1.042 | 1.029 | 1.030 | | III .060 | .005 | |
| GA | 1.064 | 1.032 | 1.033 | | III .020 | .005 | |
| HI | 1.081 | 1.048 | 1.049 | | IV .036 | .005 | |

### RETROSPECTIVE DEVELOPMENT FACTORS

| Name of State | Workmen's Compensation And Employers' Liability | | | Automobile Liability | | | | General Liability | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|
| | 1st | 2nd | 3rd | 1st | 2nd | 3rd | 4th | 1st | 2nd | 3rd | 4th |
| AL | .02 | .00 | .00 | .07 | .03 | .02 | | .20 | .10 | .06 | |
| AZ | .12 | .07 | .05 | .07 | .03 | .02 | | .20 | .10 | .06 | |
| AR | .02 | .01 | .01 | | | | | | | | |
| CO | .05 | .01 | .00 | .07 | .03 | .02 | | .20 | .10 | .06 | |
| CT | .10 | .06 | .04 | | | | | | | | |
| DE | .126 | .083 | .043 | .07 | .03 | .02 | | .20 | .10 | .06 | |
| FL | .13 | .06 | .03 | .07 | .03 | .02 | | .20 | .10 | .06 | |
| GA | .03 | .00 | .00 | .07 | .03 | .02 | | .20 | .10 | .06 | |
| HI | .09 | .07 | .06 | .07 | .03 | .02 | | .20 | .10 | .06 | |

TR-UB-107T686-5-78     Page 4 #2

8.     STATE TAX MULTIPLIERS        EXCESS LOSS PREMIUM FACTORS

| Name Of State | Workmen's Compensation And Employers' Liability | Automobile Liability | General Liability | Automobile Physical Damage | Workmen's Compensation And Employers' Liability | Combination | Automobile Physical Damage |
|---|---|---|---|---|---|---|---|
| ID | 1.046 | 1.040 | 1.041 | | III .038 | .005 | |
| IL | 1.033 | 1.029 | 1.030 | | III .047 | .005 | |
| IN | 1.035 | 1.029 | 1.030 | | III .010 | .005 | |
| IA | 1.028 | 1.029 | 1.030 | | III .062 | .005 | |
| KS | 1.064 | 1.029 | 1.030 | | III .011 | .005 | |
| KY | 1.007 | 1.029 | 1.030 | | III .055 | .005 | |
| ME | 1.028 | 1.029 | 1.030 | | III .137 | .005 | |
| MD | 1.028 | 1.050 | 1.030 | | III .047 | .005 | |
| MA | 1.031 | 1.034 | 1.033 | | III .025 | STAT .009 A/O .005 | |

## RETROSPECTIVE DEVELOPMENT FACTORS

| Name of State | Workmen's Compensation And Employers' Liability | | | Automobile Liability | | | | General Liability | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|
| | 1st | 2nd | 3rd | 1st | 2nd | 3rd | 4th | 1st | 2nd | 3rd | 4th |
| ID | .12 | .08 | .06 | .07 | .03 | .02 | | .20 | .10 | .06 | |
| IL | .01 | .01 | .01 | .07 | .03 | .02 | | .20 | .10 | .06 | |
| IN | .04 | .02 | .02 | .07 | .03 | .02 | | .20 | .10 | .06 | |
| IA | .02 | .00 | .00 | .07 | .03 | .02 | | .20 | .10 | .06 | |
| KS | .01 | .00 | .00 | .07 | .03 | .02 | | .20 | .10 | .06 | |
| KY | .06 | .01 | .01 | .07 | .03 | .02 | | .20 | .10 | .06 | |
| ME | .05 | .02 | .02 | .07 | .03 | .02 | | .20 | .10 | .06 | |
| MD | .09 | .06 | .04 | .07 | .03 | .02 | | .20 | .10 | .06 | |
| MA | .11 | .07 | .05 | .07 | .03 | .02 | | .20 | .10 | .06 | |

    (Continued on page XX 4 #3)     20101

TR-UB-107T686-5-78                Page 4 #3

## 8.  STATE TAX MULTIPLIERS / EXCESS LOSS PREMIUM FACTORS

| Name Of State | Workmen's Compensation And Employers' Liability | Automobile Liability | General Liability | Automobile Physical Damage | Workmen's Compensation And Employers' Liability | Combination | Automobile Physical Damage |
|---|---|---|---|---|---|---|---|
| MI | 1.059 | 1.028 | 1.030 | | III .033 | .005 | |
| MN | | 1.029 | 1.030 | | | .005 | |
| MS | 1.062 | 1.040 | 1.041 | | III .013 | .005 | |
| MO | | 1.029 | 1.030 | | | .005 | |
| MT | | 1.037 | 1.038 | | | .005 | |
| NE | 1.028 | 1.029 | 1.030 | | III .050 | .005 | |
| NV | | 1.029 | 1.030 | | | .005 | |
| NH | 1.028 | 1.029 | 1.030 | | III .014 | .005 | |
| NJ | | 1.041 | 1.030 | | | .005 | |

## RETROSPECTIVE DEVELOPMENT FACTORS

| Name of State | Workmen's Compensation And Employers' Liability 1st | 2nd | 3rd | Automobile Liability 1st | 2nd | 3rd | 4th | General Liability 1st | 2nd | 3rd | 4th |
|---|---|---|---|---|---|---|---|---|---|---|---|
| MI | .11 | .06 | .04 | .07 | .03 | .02 | | .20 | .10 | .06 | |
| MN | | | | .07 | .03 | .02 | | .20 | .10 | .06 | |
| MS | .03 | .00 | .00 | .07 | .03 | .02 | | .20 | .10 | .06 | |
| MO | | | | .07 | .03 | .02 | | .20 | .10 | .06 | |
| MT | | | | .07 | .03 | .02 | | .20 | .10 | .06 | |
| NE | .03 | .01 | .01 | .07 | .03 | .02 | | .20 | .10 | .06 | |
| NV | | | | .07 | .03 | .02 | | .20 | .10 | .06 | |
| NH | .11 | .06 | .04 | .07 | .03 | .02 | | .20 | .10 | .06 | |
| NJ | | | | .07 | .03 | .02 | | .20 | .10 | .06 | |

TR-UB-107T686-5-78    Page 4  #4

**8. STATE TAX MULTIPLIERS**          **EXCESS LOSS PREMIUM FACTORS**

| Name Of State | Workmen's Compensation And Employers' Liability | Automobile Liability | General Liability | Automobile Physical Damage | Workmen's Compensation And Employers' Liability | Combination | Automobile Physical Damage |
|---|---|---|---|---|---|---|---|
| NM | 1.036 | 1.034 | 1.035 | | III .020 | .005 | |
| NY | 1.045 | | | | III .068 | | |
| NC | 1.055 | | | | III .007 | | |
| ND | | 1.034 | 1.035 | | | .005 | |
| OH | | 1.034 | 1.035 | | III .003 | .005 | |
| OK | 1.049 | 1.050 | 1.052 | | III .003 | .005 | |
| OR | | 1.031 | 1.033 | | | .005 | |
| PA | 1.056 | 1.029 | 1.030 | | III .111 | .005 | |

(handwritten notations: NM "7/1/78 .023"; OH "4/ 1/1/78 .012")

### RETROSPECTIVE DEVELOPMENT FACTORS

| Name of State | Workmen's Compensation And Employers' Liability | | | Automobile Liability | | | | General Liability | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|
| | 1st | 2nd | 3rd | 1st | 2nd | 3rd | 4th | 1st | 2nd | 3rd | 4th |
| NM | .06 | .00 | .00 | .07 | .03 | .02 | | | .20 | .10 | .06 |
| NY | .155 | .110 | .071 | | | | | | | | |
| NC | .00 | .00 | .00 | | | | | | | | |
| ND | | | | .07 | .03 | .02 | | | .20 | .10 | .06 |
| OH | | | | .07 | .03 | .02 | | | .20 | .10 | .06 |
| OK | .04 | .02 | .01 | .07 | .03 | .02 | | | .20 | .10 | .06 |
| OR | | | | .07 | .03 | .02 | | | .20 | .10 | .06 |
| PA | .109 | .063 | .032 | .07 | .03 | .02 | | | .20 | .10 | .06 |

Page 4 #5

TR–UB–107T686–5–78

8.

## STATE TAX MULTIPLIERS

| Name Of State | Workmen's Compensation And Employers' Liability | Automobile Liability | General Liability | Automobile Physical Damage |
|---|---|---|---|---|
| RI | 1.075 | 1.029 | 1.030 | |
| SC | 1.055 | 1.040 | 1.030 | |
| SD | 1.033 | 1.034 | 1.035 | |
| TN | 1.049 | 1.029 | 1.030 | |
| UT | 1.041 | 1.032 | 1.033 | |
| VT | 1.028 | | | |
| VA | 1.013 | | | |
| WA | | 1.029 | 1.030 | |
| WV | | 1.040 | 1.041 | |

## EXCESS LOSS PREMIUM FACTORS

| | Workmen's Compensation And Employers' Liability | Combination | Automobile Physical Damage |
|---|---|---|---|
| RI | III .015 | .005 | |
| SC | III .003 | .005 | |
| SD | III .055 | .005 | |
| TN | III .010 | .005 | |
| UT | III .003 | .005 | |
| VT | III .055 | | |
| VA | III .038 | | |
| WA | | .005 | |
| WV | | .005 | |

## RETROSPECTIVE DEVELOPMENT FACTORS

| Name of State | Workmen's Compensation And Employers' Liability | | | Automobile Liability | | | | General Liability | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|
| | 1st | 2nd | 3rd | 1st | 2nd | 3rd | 4th | 1st | 2nd | 3rd | 4th |
| RI | .10 | .04 | .01 | .07 | .03 | .02 | | .20 | .10 | .06 | |
| SC | .01 | .00 | .00 | .07 | .03 | .02 | | .20 | .10 | .06 | |
| SD | -.03 | -.03 | -.03 | .07 | .03 | .02 | | .20 | .10 | .06 | |
| TN | .01 | .00 | .00 | .07 | .03 | .02 | | .20 | .10 | .06 | |
| UT | -.03 | -.03 | -.03 | .07 | .03 | .02 | | .20 | .10 | .06 | |
| VT | .03 | .01 | .01 | | | | | | | | |
| VA | .06 | .02 | .01 | | | | | | | | |
| WA | | | | .07 | .03 | .02 | | .20 | .10 | .06 | |
| WV | | | | .07 | .03 | .02 | | .20 | .10 | .06 | |

TR-UB-107T686-5-78

8. STATE TAX MULTIPLIERS

| Name Of State | Workmen's Compensation And Employers' Liability | Automobile Liability | General Liability | Automobile Physical Damage |
|---|---|---|---|---|
| WI | 1.037 | 1.029 | 1.030 | |
| WY | | 1.034 | 1.035 | |
| USL & HW | | | | |

EXCESS LOSS PREMIUM FACTORS

| | Workmen's Compensation And Employers' Liability | Combination | Automobile Physical Damage |
|---|---|---|---|
| WI | IV .072 | .005 | |
| WY | | .005 | |
| USL & HW | TO BE DETERMINED | | |

RETROSPECTIVE DEVELOPMENT FACTORS

| Name of State | Workmen's Compensation And Employers' Liability | | | Automobile Liability | | | | General Liability | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|
| | 1st | 2nd | 3rd | 1st | 2nd | 3rd | 4th | 1st | 2nd | 3rd | 4th |
| WI | .05 | .02 | .02 | .07 | .03 | .02 | | .20 | .10 | .06 | |
| WY | | | | .07 | .03 | .02 | | .20 | .10 | .06 | |

Page 5

8. (Continued)

## TABLE II—PERCENTAGES TO DETERMINE BASIC, MINIMUM, AND MAXIMUM PREMIUMS.

The basic premium, the minimum premium, and the maximum premium for insurance subject to Plan D are percentages of the standard premium for such insurance. Such percentages are computed initially upon an estimate of the standard premium and finally upon the earned standard premium for such insurance. If the standard premium lies between any two of the figures on the "Standard Premium" line, the percentages applicable shall be obtained by linear interpolation to the nearest one-tenth of 1%.

### PERCENTAGES OF STANDARD PREMIUM

|  | 50% | | 100% | 150% | |
|---|---|---|---|---|---|
| Standard Premium | $207,931 | or less $ | 415,860 | $623,790 | or more |
| Minimum Premium | BXTM | | BXTM | BXTM | |
| Maximum Premium | 2,740 | | 2,700 | 2,670 | |
| BASIC PREMIUM | | | | | |
| Workmen's Compensation | | | | | |
| New York | .241 | | .234 | .228 | |
| Pennsylvania | .170 | | .165 | .158 | |
| Texas | .160 | | .152 | .145 | |
| Other States | .174 | | .166 | .159 | |
| MISSOURI | .171 | | .167 | .162 | |
| | | | | | |
| Liability | | | | | |
| Mass. Stat. B.I. | | | | | |
| Mass. Non-Stat. Auto B.I. | | | | | |
| Texas Gen. Liab. | .246 | | .232 | .228 | |
| Texas Auto Liab. | .236 | | .203 | .191 | |
| Other | .032 | | .028 | .027 | |

**Automobile Physical Damage**

Amending Policy No. TR-UB-107T686-5-78

This endorsement is issued by that member of The Travelers Insurance Companies which issued the policy of which this endorsement forms a part.

C-19199 NEW 7-77 Printed in U.S.A.

20101

## ILLINOIS INSURANCE IN THE TRAVELERS INDEMNITY COMPANY OF ILLINOIS

Amending Policy Numbered __TR-UB-107T686-5-78__

It is agreed that the obligations expressed in the policy as obligations of The Travelers Insurance Company or The Travelers Indemnity Company, subject to the exclusions, conditions and other terms thereof, are the obligations of The Travelers Indemnity Company of Illinois to the extent that such obligations are with respect to risks located in Illinois and that the policy to such extent is a contract between the insured and The Travelers Indemnity Company of Illinois and no other.

THE TRAVELERS INSURANCE COMPANY
THE TRAVELERS INDEMNITY COMPANY
THE TRAVELERS INDEMNITY COMPANY OF ILLINOIS

_Secretary_

20230

 **THE TRAVELERS INSURANCE COMPANIES**

This endorsement is issued by that member of The Travelers Insurance Companies which issued the policy of which this endorsement forms a part.

If any additional premium is noted below, this endorsement is issued in consideration thereof.  If any return premium is noted below, the receipt thereof is acknowledged upon acceptance of this endorsement.

Effective from _____at the time of day the policy becomes effective. Amending Policy No. **TR-UB-107T686-5-78**
(Month, Day, Year)

Issued to _____
Date of Issue:                    Additional Premium $                    Return Premium $

(The information provided for above, except the policy number, is required to be stated only when this endorsement is issued for attachment to the policy subsequent to its effective date.)

It is agreed that as of the effective date hereof the policy is amended in the following particulars:

### OPERATIONS INVOLVING BOTH STATE WORKMEN'S COMPENSATION LAWS AND THE U.S. LONGSHOREMEN'S AND HARBOR WORKERS' COMPENSATION ACT

AS RESPECTS SUCH OPERATIONS AS ARE COVERED FOR COMPENSATION UNDER THE UNITED STATES LONGSHOREMEN'S AND HARBOR WORKERS' COMPENSATION ACT, IT IS AGREED THAT REMUNERATION EARNED BY THE EMPLOYEES ENGAGED IN SUCH OPERATIONS SHALL BE ASSIGNED TO THE CLASSIFICATION APPLICABLE THERETO, AND THE MANUAL RATES FOR SUCH NON-F CLASSIFICATIONS SHALL BE INCREASED BY THE FOLLOWING PERCENTAGES:

| STATE | PERCENTAGE | STATE | PERCENTAGE | STATE | PERCENTAGE | STATE | PER % |
|-------|-----------|-------|-----------|-------|-----------|-------|-------|
| AL | 148% | IA | 71% | MT | 117% | SD | 69% |
| AZ | 97% | KS | 157% | NE | 89% | TN | 183% |
| AR | 154% | KY | 58% | NH | 102% | TX | 122% |
| CO | 114% | LA | 94% | NM | 86% | UT | 189% |
| CT | 69% | ME | 0% | NY | 51.1% | VT | 58% |
| DE | 90% | MD | 81% | NC | 148% | VA | 140% |
| FL | 150% | MA | 61.3% | OK | 47% | WI | 102% |
| GA | 123% | MI | 67% | OR | 121% | | |
| HI | 109% | MN | 73% | PA | 58.2% | | |
| ID | 98% | MS | 228% | RI | 82% | | |
| IL | 34% | MO | 104% | SC | 61% | | |
| IN | 173% | | | | | | |

THE INSURED AGREES TO MAINTAIN A DIVISION OF REMUNERATION EARNED BY ALL EM-PLOYEES ENGAGED IN SUCH OPERATIONS, THE DIVISION TO SHOW (1) ALL REMUNERATION EARNED BY EMPLOYEES FOR WORK PERFORMED BY THEM ON SHORE (2) ALL REMUNERATION EARNED BY EMPLOYEES WHILE SO ENGAGED UPON THE NAVIGABLE WATERS OF THE UNITED STATES, INCLUDING ANY DRY DOCK.

SYMBOL NO.
25480

C-17820  REV. 8-75  PRINTED IN U.S.A.  (776)  Countersigned By _____

## PREMIUM ADJUSTMENT FROM EFFECTIVE DATE ENDORSEMENT
### (APPLICABLE TO MICHIGAN AND WISCONSIN)

It is agreed that the premium for the policy is subject to an experience modification not available at the time of policy issuance. Such experience modification, when determined, if different from the modification shown on the policy, will be stated in an endorsement issued to form a part of the policy.

OSMOSE WOOD PRESERVING CO OF AMERICA

Amending Policy No. __TR-UB-107T686-5-78__ Issued to __INC ET AL PER SCHEDULES 3877__
Name of Insured

Effective from __01-01-78__
At 12:01 A.M. Standard Time

(The above is required to be completed only when this endorsement is issued subsequent to preparation of the policy.)

This endorsement is issued by that member of The Travelers Insurance Companies which issued the policy of which this endorsement forms a part.

Secretary

C-18624  NEW 3-76  PRINTED IN U.S.A.  (776)

27520

## PENDING RATE CHANGE ENDORSEMENT

It is agreed that the rates for operations in the state listed below are subject to change, due to a pending rate filing with the appropriate regulatory authority, and are not available at the time of policy issuance. Such rates when determined, if different from the rates shown on the policy, will be stated in an endorsement issued to form part of the policy.

**State**

GA IL KY ME MD

MA MI MN RI SC WI

OSMOSE WOOD PRESERVING CO OF AMERICA

Amending Policy No. _TR-UB-107T686-5-78_  Issued to _INC ET AL PER SCHEDULES 3877_

Name of Insured

Effective from _01-01-78_

At 12:01 A.M. Standard Time

This endorsement is issued by that member of The Travelers Insurance Companies which issued the policy of which this endorsement forms a part.

Secretary

FO: BUF-021

## AMENDMENT TO RETROSPECTIVE PREMIUM ENDORSEMENT
(Plan 'D')

TR-UB-
**1071686-5-78**

Effective from ___01-01-78___ at the time of day the policy becomes effective. Amending Policy No.

| Issued to | OSMOSE WOOD PRESERVING CO OF AMERICA INC ET AL PER SCHEDULE 3877 |
|---|---|

Date of Issue:  **05-25-78 PC/DT**

| FOR CO. USE | SYMBOL & SUFF BUF-021 | PROD CODE F5553 | PROD. TABOR AGCY INC MAURICE S TABOR | C-2 |
|---|---|---|---|---|
| | POL. EXPIRES 1-1-79 | MODE OF ADJUST. A | | |

(The information provided for above, except the policy number, is required to be stated only when this endorsement is issued for attachment to the policy subsequent to its effective date.)    20100

It is agreed that Paragraph 8 under Table I, and Table II of the Retrospective Premium Endorsement forming part of this policy is amended:

☐ by adding the following:        ☒ to read as follows:

### PARAGRAPH 8 UNDER TABLE I

| Name of State | STATE TAX MULTIPLIERS | | | | EXCESS LOSS PREMIUM FACTORS | | |
|---|---|---|---|---|---|---|---|
| | Workmen's Compensation And Employers' Liability | Automobile Liability | General Liability | Automobile Physical Damage | Workmen's Compensation And Employers' Liability | Automobile And General Liability | Automobile Physical Damage |
| MN | 1.110 | | | | 111 | .062 | |

### TABLE II

PERCENTAGES OF STANDARD PREMIUM

| | 50% | | 100% | 150% | |
|---|---|---|---|---|---|
| Standard Premium | $ | or less  $ | | $ | or more |
| Minimum Premium | | | | | |
| Maximum Premium | | | | | |
| BASIC PREMIUM | | | | | |
| Workmen's Compensation | | | | | |
| New York | | | | | |
| Pennsylvania | | | | | |
| Texas | | | | | |
| Other States | | | | | |
| Liability | | | | | |
| Mass. Stat. B.I. | | | | | |
| Mass. Non-Stat. Auto B.I. | | | | | |
| Texas Gen. Liab. | | | | | |
| Texas Auto Liab. | | | | | |
| Other | | | | | |
| Automobile Physical Damage | | | | | |

THE TRAVELERS INSURANCE COMPANY

_Secretary_

THE TRAVELERS INDEMNITY COMPANY

_Secretary_

C-13373  6-69  PRINTED IN U.S.A.

16701

JUN 1 4 1978

EFF:  01-01-78

TR-UB-107T686-5-78

## VOLUNTARY COMPENSATION ENDORSEMENT

It is agreed that:

1. Insuring Agreement 1 of the policy is amended by adding thereto an additional coverage as follows:

   Coverage C — Voluntary Compensation    To pay on behalf of the insured, if any employee within a group of employees hereinafter described shall sustain injury, including death resulting therefrom, while employed by the insured in operations in a state specified opposite the description of such group of employees, under circumstances which would have rendered the insured liable for compensation if the injured employee and the insured had been subject to the workmen's compensation law hereinafter designated with respect to such employment, an amount equal to the compensation and other benefits which would have been payable under such law had the injured employee and the insured been subject to such law with respect to such employment.

2. The policy does not apply under coverage C to injury or death which gives rise to a valid claim under any workmen's compensation or occupational disease law.

3. The policy applies under coverage C only to injury or death, (a) sustained in the United States of America, its territories or possessions, or Canada, or (b) sustained while temporarily outside the United States of America, its territories or possessions, or Canada if the injured employee is a citizen or resident of the United States or Canada; but Coverage C does not apply to any suit brought in or any judgment rendered by any court outside the United States of America, its territories or possessions, or Canada or to an action on such judgment wherever brought.

4. The benefits payable under coverage C on account of such injury shall be paid to such person or persons as would have been entitled thereto under the designated workmen's compensation law, provided, however, that as a condition precedent to any such payment, the injured employee, or in the event of his incapacity, his legal representative, or, in the event of his death, his legal representative or the person or persons entitled to sue therefor, shall (1) execute such full and binding release of all claims against the insured and the company on account of such injury or death as may be required by the company, and (2) assign to the company all claims or judgments or the proceeds thereof which he or they may have or recover against any person who or organization which is or may be liable on account of such injury or death and execute such other documents as the company may require to enable it to enforce such rights or collect such proceeds. The company shall have full power to enforce such rights under any such assignment in its own name or in the name of the injured employee, or to make such negotiations and settlement as may be deemed expedient by the company, but the company shall not be obligated to enforce such rights. In the event of any recovery or settlement the company shall pay the proceeds thereof, less payments hereunder and all expenses incident to such recovery or settlement, to the person or persons entitled thereto.

5. If any person entitled to payment under coverage C shall refuse to accept such payment and to comply with the terms and conditions set forth above or if any person shall commence any proceedings at law, in equity or in admiralty, except for such payment, seeking damages from the insured or the company on account of such injury, the company's liability under coverage C with respect to such injury is thereupon terminated.

6. With respect to injury or death to which coverage C is applicable, or would have been applicable except for paragraph 5 foregoing, the limit of the company's liability under coverage B shall be determined in accordance with the following provision, and Condition 8 of the policy is amended accordingly:

   LIMITS OF LIABILITY    The words "damages because of bodily injury by accident or disease, including death at any
   Coverage B              time resulting therefrom," in coverage B, include damages for care and loss of services and
                           damages for which the insured is liable by reason of suits or claims brought against the insured by others to recover the damages obtained from such others because of such bodily injury sustained by employees of the insured arising out of and in the course of their employment. The limit of liability stated in Item 2 of the schedule as applicable to "each employee" is the total limit of the company's liability for all damages because of bodily injury by accident, including death resulting therefrom, sustained by one employee in any one accident; and, subject to the foregoing provision respecting "each employee", the limit of liability stated in Item 2 of the schedule as applicable to "each accident" is the total limit of the company's liability for all damages because of bodily injury, including death resulting therefrom, sustained by two or more employees in any one accident.

   The limit of liability stated in Item 2 of the schedule as applicable to "each employee" is the total limit of the company's liability for all damages because of bodily injury by disease, including death resulting therefrom, sustained by one employee; and, subject to the foregoing provision respecting "each employee", the limit of liability stated in Item 2 of the schedule as applicable to "aggregate disease" is the total limit of the company's liability for all damages because of bodily injury by disease, including death resulting therefrom, sustained by employees in operations in any one state.

   The limits of liability stated herein are in lieu of and shall not be cumulative with any limit of liability stated elsewhere in the policy. The inclusion herein of more than one insured shall not operate to increase the limits of the company's liability.

05-25-78 PC/DT                    *(Continued on Page 2)*                                    16171



**THE TRAVELERS INSURANCE COMPANIES**

This endorsement is issued by that member of The Travelers Insurance Companies which issued the policy of which this endorsement forms a part.

If any additional premium is noted below, this endorsement is issued in consideration thereof. If any return premium is noted below, the receipt thereof is acknowledged upon acceptance of this endorsement.

Effective from __01-01-78__ at the time of day the policy becomes effective. Amending Policy No. __TR-UB-107T686-5-78__
  (*Month, Day, Year*)

Issued to __OSMOSE WOOD PRESERVING CO OF AMERICA INC ET AL PER SCHEDULES 3877__
Date of Issue: __05-25-78 PC/DT__    Additional Premium $ _____    Return Premium $ _____

(The information provided for above, except the policy number, is required to be stated only when this endorsement is issued for attachment to the policy subsequent to its effective date.)

It is agreed that as of the effective date hereof the policy is amended in the following particulars:

## AMENDMENT TO CANCELLATION CONDITION

IT IS AGREED THAT CONDITION 14 CANCELLATION, PARAGRAPH ONE IS DELETED AND REPLACED BY THE FOLLOWING:

THIS POLICY MAY BE CANCELED BY THE INSURED BY MAILING TO THE COMPANY WRITTEN NOTICE STATING WHEN THEREAFTER THE CANCELLATION SHALL BE EFFECTED. THIS POLICY MAY BE CANCELED BY THE COMPANY BY MAILING TO THE NAMED INSURED AT THE ADDRESS SHOWN IN THIS POLICY; WRITTEN NOTICE STATING WHEN, (A) NOT LESS THAN TEN DAYS THEREAFTER IN CASE OF NON-PAYMENT OF PREMIUM, (B) NOT LESS THAN TEN DAYS THEREAFTER IN CASE OF BANKRUPTCY OR DEBTOR RELIEF PROCEEDING IS BROUGHT BY OR AGAINST THE NAMED INSURED UNDER TITLE 11 OF THE UNITED STATES CODE, AND (C) NOT LESS THAN SIXTY DAYS THEREAFTER IN ALL OTHER CASES, SUCH CANCELLATION SHALL BE EFFECTIVE. THE MAILING OF NOTICE AS AFORESAID SHALL BE SUFFICIENT PROOF OF NOTICE. THE EFFECTIVE DATE AND HOUR OF CANCELLATION STATED IN THE NOTICE SHALL BECOME THE END OF THE POLICY PERIOD. DELIVERY OF SUCH NOTICE EITHER BY THE INSURED OR THE COMPANY SHALL BE EQUIVALENT TO MAILING.

SYMBOL NO.
8000

C-17820 REV. 8-75 PRINTED IN U.S.A. (776) Countersigned By ___MS Faber___

**ENDORSEMENT**

*Cohen Ynest* 10/3/78

AUG 21 1978

*W C Various States Code 300*



**THE TRAVELERS INSURANCE COMPANIES**

This endorsement is issued by that member of The Travelers Insurance Companies which issued the policy of which this endorsement forms a part.

If any additional premium is noted below, this endorsement is issued in consideration thereof. If any return premium is noted below, the receipt thereof is acknowledged upon acceptance of this endorsement.

Effective from __01-01-78__ at the time of day the policy becomes effective. Amending Policy No. __TR-UB-107T686-5-78__
(*Month, Day, Year*)

Issued to __OSMOSE WOOD PRESERVING CO OF AMERICA INC ET AL PER SCHEDULES 3877__

Date of Issue: __08-07-78 DS/DT__    Additional Premium $    Return Premium $

(The information provided for above, except the policy number, is required to be stated only when this endorsement is issued for attachment to the policy subsequent to its effective date.)

It is agreed that as of the effective date hereof the policy is amended in the following particulars:

**THE RATE FOR THE FOLLOWING CLASSIFICATIONS IS CHANGED TO READ AS STATED BELOW:**

| | CLASS | RATE |
|---|---|---|
| STATE OF MI | | |
| *Exterior* 5-9014 | | 5.26 |
| *Power* 10-5476 | | 8.18 |

**END 25480 IS AMENDED TO READ:**

| STATE | PERCENTAGE |
|---|---|
| MI | 58% |

**PREMIUM ADJUSTMENT WILL BE MADE ON AUDIT**

SYMBOL NO.

**8000**

C-17820 REV. 5-78 PRINTED IN U.S.A.    Countersigned By *M S Tabor*

ENDORSEMENT

AUG 2 1 1979

 **THE TRAVELERS INSURANCE COMPANIES**

This endorsement is issued by that member of The Travelers Insurance Companies which issued the policy of which this endorsement forms a part.

If any additional premium is noted below, this endorsement is issued in consideration thereof. If any return premium is noted below, the receipt thereof is acknowledged upon acceptance of this endorsement.

Effective from ___01-01-78___ at the time of day the policy becomes effective.   Amending Policy No. TR-UB-107T686-5-78
   *(Month, Day, Year)*

Issued to ___OSMOSE WOOD PRESERVING CO OF AMERICA INC ET AL PER SCHEDULES 3877___

Date of Issue: ___08-07-78 DS/DT___    Additional Premium $ ___    Return Premium $ ___

(The information provided for above, except the policy number, is required to be stated only when this endorsement is issued for attachment to the policy subsequent to its effective date.)

It is agreed that as of the effective date hereof the policy is amended in the following particulars:

IT IS AGREED THAT PARAGRAPH 8 UNDER TABLE I OF THE RETROSPECTIVE PREMIUM ENDORSEMENT 20101 FORMING PART OF THIS POLICY IS AMENDED: TO READ AS FOLLOWS:

| STATE | WORKMENS' COMPENSATION | | |
|-------|------|------|------|
|       | 1ST  | 2ND  | 3RD  |
| MI    | .16  | .10  | .06  |

Symbol No.

8000

F.O.-BUF-021

**AMENDMENT TO RETROSPECTIVE PREMIUM ENDORSEMENT**
(Plan D)

TR-UB-

Effective from ___01-01-78___ at the time of day the policy becomes effective. Amending Policy No. 107T686-5-78

Issued to OSMOSE WOOD PRESERVING CO OF AMERICA INC ET AL PER SCHEDULES 3877

Date of Issue: 08-07-78  DS/DT

| FOR CO. USE | OFFICE & CODE | | PROD. CODE F5553 | PROD. TABOR AGENCY INC/MAURICE S TABOR    C-2 |
|---|---|---|---|---|
| | POL. EXPIRES 1-1-79 | MODE OF ADJUST. | | |

(The information provided for above, except the policy number, is required to be stated only when this endorsement is issued for attachment to the policy subsequent to its effective date.)

20101

It is agreed that Paragraph 8 under Table I, and Table II of the Retrospective Premium Endorsement forming part of this policy is amended:

☐ by adding the following:    ☐ to read as follows:

## PARAGRAPH 8 UNDER TABLE I

| | STATE TAX MULTIPLIERS | | | | | EXCESS LOSS PREMIUM FACTORS | | |
|---|---|---|---|---|---|---|---|---|
| Name of State | Workmen's Compensation And Employers' Liability | Automobile Liability | General Liability | Automobile Physical Damage | | Workmen's Compensation And Employers' Liability | Automobile And General Liability | Automobile Physical Damage |
| MI | 1.050 | | | | | 111 .056 | | |

## TABLE II

### PERCENTAGES OF STANDARD PREMIUM

| | 50% | | 100% | 150% | |
|---|---|---|---|---|---|
| Standard Premium | $ | or less $ | | $ | or more |
| Minimum Premium | | | | | |
| Maximum Premium | | | | | |
| BASIC PREMIUM | | | | | |
| Workmen's Compensation | | | | | |
| New York | | | | | |
| Pennsylvania | | | | | |
| Texas | | | | | |
| Other States | | | | | |
| Liability | | | | | |
| Mass. Stat. B.I. | | | | | |
| Mass. Non-Stat. Auto B.I. | | | | | |
| Texas Gen. Liab. | | | | | |
| Texas Auto Liab. | | | | | |
| Other | | | | | |
| Automobile Physical Damage | | | | | |

THE TRAVELERS INSURANCE COMPANY

*signature*
Secretary

THE TRAVELERS INDEMNITY COMPANY

*signature*
Secretary

C-13373  6-69  PRINTED IN U.S.A.

16701

ENDORSEMENT



**THE TRAVELERS INSURANCE COMPANIES**

This endorsement is issued by that member of The Travelers Insurance Companies which issued the policy of which this endorsement forms a part.

If any additional premium is noted below, this endorsement is issued in consideration thereof.  If any return premium is noted below, the receipt thereof is acknowledged upon acceptance of this endorsement.

Effective from _____07-01-78_____ at the time of day the policy becomes effective.  Amending Policy No. TR-UB-107T686-5-78
(Month, Day, Year)

Issued to___OSMOSE WOOD PRESERVING CO OF AMERICA INC ET AL PER SCHEDULES 3877

Date of Issue: 08-04-78  SR/JGW          Additional Premium $                    Return Premium $

(The information provided for above, except the policy number, is required to be stated only when this endorsement is issued for attachment to the policy subsequent to its effective date.)

It is agreed that as of the effective date hereof the policy is amended in the following particulars:

### EXCESS LOSS PREMIUM FACTOR ENDORSEMENT

#### (Supplement to Retrospective Premium Endorsement)

With respect to such insurance as is afforded by reason of the designation of ___OKLAHOMA___ in Item 3 of the declarations, the Excess Loss Premium Factor applicable to premium subject to a Retrospective Rating Plan is revised to ___.012___ effective ___07-01-78___, in accordance with the approval of the appropriate regulatory authority because of the revised benefits provided under the workmen's compensation law of such state.

SYMBOL NO.
**8000**

C-17820  REV. 11-76  PRINTED IN U.S.A.          Countersigned By _M S Faber_

AUG 2 1 1970



# THE TRAVELERS

Casualty-Property Department

Dear Policyholder:

### Important Notice Concerning Your
### Workers' Compensation Insurance

The enclosed endorsement is for attachment to your current Travelers Workers' Compensation policy. It has been issued because of an increase in the benefits payable under the Workers' Compensation Law in the State of OKLAHOMA .

The effect of this endorsement is to increase the Excess Loss Premium Factors applicable to such coverage and is part of a general insurance industry rate revision in full accord with regulatory standards. It applies to all Workers' Compensation policyholders in the state.

In the event you have any further questions pertaining to this endorsement, your agent or broker will gladly furnish you answers and explanations on request.

Leslie M. Dow
Vice President

 **THE TRAVELERS INSURANCE COMPANIES**

This endorsement is issued by that member of The Travelers Insurance Companies which issued the policy of which this endorsement forms a part.

If any additional premium is noted below, this endorsement is issued in consideration thereof. If any return premium is noted below, the receipt thereof is acknowledged upon acceptance of this endorsement.

Effective from ___**07-01-78**___ at the time of day the policy becomes effective. Amending Policy No. TR-UB-107T686-5-78
(Month, Day, Year)

Issued to OSMOSE WOOD PRESERVING CO OF AMERICA INC ET AL PER SCHEDULES 3877

Date of Issue: 08-04-78  SR/JGW         Additional Premium $                    Return Premium $

(The information provided for above, except the policy number, is required to be stated only when this endorsement is issued for attachment to the policy subsequent to its effective date.)

It is agreed that as of the effective date hereof the policy is amended in the following particulars:

### NEW YORK RATE INCREASE ENDORSEMENT

As provided in Condition 1 of this policy, the benefits payable under the Workmen's Compensation Law having been increased, the premium rates provided for all New York classifications in this policy are increased 12.7% effective July 1, 1978, as approved by the Insurance Department of the State of New York.

The absence of an entry in the Additional Premium space shown above shall mean that premium adjustment will be made upon audit.

SYMBOL No.
8000

C-17820  REV. 5-78  PRINTED IN U.S.A.    Countersigned By _MS Jabor_

AUG 2 1 1978



# THE TRAVELERS

**Casualty-Property**
**Commercial Lines Department**

Dear Policyholder:

Important Notice Concerning Your
Workers' Compensation Insurance

The enclosed endorsement is for attachment to your current Travelers Workers'
Compensation policy.  It has been issued because of an increase in the bene-
fits payable under the Workers' Compensation Law in the State of New York.

The effect of this endorsement is to increase the Workers' Compensation rates
applicable to such coverage and is part of a general insurance industry rate
revision in full accord with regulatory standards.  It applies to all Workers'
Compensation policyholders in the state.

In the event you have any further questions pertaining to this endorsement,
your agent or broker will gladly furnish you answers and explanations on
request.

Leslie M. Dow
Vice President

**ENDORSEMENT**



**THE TRAVELERS INSURANCE COMPANIES**

This endorsement is issued by that member of The Travelers Insurance Companies which issued the policy of which this endorsement forms a part.

If any additional premium is noted below, this endorsement is issued in consideration thereof.  If any return premium is noted below, the receipt thereof is acknowledged upon acceptance of this endorsement.

Effective from____07-01-78_____at the time of day the policy becomes effective.  Amending Policy No. TR-UB-107T686-5-78
(*Month, Day, Year*)

Issued to___OSMOSE WOOD PRESERVING CO OF AMERICA INC ET AL PER SCHEDULES 3877_____

Date of Issue: 08-04-78  SR/JGW          Additional Premium $              Return Premium $

(The information provided for above, except the policy number, is required to be stated only when this endorsement is issued for attachment to the policy subsequent to its effective date.)

It is agreed that as of the effective date hereof the policy is amended in the following particulars:

### RATE CHANGE ENDORSEMENT – COLORADO

With respect to such insurance as is afforded for the state designated below, the rates, or premiums, for such insurance, other than for "F" Classifications, are increased by the percentage and on the effective date shown, in accordance with the rate increase approved by the appropriate state regulatory authority because of increased benefits provided under the workmen's compensation law of such state.

The United States Longshoremen's and Harbor Workers' Act coverage percentage applicable to non – "F" classifications is changed to the percentage shown below:

| State | Percentage Increase | Non "F" Classification Percentage | Effective Date |
|-------|--------------------|-----------------------------------|----------------|
| Colorado | 3.3% | 212% | July 1, 1978 |

The absence of an entry in the Additional Premium space shown above shall mean that premium adjustment will be made upon audit.

SYMBOL NO.
8000

C-17820  REV. 11-76  PRINTED IN U.S.A.          Countersigned By_____MS Tabor_____



# THE TRAVELERS

Casualty-Property
Commercial Lines Department

Dear Policyholder:

### Important Notice Concerning Your
### Workers' Compensation Insurance

The enclosed endorsement is for attachment to your current Travelers Workers' Compensation policy.  It has been issued because of an increase in the benefits payable under the Workers' Compensation Law in the State of Colorado.

The effect of this endorsement is to increase the Workers' Compensation rates applicable to such coverage and is part of a general insurance industry rate revision in full accord with regulatory standards.  It applies to all Workers' Compensation policyholders in the state.

In the event you have any further questions pertaining to this endorsement, your agent or broker will gladly furnish you answers and explanations on request.

Leslie M. Dow
Vice President

**ENDORSEMENT**

AUG 2 1 1978



**THE TRAVELERS INSURANCE COMPANIES**

This endorsement is issued by that member of The Travelers Insurance Companies which issued the policy of which this endorsement forms a part.

If any additional premium is noted below, this endorsement is issued in consideration thereof.  If any return premium is noted below, the receipt thereof is acknowledged upon acceptance of this endorsement.

Effective from _____04-28-78_____ at the time of day the policy becomes effective.  Amending Policy No. **TR-UB-107T686-5-78**
(Month, Day, Year)

Issued to___OSMOSE WOOD PRESERVING CO OF AMERICA INC ET AL PER SCHEDULES 3877___
Date of Issue: 08-04-78  SR/JGW          Additional Premium $          Return Premium $

(The information provided for above, except the policy number, is required to be stated only when this endorsement is issued for attachment to the policy subsequent to its effective date.)

It is agreed that as of the effective date hereof the policy is amended in the following particulars:

### RATE CHANGE ENDORSEMENT – KENTUCKY

With respect to such insurance as is afforded for the state designated below, the rates, or premiums, for such insurance, other than for "F" Classifications, are increased by the percentage and on the effective date shown, in accordance with the rate increase approved by the appropriate state regulatory authority because of increased benefits provided under the workmen's compensation law of such state.

The United States Longshoremen's and Harbor Workers' Act coverage percentage applicable to non -"F" classifications is changed to the percentage shown below:

| State | Percentage Increase | Non "F" Classification Percentage | Effective Date |
|---|---|---|---|
| Kentucky | 1.3% | 55% | April 28, 1978 |

The absence of an entry in the Additional Premium space shown above shall mean that premium adjustment will be made upon audit.

SYMBOL NO.
8000

C-17820  REV. 11-76  PRINTED IN U.S.A.          Countersigned By _____

AUG 2 1 1979

# THE TRAVELERS

Casualty-Property
Commercial Lines Department

Dear Policyholder:

Important Notice Concerning Your
Workers' Compensation Insurance

The enclosed endorsement is for attachment to your current Travelers Workers'
Compensation policy.  It has been issued because of an increase in the bene-
fits payable under the Workers' Compensation Law in the State of Kentucky.

The effect of this endorsement is to increase the Workers' Compensation rates
applicable to such coverage and is part of a general insurance industry rate
revision in full accord with regulatory standards.  It applies to all Workers'
Compensation policyholders in the state.

In the event you have any further questions pertaining to this endorsement,
your agent or broker will gladly furnish you answers and explanations on
request.

Leslie M. Dow
Vice President

**ENDORSEMENT**

AUG 2 1 1978

  **THE TRAVELERS INSURANCE COMPANIES**

This endorsement is issued by that member of The Travelers Insurance Companies which issued the policy of which this endorsement forms a part.

If any additional premium is noted below, this endorsement is issued in consideration thereof. If any return premium is noted below, the receipt thereof is acknowledged upon acceptance of this endorsement.

Effective from ___02-01-78___ at the time of day the policy becomes effective. Amending Policy No. ___TR-UB-107T686-5-78___
(Month, Day, Year)

Issued to ___OSMOSE WOOD PRESERVING CO OF AMERICA INC ET AL PER SCHEDULES 3877___
Date of Issue: 08-04-78  SR/JGW      Additional Premium $      Return Premium $

(The information provided for above, except the policy number, is required to be stated only when this endorsement is issued for attachment to the policy subsequent to its effective date.)

It is agreed that as of the effective date hereof the policy is amended in the following particulars:

### RATE CHANGE ENDORSEMENT — HAWAII

    With respect to such insurance as is afforded for the state designated below, the rates, or premiums, for such insurance, other than for "F" Classifications, are increased by the percentage and on the effective date shown, in accordance with the rate increase approved by the appropriate state regulatory authority because of increased benefits provided under the workmen's compensation law of such state.

    The United States Longshoremen's and Harbor Workers' Act coverage percentage applicable to non — "F" classifications is changed to the percentage shown below:

| State | Percentage Increase | Non "F" Classification Percentage | Effective Date |
|-------|---------------------|-----------------------------------|----------------|
| Hawaii | 3.5% | 56% | February 1, 1978 |

    The absence of an entry in the Additional Premium space shown above shall mean that premium adjustment will be made upon audit.

SYMBOL NO.

8000

C-17520  REV. 11-76  PRINTED IN U.S.A.      Countersigned By _MS Faber_

AUG 2 1 1978



# THE TRAVELERS

Casualty-Property
Commercial Lines Department

Dear Policyholder:

Important Notice Concerning Your
Workers' Compensation Insurance

The enclosed endorsement is for attachment to your current Travelers Workers'
Compensation policy.  It has been issued because of an increase in the bene-
fits payable under the Workers' Compensation Law in the State of Hawaii.

The effect of this endorsement is to increase the Workers' Compensation rates
applicable to such coverage and is part of a general insurance industry rate
revision in full accord with regulatory standards.  It applies to all Workers'
Compensation policyholders in the state.

In the event you have any further questions pertaining to this endorsement,
your agent or broker will gladly furnish you answers and explanations on
request.

Leslie M. Dow
Vice President

 **THE TRAVELERS INSURANCE COMPANIES**

This endorsement is issued by that member of The Travelers Insurance Companies which issued the policy of which this endorsement forms a part.

If any additional premium is noted below, this endorsement is issued in consideration thereof.  If any return premium is noted below, the receipt thereof is acknowledged upon acceptance of this endorsement.

Effective from_____**03-01-78**_____at the time of day the policy becomes effective.  Amending Policy No. **TR-UB-107T686-5-78**
           (Month, Day, Year)

Issued to **OSMOSE WOOD PRESERVING CO OF AMERICA INC ET AL PER SCHEDULES 3877**
Date of Issue: **08-04-78  SR/JGW**          Additional Premium $          Return Premium $

(The information provided for above, except the policy number, is required to be stated only when this endorsement is issued for attachment to the policy subsequent to its effective date.)

It is agreed that as of the effective date hereof the policy is amended in the following particulars:

### RATE CHANGE ENDORSEMENT – ARKANSAS

With respect to such insurance as is afforded for the state designated below, the rates, or premiums, for such insurance, other than for "F" Classifications, are increased by the percentage and on the effective date shown, in accordance with the rate increase approved by the appropriate state regulatory authority because of increased benefits provided under the workmen's compensation law of such state.

The United States Longshoremen's and Harbor Workers' Act coverage percentage application to non – "F" classifications is changed to the percentage shown below:

| State | Percentage Increase | Non "F" Classification Percentage | Effective Date |
|-------|--------------------|-----------------------------------|----------------|
| Arkansas | 1.5% | 150% | March 1, 1978 |

The absence of an entry in the Additional Premium space shown above shall mean that premium adjustment will be made upon audit.

SYMBOL NO.
8000

C-17820  REV. 11-76  PRINTED IN U.S.A.          Countersigned By_____

AUG 2 1 1978



# THE TRAVELERS

Casualty-Property
Commercial Lines Department

Dear Policyholder:

Important Notice Concerning Your
Workers' Compensation Insurance

The enclosed endorsement is for attachment to your current Travelers Workers'
Compensation policy.  It has been issued because of an increase in the bene-
fits payable under the Workers' Compensation Law in the State of Arkansas.

The effect of this endorsement is to increase the Workers' Compensation rates
applicable to such coverage and is part of a general insurance industry rate
revision in full accord with regulatory standards.  It applies to all Workers'
Compensation policyholders in the state.

In the event you have any further questions pertaining to this endorsement,
your agent or broker will gladly furnish you answers and explanations on
request.

Leslie M. Dow

Leslie M. Dow
Vice President

ENDORSEMENT



 **THE TRAVELERS INSURANCE COMPANIES**

This endorsement is issued by that member of The Travelers Insurance Companies which issued the policy of which this endorsement forms a part.

If any additional premium is noted below, this endorsement is issued in consideration thereof. If any return premium is noted below, the receipt thereof is acknowledged upon acceptance of this endorsement.

Effective from ___07-01-78___ at the time of day the policy becomes effective.  Amending Policy No. **TR-UB-107T686-5-78**
(Month, Day, Year)

Issued to **OSMOSE WOOD PRESERVING CO OF AMERICA INC ET AL PER SCHEDULES 3877**

Date of Issue: **08-04-78  SR/JGW**          Additional Premium $          Return Premium $

(The information provided for above, except the policy number, is required to be stated only when this endorsement is issued for attachment to the policy subsequent to its effective date.)

It is agreed that as of the effective date hereof the policy is amended in the following particulars:

### RATE CHANGE ENDORSEMENT — UTAH

With respect to such insurance as is afforded for the state designated below, the rates, or premiums, for such insurance, other than for "F" Classifications, are increased by the percentage and on the effective date shown, in accordance with the rate increase approved by the appropriate state regulatory authority because of increased benefits provided under the workmen's compensation law of such state.

The United States Longshoremen's and Harbor Workers' Act coverage percentage applicable to non – "F" classifications is changed to the percentage shown below:

| State | Percentage Increase | Non "F" Classification Percentage | Effective Date |
|-------|---------------------|------------------------------------|----------------|
| Utah  | 1.1%                | 186%                               | July 1, 1978   |

The absence of an entry in the Additional Premium space shown above shall mean that premium adjustment will be made upon audit.

SYMBOL NO.
8000

C-17820  REV. 11-76  PRINTED IN U.S.A.          Countersigned By _____

AUG 2 1 1978



# THE TRAVELERS

Casualty-Property
Commercial Lines Department

Dear Policyholder:

Important Notice Concerning Your
Workers' Compensation Insurance

The enclosed endorsement is for attachment to your current
Travelers Workers' Compensation policy.  It has been issued
because of an increase in the benefits payable under the
Workers' Compensation Law in the State of Utah.

The effect of this endorsement is to increase the Workers'
Compensation rates applicable to such coverage and is part
of a general insurance industry rate revision in full accord
with regulatory standards.  It applies to all Workers' Compen-
sation policyholders in the state.

In the event you have any further questions pertaining to this
endorsement, your agent or broker will gladly furnish you answers
and explanations on request.

Leslie M. Dow

Leslie M. Dow
Vice President

AUG 2 1 1978

 **THE TRAVELERS INSURANCE COMPANIES**

This endorsement is issued by that member of The Travelers Insurance Companies which issued the policy of which this endorsement forms a part.

If any additional premium is noted below, this endorsement is issued in consideration thereof. If any return premium is noted below, the receipt thereof is acknowledged upon acceptance of this endorsement.

Effective from ___03-01-78___ at the time of day the policy becomes effective.  Amending Policy No. TR-UB-107T686-5-78
(Month, Day, Year)

Issued to___OSMOSE WOOD PRESERVING CO OF AMERICA INC ET AL PER SCHEDULES 3877___

Date of Issue: 08-04-78  SR/JGW        Additional Premium $              Return Premium $

(The information provided for above, except the policy number, is required to be stated only when this endorsement is issued for attachment to the policy subsequent to its effective date.)

It is agreed that as of the effective date hereof the policy is amended in the following particulars:

### RATE CHANGE ENDORSEMENT - UTAH

With respect to such insurance as is afforded for the state designated below, the rates, or premiums, for such insurance, other than for "F" Classifications, are increased by the percentage and on the effective date shown, in accordance with the rate increase approved by the appropriate state regulatory authority because of increased benefits provided under the workmen's compensation law of such state.

The United States Longshoremen's and Harbor Workers' Act coverage percentage applicable to non - "F" classifications is changed to the percentage shown below:

| State | Percentage Increase | Non "F" Classification Percentage | Effective Date |
|-------|--------------------|-----------------------------------|----------------|
| Utah  | 2.7%               | ---                               | March 1, 1978  |

The absence of an entry in the Additional Premium space shown above shall mean that premium adjustment will me made upon audit.

SYMBOL NO.
8000

C-17820 REV. 11-76 PRINTED IN U.S.A.        Countersigned By___

AUG 2 1 1978



# THE TRAVELERS

Casualty-Property
Commercial Lines Department

Dear Policyholder:

Important Notice Concerning Your
Workers' Compensation Insurance

The enclosed endorsement is for attachment to your current Travelers Workers'
Compensation policy.  It has been issued because of an increase in the bene-
fits payable under the Workers' Compensation Law in the State of Utah.

The effect of this endorsement is to increase the Workers' Compensation rates
applicable to such coverage and is part of a general insurance industry rate
revision in full accord with regulatory standards.  It applies to all Workers'
Compensation policyholders in the state.

In the event you have any further questions pertaining to this endorsement,
your agent or broker will gladly furnish you answers and explanations on
request.

Leslie M. Dow
Vice President

## IMPROVEMENTS CHECK LIST   Code 315

### GENERAL LIABILITY   6/1/78

INSURED: Osmose

| | | *Wrote Insurer | xCarrier Refused | *Wrote Client | xNot Wanted | +Effected |
|---|---|---|---|---|---|---|
| *1. | a. Insured – Over 50% Entities | 5 | | | | |
| | b. Mention Joint Venture | | | | | |
| 2. | Persons Insured | | | | | |
| 5. | Comprehensive Form | | | | | ✓ |
| **6. | Adequate limits | | | | | ✓ |
| 7. | Occurrence | | | | | ✓ |
| **8. | Disclosure of hazards | 7/20/78 | | | | |
| **9. | Liquor Liability | | | | | |
| | a. Host Exposure | | | | | ✓ |
| | b. Host Ex. Support  – | | | | | |
| | c. Liquor Liability  N/A | | | | | |
| 10. | x, c & u Exclusions | | | | | ✓ |
| **11. | Contractual Liability | | | | | |
| | a. Blanket Contractual | | | | | ✓ |
| | b. Remove Exclusions: | | | | | |
| | (1) Third Party Ben. | 5 | | | | |
| | (2) Liq. Law Liab. | | | | | ✓ |
| | (3) x, c & u Excl. | | | | | ✓ |
| | (4) Indem. Negl. | | | | | ✓ |
| | (5) Autos, etc. | | | | | ✓ |
| | d. Oral agreements | | | | | ✓ |
| **12. | Pers. Injury Liability | | | | | |
| | a. (1) False arrest, etc. | | | | | ✓ |
| | (2) Libel, slander | | | | | ✓ |
| | (3) Wrongful entry, etc. | | | | | ✓ |
| | b. Remove Exclusions: | | | | | |
| | (1) Assumed Liab. | | | | | |
| | (2) Claims of Employees | | | | | ✓ |
| 14. | b. Malpr.–Nurses, etc.  Incidental | | | | | ✓ |
| 15. | Vendors Coverage  Limited form | | | | | ✓ |
| 16. | Water Damage Liab. | | | | | |
| | a. Elim.c.c. or c.–Real  forgotten  ? Y | | | | | |
| | b. Elim.c.c. or c.–P.P. | | | | | |
| 18. | Premises Med. Pays. Texas only | | | | | |
| **19. | Employees as Insureds  auto. back on file excl. excl. | | | | | ✓ |
| 20. | Broad Form P.D. | | | | | ✓ |
| 21. | Elimin. c.c. or c. forget | | | | | |
| **22. | Knowledge of Acc. | 5 | | | | |
| **23. | Automatic Liab.–Owners  forget | | | | | |
| 24. | Elevator Collision | | | | | |
| **25. | Deductibles  none | | | | | |
| 26. | a. Auto Liab. Same Carrier | | | | | ✓ |
| | b. Expir. A.L. & G.L. Same | | | | | ✓ |
| | c. Unins.Motor.–Mobile  – | | | | | |
| 27. | a. W.W. for Products  y cla. | | | | | ✓ |
| | b. W.W. for Operations  to forget only | | | | | ✓ |
| **28. | Retrospective Rating, etc. | | | | | ✓ |
| 32. | Extend Canc. Notice | 7/20/78 | | | | |
| 36. | Return Prem.to Spec.Party N/A | | | | | |
| 37. | Packaging  forget | | | | | |
| 38. | Explain Contam. Excl. | | | | | |
| *39. | Elevator Inspections | | | | | |
| **40. | Advice re certifs. | | | 6-1-78 | | |

*Dates Dictated          xDates of Decision          +Check Mark

4/1/78  Code 375

IMPROVEMENT CHECK LIST

AUTOMOBILE LIABILITY

| Insured _Damora_ | *Wrote Insurer | xCarrier Refused | *Wrote Client | xNot Wanted | +Effected |
|---|---|---|---|---|---|
| 1.  Insured-51% entities_____ | 6.c.3 | | | | |
| 4.  Comprehensive Form_____ | | | | | ✓ |
| 5.  Adequate limits_____ | | | | | ✓ |
| 6.  (a) Occurrence_____ | | | | | ✓ |
|     (b) Explain "one bite" /ns | | | | | |
| 7.  Medical Payments | | | | | |
|     (a) Owned P.P. cars _N/A_ | | | | | |
|     (b) Owned commercial _N/A_ | | | | | |
|     (c) Non-owned_____ _N/A_ | | | | | |
| 8.  Drive other car cover_____ | | | | | |
|     (a) Medical Payments_____ | | | | | |
| 9.  Uninsured Motor.Cover. | | | | | |
|     (a) Statutary_____ | | | | | ✓ |
|     (b) Voluntary_____ | | | | | |
| 10.. Conting. Phys. Dam._____ | | | | | |
| 11. (a) Deductibles_____ | | | | | |
|     (e) Flat Charge-Non-owned | | | | | |
|     (g) Get certifs. for Hired | | | | | |
| 13. (a) G.L. Same Carrier_____ | | | | | ✓ |
|     (b) Exp. Auto & Genl. Same | | | | | ✓ |
| 14. Retrospective rating_____ | | | | | ✓ |
| 15. Knowledge of acc._____ | 6.c.3 | | | | |
| 16. Foreign Coverage | | | | | |
|     (a) Worldwide_____ | | | | | |
|     (b) Mexican Cover. 90 DAYS TEMP.  N/A to TEXAS | | | | | ✓ |
| 18. Extend Canc. Notice    7/20/78 | | | | | |
| 20. Regis. Mob.Equip.(No G.L.) N/A | | | | | |
| 21. Ret.Prem. to Spec. Party N/A | | | | | |
| 23. Extended Non-owned (pers.) N/A | | | | | |

AUTOMOBILE PHYSICAL DAMAGE

| | | | | | |
|---|---|---|---|---|---|
| 1.  Insured,Incl.Subs.,Etc. | | | | | |
| 6.  Fire or F & T vs. Compre. | | | | | |
| 7.  Deductible on Glass_____ | | | | | |
| 8.  Compare $100 & $250 | | | | | |
|     Ded. Collis._____ | | | | | |
| 9.  Automatic Coverage | | | | | |
|     (a) Comprehensive_____ | | | | | |
|     (b) Collision_____ | | | | | |
|     Note 1 - Fleet letter_____ | | | | | |
|          2 - Leased vehicles__ | | | | | |
| 11. Waiver of Subrogation_____ | | | | | |
| 13. Cover Unlice. Vehicles____ | | | | | |
| 14. Mexican Coverage_____ | | | | | |
| 15. Self Assumption | | | | | |
|     (a) Comprehensive_____ | | | | | |
|     (b) Collision_____ | | | | | |
| 16. Same Carrier as Liab._____ | | | | | |
| 17. Extend Cancell. Notice____ | | | | | |
| 19. Conting. Phys. Dam._____ | | | | | |
| 20. Ret.Prem.to Spec. Party___ | | | | | |

* Dates Dictated          x Dates of Decision          + Check Mark

## GENERAL LIABILITY

INSURED: Overlapse Work Measuring etal.

| | | *Wrote Insurer | xCarrier Refused | *Wrote Client | xNot Wanted | +Eff |
|---|---|---|---|---|---|---|
| **1. | a. Insured - Over 50% Entities | | | | | |
| | b. Mention Joint Venture | | | | | |
| 2. | Persons Insured | | | | | |
| 3. | Comprehensive Form | | | | | |
| **6. | Adequate limits | | | | | |
| 7. | Occurrence | | | | | +/ |
| **8. | Disclosure of hazards | | | | | |
| **9. | Liquor Liability | | | | | |
| | a. Host Exposure | | | | | |
| | b. Host Ex. Support | | | | | +/ |
| | c. Liquor Liability | | | | | |
| 10. | x, c & u Exclusions (none) | | | | | +/ |
| **11. | Contractual Liability | | | | | |
| | a. Blanket Contractual | | | | | +/ |
| | b. Remove Exclusions: | | | | | |
| | √(1) Third Party Ben. | | | | | |
| | √(2) Liq. Law Liab. | | | | | |
| | (3) x, c & u Excl. | | | | | +/ |
| | (4) Indem. Negl. | | | | | +/ |
| | √(5) Autos, etc. | | | | | +/ |
| | d. Oral agreements | | | | | +/ |
| **12. | Pers. Injury Liability | | | | | |
| | a. (1) False arrest, etc. | | | | | +/ |
| | (2) Libel, slander | | | | | +/ |
| | (3) Wrongful entry, etc. | | | | | +/ |
| | b. Remove Exclusions: | | | | | |
| | (1) Assumed Liab. | | | | | |
| | (2) Claims of Employees | | | | | +/ |
| 14. | b. Malpr.-Nurses, etc. | | | | | +/ |
| 15. | Vendors Coverage (broad form) | | | | | +/ |
| 16. | Water Damage Liab. | | | | | |
| | a. Elim.c.c. or c.-Real | | | | | |
| | b. Elim.c.c. or c.-P.P. | | | | | |
| 18. | Premises Med. Pays. | | | | | +/ |
| **19. | Employees as Insureds | | | | | +/ |
| 20. | Broad Form P.D. | | | | | +/ |
| 21. | Elimin. c.c. or c. | | | | | |
| **22. | Knowledge of Acc. | | | | | |
| **23. | Automatic Liab.-Owners | | | | | |
| 24. | Elevator Collision | | | | | |
| **25. | Deductibles $50 N+c P.D. | | | | | -/ |
| 26. | a. Auto Liab. Same Carrier | | | | | +/ |
| | b. Expir. A.L. & G.L. Same | | | | | |
| | c. Unins.Motor.-Mobile | | | | | +/ |
| 27. | a. W.W. for Products | | | | | +/ |
| | b. W.W. for Operations | | | | | +/ |
| **28. | Retrospective Rating, etc. | | | | | -/ |
| 32. | Extend Canc. Notice | | | | | |
| 36. | Return Prem.to Spec.Party | | | | | |
| 37. | Packaging | | | | | |
| **38. | Explain Contam. Excl. | | | | | |
| **39. | Elevator Inspections | | | | | |
| **40. | Advice re certifs. | | | | | |

*Dates Dictated          xDates of Decision          +Check Mark

IMPROVEMENT CHECK LIST

AUTOMOBILE LIABILITY

Insured *Compa World Prod.*

| | *Wrote Insurer | xCarrier Refused | *Wrote Client | xNot Wanted | +Effected |
|---|---|---|---|---|---|
| 1. Insured-51% entities | | | | | |
| 4. Comprehensive Form | | | | | + |
| 5. Adequate limits | | | | | |
| 6. (a) Occurrence | | | | | + |
| (b) Explain "one bite" | | | | | |
| 7. Medical Payments | | | | | |
| (a) Owned P.P. cars | | | | | |
| (b) Owned commercial | | | | | |
| (c) Non-owned | | | | | |
| 8. Drive other car cover | | | | | |
| (a) Medical Payments | | | | | |
| 9. Uninsured Motor.Cover. | | | | | |
| (a) Statutary | | | | | + |
| (b) Voluntary | | | | | |
| 10. Conting. Phys. Dam. | | | | | |
| 11. (a) Deductibles | | | | | |
| (e) Flat Charge-Non-owned | | | | | |
| (g) Get certifs. for Hired | | | | | |
| 13. (a) G.L. Same Carrier | | | | | + |
| (b) Exp. Auto & Genl. Same | | | | | + |
| 14. Retrospective rating | | | | | + |
| 15. Knowledge of acc. | | | | | |
| 16. Foreign Coverage | | | | | |
| (a) Worldwide | | | | | |
| (b) Mexican Cover. (Compr. & Dam.) | | | | | + |
| 18. Extend Canc. Notice (various canc. & non-renewal clauses) | | | | | |
| 20. Regis. Mob.Equip.(No G.L.) | | | | | |
| 21. Ret.Prem. to Spec. Party | | | | | |
| 23. Extended Non-owned (pers.) | | | | | |

AUTOMOBILE PHYSICAL DAMAGE — *None*

| | | | | | |
|---|---|---|---|---|---|
| 1. Insured,Incl.Subs.,Etc. | | | | | |
| 6. Fire or F & T vs. Compre. | | | | | |
| 7. Deductible on Glass | | | | | |
| 8. Compare $100 & $250 | | | | | |
| Ded. Collis. | | | | | |
| 9. Automatic Coverage | | | | | |
| (a) Comprehensive | | | | | |
| (b) Collision | | | | | |
| Note 1 – Fleet letter | | | | | |
| 2 – Leased vehicles | | | | | |
| 11. Waiver of Subrogation | | | | | |
| 13. Cover Unlice. Vehicles | | | | | |
| 14. Mexican Coverage | | | | | |
| 15. Self Assumption | | | | | |
| (a) Comprehensive | | | | | |
| (b) Collision | | | | | |
| 16. Same Carrier as Liab. | | | | | |
| 17. Extend Cancell. Notice | | | | | |
| 19. Conting. Phys. Dam. | | | | | |
| 20. Ret.Prem.to Spec. Party | | | | | |

GENERAL LIABILITY

| INSURED: _Owner's Wage Processing etd._ | *Wrote Insurer | xCarrier Refused | *Wrote Client | xNot Wanted | +Effe |
|---|---|---|---|---|---|
| **1. a. Insured - Over 50% Entities | | | | | |
| b. Mention Joint Venture | | | | | |
| 2. Persons Insured | | | | | |
| 5. Comprehensive Form | | | | | +/ |
| **6. Adequate limits | | | | | |
| 7. Occurrence | | | | | +/ |
| **8. Disclosure of hazards | | | | | |
| **9. Liquor Liability | | | | | |
| a. Host Exposure | | | | | |
| b. Host Ex. Support | | | | | +/ |
| c. Liquor Liability | | | | | |
| 10. x, c & u Exclusions (none) | | | | | +/ |
| **11. Contractual Liability | | | | | |
| a. Blanket Contractual | | | | | +/ |
| b. Remove Exclusions: | | | | | |
| (1) Third Party Ben. | | | | | |
| (2) Liq. Law Liab. | | | | | |
| (3) x, c & u Excl. | | | | | +/ |
| (4) Indem. Negl. | | | | | +/ |
| (5) Autos, etc. | | | | | +/ |
| d. Oral agreements | | | | | +/ |
| **12. Pers. Injury Liability | | | | | |
| a. (1) False arrest, etc. | | | | | +/ |
| (2) Libel, slander | | | | | +/ |
| (3) Wrongful entry, etc. | | | | | +/ |
| b. Remove Exclusions: | | | | | |
| (1) Assumed Liab. | | | | | |
| (2) Claims of Employees | | | | | +/ |
| 14. b. Malpr.-Nurses, etc. | | | | | +/ |
| 15. Vendors Coverage (broad form) | | | | | +/ |
| 16. Water Damage Liab. | | | | | |
| a. Elim.c.c. or c.-Real | | | | | |
| b. Elim.c.c. or c.-P.P. | | | | | |
| 18. Premises Med. Pays. | | | | | +/ |
| **19. Employees as Insureds | | | | | +/ |
| 20. Broad Form P.D. | | | | | +/ |
| 21. Elimin. c.c. or c. | | | | | |
| **22. Knowledge of Acc. | | | | | |
| **23. Automatic Liab.-Owners | | | | | |
| 24. Elevator Collision | | | | | |
| **25. Deductibles $50 N/c PD | | | | | +/ |
| 26. a. Auto Liab. Same Carrier | | | | | +/ |
| b. Expir. A.L. & G.L. Same | | | | | |
| c. Unins.Motor.-Mobile | | | | | +/ |
| 27. a. W.W. for Products | | | | | +/ |
| b. W.W. for Operations | | | | | +/ |
| **28. Retrospective Rating, etc. | | | | | +/ |
| 32. Extend Canc. Notice | | | | | |
| 36. Return Prem.to Spec.Party | | | | | |
| 37. Packaging | | | | | |
| **38. Explain Contam. Excl. | | | | | |
| **39. Elevator Inspections | | | | | |
| **40. Advice re certifs. | | | | | |

*Dates Dictated          xDates of Decision          +Check Mark

**New wording or new item as of 8/1/72

EN ORSEMENT

 **THE TRAVELERS INSURANCE COMPANIES**

This endorsement is issued by that member of The Travelers Insurance Companies which issued the policy of which this endorsement forms a part.

If any additional premium is noted below, this endorsement is issued in consideration thereof.  If any return premium is noted below, the receipt thereof is acknowledged upon acceptance of this endorsement.

Effective from_____at the time of day the policy becomes effective.  Amending Policy No.___TR-NSI-1070689-0-78_____
(Month, Day, Year)

Issued to_____
Date of Issue:                          Additional Premium $                          Return Premium $

(The information provided for above, except the policy number, is required to be stated only when this endorsement is issued for attachment to the policy subsequent to its effective date.)

It is agreed that as of the effective date hereof the policy is amended in the following particulars:

## LIMITS OF LIABILITY

### (APPLICATION)

THIS ENDORSEMENT MODIFIES THE APPLICATION OF THE LIMITS OF LIABILITY OF ALL COVERAGE PROVIDED UNDER THIS POLICY EXCEPT THAT PROVIDED UNDER THE AUTOMOBILE PHYSICAL DAMAGE INSURANCE COVERAGE PART.

IT IS AGREED THAT THE LIMITS OF LIABILITY OF THIS POLICY ARE INCLUSIVE OF AND NOT IN ADDITION TO THE LIMITS OF LIABILITY AFFORDED BY ANY OTHER LIABILITY POLICY ISSUED TO THE NAMED INSURED BY THE COMPANY.

SYMBOL NO.

23890

C-17820   REV. 8-75  PRINTED IN U.S.A.   (776)   Countersigned By_____

**The Travelers**
**Commercial Policies**

**NORTH DAKOTA BASIC PERSONAL INJURY PROTECTION**
**(Amendatory Endorsement)**

Symbol BBB-3338A
Page 1 of 3

The Company agrees with the *Named Insured,* subject to all of the provisions of this endorsement and to all of the provisions of the policy except as modified herein, as follows:

### PART I

## A. PERSONAL INJURY PROTECTION COVERAGE

The Company will pay, in accordance with the North Dakota Auto Accident Reparations Act, personal injury protection benefits for:

1. *medical expenses,*
2. *rehabilitation expenses,*
3. *work loss,*
4. *replacement services loss,*
5. *survivors income loss,*
6. *survivors replacement services loss,* and
7. *funeral expenses*

incurred with respect to *bodily injury* sustained by an *eligible injured person* and caused by an accident arising out of the operation, maintenance or use of a *motor vehicle* as a vehicle.

## B. EXCLUSIONS

**This coverage does not apply:**

a. to *bodily injury* sustained by the *Named Insured* while *occupying* any *motor vehicle* owned by the *Named Insured* which is not an *insured motor vehicle;*

b. to *bodily injury* sustained by any *relative* while *occupying* any *motor vehicle* owned by such *relative* with respect to which the security required by the North Dakota Auto Accident Reparations Act is not in effect;

c. to *bodily injury* sustained by the *Named Insured* or any *relative* while *occupying,* or while a *pedestrian* through being struck by, any *motor vehicle,* other than the *insured motor vehicle,* with respect to which the security required under the North Dakota Auto Accident Reparations Act is in effect;

d. to *bodily injury* sustained by any person if such injury arises out of conduct within the course of a business of repairing, servicing or otherwise maintaining *motor vehicles* unless such conduct involves the actual operation of a *motor vehicle* as a vehicle on the business premises or unless such conduct occurs off the business premises;

e. to *bodily injury* sustained by any person arising out of conduct in the course of loading or unloading any *motor vehicle* unless such injury occurs while *occupying* such *motor vehicle;*

f. to *bodily injury* sustained by any person while *occupying* any *motor vehicle* without the express or implied consent of the owner or while not in lawful possession of any *motor vehicle;*

g. to any benefits any person would otherwise be entitled to receive hereunder for *bodily injury* intentionally caused by such person or arising out of his intentionally attempting to cause *bodily injury* to himself or another person, and, if any person dies as a result of intentionally causing or attempting to cause *bodily injury* to himself, his *survivors* are not entitled to any *survivors income loss* or *survivors replacement services loss* benefits;

h. to *bodily injury* sustained by any person while in the course of a racing or speed contest or in practice or preparation thereto;

i. to *bodily injury* sustained by any *pedestrian,* other than the *Named Insured* or any *relative,* if the accident occurs outside the State of North Dakota;

j. to *bodily injury* sustained by any person arising out of the operation, maintenance or use of any *motor vehicle* while located for use as a residence or premises;

k. to *bodily injury* due to war, whether or not declared, civil war, insurrection, rebellion or revolution, or to any act or condition incident to any of the foregoing;

l. to *bodily injury* resulting from the radioactive, toxic, explosive or other hazardous properties of nuclear material.

## C. DEFINITIONS

**When used in reference to this coverage:**

1. "bodily injury" means *bodily injury,* sickness or disease, including death resulting therefrom;

2. "eligible injured person" means

   a. the *Named Insured* or any *relative* who sustains *bodily injury,* while *occupying* any *motor vehicle* or, while a *pedestrian* through being struck by any *motor vehicle* or motorcycle;

   b. any other person who sustains *bodily injury*

      (1) while *occupying,* or while a *pedestrian* through being struck by, the *insured motor vehicle;*

      (2) while *occupying* a *motor vehicle* not owned by, but operated by the *Named Insured* or *relative,* if the *bodily injury* results from the operation of the *motor vehicle* by the *Named Insured* or *relative;*

3. "funeral expenses" means reasonable expenses incurred for a professional funeral, cremation or burial;

CP-1994 6-76 Printed in U.S.A.

2:20-cv-02017-RMG    Date Filed 05/27/20    Entry Number 1-3    Page 141 of 268

The Travelers
Commercial Policies

NOF   DAKOTA BASIC PERSONAL INJURY PROTECTION
(Amendatory Endorsement)

Symbol BBB-3338A
Page 2 of 3

4. "insured motor vehicle" means a *motor vehicle* with respect to which:

   a. security is required to be maintained under the provisions of the North Dakota Auto Accident Reparations Act, and

   b. the *bodily injury* liability insurance of the policy applies and for which a specific premium is charged;

5. "medical expenses" means reasonable charges incurred for necessary medical, surgical, x-ray, dental, prosthetic, ambulance, hospital or professional nursing services or services for remedial treatment and care rendered in accordance with a recognized religious healing method, but *medical expenses* do not include that portion of the charge for a room in any hospital, clinic, convalescent or nursing home, extended care facility or any similar facility in excess of the reasonable and customary charge for semi-private accommodations unless intensive care is medically needed;

6. "motor vehicle" means a vehicle having more than three load bearing wheels, of a kind required to be registered under the laws of North Dakota relating to *motor vehicles,* designed primarily for operation upon the public streets, roads and highways, and driven by power other than muscular power, and includes a trailer designed for use with such a vehicle;

7. "Named Insured" means the person or organization named in the declarations;

8. "occupying" means to be in or upon or engaged in the immediate act of entering into or alighting from;

9. "pedestrian" means any person not *occupying* a *motor vehicle* or any other vehicle designed to be driven or drawn by power other than muscular power;

10. "rehabilitation expenses" means the cost of a procedure or treatment for rehabilitation or a course of rehabilitative occupational training if the procedure, treatment or training is reasonable and appropriate for the particular case, its cost is reasonable in relation to its probable rehabilitative effects, and it is likely to contribute substantially to medical or occupational rehabilitation;

11. "relative" means a spouse or any other person related to the *Named Insured* by blood, marriage or adoption, including a ward or foster child, who is a resident of the same household as the *Named Insured,* or who usually makes his home in the same household but temporarily lives elsewhere;

12. "replacement services loss" means expenses incurred in obtaining ordinary and necessary services from others not members of the *eligible injured person's* household in lieu of those that the *eligible injured person* would have performed had he not been injured, not for income but for the benefit of himself or his household, but *replacement services loss* does not include any loss after the death of the *eligible injured person;*

13. "survivor" means a dependent survivor of a deceased *eligible injured person* and includes the following *survivors* only:

   a. the surviving spouse if residing in the deceased's household at the time of his death providing that the dependency of such spouse shall terminate upon remarriage; and

   b. other persons receiving support from the deceased at the time of his death which would qualify them as dependents of the deceased for federal income tax purposes under the Federal Internal Revenue Code;

14. "survivors income loss" means loss sustained after an *eligible injured person's* death by his *survivors* during their dependency and consisting of the loss of the contributions they would have received for their support from such *eligible injured person* out of income from work he would normally have performed had he not died;

15. "survivors replacement services loss" means expenses incurred after the *eligible injured person's* death by his *survivors* in obtaining ordinary and necessary services from others not members of such *eligible injured person's* household in lieu of the services he would have performed not for income but for the benefit of his household;

16. "work loss" means eighty-five percent of loss of income from work an *eligible injured person* who would normally be employed in gainful activity during the period of his disability, would have performed had he not been injured, reduced by any income from substitute work actually performed by the *eligible injured person* or by income the *eligible injured person* would have earned in available appropriate substitute work which he was capable of performing but unreasonably failed to undertake, but work loss does not include any loss after death of an *eligible injured person.*

## D. POLICY PERIOD; TERRITORY

This coverage applies only to accidents which occur during the policy period and within the United States of America, its territories or possessions, or Canada.

## E. LIMITS OF LIABILITY

Regardless of the number of persons insured, policies or approved plans of self-insurance applicable, claims made or *insured motor vehicles* to which this coverage applies, the Company's liability for personal injury protection benefits with respect to *bodily injury* sustained by any one *eligible injured person* in any one *motor vehicle* accident shall not exceed $15,000 in the aggregate, and subject to such aggregate limit:

1. the maximum amount payable for *work loss* or *survivors income loss* shall not exceed $150 per week prorated for any lesser period;

2. the maximum amount payable for *replacement services loss* or *survivors replacement services loss* shall not exceed $15 per day;

3. the maximum amount payable for *funeral expenses* shall not exceed $1,000.

Any amount payable by the Company by the terms of this coverage shall be reduced by the amount of benefits an *eligible injured person* has recovered or is entitled to recover for the same elements of loss under any workmen's compensation act.

## F. CONDITIONS

1. **Action Against Company.** No action shall lie against the Company unless as a condition precedent thereto, there shall have been full compliance with all the terms of this coverage.

2:20-cv-02017-RMG     Date Filed 05/27/20     Entry Number 1-3     Page 142 of 268

The Travelers
Commercial Policies

NORTH DAKOTA BASIC PERSONAL INJURY PROT( 'ION
(Amendatory Endorsement)

Symbol BBB-3338A
Page 3 of 3

2. **Notice.** In the event of an accident, written notice containing particulars sufficient to identify the *eligible injured person* and also reasonably obtainable information respecting the time, place and circumstances of the accident shall be given by or on behalf of each *eligible injured person* to the Company or any of its authorized agents as soon as practicable. If an *eligible injured person*, his legal representative or his *survivors* shall institute legal action to recover damages for *bodily injury* against a person or organization who is or may be liable in tort therefor, a copy of the summons and complaint or other process served in connection with such legal action shall be forwarded as soon as practicable to the Company by such *eligible injured person*, his legal representative or his *survivors*.

3. **Medical Reports; Proof of Claim.** As soon as practicable, the *eligible injured person* or someone on his behalf shall give to the Company written proof of claim, under oath if required, including full particulars of the nature and extent of the *bodily injury*, treatment and rehabilitation received and contemplated, and such other information as may assist the Company in determining the amount due and payable. The *eligible injured person* shall submit to physical and mental examination by physicians selected by the Company when and as often as the Company may reasonably require.

4. **Subrogation.** Subject to any applicable limitation set forth in the North Dakota Auto Accident Reparations Act, in the event of any payment under this coverage, the Company is subrogated to the rights of the person to whom or for whose benefit such payments were made to the extent of such payments. Such person shall execute and deliver the instrument and papers and do whatever else is necessary to secure such rights. Such person shall do nothing after loss to prejudice such rights.

5. **Reimbursement and Trust Agreement.** In the event of the payment to any person under this coverage:

   a. the Company shall be entitled to the extent of such payment to the proceeds of any settlement or judgment that may result from the exercise of any rights of recovery of such person against any person or organization legally responsible for the *bodily injury* because of which such payment is made, and the Company shall have a lien to the extent of such payment, notice of which may be given to the person or organization causing such *bodily injury*, his agent, his insurer or a court having jurisdiction in the matter;

   b. such person shall hold in trust for the benefit of the Company all rights of recovery which he shall have against such other person or organization because of such *bodily injury;*

   c. such person shall do whatever is proper to secure and shall do nothing after loss to prejudice such rights; and

   d. such person shall execute and deliver to the Company instruments and papers as may be appropriate to secure the rights and obligations of such person and the Company established by this provision.

6. **Non-Duplication of Benefits; Priority of Payments; Other Insurance.** No *eligible injured person* shall recover duplicate benefits for the same elements of loss under this or any similar insurance, including approved plans of self-insurance. In the event an *eligible injured person* has other similar insurance, including approved plans of self-insurance, available and applicable to the accident, the maximum recovery under all such insurance shall not exceed the amount which would have been payable under the provisions of the insurance providing the highest dollar limit, and the Company shall not be liable for a greater proportion of any loss to which this coverage applies than the limit of liability hereunder bears to the sum of the applicable limit of liability of this coverage and such other insurance.

7. Whenever this endorsement is used with a policy consisting of more than one Section, this Form shall be a part of Section III, Automobile Liability, of such policy.

## PART II

In consideration of the coverage afforded under PART I and the adjustments of applicable rates:

1. any amount payable under the uninsured motorists insurance coverage shall be reduced by the amount of any personal injury protection benefits paid or payable under this or any other automobile insurance policy because of *bodily injury* sustained by an *eligible injured person;*

2. any automobile medical payments insurance afforded under this policy shall be excess insurance over any personal injury protection benefits paid or payable under this or any other automobile insurance policy because of *bodily injury* sustained by an *eligible injured person.*

## PART III

## CONSTITUTIONALITY CLAUSE

The premium for and the coverages of the policy have been established in reliance upon the provisions of the North Dakota Auto Accident Reparations Act. In the event a court of competent jurisdiction declares, or enters a judgment the effect of which is to render the provisions of such statute invalid or unenforceable in whole or in part, the Company shall have the right to recompute the premium payable for the policy and the provisions of this endorsement shall be voidable or subject to amendment at the option of the Company.



 **THE TRAVELERS INSURANCE COMPANIES**

This endorsement is issued by that member of The Travelers Insurance Companies which issued the policy of which this endorsement forms a part.

If any additional premium is noted below, this endorsement is issued in consideration thereof. If any return premium is noted below, the receipt thereof is acknowledged upon acceptance of this endorsement.

Effective from ___ **06-09-78** ___ at the time of day the policy becomes effective. Amending Policy No. **TR-NSL-107T689-0-78**
(Month, Day, Year)

Issued to ___ **OSMOSE WOOD PRESERVING CO OF AMERICA INC ET AL PER END 8000(1)**

Date of Issue: **08-29-78  LD/DP**   Additional Premium $ _____   Return Premium $ _____

(The information provided for above, except the policy number, is required to be stated only when this endorsement is issued for attachment to the policy subsequent to its effective date.)

It is agreed that as of the effective date hereof the policy is amended in the following particulars:

### TO ADD THE FOLLOWING CLASSIFICATION:

**996 ELLICOTT ST**
**BUFFALO NY**

| DESCRIPTION OF HAZARDS INDEPENDENT CONTRACTORS | | PREMIUM BASES F-COST | | RATES F-PER $100 OF COST | |
| --- | --- | --- | --- | --- | --- |
| | | | | BI | PD |
| CONSTRUCTION OPERATIONS-OWNER-(NOT RAILROADS)-EXCLUDING OPERATIONS ON BOARD SHIPS | 51-16292 | | | | |
| | FIRST  $500,000 | 500,000 | | S  .092  E  .019 | .0381  .0140 |
| | NEXT  $500,000 | 250,000 | | S  .0458  E  .0099 | .0203  .0075 |
| | OVER  $1,000,000 | IF ANY | | S  .0153  E  .0033 | .0051  .0019 |

### PREMIUM ADJUSTMENT AT AUDIT

new coverage

SYMBOL No.
**8000**

C-17820  REV. 5-78  PRINTED IN U.S.A.   Countersigned By _____

DUPLICATE

ENDORSEMENT



**THE TRAVELERS INSURANCE COMPANIES**

This endorsement is issued by that member of The Travelers Insurance Companies which issued the policy of which this endorsement forms a part.

If any additional premium is noted below, this endorsement is issued in consideration thereof. If any return premium is noted below, the receipt thereof is acknowledged upon acceptance of this endorsement.

Effective from __01-01-78__ at the time of day the policy becomes effective. Amending Policy No. __TR-NSL-107T689-0-7__
(Month, Day, Year)

Issued to __OSMOSE WOOD PRESERVING CO OF AMERICA INC ET AL PER END 8000(1)__

Date of Issue: __09-26-78 LD/JL__   Additional Premium $     Return Premium $

(The information provided for above, except the policy number, is required to be stated only when this endorsement is issued for attachment to the policy subsequent to its effective date.)

It is agreed that as of the effective date hereof the policy is amended in the following particulars:

## ADDITIONAL CONDITION MATERIAL CHANGE

IT IS AGREED THAT ANY MATERIAL CHANGE TO THIS POLICY MAY ONLY BE MADE UNDER THE FOLLOWING CONDITIONS:

THE COMPANY MAY EFFECT CHANGE TO THIS POLICY BY MAILING TO THE NAMED INSURED AT THE ADDRESS SHOWN IN THIS POL-ICY WRITTEN ENDORSEMENT STATING WHEN,

(A) NOT LESS THAN TEN DAYS THEREAFTER IN CASE OF NON-PAYMENT OF PREMIUM

(B) NOT LESS THAN TEN DAYS THEREAFTER IN CASE ANY BANKRUPTCY OR DEBTOR RELIEF PROCEEDING IS BROUGHT BY OR AGAINST THE NAMED INSURED UNDER TITLE 11 OF THE U S CODE

(C) NOT LESS THAN SIXTY DAYS THEREAFTER IN ALL OTHER CASES, SUCH CHANGE SHALL BE EFFECTIVE.

SYMBOL NO.
**8000**

C-17820 REV. 5-78 PRINTED IN U.S.A.    Countersigned By _MS Faber_



**THE TRAVELERS INSURANCE COMPANIES**

This endorsement is issued by that member of The Travelers Insurance Companies which issued the policy of which this endorsement forms a part.

If any additional premium is noted below, this endorsement is issued in consideration thereof.  If any return premium is noted below, the receipt thereof is acknowledged upon acceptance of this endorsement.

Effective from ____ **01-01-78** ____ at the time of day the policy becomes effective.  Amending Policy No. **TR-NSL-107T689-0-78**
*(Month, Day, Year)*

Issued to ___ **OSMOSE WOOD PRESERVING CO OF AMERICA INC ET AL PER END 8000(1)** ___

Date of Issue:     **09-26-78   LD/JL**   Additional Premium $ _____     Return Premium $ _____

(The information provided for above, except the policy number, is required to be stated only when this endorsement is issued for attachment to the policy subsequent to its effective date.)

It is agreed that as of the effective date hereof the policy is amended in the following particulars:

*(Texas)*

ENDORSEMENT G222, PAGE 1, I. CONTRACTUAL LIABILITY COVERAGE
ELIMINATE THE PROVISIONS OF ITEM (B) EXCLUSION (5).

SYMBOL NO.
**8000**

C-17820  REV. 5-78  PRINTED IN U.S.A.     Countersigned By _____

ENDORSEMENT

 **THE TRAVELERS INSURANCE COMPANIES**

This endorsement is issued by that member of The Travelers Insurance Companies which issued the policy of which this endorsement forms a part.

If any additional premium is noted below, this endorsement is issued in consideration thereof. If any return premium is noted below, the receipt thereof is acknowledged upon acceptance of this endorsement.

Effective from___ **01-01-78**___at the time of day the policy becomes effective. Amending Policy No. **TR-NSL-107T689-0-78**
(*Month, Day, Year*)

Issued to___ **OSMOSE WOOD PRESERVING CO OF AMERICA INC ET AL PER END 8000(1)**

Date of Issue:    **09-26-78  LD/JL**    Additional Premium $          Return Premium $

(The information provided for above, except the policy number, is required to be stated only when this endorsement is issued for attachment to the policy subsequent to its effective date.)

It is agreed that as of the effective date hereof the policy is amended in the following particulars:

## DISCLOSURE OF HAZARDS

IT IS AGREED THAT FAILURE OF THE INSURED TO DISCLOSE ALL HAZARDS EXISTING AS OF THE INCEPTION DATE OF THE POLICY SHALL NOT PREJUDICE THE INSURED WITH RESPECT TO THE COVERAGE AFFORDED BY THIS POLICY PROVIDED SUCH FAILURE OR ANY OMISSION IS NOT INTENTIONAL.

SYMBOL NO.

**8000**

C-17820  REV. 5-78  PRINTED IN U.S.A.    Countersigned By___ *MS Faber*



OCT 2 4 1978

# THE TRAVELERS

Casualty-Property
Commercial Lines Department

October 19, 1978

Mr. Maurice S. Tabor, Chairman
Tabor Agency, Inc.
800 Wallbridge Building
Buffalo, New York 14202

Dear Maurice,                                                 *3 15 - 1*

Classification to various Osmose Products

With regard to our discussions at Osmose as respects more specific audit to
product sales I would intend that both our current policy and our renewal proposal
be subject to classification – audit as follows:

Osmose Wood Preserving Company –

Codes 35500, 38200 and 24302 as appropriate to machinery or equipment manu-
factured or fabricated, or made to Osmose design or specification or sold
under an Osmose Name – such as automatic treating plants, drying kilns or
osmocisors.

Codes 52512, 52111 and 52411 as appropriate to machinery or equipment or
materials that are the standard products of others that Osmose simply
wholesales-retails-such as forklift trucks or pile guard or squirrel guard
and probably deckits and C-trusses.

Code 28905 NOC to all chemical, plastic, paint or preservative products
(any products not more specifically classified above*) such as K-33, Flame-
proof, Preserving Stains, Osmoseal, Osmose Plus, Weathershield, Osmosalts,
Osmoplastic, Osmoband, Patox, Wood Fume, Pole Splint, Osmoweld and Pole
Topper-Fluid.                                                *see*
                                                            *Osmose*
                                                            *letter*
                                                            *10/31*

*Should Osmose itself sell any Animal Repellent, Inc. products, such as
Halt, such would be charged under similiar code – rates as Mail Order
53201.  (It is noted Animal Repellent, Inc. will be charged under Code
28702 for all of its sales).

Codes 15164 and 17895 which are completed operations codes would apply to
receipts for the activities noted assuming such exposures occur.

-2-

Animal Repellents, Incorporated --

Code 28702 NOC to all chemical, pesticide or otherwise, products manufactured, processed, mixed, blended, packaged, or made to Osmose formula by others such as Halt, Deer Repellent, Wasp or Hornet Spray and Rebuff.

Code 34112 to the filling of aerosol containers by the account.

Code 24992 to all wood products manufactured -- assembled by the account or built to Osmose design -- specification by others.

Code 53201 to all sales other than those of products more specifically described above.

With regard to the possible sale of safety materials, if such exposure appears likely to develop I will provide several group classifications -- rates similiar to what I have offered in past.

I will await your reply to the above, including consideration to any comments you may have, before instructions regarding the above to Travelers auditors.

Very truly yours

*Bob*

RLC:lh

R.L. Cicchetti
Account Executive
Special Accounts Marketing

cc:  A/M Carol Kelly
     C-L Buffalo

# THE TRAVELERS

*01 ... 12/1/78*

**Casualty-Property Department**
**Leslie M. Dow, CPCU, Vice President**

**April 12, 1978**

*1- Marketing file*
*2- Liability Policy*
*Code 300*

.TO TRAVELERS PRODUCERS:

## PUNITIVE AND EXEMPLARY DAMAGES EXCLUSION

Since ISO has withdrawn the Punitive and Exemplary Damage
Exclusion as of March 29, 1978, we will not attach the
exclusion for policies effective on and after March 29th.

We continue to believe that Punitive or Exemplary Damages
should, in accordance with original underwriting intent, be
clearly excluded from insurance contracts but have come to
agree that without uniform insurance industry support, the
insurability of such awards is best determined by the
establishment of appropriate legislative and judicial pro-
cedures.

As we did prior to ISO's introduction of this exclusion,
we will continue to interpret our policies as providing
no coverage for Punitive or Exemplary Damages wherever:

(1)  insurance for such damages is prohibited by the law
     or expressed public policy of the jurisdiction which
     awards such damages;

(2)  punitive damages are awarded because of bodily injury
     or property damage where the company has determined
     that such bodily injury or property damage was either
     expected or intended from the standpoint of the insured;

Policies written by our Special Accounts Marketing Division
(S.A.M.) are not automatically affected by this release.

*Leslie M. Dow*

**Leslie M. Dow**
**Vice President**

LMD:mrl

SEP 2 0 1978

# NOTICE OF COMMERCIAL POLICY CHANGE
*Please keep with your policy*

**THE TRAVELERS**
HARTFORD, CONNECTICUT

Effective Date of Change: 6-9-78

| POLICY NO. | EXPIRATION DATE | INSURED |
|---|---|---|
| T-NSL-107T689-0-78 | 1-1-79 | Osmose Wood Preserving Co. of America, Inc. |

Please record the following changes on the Companies' records for the above designated policy:

**1.**

Name, Address and Zip Code of Insured
*(New address if applicable)*

☐ Name of Insured is changed as shown.
☐ Address of Named Insured is changed as shown.
☐ Location of Property Insured is changed as shown.

**2.** ANY LOSS UNDER ANY PROPERTY COVERAGES AFFORDED BY THE POLICY IS PAYABLE AS INTEREST MAY APPEAR TO THE NAMED INSURED AND: *(Enter Name and address including zip code)*

**3.** TO AFFORD INSURANCE WITH RESPECT TO THE AUTOMOBILE DESCRIBED HEREIN, SUBJECT TO ALL OF THE TERMS OF THE POLICY EXCEPT AS AMENDED HEREIN:

| YEAR & MAKE | BODY TYPE, SIZE OR MODEL | IDENTIFICATION # | GROSS VEHICLE WEIGHT OR GROSS COMBINED WEIGHT | GARAGE LOCATION (Town and State) |
|---|---|---|---|---|

RADIUS OF OPERATIONS    If Radius over 200 Miles show Places    USE: ☐ SERVICE  ☐ RETAIL  ☐ COMMERCIAL

_____ Miles    From _____ To _____

Complete For Physical Damage ☐ S ___ DED  ☐ ACV  ☐ STATED AMT. $ _____  ☐ COMPRE.  ☐ FIRE  ☐ THEFT  ☐ CAC
Coverage Only: ☐ COLLISION WITH $ _____ DEDUCTIBLE  $ _____ COST NEW

Complete Only If Private Passenger Car Registered in Name of Individual: ANNUAL MILEAGE _____ AGE OF OPERATOR _____
DRIVEN TO WORK? ☐ YES  ☐ NO    MILEAGE ONE WAY _____    USED IN BUSINESS: ☐ YES  ☐ NO

| MASS. ONLY—PLATE NO.—REGISTRATION EXPIRATION DATE | "NO-FAULT" OPTIONS: | STATE | OPTION |
|---|---|---|---|

**4.** TO DELETE THE FOLLOWING AUTOMOBILE:

| YEAR & MAKE | TYPE OR MODEL | IDENTIFICATION # | GARAGE LOCATION |
|---|---|---|---|

**5.** ANY OTHER CHANGE *(addition, deletion, amendment of coverage or limits of liability:)*

Re: **Osmose Realty Corporation**

Liability is hereby added for location at
996 Ellicott Street, Buffalo, New York
Empty lot 33' frontage x 230' depth.

If any premium adjustment by endorsement is required because of these changes, the policy will be so endorsed. Otherwise, it is agreed that, if the policy provides for audit adjustment, the additional or return premiums required because of the above changes will be determined and become payable at the end of the audit period, as provided in the policy conditions.

| OFFICE & DISTRICT | PRODUCER | SIGNED | DATE |
|---|---|---|---|
| Buffalo, New York | Maurice S. Tabor | M S Tabor | June 9, 1978 |

THE TRAVELERS INSURANCE COMPANY
THE TRAVELERS INDEMNITY COMPANY
THE CHARTER OAK FIRE INSURANCE COMPANY

THE TRAVELERS INDEMNITY COMPANY OF ILLINOIS
THE TRAVELERS INDEMNITY COMPANY OF RHODE ISLAND
THE TRAVELERS INDEMNITY COMPANY OF AMERICA

C-15435  REV. 5-77  PRINTED IN U.S.A.    **INSURED'S COPY**

## LOSS PAYABLE CLAUSE

Loss or damage, if any, under the policy shall be payable as interest may appear to the Lienholder stated in the policy and this insurance as to the interest of the Bailment Lessor, Conditional Vendor, Mortgagee or other secured party or Assignee of Bailment Lessor, Conditional Vendor, Mortgagee or other secured party (herein called the lienholder) shall not be invalidated by any act or neglect of the Lessee, Mortgagor, Owner of the within described automobile or other Debtor nor by any change in the title or ownership of the property; provided, however, that the conversion, embezzlement or secretion by the Lessee, Mortgagor, Purchaser or other Debtor in possession of the property insured under a bailment lease, conditional sale, mortgage or other security agreement is not covered under such policy, unless specifically insured against and premium paid therefor; and provided, also, that in case the Lessee, Mortgagor, Owner or other Debtor shall neglect to pay any premium due under such policy the Lienholder shall, on demand, pay the same.

Provided also, that the Lienholder shall notify the company of any change of ownership or increase of hazard which shall come to the knowledge of said Lienholder and, unless permitted by such policy, it shall be noted thereon and the Lienholder shall, on demand, pay the premium for such increased hazard for the term of the use thereof; otherwise such policy shall be null and void.

The company reserves the right to cancel such policy at any time as provided by its terms, but in such case the company shall notify the Lienholder when not less than ten days thereafter such cancellation shall be effective as to the interest of said Lienholder therein and the company shall have the right, on like notice, to cancel this agreement.

If the insured fails to render proof of loss within the time granted in the policy conditions, such Lienholder shall do so within sixty days thereafter, in form and manner as provided by the policy, and further, shall be subject to the provisions of the policy relating to appraisal and time of payment and of bringing suit.

Whenever the company shall pay the Lienholder any sum for loss or damage under such policy and shall claim that, as to the Lessee, Mortgagor, Owner or other Debtor, no liability therefor existed, the company shall, to the extent of such payment, be thereupon legally subrogated to all the rights of the party to whom such payment shall be made, under all securities held as collateral to the debt, or, may at its option, pay to the Lienholder the whole principal due or to grow due on the mortgage or other security agreement with interest, and shall thereupon receive a full assignment and transfer of the mortgage or other security agreement and of all such other securities; but no subrogation shall impair the right of the Lienholder to recover the full amount of its claim.

Whenever a payment of any nature becomes due under the policy, separate payment may be made to each party at interest provided the company protects the equity of all parties.

C-1543S (BACK)

**ENDORSEMENT**

JUL 6 1978

 **THE TRAVELERS INSURANCE COMPANIES**

This endorsement is issued by that member of The Travelers Insurance Companies which issued the policy of which this endorsement forms a part.

If any additional premium is noted below, this endorsement is issued in consideration thereof. If any return premium is noted below, the receipt thereof is acknowledged upon acceptance of this endorsement.

Effective from ___01-01-78___ at the time of day the policy becomes effective.
(*Month, Day, Year*)

Amending Policy No. __TR-UB-107T686-5-78__

Issue: __OSMOSE WOOD PRESERVING CO OF AMERICA INC ET AL PER SCHEDULES 3877__

Date of Issue: __06-15-78  DS/JGW__    Additional Premium $ ____    Return Premium $ ____

(The information provided for above, except the policy number, is required to be stated only when this endorsement is issued for attachment to the policy subsequent to its effective date.)

It is agreed that as of the effective date hereof the policy is amended in the following particulars:

TO ADD AN ADDITIONAL WORKPLACE:

SCHEDULE #2

OSMOSE WOOD PRESERVING CO OF AMERICA INC

| LOCATION | CLASSIFICATION | ESTIMATED TOTAL ANNUAL REMUNERATION |
|----------|----------------|-------------------------------------|
| STATE OF AZ | 11-5474-2 | 1,000 |

INCR. LIMITS  2%

TENTATIVE EXPER MODIFICATION  1.10

PREMIUM ADJUSTMENT AT AUDIT

SYMBOL NO.
8000

17820  REV. 8-75 PRINTED IN U.S.A.  (776)  Countersigned By __M S Faber__

ENDORSEMENT



**THE TRAVELERS INSURANCE COMPANIES**

This endorsement is issued by that member of The Travelers Insurance Companies which issued the policy of which this endorsement forms a part.

If any additional premium is noted below, this endorsement is issued in consideration thereof.  If any return premium is noted below, the receipt thereof is acknowledged upon acceptance of this endorsement.

Effective from **01-01-78** at the time of day the policy becomes effective.  Amending Policy No. **TR-UB-107T686-5-78**
(*Month, Day, Year*)

Issued to **OSMOSE WOOD PRESERVING CO OF AMERICA INC ET AL PER SCHEDULES 3877**

Date of Issue: **05-25-78 PC/DT**     Additional Premium $     Return Premium $

(The information provided for above, except the policy number, is required to be stated only when this endorsement is issued for attachment to the policy subsequent to its effective date.)

It is agreed that as of the effective date hereof the policy is amended in the following particulars:

THE RATES FOR THE FOLLOWING CLASSIFICATIONS ARE CHANGED TO READ AS STATED BELOW:

|  | CLASS | RATE |
|---|---|---|
| STATE OF IL | | |
| | 2-5606-12 | 3.38 |
| | 5-9014 | 2.26 |
| | 11-5474 | 6.31 |
| | 15-8742 | .51 |
| STATE OF MN | | |
| | 5-9014-22 | 5.46 |
| | 11-5474 | 7.25 |

ENDORSEMENT 25480 IS AMENDED TO READ:

| STATE | PERCENTAGE |
|---|---|
| IL | 35% |
| MN | 41% |

PREMIUM ADJUSTMENT WILL BE MADE ON AUDIT

SYMBOL NO.
**8000**

C-17820  REV. 8-75  PRINTED IN U.S.A.  (776)  Countersigned By _MS Faber_

JUN 1 4 1978

## SCHEDULE

Page 2

| 1. Group of Employees | State of Operations | Designated Workmen's Compensation Law |
|---|---|---|
| ALL EMPLOYEES EXCLUDING MASTERS AND MEMBERS OF THE CREW OF ANY VESSEL | ALL STATES EXCEPT WI | WORKERS' COMPENSATION LAW OR LAWS OF THE STATE OF OPERATION |

*See l. 9/20/78 off*

2. Limits of Liability

Bodily Injury by Accident
each employee     $ 1,000,000
each accident     $ 1,000,000
Bodily Injury by Disease
each employee     $ 1,000,000
aggregate disease $ 1,000,000
(per state)

Amending Policy No. __TR-UB-107T686-5-78__   Issued To __OSMOSE WOOD PRESERVING CO OF AMERICA INC ET AL PER SCHEDULES__

Name of Insured                    3877

Effective from __01-01-78__
At 12:01 A.M. Standard Time

This endorsement is issued by that member of The Travelers Insurance Companies which issued the policy of which this endorsement forms a part.

05-25-78 PC/DT

Secretary

C-13246 3-69 PRINTED IN U.S.A.  NS (576)

16171



# THE TRAVELERS

Casualty-Property
Commercial Lines Department

## NOTICE TO THE PRODUCER

The enclosed policy provides coverage for Compensation exposures in North Carolina.

Recent legislation passed in North Carolina permits the use of higher rates even though the Commissioner has disapproved a filing. When a Company elects to use the higher rate the resulting difference in premium must be held in Escrow at a specified rate of interest for possible return to the insured should the North Carolina courts uphold the Commissioner's ruling or approve an increase of a lesser amount than was filed.

The Travelers intends to issue policies at the higher rates and therefore pay commissions based on the higher premium. Should we at some future date be required to refund premium plus interest, it is our intent to absorb the interest for the entire return premium - including that portion of interest involving commissions. You will, of course, be responsible for any return commission.

Should you have any questions concerning this matter please contact the Travelers office that produced your policy.

Leslie M. Dow
Vice President

LMD/bc

## NOTICE OF RATE CHANGE — NORTH CAROLINA

With respect to Workers' Compensation and Employers' Liability Insurance afforded for operations in the State of North Carolina, and for all new and renewal policies having an anniversary rating date on or after January 1, 1978, the following schedule of rates is applicable effective as of February 1, 1978, pursuant to the provisions of Article 12B, Chapter 58 of the North Carolina General Statutes:

| CODE | RATE | CODE | RATE | CODE | RATE | CODE | RATE | CODE | RATE | CODE | RATE | CODE | RATE |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 0005 | $ 1.82 | 1924 | 1.95 | 2503 | .20 | 3004 | 2.68 | 3331 | 2.92 | 4000 | 2.96 | 4484 | 1.62 |
| 0008 | 1.82 | 1925 | 3.51 | 2531 | .64 | 3017 | 1.83 | 3334 | 2.24 | 4021 | 1.87 | 4493 | 1.67 |
| 0016 | 3.29 | 2001 | 1.62 | 2532 | .46 | 3018 | 1.92 | 3336 | 1.07 | 4024 | 2.14 | 4511 | .47 |
| 0034 | 1.54 | 2002 | 2.65 | 2534 | .61 | 3022 | 2.03 | 3365 | 3.92 | 4034 | 4.26 | 4536 | 1.90 |
| 0035 | 1.22 | 2003 | 1.23 | 2537 | .54 | 3027 | 1.61 | 3372 | 1.78 | 4036 | 1.59 | 4557 | 1.06 |
| 0036 | 3.29 | 2014 | 3.30 | 2538 | 1.31 | 3028 | 2.30 | 3373 | 4.64 | 4038 | .82 | 4558 | 1.35 |
| 0037 | 3.29 | 2016 | 1.13 | 2560 | .53 | 3030 | 4.04 | 3374 | 2.13 | 4053 | .80 | 4561 | .90 |
| 0042 | 1.94 | 2021 | 1.27 | 2570 | 1.49 | 3040 | 2.44 | 3381 | .99 | 4054 | .92 | 4567 | 4.42 |
| 0050 | 3.84 | 2030 | 3.67 | 2571 | 1.32 | 3041 | 2.00 | 3382 | .71 | 4061 | 1.40 | 4568 | 1.83 |
| 0059 | .73 | 2039 | 1.30 | 2575 | 1.65 | 3042 | 1.54 | 3383 | .63 | 4062 | 1.23 | 4581 | 1.32 |
| 0065 | .14 | 2041 | 1.21 | 2576 | 1.29 | 3060 | 2.52 | 3385 | .35 | 4101 | 1.21 | 4583 | 2.84 |
| 0066 | .14 | 2065 | 1.43 | 2578 | 1.41 | 3064 | 1.82 | 3400 | 4.61 | 4102 | 1.60 | 4585 | 1.95 |
| 0067 | .14 | 2070 | 1.29 | 2585 | .92 | 3066 | 2.04 | 3507 | 1.91 | 4111 | .96 | 4586 | 1.93 |
| 0079 | 1.82 | 2081 | 3.60 | 2586 | .85 | 3075 | 1.90 | 3515 | 1.37 | 4112 | .47 | 4597 | 1.18 |
| 0083 | 3.29 | 2089 | 2.22 | 2587 | .79 | 3076 | 1.95 | 3516 | 1.03 | 4113 | .54 | 4611 | .63 |
| 0106 | 5.48 | 2095 | 1.91 | 2589 | .95 | 3081 | 2.50 | 3548 | 1.08 | 4114 | 1.03 | 4627 | 2.50 |
| 0113 | 1.54 | 2101 | 2.12 | 2600 | .85 | 3082 | 2.70 | 3559 | 1.29 | 4130 | 2.60 | 4628 | 1.03 |
| 0169 | 3.29 | 2105 | 1.38 | 2623 | 2.68 | 3085 | 2.44 | 3561 | .69 | 4131 | 2.36 | 4635 | 1.60 |
| 0170 | 1.54 | 2110 | 1.86 | 2640 | 5.34 | 3091 | 2.12 | 3565 | .41 | 4133 | .82 | 4653 | 2.01 |
| 0251 | 2.05 | 2111 | 2.17 | 2651 | 1.72 | 3093 | 2.90 | 3571 | .51 | 4150 | .36 | 4665 | 4.83 |
| 0301 | 1.88 | 2112 | 1.41 | 2660 | .71 | 3110 | 2.89 | 3574 | .36 | 4206 | 1.98 | 4670 | 4.34 |
| 0400 | 2.56 | 2114 | 1.27 | 2670 | .52 | 3111 | 2.28 | 3580 | .81 | 4207 | 1.40 | 4673 | 6.65 |
| 0401 | 5.82 | 2121 | 1.85 | 2683 | .77 | 3113 | .98 | 3581 | .64 | 4239 | 1.38 | 4683 | 2.02 |
| 1005 | 7.94 | 2130 | 2.07 | 2686 | 1.32 | 3114 | 1.22 | 3612 | .93 | 4240 | 1.70 | 4686 | 3.81 |
| 1009 | 17.52 | 2131 | .95 | 2688 | .74 | 3117 | .59 | 3620 | 1.87 | 4243 | 1.45 | 4692 | .35 |
| 1164 | 16.91 | 2143 | 3.03 | 2705 | 16.54 | 3118 | 1.38 | 3629 | 1.44 | 4244 | 2.61 | 4693 | .91 |
| 1165 | 2.29 | 2150 | 3.37 | 2706 | 12.60 | 3119 | .55 | 3632 | 1.25 | 4250 | 1.32 | 4703 | 1.35 |
| 1320 | 1.24 | 2156 | 1.60 | 2707 | 12.64 | 3120 | .70 | 3634 | 1.32 | 4251 | .74 | 4710 | 1.18 |
| 1322 | 4.63 | 2157 | 1.56 | 2710 | 5.03 | 3122 | 1.24 | 3635 | 1.27 | 4263 | 2.33 | 4712 | 1.80 |
| 1330 | 15.03 | 2172 | .36 | 2714 | 2.72 | 3126 | 1.57 | 3638 | .99 | 4273 | 1.27 | 4716 | 1.37 |
| 1421 | 4.24 | 2173 | .63 | 2731 | 2.52 | 3131 | 1.22 | 3639 | 1.81 | 4279 | 1.29 | 4717 | 1.72 |
| 1430 | 3.50 | 2174 | 2.00 | 2735 | 2.56 | 3132 | 1.73 | 3642 | .47 | 4282 | .45 | 4720 | 1.48 |
| 1438 | 2.02 | 2177 | .22 | 2741 | 5.06 | 3145 | 1.16 | 3643 | .97 | 4283 | 2.45 | 4730 | 1.22 |
| 1452 | 3.58 | 2211 | 4.02 | 2747 | 2.22 | 3146 | 1.37 | 3647 | 1.75 | 4299 | .79 | 4740 | 1.21 |
| 1463 | 3.08 | 2216 | 4.78 | 2759 | 3.87 | 3152 | 1.46 | 3648 | .64 | 4301 | 1.43 | 4741 | 2.63 |
| 1470 | 2.09 | 2220 | 1.21 | 2763 | 1.72 | 3154 | .84 | 3681 | .56 | 4304 | .80 | 4743 | 1.85 |
| 1473 | 1.91 | 2260 | 2.06 | 2766 | 1.21 | 3169 | 1.94 | 3685 | .53 | 4307 | .72 | 4750 | 1.53 |
| 1474 | 2.36 | 2280 | 1.67 | 2790 | .95 | 3175 | 2.41 | 3686 | .69 | 4308 | .30 | 4751 | 1.70 |
| 1605 | 5.48 | 2286 | .88 | 2791 | .67 | 3179 | .77 | 3719 | 2.78 | 4350 | .45 | 4761 | 7.33 |
| 1624 | 3.36 | 2288 | 2.14 | 2797 | 1.14 | 3180 | 1.30 | 3724 | 2.38 | 4351 | .16 | 4766 | 2.17 |
| 1642 | 1.70 | 2300 | 1.03 | 2802 | 2.91 | 3188 | 1.40 | 3726 | 3.64 | 4352 | .45 | 4767 | 1.37 |
| 1654 | 3.35 | 2302 | .96 | 2804 | 1.65 | 3200 | 1.04 | 3803 | 1.32 | 4360 | .32 | 4770 | 3.73 |
| 1655 | 4.68 | 2305 | .74 | 2812 | (A) | 3220 | 1.10 | 3807 | 1.62 | 4361 | .36 | 4773 | 8.67 |
| 1699 | 1.70 | 2348 | 1.32 | 2835 | .99 | 3223 | 3.30 | 3808 | 1.83 | 4362 | .22 | 4774 | 6.15 |
| 1701 | 1.45 | 2352 | 1.27 | 2836 | 1.56 | 3224 | 1.81 | 3821 | (A) | 4400 | 2.37 | 4775 | 4.72 |
| 1703 | 2.07 | 2361 | .45 | 2841 | 2.70 | 3227 | 3.45 | 3822 | 1.32 | 4410 | 1.43 | 4776 | 7.40 |
| 1710 | 4.59 | 2362 | .85 | 2881 | 1.83 | 3240 | 1.94 | 3824 | 2.47 | 4417 | .64 | 4779 | 6.15 |
| 1741 | 5.41 | 2380 | .72 | 2883 | 1.71 | 3241 | 1.95 | 3826 | .71 | 4420 | 1.21 | 4799 | 13.58 |
| 1745 | 1.64 | 2386 | .71 | 2913 | 1.18 | 3255 | 1.14 | 3827 | .78 | 4431 | .77 | 4825 | (A) |
| 1747 | 2.68 | 2388 | .50 | 2915 | 2.17 | 3257 | 2.09 | 3830 | (A) | 4432 | .56 | 4902 | .95 |
| 1748 | 1.00 | 2402 | 1.22 | 2916 | 2.36 | 3270 | .91 | 3851 | 1.40 | 4439 | 1.85 | 4923 | .75 |
| 1803 | 4.58 | 2413 | 1.19 | 2923 | 1.16 | 3300 | 1.93 | 3864 | 2.55 | 4452 | 1.48 | 4940 | 1.05 |
| 1852 | 5.05 | 2416 | .90 | 2942 | .92 | 3303 | 2.26 | 3865 | .96 | 4459 | 1.39 | 5000 | 10.72 |
| 1853 | 1.73 | 2417 | 1.26 | 2960 | 3.44 | 3307 | 2.23 | 3881 | (A) | 4470 | 1.06 | 5022 | 1.71 |
| 1860 | 1.04 | 2501 | .52 | 3002 | 1.96 | 3315 | 1.51 | 3883 | 2.14 | 4479 | 1.26 | 5037 | 14.35 |

# NOTICE OF RATE CHANGE — NORTH CAROLINA

## (Continued)

| CODE | RATE | CODE | RATE | CODE | RATE | CODE | RATE | CODE | RATE | CODE | RATE | CODE | RATE |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 5040 | 16.02 | 6017 | 5.34 | 7422 | 3.49 | 8203 | 4.11 | 9014 | 1.16 | 9600 | .55 | 7352F | 2.92 |
| 5057 | 6.28 | 6018 | 3.35 | 7423 | 1.78 | 8204 | 3.50 | 9015 | 1.35 | 9610 | 1.07 | 8709F | 2.05 |
| 5059 | 10.93 | 6045 | 4.20 | 7425 | 3.66 | 8209 | 1.84 | 9016 | .92 | 9620 | .75 | 8726F | 3.34 |
| 5069 | 8.02 | 6204 | 4.80 | 7430 | (A) | 8215 | 1.69 | 9019 | 1.22 | 9630 | 13.20 | 9077F | .82 |
| 5102 | 2.48 | 6206 | 4.02 | 7431 | 3.49 | 8227 | 1.64 | 9023 | 1.35 | | | | |
| 5146 | 2.47 | 6209 | 9.76 | 7500 | .98 | 8232 | 2.18 | 9033 | .99 | 0908 | 8.00 | 6702 | (A) |
| 5160 | 1.91 | 6213 | 2.75 | 7502 | 1.10 | 8233 | 2.98 | 9040 | .77 | 0909 | 9.00 | 6703 | (A) |
| 5183 | 2.12 | 6214 | 2.49 | 7515 | 1.14 | 8235 | 1.93 | 9052 | .88 | 0912 | 22.00 | 7016 | 7.78 |
| 5188 | 2.63 | 6216 | 5.42 | 7520 | 1.30 | 8263 | 7.13 | 9053 | .82 | 0913 | 17.00 | 7019 | 7.78 |
| 5190 | 2.02 | 6217 | 3.40 | 7529 | 7.24 | 8264 | 4.05 | 9058 | .88 | | | 7020 | 7.78 |
| 5191 | .41 | 6229 | 4.31 | 7538 | 6.89 | 8265 | 5.08 | 9060 | 1.20 | 4800 | 5.98 | 7024 | 8.65 |
| 5192 | 1.10 | 6233 | 4.61 | 7539 | 4.11 | 8266 | 1.97 | 9061 | .72 | 4801 | 5.72 | 7027 | 8.65 |
| 5213 | 2.78 | 6235 | 4.21 | 7540 | 2.57 | 8279 | 3.33 | 9063 | .63 | 4802 | 3.94 | 7028 | 8.65 |
| 5215 | 1.97 | 6236 | 4.63 | 7570 | 2.01 | 8288 | 1.81 | 9078 | 1.70 | 4803 | 3.37 | 7036 | 4.32 |
| 5221 | 2.16 | 6237 | 1.34 | 7580 | 1.09 | 8291 | 1.97 | 9079 | .88 | 4804 | 5.69 | 7037 | 4.32 |
| 5222 | 4.95 | 6251 | 8.91 | 7590 | 2.70 | 8292 | 1.87 | 9080 | .52 | 4805 | 4.28 | 7038 | 4.32 |
| 5223 | 2.58 | 6252 | 5.28 | 7600 | 1.07 | 8293 | 3.35 | 9088 | (A) | 4806 | 3.75 | 7039 | 7.78 |
| 5348 | 1.72 | 6254 | (A) | 7601 | 4.74 | 8304 | 3.33 | 9089 | .37 | 4807 | 3.34 | 7046 | 2.92 |
| 5402 | 2.95 | 6257 | 11.34 | 7610 | .21 | 8350 | 1.77 | 9093 | 1.02 | 4808 | 3.51 | 7047 | 15.63 |
| 5403 | 3.81 | 6260 | (A) | 7704 | 1.30 | 8353 | 1.98 | 9101 | .99 | 4809 | 3.20 | 7048 | 8.67 |
| 5437 | 2.97 | 6306 | 2.94 | 7720 | 2.15 | 8385 | 1.36 | 9102 | 1.62 | 4810 | 2.15 | 7049 | 8.67 |
| 5443 | 1.88 | 6319 | 2.83 | 7855 | 6.02 | 8387 | 1.64 | 9149 | .90 | 4811 | 2.12 | 7050 | 8.67 |
| 5445 | 1.71 | 6325 | 4.01 | 8001 | .71 | 8391 | 1.14 | 9154 | .61 | 4812 | 2.21 | 7051 | 15.63 |
| 5462 | 4.13 | 6400 | 3.02 | 8006 | .86 | 8392 | 1.43 | 9156 | .28 | 4813 | 2.12 | 7062 | 15.63 |
| 5469 | 17.60 | 6504 | 1.43 | 8008 | .39 | 8393 | 2.02 | 9170 | 14.18 | 4814 | 2.12 | 7070 | 15.63 |
| 5474 | 3.15 | 6701 | (A) | 8010 | .55 | 8500 | (A) | 9178 | 4.51 | 4815 | 2.11 | 7079 | 7.( |
| 5479 | 3.47 | 6834 | 1.62 | 8013 | .18 | 8601 | .51 | 9179 | 9.78 | 4816 | 2.14 | 7088 | 4.80 |
| 5480 | 2.98 | 6841 | (A) | 8017 | .47 | 8606 | 3.54 | 9180 | 4.00 | 4817 | 1.78 | 7089 | 4.80 |
| 5491 | .97 | 7130 | 1.78 | 8018 | 1.21 | 8710 | 1.04 | 9182 | .90 | 4818 | 1.78 | 7090 | 4.80 |
| 5506 | 3.38 | 7133 | 2.63 | 8021 | 1.33 | 8719 | .89 | 9186 | 7.32 | 4819 | 1.78 | 7091 | 8.65 |
| 5507 | 2.99 | 7201 | 3.99 | 8031 | 1.89 | 8720 | .28 | 9220 | 1.41 | 4820 | 2.02 | 7097 | 8.65 |
| 5508 | 6.53 | 7207 | 3.53 | 8032 | .41 | 8731 | .90 | 9402 | 1.84 | 4821 | 1.40 | 7098 | 3.24 |
| 5538 | 2.74 | 7219 | 2.42 | 8033 | .73 | 8742 | .23 | 9403 | 2.73 | 4822 | 1.40 | 7099 | 5.86 |
| 5551 | 6.61 | 7222 | 2.96 | 8039 | .34 | 8745 | 1.15 | 9410 | 1.17 | 4823 | 1.21 | 7131 | 15.63 |
| 5606 | 1.79 | 7230 | 1.55 | 8044 | .73 | 8748 | .31 | 9501 | 1.03 | | | 7151 | (A) |
| 5610 | 2.82 | 7250 | 4.87 | 8046 | .74 | 8755 | .42 | 9505 | .98 | 6801F | 5.23 | 7152 | (A) |
| 5645 | 3.21 | 7360 | 1.97 | 8047 | .96 | 8800 | .28 | 9519 | 1.11 | 6824F | 3.03 | 7333 | 4.39 |
| 5651 | 3.21 | 7362 | 2.27 | 8050 | .53 | 8803 | .13 | 9521 | 1.19 | 6843F | 8.50 | 7335 | 4.88 |
| 5697 | 9.43 | 7380 | 1.67 | 8058 | 2.18 | 8810 | .07 | 9522 | .64 | 6845F | 4.75 | 7337 | 8.81 |
| 5701 | 9.43 | 7382 | 1.60 | 8090 | .75 | 8828 | .82 | 9529 | (A) | 6872F | 12.21 | 7394 | 8.03 |
| 5703 | 8.32 | 7390 | 1.38 | 8102 | 1.35 | 8831 | 1.27 | 9530 | 14.15 | 6874F | 21.99 | 7395 | 8.92 |
| 5705 | (A) | 7403 | .71 | 8103 | 2.56 | 8832 | .21 | 9539 | 4.32 | 7309F | 14.21 | 7398 | 16.12 |
| 5706 | 11.50 | 7405 | 3.02 | 8105 | 1.41 | 8833 | .28 | 9545 | 1.69 | 7313F | 6.87 | 8737 | (A) |
| 5951 | .90 | 7409 | 13.87 | 8106 | 2.93 | 8835 | .47 | 9549 | 4.74 | 7317F | 11.32 | 8738 | (A) |
| 5954 | 1.39 | 7418 | 9.38 | 8107 | 1.89 | 8837 | (A) | 9552 | 3.13 | 7323F | 6.38 | 8814 | (A) |
| 6003 | 6.93 | 7420 | 15.22 | 8111 | 1.36 | 8868 | .13 | 9553 | 4.56 | 7327F | 7.62 | 8815 | (A) |
| 6005 | 5.78 | 7421 | 1.18 | 8116 | 1.58 | 8901 | .22 | 9586 | .21 | 7350F | 1.81 | | |

United States Longshoremen's and Harbor Workers' Compensation Coverage Percentage.............. 144%

WORKMEN'S COMPENSATION AND
EMPLOYERS' LIABILITY POLICY



# THE TRAVELERS INSURANCE COMPANIES

### Hartford, Connecticut



## TABOR AGENCY, INC.
### ALL FORMS OF INSURANCE
800 WALBRIDGE BLDG.    BUFFALO, N. Y. 14202
Phone: 852-0424

THIS POLICY, THE DECLARATIONS AND ALL SCHEDULES AND
ENDORSEMENTS ISSUED TO FORM A PART HEREOF, CONSTITUTE
THE ENTIRE INSURANCE POLICY.

# The Travelers Insurance Companies

**(Each a Stock Insurance Company)**

**Hartford, Connecticut**

The member of The Travelers Insurance Companies designated in the declarations as the insurer (herein called the company) agrees with the insured, named in the declarations made a part hereof, in consideration of the payment of the premium and in reliance upon the statements in the declarations and subject to the limits of liability, exclusions, conditions and other terms of this policy:

# Insuring Agreements

## I. Coverage A—Workmen's Compensation

To pay promptly when due all compensation and other benefits required of the insured by the workmen's compensation law.

## Coverage B—Employers' Liability

To pay on behalf of the insured all sums which the insured shall become legally obligated to pay as damages because of bodily injury by accident or disease, including death at any time resulting therefrom,

(a) sustained in the United States of America, its territories or possessions, or Canada by any employee of the insured arising out of and in the course of his employment by the insured either in operations in a state designated in Item 3 of the declarations or in operations necessary or incidental thereto, or

(b) sustained while temporarily outside the United States of America, its territories or possessions, or Canada by any employee of the insured who is a citizen or resident of the United States or Canada arising out of and in the course of his employment by the insured in connection with operations in a state designated in Item 3 of the declarations; but this insurance does not apply to any suit brought in or any judgment rendered by any court outside the United States of America, its territories or possessions, or Canada or to an action on such judgment wherever brought.

## II. Defense, Settlement, Supplementary Payments

As respects the insurance afforded by the other terms of this policy the company shall:

(a) defend any proceeding against the insured seeking such benefits and any suit against the insured alleging such injury and seeking damages on account thereof, even if such proceeding or suit is groundless, false or fraudulent; but the company may make such investigation, negotiation and settlement of any claim or suit as it deems expedient;

(b) pay all premiums on bonds to release attachments for an amount not in excess of the applicable limit of liability of this policy, all premiums on appeal bonds required in any such defended proceeding or suit, but without any obligation to apply for or furnish any such bonds;

(c) pay all expenses incurred by the company, all costs taxed against the insured in any such proceeding or suit and all interest accruing after entry of judgment until the company has paid or tendered or deposited in court such part of such judgment as does not exceed the limit of the company's liability thereon;

(d) reimburse the insured for all reasonable expenses, other than loss of earnings, incurred at the company's request.

The amounts incurred under this insuring agreement, except settlements of claims and suits, are payable by the company in addition to the amounts payable under Coverage A or the applicable limit of liability under Coverage B.

## III. Definitions

(a) **Workmen's Compensation Law.** The unqualified term "workmen's compensation law" means the workmen's compensation law or workers' compensation law and any occupational disease law of a state designated in Item 3 of the declarations, but does not include those provisions of any such law which provide non-occupational disability benefits.

(b) **State.** The word "state" means any State or Territory of the United States of America and the District of Columbia.

(c) **Bodily Injury by Accident; Bodily Injury by Disease.** The contraction of disease is not an accident within the meaning of the word "accident" in the term "bodily injury by accident" and only such disease as results directly from a bodily injury by accident is included within the term "bodily injury by accident". The term "bodily injury by disease" includes only such disease as is not included within the term "bodily injury by accident".

(d) **Assault and Battery.** Under Coverage B, assault and battery shall be deemed an accident unless committed by or at the direction of the insured.

## IV. Application of Policy

This policy applies only to injury (1) by accident occurring during the policy period, or (2) by disease caused or aggravated by exposure of which the last day of the last exposure, in the employment of the insured, to conditions causing the disease occurs during the policy period.

# Exclusions

**This policy does not apply:**

(a) under Coverages A and B, to operations conducted at or from any workplace not described in Item 1 or 4 of the declarations if the insured has, under the workmen's compensation law, other insurance for such operations or is a qualified self-insurer therefor;

(b) under Coverages A and B, unless required by law or described in the declarations, to domestic employment or to farm or agricultural employment;

(c) under Coverage B, to liability assumed by the insured under any contract or agreement, but this exclusion does not apply to a warranty that work performed by or on behalf of the insured will be done in a workmanlike manner;

(d) under Coverage B, (1) to punitive or exemplary damages on account of bodily injury to or death of any employee employed in violation of law, or (2) with respect to any employee employed in violation of law with the knowledge or acquiescence of the insured or any executive officer thereof;

(e) under Coverage B, to bodily injury by disease unless prior to thirty-six months after the end of the policy period written claim is made or suit is brought against the insured for damages because of such injury or death resulting therefrom;

(f) under Coverage B, to any obligation for which the insured or any carrier as his insurer may be held liable under the workmen's compensation or occupational disease law of a state designated in Item 3 of the declarations, any other workmen's compensation or occupational disease law, any unemployment compensation or disability benefits law, or under any similar law.

# Conditions

The conditions, except conditions 7, 8, 9 and 15, apply to all coverages.
Conditions 7, 8, 9 and 15, apply only to the coverage noted thereunder.

**1. Premium.** The premium bases and rates for the classifications of operations described in the declarations are as stated therein and for classifications not so described are those applicable in accordance with the manuals in use by the company. This policy is issued by the company and accepted by the insured with the agreement that if any change in classifications, rates or rating plans is or becomes applicable to this policy under any law regulating this insurance or because of any amendments affecting the benefits provided by the workmen's compensation law, such change with the effective date thereof shall be stated in an endorsement issued to form a part of this policy.

When used as a premium basis, "remuneration" means the entire remuneration, computed in accordance with the manuals in use by the company, earned during the policy period by (a) all executive officers and other employees of the insured engaged in operations covered by this policy, and (b) any other person performing work which may render the company liable under this policy for injury to or death of such person in accordance with the workmen's compensation law. "Remuneration" shall not include the remuneration of any person within division (b) foregoing if the insured maintains evidence satisfactory to the company that the payment of compensation and other benefits under such law to such person is secured by other valid and collectible insurance or by any other undertaking approved by the governmental agency having jurisdiction thereof.

If the declarations provide for adjustment of premium on other than an annual basis, the insured shall pay the deposit premium to the company upon the inception of this policy and thereafter interim premiums shall be computed in accordance with the manuals in use by the company and paid by the insured promptly after the end of each interval specified in the declarations. The deposit premium shall be retained by the company until termination of this policy and credited to the final premium adjustment.

The insured shall maintain records of the information necessary for premium computation on the bases stated in the declarations, and shall send copies of such records to the company at the end of the policy period and at such times during the policy period as the company may direct. If the insured does not furnish records of the remuneration of persons within division (b) of the definition of remuneration foregoing, the remuneration of such persons shall be computed in accordance with the manuals in use by the company.

The premium stated in the declarations is an estimated premium only. Upon termination of this policy, the earned premium shall be computed in accordance with the rules, rates, rating plans, premiums and minimum premiums applicable to this insurance in accordance with the manuals in use by the company. If the earned premium thus computed exceeds the premium previously paid, the insured shall pay the excess to the company; if less, the company shall return to the insured the unearned portion paid by the insured. All premiums shall be fully earned whether any workmen's compensation law, or any part thereof, is or shall be declared invalid or unconstitutional.

**2. Partnership or Joint Venture as Insured.** If the insured is a partnership or joint venture, such insurance as is afforded by this policy applies to each partner or member thereof as an insured only while he is acting within the scope of his duties as such partner or member.

**3. Inspection and Audit.** The company and any rating authority having jurisdiction by law shall each be permitted but not obligated to inspect at any reasonable time the workplaces, operations, machinery and equipment covered by this policy. Neither the right to make inspections nor the making thereof nor any report thereon shall constitute an undertaking on behalf of or for the benefit of the insured or others, to determine or warrant that such workplaces, operations, machinery or equipment are safe or healthful, or are in compliance with any law, rule or regulation.

The company and any rating authority having jurisdiction by law shall each be permitted to examine and audit the insured's payroll records, general ledger, disbursements, vouchers, contracts, tax reports and all other books, documents and records of any and every kind at any reasonable time during the policy period and any extension thereof and within three years after termination of this policy, as far as they show or tend to show or verify the amount of remuneration or other premium basis, or relate to the subject matter of this insurance.

**4. Notice of Injury.** When an injury occurs written notice shall be given by or on behalf of the insured to the company or any of its authorized agents as soon as practicable. Such notice shall contain particulars sufficient to identify the insured and also reasonably obtainable information respecting the time, place and circumstances of the injury, the names and addresses of the injured and of available witnesses.

**5. Notice of Claim or Suit.** If claim is made or suit or other proceeding is brought against the insured, the insured shall immediately forward to the company every demand, notice, summons or other process received by him or his representative.

**6. Assistance and Cooperation of the Insured.** The insured shall cooperate with the company and, upon the company's request, shall attend hearings and trials and shall assist in effecting settlements, securing and giving evidence, obtaining the attendance of witnesses and in the conduct of suits or proceedings. The insured shall not, except at his own cost, voluntarily make any payment, assume any obligation or incur any expense other than for such immediate medical and other services at the time of injury as are required by the workmen's compensation law.

**7. Statutory Provisions.** The company shall be directly and primarily liable to any person entitled to the benefits of the workmen's compensation law under this policy. The obligations of the company may be enforced by such person, or for his benefit by any agency authorized by law, whether against the company alone or jointly with the insured. Bankruptcy or insolvency of the insured or of the insured's estate, or any default of the insured, shall not relieve the company of any of its obligations under Coverage A.

[Coverage A]

As between the employee and the company, notice or knowledge of the injury on the part of the insured shall be notice or knowledge, as the case may be, on the part of the company; the jurisdiction of the insured, for the purposes of the workmen's compensation law, shall be jurisdiction of the company and the company shall in all things be bound by and subject to the findings, judgments, awards, decrees, orders or decisions rendered against the insured in the form and manner provided by such law and within the terms, limitations and provisions of this policy not inconsistent with such law.

All of the provisions of the workmen's compensation law shall be and remain a part of this policy as fully and completely as if written herein, so far as they apply to compensation and other benefits provided by this policy and to special taxes, payments into security or other special funds, and assessments required of or levied against compensation insurance carriers under such law.

The insured shall reimburse the company for any payments required of the company under the workmen's compensation law, in excess of the benefits regularly provided by such law, solely because of injury to (a) any employee by reason of the serious and wilful misconduct of the insured, or (b) any employee employed by the insured in violation of law with the knowledge or acquiescence of the insured or any executive officer thereof.

Nothing herein shall relieve the insured of the obligations imposed upon the insured by the other terms of this policy.

**8. Limits of Liability.** The words "damages because of bodily injury by accident or disease, including death at any time resulting therefrom," in Coverage B include damages for care and loss of services and damages for which the insured is liable by reason of suits or claims brought against the insured by others to recover the damages obtained from such others because of such bodily injury sustained by employees of the insured arising out of and in the course of their employment. The limit of liability stated in the declarations for Coverage B is the total limit of the company's liability for all damages because of bodily injury by accident, including death at any time resulting therefrom, sustained by one or more employees in any one accident. The limit of liability stated in the declarations for Coverage B is the total limit of the company's liability for all damages because of bodily injury by disease, including death at any time resulting therefrom, sustained by one or more employees of the insured in operations in any one state designated in Item 3 of the declarations or in operations necessary or incidental thereto.

[Coverage B]

The inclusion herein of more than one insured shall not operate to increase the limits of the company's liability.

**9. Action Against Company.** No action shall lie against the company unless, as a condition precedent thereto, the insured shall have fully complied with all the terms of this policy, nor until the amount of the insured's obligation to pay shall have been finally determined either by judgment against the insured after actual trial or by written agreement of the insured, the claimant and the company.

[Coverage B]

Any person or organization or the legal representative thereof who has secured such judgment or written agreement shall thereafter be entitled to recover under this policy to the extent of the insurance afforded by this policy. Nothing contained in this policy shall give any person or organization any right to join the company as a co-defendant in any action against the insured to determine the insured's liability.

Bankruptcy or insolvency of the insured or of the insured's estate shall not relieve the company of any of its obligations under Coverage B.

**10. Other Insurance.**  If the insured has other insurance against a loss covered by this policy, the company shall not be liable to the insured hereunder for a greater proportion of such loss than the amount which would have been payable under this policy, had no such other insurance existed, bears to the sum of said amount and the amounts which would have been payable under each other policy applicable to such loss, had each such policy been the only policy so applicable.

**11. Subrogation.**  In the event of any payment under this policy, the company shall be subrogated to all rights of recovery therefor of the insured and any person entitled to the benefits of this policy against any person or organization, and the insured shall execute and deliver instruments and papers and do whatever else is necessary to secure such rights. The insured shall do nothing after loss to prejudice such rights.

**12. Changes.**  Notice to any agent or knowledge possessed by any agent or by any other person shall not effect a waiver or a change in any part of this policy or estop the company from asserting any right under the terms of this policy; nor shall the terms of this policy be waived or changed, except by endorsement issued to form a part of this policy.

**13. Assignment.**  Assignment of interest under this policy shall not bind the company until its consent is endorsed hereon. If, however, during the policy period the insured shall die, and written notice is given to the company within thirty days after the date of such death, this policy shall cover the insured's legal representative as insured; provided that notice of cancellation addressed to the insured named in the declarations and mailed or delivered, after such death, to the address shown in this policy shall be sufficient notice to effect cancellation of this policy.

**14. Cancellation.**  This policy may be canceled by the insured by mailing to the company written notice stating when thereafter the cancellation shall be effective. This policy may be canceled by the company by mailing to the insured at the address shown in this policy written notice stating when not less than ten days thereafter such cancellation shall be effective. The mailing of notice as aforesaid shall be sufficient proof of notice. The effective date and hour of cancellation stated in the notice shall become the end of the policy period. Delivery of such written notice either by the insured or by the company shall be equivalent to mailing.

If the insured cancels, unless the manuals in use by the company otherwise provide, earned premium shall be (1) computed in accordance with the customary short rate table and procedure and (2) not less than the minimum premium stated in the declarations. If the company cancels, earned premium shall be computed pro rata. Premium adjustment may be made at the time cancellation is effected and, if not then made, shall be made as soon as practicable after cancellation becomes effective. The company's check or the check of its representative mailed or delivered as aforesaid shall be a sufficient tender of any refund of premium due to the insured.

When the insurance under the workmen's compensation law may not be canceled except in accordance with such law, this condition so far as it applies to the insurance under this policy with respect to such law, is amended to conform to such law.

**15. Terms of Policy Conformed to Statute.**  Terms of this policy
Coverage A  which are in conflict with the provisions of the workmen's compensation law are hereby amended to conform to such law.

**16. Declarations.**  By acceptance of this policy the insured agrees that the statements in the declarations are his agreements and representations, that this policy is issued in reliance upon the truth of such representations and that this policy embodies all agreements existing between himself and the company or any of its agents relating to this insurance.

In witness whereof, the company has caused this policy to be signed by its President and Secretary at Hartford, Connecticut, and countersigned on the declarations page by a duly authorized agent of the company.

*Secretary*

*President*

"Texas Special Provision—With respect to such insurance as may be afforded by this policy by The Charter Oak Fire Insurance Company by reason of the designation of Texas in Item 3 of the declaration, it is agreed as follows:

Dividend Provision—Participating Companies. The named insured shall be entitled to participate in a distribution of the surplus of the company, as determined by its Board of Directors from time to time, after approval in accordance with the provisions of the Texas Insurance Code of 1951, as amended."

5/23/78

Code 300

## IMPROVEMENT CHECK LIST

## WORKMEN'S COMPENSATION

INSURED: _Osmose Wood Preserving_

| | | *Wrote Insurer | xCarrier Refused | *Wrote Client | xNot Wanted | +Effected |
|---|---|---|---|---|---|---|
| 1. | Insured-New 51% Entities _Forget It_ | | | | | |
| 5. | Officers Blanket in Calif. _N/A_ | | | | | |
| 6. | All States Endorse. _Broad_ | | | | | ✓ |
| 7. | Voluntary Compensation _6/5/78_ | | | | | ✓ |
| 8. | Longshoremen H.W. Act. | | | | | ✓ |
| 9. | Knowl. of Acc. _Forget It_ | | | | | |
| 11. | Employees Liab. Stop Gap _under lted for renewal 7/14/78 forget for now - See B.C. corres._ | | | | | |
| 12. | Additional Medical _forget - due to retro_ | | | | | |
| 13. | Excess Ex-Medical _N/A_ | | | | | |
| 14. | Retrospective Rating _Retro_ | | | | | ✓ |
| 15. | Self Insurance _N/A_ | | | | | |
| 16. | Foreign Coverage | | | | | |
| 17. | 3 years for small premiums _N/A_ | | | | | |
| 20. | Extend Canc. Notice | | | | | ✓ |

EXCLUDES COMMERCIAL CHEMICAL DIVISION OF OSMOSE WOOD PRESERVING CO. OF AMERICA IN THE STATE OF TENNESSEE.

CANADIAN RISKS:

| | | | | | |
|---|---|---|---|---|---|
| 22. Officers brought under law | | | | | |
| 23. All employees under law | | | | | |
| 24. Employers Liability | | | | | |

---

* Dates Dictated                    x Dates of Decision                    + Check Mark

*C IПB = 2.5 T₆*

*SALES*

## ATTACHMENT NO. 1

**TPB #03286**

**EFFECTIVE:** JAN 1, 1977

## OSMOSE WOOD PRESERVING CO ET AL

| POLICY NUMBER COMPANY | COVERAGE | LIMITS | | PREMIUM TO BE BILLED | |
|---|---|---|---|---|---|
| TR-UB-107T686-5-77 INS | WORKMENS COMPENSATION | STATUTORY | | | $ 60,014 |
| TR-UB-107T687-7-77 INS | WORKMENS COMPENSATION | STATUTORY | | | $ 130 |
| T-UB-107T688-9-77 INS | WORKMENS COMPENSATION | STATUTORY | | | $ 150 |
| TK-SPL-112T753-2-77 IND | RAILROAD PROTECTIVE | $1,000,000 $1,000,000 | BI PD | $ $ | 287 212 |
| TK-SPL-114T149-5-77 IND | RAILROAD PROTECTIVE | $1,000,000 $1,000,000 | BI PD | $ $ | 71 49 |
| T-PRO-125T719-1-77 IND | CONTRACTORS PROTECTIVE | $ 300,000 $ 25,000 | BI PD | $ $ | 15 9 |
| TJ-PRO-125T720-9-77 IND | CONTRACTORS PROTECTIVE | $1,000,000 $1,000,000 | BI PD | $ $ | 53 119 |
| T-CUP-120T444-9-77 IND | CATASTROPHIE | $1,000,000 $1,000,000 | BI PD | $ $ | 53,625 43,875 |
| T-ND-144T551-0-77 IND | SEC I PROPERTY | VARIOUS | | | $ 36,740 |
| T-C-143T348-0-77 IND | SEC II PROPERTY | VARIOUS | | | 455 |
| TR-NSL-107T689-0-77 IND | GENERAL LIABILITY GENERAL LIABILITY | 1000/1000 250/250 | BI S E PD S E | $139,093 $ 48,065 $113,804 $ 39,325 | |
| | AUTO LIABILITY AUTO LIABILITY | 500/1000 100 | BI S E PD S E | $ 30,363 $ 6,754 $ 24,842 $ 5,526 | |
| TRL-NSL-144T550-9-77 IND | GENERAL LIABILITY | 1000/1000 | BI S | $ 42,141 | |
| | GENERAL LIABILITY | 250/250 | S | $ 34,479 | |

$680,196

$60,794

97,500

37,195

140,28

67,485

76,620

S.P

WEST P

"ON SITE"

PS

RAVEN

AUTO = 67,485
comP = 60,294
LIAB = 514,407
GEN = 37,195
─────────
679,781

= 608,000  OS
  77,000  P/S

JUL 20 1978

TRAVELERS Indemnity Company of Canada.

TORONTO, CANADA

[HEREINAFTER CALLED THE INSURER]

# COMMERCIAL
# PACKAGE POLICY

~~XXXXXX~~ TRCPP 107T692-1-78

| OFFICE | BUFFALO | DATE OF ISSUE 6—1-78 | RENEWS NO. | TRCPP 107T692-1-77 |
|---|---|---|---|---|
| AGENT | TABOR AGENCY INC. | 88812 | | |

IN CONSIDERATION OF THE CONDITIONS, STIPULATIONS AND DECLARATIONS contained herein and the Riders attached hereto and of the premium specified below, TRAVELERS INDEMNITY COMPANY OF CANADA, hereinafter called the Insurer

Does Insure .......... **POLE SPRAYERS OF CANADA LTD.** ....................................................................................

.................................................................................................................................................

...................................................................................................................................hereinafter called the Insured

Whose Address is .. 980 ELLICOTT STREET, BUFFALO, N.Y., 14209 ..........................................

From 12:01 A.M. JANUARY 1, 1978 To 12:01 A.M. JANUARY 1, 1979 ..........Standard Time at the above address.

Loss, if any, payable as follows: ............................................................................................

Insurance is provided for only those coverages for which Riders are attached and specified limits of insurance are stated therein.

| SUMMARY OF COVERAGES | LIMITS OF INSURANCE | PREMIUM |
|---|---|---|
| **A.  FIRE AND EXTENDED COVERAGE** | | |
| Building | $ | $ |
| Fixtures, Equipment, Tenants' Improvements | $ | $ |
| Stock in Trade | $ | $ |
| Business Interruption | $ | $ |
| | $ | $ |
| | $ | $ |
| | | $ |
| **B.  INLAND MARINE (MULTI-PERILS)** | | |
| Commercial Building Form | $ | $ |
| Commercial Property Floater | $ | $ |
| Contractors Equipment Floater | $ | $ |
| Motor Truck Cargo | $ | $ |
| Office Equipment Floater | $ | $ |
| | $ | |
| | $ | |
| | $ | |
| **C.  CRIME** | | |
| Employee Dishonesty | $ | $ |
| Loss Inside Premises | $ | $ |
| Loss Outside Premises | $ | $ |
| Burglary Coverage on Merchandise | $ | $ |
| Depositor Forgery | $ | $ |
| Accounts Receivable Coverage | $ | $ |
| Valuable Papers and Records Coverage | $ | $ |
| | $ | |
| | $ | |
| **D.  LIABILITY** | | |
| Premises, Property or Operations | $ | $ |
| Comprehensive General | $ 2,000,000 | $ 588. |
| | $ | $ |
| | $ | $ |
| **E.  GLASS** | $ | $ |
| **F.  BOILER AND MACHINERY** | $ | $ |
| **F. 1—HEATING AND COOLING** | $ | $ |

In witness whereof, this Insurer has executed and attested these presents, but this Policy shall not be valid until countersigned by the duly Authorized Representative of the Insurer.

Countersigned by ..........................................

Authorized Representative

◄ in Canada

| Total Premium | $ 588. |
|---|---|
| Credit for Existing Ins. | $ COLLECTABLE |
| Total | $ UNDER |
| Adjustments (if applicable) | $ TPB 04560 |
| TOTAL PREMIUM PAYABLE | $ |

NOTE: As to Coverages A & B, this is a certified copy of the policy in respect of the location(s) for which a payee(s) is named above.

CPP YI-3724 REV. 6-72

(IBC 2000)
7-71

# CASUALTY COVERAGES
# SCHEDULE D – LIABILITY RIDER

### DECLARATIONS:

POLICY NO. TRCPP 107T692-1-78

The Insurer, in consideration of the payment of the premium, in reliance upon the statements in the declarations made a part hereof and subject to all the terms of this policy, agrees with the Named Insured as follows:

1. Named Insured    POLE SPRAYERS OF CANADA LTD.

Business Address:    980 ELLICOTT STREET
BUFFALO, NEW YOR, N.Y.    14209

Location of Premises:
(if different than Business Address)

2. Business of Named Insured is

PEST CONTROL

The Named Insured is    INDIVIDUAL ☐;    PARTNERSHIP ☐;    CORPORATION ☒;    JOINT VENTURE ☐;

OTHER .............................................................................................................................

| 3. Policy Period | From | Month | Day | Year | | Month | Day | Year | |
|---|---|---|---|---|---|---|---|---|---|
| | | 1 | 1 | 78 | To | 1 | 1 | 79 | 12:01 A.M. Standard Time, at the address of the Named Insured as stated herein. |

4. Coverage and Premium – The insurance afforded under this rider is only with respect to the coverage rider(s) indicated below and for which a premium charge is specified.

| COVERAGE RIDER(S) | PREMIUM |
|---|---|
| YI 4757   COMPREHENSIVE GENERAL LIABILITY COVERAGE | For Annual Advance Premium See Declarations Schedule |
| YI 4760   CONTRACTURAL LIABILITY COVERAGE | |

ENDORSEMENTS: 1721A(A-C), YI4771, YI4772, YI4782, YI5061
YI4758, YI4623

| | | |
|---|---|---|
| MINIMUM PREMIUM FOR RIDERS $ | TOTAL PREMIUM FOR RIDER TERM | $ 281. | BI |
| | | $ 307. | PD |
| | | $ 588. | |

Printed in Canada    (Continued on Page 2)    CPP Rider No. YI 4745 Rev. 7-75

Page 2

## DEFINITIONS

When used in this rider (including endorsements forming a part hereof):

"automobile" means any self-propelled land motor vehicle, trailers or semi-trailers while attached thereto or unattached (including accessories and equipment while attached thereto or mounted thereon) other than any of the following or their trailers, accessories and equipment:

(i)  vehicles of the crawler type (other than motorized snow vehicles);

(ii)  tractors (other than road transport tractors designed to haul trailers or semi-trailers), road rollers, graders, scrapers, bulldozers, paving machines and concrete mixers (other than concrete mixers of the mix-in-transit type);

(iii)  other construction machinery or equipment mounted on wheels but not self-propelled while not attached to any self-propelled land motor vehicle;

(iv)  self-propelled land motor vehicles used solely on the premises of the Insured.

"bodily injury" means bodily injury, sickness or disease sustained by any person which occurs during the policy period including death at any time resulting therefrom, which is neither intended nor expected by the insured.

"completed operations hazard" includes bodily injury or property damage arising out of operations, but only if the bodily injury or property damage occurs after such operations have been completed or abandoned and occurs away from premises owned by or rented to the Named Insured. Operations include materials, parts or equipment furnished in connection therewith. Operations shall be deemed completed at the earliest of the following times:

(i)  when all operations to be performed by or on behalf of the Named Insured under the contract have been completed;

(ii)  when all operations to be performed by or on behalf of the Named Insured at the site of the operations have been completed;

(iii)  when the portion of the work out of which the bodily injury or property damage arises has been put to its intended use by any persons or organization other than another contractor or sub-contractor engaged in performing operations for a principal as a part of the same project.

Operations which may require further service or maintenance work, or correction, repair or replacement because of any defect or deficiency, but which are otherwise complete shall be deemed completed.

The completed operations hazard shall not include:

(i)  operations in connection with the pick up and delivery of property;

(ii)  the existence of tools, uninstalled equipment or abandoned or unused materials.

"elevator" means any hoisting or lowering device to connect floors or landings whether or not in service, and all appliances thereof, including any car, platform, shaft, hoistway, stairway, runway, power equipment and machinery, but shall not include:

(i)  dumbwaiters, the floor area of which does not exceed 9 square feet, and used exclusively for carrying property;

(ii)  hod or material hoists used in connection with alterations, construction or demolition operations;

(iii)  inclined conveyors used exclusively for carrying property;

(iv)  automobile servicing hoists.

"incidental contract" means, if in writing, a lease of premises, easement agreement, agreement required by municipal ordinance, sidetrack agreement or elevator maintenance agreement.

"Insured" means any person or organization qualifying as an Insured in the "Persons Insured" provision of the applicable coverage rider. The insurance afforded applies separately to each Insured against whom claim is made or suit is brought, except with respect to the limits of the Insurer's liability.

"Named Insured" means the person or organization named in the declarations of this rider.

"Named Insured's products" means goods or products manufactured, sold, handled or distributed by the Named Insured or by others trading under his name, including any container thereof (other than a vehicle), but shall not include a vending machine or any property other than such container, rented to or located for use of others but not sold.

"policy territory" means:

(i)  Canada or the United States of America, its territories or possessions, or

(ii)  anywhere in the world with respect to damages because of bodily injury or property damage arising out of a product which was sold for use or consumption within the territory described in paragraph (i) above, provided suit for such damages is brought within such territory.

"products hazard" includes bodily injury and property damage arising out of the Named Insured's products but only if such bodily injury or property damage occurs away from premises owned by or rented to the Named Insured and after physical possession of such products has been relinquished to others.

"property damage" means (1) physical injury to or destruction of tangible property which occurs during the policy period, including the loss of use thereof at any time resulting therefrom, or (2) loss of use of tangible property which has not been physically injured or destroyed provided such loss of use is caused by an accident occurring during the policy period.

## NUCLEAR ENERGY LIABILITY EXCLUSION

(Applicable to all coverage riders other than Comprehensive Personal Liability, Farmers Comprehensive Liability and Storekeepers Liability.)

It is agreed that this rider does not apply to bodily injury or property damage:

(a)  with respect to which an Insured under this rider is also insured under a contract of nuclear energy liability insurance (whether the Insured is unnamed in such contract and whether or not it is legally enforcible by the Insured) issued by the Nuclear Insurance Association of Canada or any other group or pool of insurers or would be an Insured under any such policy but for its termination upon exhaustion of its limit of liability; or

(b)  resulting directly or indirectly from the nuclear energy hazard arising from:

(1)  the ownership, maintenance, operation or use of a nuclear facility by or on behalf of an Insured;

(2)  the furnishing by an Insured of services, materials, parts or equipment in connection with the planning, construction, maintenance, operation or use of any nuclear facility; and

(3)  the transportation, consumption, possession, handling, disposal or use of radioactive material sold, handled, used or distributed by an Insured.

As used in this rider:

1.  The term "nuclear energy hazard" means the radioactive, toxic, explosive, or other hazardous properties of radioactive material;

2.  The term "radioactive material" means uranium, thorium, plutonium, neptunium, their respective derivatives and compounds, radioactive isotopes of other elements and any other substances that the Atomic Energy Control Board may, by regulation, designate as being prescribed substances capable of releasing atomic energy, or as being requisite for the production, use, or application of atomic energy.

3.  The term "nuclear facility" means:

(a)  any apparatus designed or used to sustain nuclear fission in a self-supporting chain reaction or to contain a critical mass of plutonium, thorium and uranium or any one or more of them;

(b)  any equipment or device designed or used for (i) separating the isotopes of plutonium, thorium and uranium or any one or more of them, (ii) processing or utilizing spent fuel, or (iii) handling, processing or packaging waste;

(c)  any equipment or device used for the processing, fabricating or alloying of plutonium, thorium and uranium or any one or more of them if at any time the total amount of such material in the custody of the Insured at the premises where such equipment or device is located consists of or contains more than 25 grams of plutonium or uranium 233 or any combination thereof, or more than 250 grams of uranium 235;

(d)  any structure, basin, excavation, premises or place prepared or used for the storage or disposal of waste radioactive material;

and includes the site on which any of the foregoing is located, together with all operations conducted thereon and all premises used for such operations.

## CONDITIONS

1. **Premium and Adjustment of Premiums:**
   (a) Unless otherwise stated, the premium stated in the declarations is an estimated deposit premium only. Adjustment of premium shall be made at least annually and for this purpose the premium bases and rates shown in the Declarations Schedule or in any endorsement attached hereto, shall be used in ascertaining the earned premium with respect to the specific hazards mentioned herein.
   (b) In the case of any hazards existing and covered under coverage rider(s) attached but not specified in the declarations, or in any endorsement the earned premium with respect thereto shall be computed in accordance with the Insurer's rules, rates, rating plans and minimum premiums applicable to such hazards.
   (c) Subject to the retention by the Insurer of the minimum premium provided for in the declarations, if the earned premium for this rider thus computed exceeds the estimated deposit premium paid, the Named Insured shall pay such excess to the Insurer; on the other hand, if the estimated deposit premium exceeds the earned premium, the Insurer shall return to the Named Insured such excess.
   (d) The Named Insured shall maintain for each hazard hereby insured against, a record of the information necessary for premium computation on the basis stated, and shall submit such record to the Insurer at the end of the policy period and at such other times during the policy period as the Insurer may direct.

2. **Inspection: Audit, Suspension and Reinstatement:**
   The Named Insured shall permit the Insurer to inspect the insured premises, operations and elevators and to examine and audit the Named Insured's books and records at any time during the policy period (and any extension thereof and within one year after the termination of this rider), as far as they relate to the premium basis or the subject matter of this insurance. The Insurer shall have the right to suspend any part of this insurance until any defect or dangerous condition found is remedied to the satisfaction of the Insurer. Notice of such suspension and the reason therefor and of the reinstatement of the insurance shall be in writing. For the period of such suspension the Insurer shall allow a pro rata return premium. The Insurer assumes no responsibility and waives no rights by reason of such inspection, examination, suspension or reinstatement of the omission thereof.

3. **Insured's Duties in the event of Accident, Occurrence, Claim or Suit:**
   (a) In the event of an accident or occurrence, written notice containing particulars sufficient to identify the Insured and also reasonably obtainable information with respect to the time, place and circumstances thereof, and the names and addresses of the injured and of available witnesses, shall be given promptly by or for the Insured to the Insurer or any of its authorized agents.
   (b) If claim is made or suit is brought against the Insured, the Insured shall immediately forward to the Insurer every writ, letter, document or advice received by him or his representative.
   (c) The Insured shall co-operate with the Insurer and, upon the Insurer's request, assist in making settlements, in the conduct of suits and in enforcing any right of contribution or indemnity against any person or organization who may be liable to the Insured because of injury or damage with respect to which insurance is afforded under this rider; and the Insured shall attend hearings and trials and assist in securing and giving evidence and obtaining the attendance of witnesses. The Insured shall not, except at his own cost, voluntarily make any payment, assume any obligation or incur any expenses other than for the first aid to others at the time of accident.

4. **Action against Insurer:**
   No action shall lie against the Insurer unless, as a condition precedent thereto, there shall have been full compliance with all of the terms of this rider, nor until the amount of the Insured's obligation to pay shall have been finally determined either by judgment against the Insured after actual trial or by written agreement of the Insured, the claimant and the Insurer. Every action or proceeding against the Insurer shall be commenced within one year next after the date of such judgment or written agreement and not afterwards. Nothing contained in this rider shall give any person or organization any right to join the Insurer as a co-defendant in any action against the Insured to determine the Insured's liability. Bankruptcy or insolvency of the Insured or of the Insured's estate shall not relieve the Insurer of any of its obligations hereunder.

5. **Subrogation:**
   In the event of any payment under this rider, the Insurer shall be subrogated to all the Insured's rights of recovery therefor against any person or organization and the Insured shall execute and deliver instruments and papers and do whatever else is necessary to secure such rights. The Insured shall do nothing after loss to prejudice such rights.

6. **Other Insurance:**
   The insurance afforded by this rider is primary insurance, except when stated to apply in excess of or contingent upon the absence of other insurance. When this insurance is primary and the Insured has other insurance which is stated to be applicable to the loss on an excess or contingent basis the amount of the Insurer's liability under this rider shall not be reduced by the existence of such other insurance. When both this insurance and other insurance apply to the loss on the same basis, whether primary, excess or contingent, the Insurer shall not be liable under this rider for a greater proportion of the loss than that stated in the applicable contribution provision below:

   (a) Contribution by Equal Shares:
   If all of such other valid and collectible insurance provides for contribution by equal shares, this Insurer shall not be liable for a greater proportion of such loss than would be payable if each insurer contributes an equal share until the share of each insurer equals the lowest applicable limit of liability under any one rider or the full amount of the loss is paid, and with respect to any amount of loss not so paid the remaining insurers then continue to contribute equal shares of the remaining amount of the loss until each such insurer has paid its limit in full or the full amount of the loss is paid.
   (b) Contribution by Limits:
   If any of such other insurance does not provide for contribution by equal shares, this Insurer shall not be liable for a greater proportion of such loss than the applicable limit of liability under this rider for such loss bears to the total applicable limit of liability of all valid and collectible insurance against such loss.

7. **Changes:**
   Notice to any agent or knowledge possessed by any agent or by any other person shall not effect a waiver or a change in any part of this rider or estop the Insurer from asserting any right under the terms of this rider; nor shall the terms of this rider be waived or changed, except by endorsement issued to form a part of this rider.

8. **Assignment:**
   Assignment of interest under this rider shall not bind the Insurer until its consent is endorsed hereon; if, however, the Named Insured shall die or be adjudged bankrupt or insolvent within the policy period, this rider, unless cancelled, shall, if written notice be given to the Insurer within sixty days, after the date of such death or adjudication, cover the Named Insured's legal representative as the Named Insured.

9. **Notice:**
   Any written notice to the Insurer may be delivered at or sent by registered mail to the agent through whom this policy was issued or to any branch of the Insurer in Canada. Written notice may be given to the Named Insured by letter personally delivered to him or by registered letter addressed to him at his last post office address notified to the Insurer; or where no address is notified and the address is not known, addressed to him at the post office of the agency, if any, from which the application was received. In this condition the expression "registered" shall mean registered within or without Canada. Notice to the first Named Insured shall constitute notice to all Named Insureds.

10. **Cancellation — Termination:**
    (a) This rider may be terminated,
    (i) by the Insurer giving to the Named Insured 15 days' notice of termination by registered mail or 5 days' written notice of termination personally delivered;
    (ii) by the Named Insured at any time on request.
    (b) Where the rider is terminated by the Insurer,
    (i) and where the premium is developed on other than an estimated basis, the Insurer will refund the excess of the paid premium for the time the rider has been in force, calculated pro rata, or
    (ii) where the premium is developed by an estimated basis, the Insurer will refund the excess of the premium above the premium earned, when determined.
    (c) Where the rider is terminated by the Named Insured,
    (i) and where the premium is developed on other than an estimated basis, the Insurer will refund the excess of the paid premium above the short rate premium for the time the rider has been in force calculated in accordance with the short rate premium table in use by the Insurer, subject to the retention of the Minimum premium, if any, provided by the rider, or
    (ii) where the premium is developed by an estimated basis, the Insurer will refund the excess of the paid premium above the premium earned, when determined, subject to the retention of the minimum premium, if any, provided by the rider.
    (d) Refund of premium may be made by money, postal or express company money order or by cheque payable at par.
    (e) The fifteen days mentioned above in this condition commences to run on the day following the receipt of the registered letter at the post office to which it is addressed.
    (f) Premium adjustment may be made at the time cancellation is effected and if not then made shall be made as soon as practicable after cancellation becomes effective but payment or tender of unearned premium is not a condition of cancellation.

11. **Declarations:**
    By acceptance of this rider, the Named Insured agrees that the statements in the declarations and declarations schedule are his agreements and representations, that this rider is issued in reliance upon the truth of such representations and that this rider embodies all agreements existing between himself and the Insurer or any of its agents relating to this insurance.

LIABILITY
(IBC 2001)
7 – 71

## COMPREHENSIVE GENERAL LIABILITY COVERAGE RIDER
Attached to and forming part of the Liability Rider

POLICY NO. TRCPP 107T692-1-78

### ADDITIONAL DECLARATIONS

The Declarations Schedule discloses all hazards insured hereunder known to exist at the effective date of this rider, unless otherwise stated herein.

### SCHEDULE

The insurance afforded is only with respect to such of the following Coverages as are indicated by specific premium charge or charges on the Declarations Schedule. The limit of the Insurer's liability against each such Coverage shall be as stated herein, subject to all the terms of this rider having reference thereto.

| Coverages | | Limits of Liability | |
|---|---|---|---|
| Separate Limits | A. Bodily Injury Liability | $ <br> $ <br> $ | each person <br> each occurrence <br> aggregate |
| | B. Property Damage Liability | $ 2,000,000 <br> $ 2,000,000 | each accident <br> aggregate |
| Inclusive Limit | A. Bodily Injury Liability <br> and <br> B. Property Damage Liability | $2,000,000 *(handwritten)* <br> $ | bodily injury <br> each occurrence <br> property damage <br> each accident <br> aggregate |

Minimum Premium $

> The following Rider wordings are contained within this Rider: Mfgs.' and Contractors', Owners' and Landlords', Products and Completed Operations, and Owners' Protective.

### INSURING AGREEMENTS

I.  **Coverage A – Bodily Injury Liability**

  To pay on behalf of the Insured all sums which the Insured shall become legally obligated to pay as damages because of bodily injury.

  **Coverage B – Property Damage Liability**

  To pay on behalf of the Insured all sums which the Insured shall become legally obligated to pay as damages because of property damage caused by accident.

II.  **Defence – Settlement – Supplementary Payments**

  As respects insurance afforded by this rider, the Insurer shall:

  (1)  defend in the name and on behalf of the Insured and at the cost of the Insurer any civil action which may at any time be brought against the Insured on account of such bodily injury or property damage but the Insurer shall have the right to make such investigation, negotiation and settlement of any claim as may be deemed expedient by the Insurer;

  (2)  pay all premiums on bonds to release attachments for an amount not in excess of the applicable limit of liability of this rider, all premiums on appeal bonds required in any such defended suit, but without any obligation to apply for or furnish such bonds;

  (3)  pay all costs taxed against the Insured in any civil action defended by the Insurer and any interest accruing after entry of judgment (or, in those jurisdictions where interest accrues from the date of the action, from the date of such action) upon that part of the judgment which is within the limits of the Insurer's liability;

  (4)  pay expenses incurred by the Insured for such immediate medical and surgical relief to others as shall be imperative at the time of accident;

  (5)  reasonable expenses incurred by the Insured at the Insurer's request in assisting the Insurer in the investigation or defense of any claim or suit, including actual loss of earnings not to exceed $25, per day,

  The amounts so incurred except settlement of claims or suits are payable in addition to the applicable limits of liability.

III.  **Persons Insured**

  Each of the following is an Insured under this insurance to the extent set forth below:

  (1)  if the Named Insured is designated in the declarations as an individual, the person so designated but only with respect to the conduct of a business of which he is the sole proprietor;

  (2)  if the Named Insured is designated in the declarations as a partnership or joint venture, the partnership or joint venture so designated and any partner or member thereof but only with respect to his liability as such;

  (3)  if the Named Insured is designated in the declarations as other than an individual, partnership or joint venture, the organization so designated and any executive officer, director or stockholder thereof while acting within the scope of his duties as such;

  (4)  any person (other than an employee of the Named Insured) or organization while acting as real estate manager for the Named Insured.

  This insurance does not apply to bodily injury or property damage arising out of the conduct of any partnership or joint venture of which the Insured is a partner or member and which is not designated in this policy as a Named Insured.

Page 2

**IV. Policy Territory**

This insurance applies only to bodily injury and property damage which occurs within the policy territory.

## EXCLUSIONS

This insurance does not apply to:

(a) liability assumed by the Insured under any contract or agreement except an incidental contract, but this exclusion does not apply to a warranty of fitness or quality of the Named Insured's products or a warranty that work performed by or on behalf of the Named Insured will be done in a workmanlike manner;

(b) bodily injury or property damage arising out of the ownership, use or operation by or on behalf of the Insured of

    (1) any automobile, or

    (2) any watercraft, but this exclusion does not apply to watercraft while ashore on premises owned by, rented to or controlled by the Named Insured;

(c) bodily injury or property damage arising out of the ownership, existence, use or operation by or on behalf of the Insured of

    (1) any aircraft, or

    (2) any premises for the purpose of an airport or aircraft landing strip and all operations necessary or incidental thereto, or

    (3) any air cushion vehicle;

(d) bodily injury to any employee of the Insured arising out of and in the course of his employment by the Insured, but this exclusion does not apply to liability assumed by the Insured under an incidental contract;

(e) any obligation for which the Insured or his Insurer may be held liable under any workmen's compensation law;

(f) bodily injury caused intentionally by or at the direction of the Insured;

(g) property damage to

    (1) property owned or occupied by or rented to the Insured, or

    (2) property used by the Insured, or

    (3) property in the care, custody or control of the Insured or property as to which the Insured is for any purpose exercising physical control, or

    (4) any personal property or any fixtures as the result of any work performed thereon by the Insured or anyone on his behalf;

    but parts (2) and (3) of this exclusion do not apply with respect to liability under a written sidetrack agreement and part (3) of this exclusion does not apply with respect to property damage (other than to elevators) arising out of the use of an elevator at premises owned by, rented to or controlled by the Named Insured;

(h) property damage to the Named Insured's products arising out of such products or any part of such products;

(i) property damage to work performed by or on behalf of the Named Insured arising out of the work or any portion thereof, or out of materials, parts or equipment furnished in connection therewith;

(j) to loss of use of tangible property which has not been physically injured or destroyed resulting from

    (1) a delay in or lack of performance by or on behalf of the Named Insured of any contract or agreement, or

    (2) the failure of the Named Insured's products or work performed by or on behalf of the Named Insured to meet the level of performance, quality, fitness or durability warranted or represented by the Named Insured;

    but this exclusion does not apply to loss of use of other tangible property resulting from the sudden and accidental physical injury to or destruction of the Named Insured's products or work performed by or on behalf of the Named Insured after such products or work have been put to use by any person or organization other than an Insured;

(k) damages claimed for the withdrawal, inspection, repair, replacement, or loss of use of the Named Insured's products or work completed by or for the Named Insured or of any property of which such products or work form a part, if such products, work or property are withdrawn from the market or from use because of any known or suspected defect or deficiency therein;

(j) bodily injury or property damage due to war, invasion, act of foreign enemy, hostilities (whether war be declared or not), civil war, rebellion, revolution, insurrection or military power;

(m) Nuclear Energy Liability – see exclusion herein.

## LIMITS OF LIABILITY

Regardless of the number of (1) insureds under this rider (2) persons or organizations who sustain bodily injury or property damage or (3) claims made or suits brought on account of bodily injury or property damage, the Insurer's liability is limited as follows:

**1. Limits of Liability Coverage A**    The limit of bodily injury liability stated in the schedule as applicable to "each person" is the limit of the Insurer's liability for all damages, including damages for care and loss of services, arising out of bodily injury sustained by one person in any one occurrence; the limit of such liability stated in the schedule as applicable to "each occurrence" is, subject to the above provision respecting each person, the total limit of the Insurer's liability for all damages, including damages for care and loss of services, arising out of bodily injury sustained by two or more persons in any one occurrence.

**2. Limits of Liability Coverage B**    The Limit of property damage liability stated in the schedule as applicable to "each accident" is the total limit of the Insurer's liability for all damages arising out of property damage, as the result of any one accident, or series of accidents arising out of one event.

**3.** Subject to the above provision respecting "each person" and "each occurrence" under Coverage A, and "each accident" under Coverage B, the limit of bodily injury liability and property damage liability stated in the schedule as "aggregate" are respectively the total limits of the Insurer's liability for all damages arising out of the products hazard and completed operations hazard in any one period of twelve months terminating on an anniversary of the inception date of the policy.

**4. Limits of Liability Coverages A and B**    The inclusive limit of liability stated in the schedule as applicable to "bodily injury each occurrence property damage each accident" is the total limit of the Insurer's liability under Coverages A or B or Coverages A and B combined for all damages, including damages for care and loss of services, arising out of bodily injury in any one occurrence or property damage as a result of any one accident or series of accidents arising out of one event.

**5.** Subject to the above provision respecting "bodily injury each occurrence property damage each accident" under Coverage A and B combined, the limit of bodily injury and property damage liability combined stated in the schedule as "aggregate" is the total limit of the Insurer's liability for all damages arising out of the products hazard and completed operations hazard in any one period of twelve months terminating on an anniversary of the inception date of the policy.

Printed in Canada          (Continued on Page 3)          CPP Rider No. Y1 4757 (Back) Rev. 7-76

LIABILITY
(IBC 2001
7 – 71)

Page 3

6.  All damages arising out of one lot of goods or products prepared or acquired by the Named Insured or by another trading under his name, shall be considered as arising out of one occurrence as regards bodily injury liability and one accident as regards property damage liability.

7.  For the purpose of determining the limit of the Insurer's liability, all bodily injury arising out of continuous or repeated exposure to substantially the same general conditions shall be considered as arising out of one occurrence.

## DESCRIPTION OF TERMS USED FOR PREMIUM BASES

1.  "Area" means the square footage of the buildings to be insured excluding that portion of the basement used exclusively for storage or that portion of the premises used for heating or air conditioning plant purposes.

2.  "Cost of work" means the total cost of all operations performed for the Named Insured during the policy period by independent contractors, including materials used or delivered for use by whomsoever supplied, except maintenance or ordinary alterations and repairs on premises owned or rented by the Named Insured.

3.  "Receipts" means the gross amount of money charged by the Named Insured for such operations as are rated on a receipts basis during the policy period.

4.  "Remuneration" means the total earnings during the policy period for each owner, partner, executive officer or employee.

5.  "Sales" means the gross amount of money charged for all goods and products sold and distributed by the Named Insured or by others trading under his name during the policy period.

CPP Rider No. Y1 4757 Rev. 7-76

**CONTRACTUAL LIABILITY COVERAGE RIDER**
Designated Contracts Only
Attached to and forming part of the Liability Rider

**LIABILITY**
**(IBC 2007)**
**7 – 71**

POLICY NO. ___TRCPP 107T692-1-78___

## SCHEDULE

The Insurance afforded is only with respect to such of the following Coverages as are indicated by specific premium charge or charges on the Declarations Schedule. The limit of the Insurer's liability against each such Coverage shall be as stated herein, subject to all the terms of this policy having reference thereto.

| | Coverages | Limits of Liability | |
|---|---|---|---|
| Separate Limits | Y. Bodily Injury Liability | $ | each person |
| | | $ | each occurrence |
| | Z. Property Damage Liability | $ 2,000,000 | each accident |
| Inclusive Limit | Y. Bodily Injury Liability and Z. Property Damage Liability | $ *Coverage Z not inclusive* | bodily injury each occurrence property damage each accident |
| Minimum Premium $ | | | |

## INSURING AGREEMENTS

I.  **Coverage Y – Contractual Bodily Injury Liability**
To pay on behalf of the Insured all sums which the Insured, by reason of contractual liability assumed by the Insured under a contract designated in the schedule for this insurance, shall become legally obligated to pay as damages because of bodily injury.

**Coverage Z – Contractual Property Damage Liability**
To pay on behalf of the Insured all sums which the Insured, by reason of contractual liability assumed by the Insured under a contract designated in the schedule for this insurance, shall become legally obligated to pay as damages because of property damage caused by accident.

II.  **Defence – Settlement – Supplementary Payments**
As respects insurance afforded by this rider, the Insurer shall:
(1)  defend in the name and on behalf of the Insured and at the cost of the Insurer any civil action which may at any time be brought against the Insured on account of such bodily injury or property damage but the Insurer shall have the right to make such investigation, negotiation and settlement of any claim as may be deemed expedient by the Insurer;

(2)  pay all premiums on bonds to release attachments for an amount not in excess of the applicable limit of liability of this rider, all premiums on appeal bonds required in any such defended suit, but without any obligation to apply for or furnish such bonds;

(3)  pay all costs taxed against the Insured in any civil action defended by the Insurer and any interest accruing after entry of judgment (or, in those jurisdictions where interest accrues from the date of the action, from the date of such action) upon that part of the judgment which is within the limits of the Insurer's liability;

(4)  pay expenses incurred by the Insured for such immediate medical and surgical relief to others as shall be imperative at the time of accident;

(5)  reasonable expenses incurred by the Insured at the Insurer's request in assisting the Insurer in the investigation or defense of any claim or suit, including actual loss of earnings not to exceed $25. per day.

The amounts so incurred except settlement of claims or suits are payable in addition to the applicable limits of liability.

III.  **Persons Insured**
Each of the following is an Insured under this insurance to the extent set forth below:
(1)  if the Named Insured is designated in the declarations as an individual, the person so designated but only with respect to the conduct of a business of which he is the sole proprietor;

(2)  if the Named Insured is designated in the declarations as a partnership or joint venture, the partnership or joint venture so designated and any partner or member thereof but only with respect to his liability as such;

(3)  if the Named Insured is designated in the declarations as other than an individual, partnership or joint venture, the organization so designated and any executive officer, director or stockholder thereof while acting within the scope of his duties as such.

IV.  **Policy Territory**
This insurance applies only to bodily injury and property damage which occurs within the policy territory.

## EXCLUSIONS

This insurance does not apply:

(a)  if the Insured or his indemnitee is an architect, engineer or surveyor, to bodily injury or property damage arising out of the rendering of or the failure to render professional services by such Insured or indemnitee, including (1) the preparation or approval of maps, plans, opinion, reports, surveys, designs or specifications and (2) supervisory, inspection or engineering services;

(b)  to any obligation for which the Insured or his Insurer may be held liable under any workmen's compensation law;

(c)  to bodily injury caused intentionally by or at the direction of the Insured;

Page 2

(d)   to property damage to
(1)   property owned or occupied by or rented to the Insured, or
(2)   property used by the Insured, or
(3)   property in the care, custody or control of the Insured or property as to which the Insured is for any purpose exercising physical control, or
(4)   any personal property or any fixtures as the result of any work performed thereon by the Insured or anyone on his behalf;

but parts (2) and (3) of this exclusion do not apply with respect to liability under a written sidetrack agreement and part (3) of this exclusion does not apply with respect to property damage (other than to elevators) arising out of the use of an elevator at premises owned by, rented to or controlled by the Named Insured;

(e)   to property damage to the Named Insured's products arising out of such products or any part of such products;

(f)   to property damage to work performed by or on behalf of the Named Insured arising out of the work or any portion thereof, or out of materials, parts or equipment furnished in connection therewith;

(g)   to loss of use of tangible property which has not been physically injured or destroyed resulting from
(1)   a delay in or lack of performance by or on behalf of the Named Insured of any contract or agreement, or
(2)   the failure of the Named Insured's products or work performed by or on behalf of the Named Insured to meet the level of performance, quality, fitness or durability warranted or represented by the Named Insured;

but this exclusion does not apply to loss of use of other tangible property resulting from the sudden and accidental physical injury to or destruction of the Named Insured's products or work performed by or on behalf of the Named Insured after such products or work have been put to use by any person or organization other than an Insured;

(h)   to damages claimed for the withdrawal, inspection, repair, replacement, or loss of use of the Named Insured's products or work completed by or for the Named Insured or of any property of which such products or work form a part, if such products, work or property are withdrawn from the market or from use because of any known or suspected defect or deficiency therein;

(i)   to bodily injury or property damage due to war, invasion, act of foreign enemy, hostilities (whether war be declared or not), civil war, rebellion, revolution, insurrection or military power;

(j)   to Nuclear Energy Liability -- see exclusion herein.

## LIMITS OF LIABILITY

Regardless of the number of (1) Insureds under this rider (2) persons or organizations who sustain bodily injury or property damage or (3) claims made or suits brought on account of bodily injury or property damage, the Insurer's liability is limited as follows:

1.  **Limits of Liability Coverage Y**  The limit of bodily injury liability stated in the schedule as applicable to "each person" is the limit of the Insurer's liability for all damages, including damages for care and loss of services, arising out of bodily injury sustained by one person in any one occurrence; the limit of such liability stated in the schedule as applicable to "each occurrence" is, subject to the above provision respecting each person, the total limit of the Insurer's liability for all damages, including damages for care and loss of services, arising out of bodily injury sustained by two or more persons in any one occurrence.

2.  **Limits of Liability Coverage Z**  The limit of property damage liability stated in the schedule as applicable to "each accident" is the total limit of the Insurer's liability for all damages arising out of property damage, as the result of any one accident, or series of accidents arising out of one event.

3.  **Limits of Liability Coverages Y and Z**  The inclusive limit of liability stated in the schedule as applicable to "bodily injury each occurrence property damage each accident" is the total limit of the Insurer's liability under Coverages Y or Z or Coverages Y and B combined for all damages, including damages for care and loss of services, arising out of bodily injury in any one occurrence or property damage as a result of any one accident or series of accidents arising out of one event.

4.  For the purpose of determining the limit of the Insurer's liability, all bodily injury arising out of continuous or repeated exposure to substantially the same general conditions shall be considered as arising out of one occurrence.

## ADDITIONAL DEFINITION

When used in reference to this Insurance (including endorsements forming a part of the rider):

"contractual liability" means liability expressly assumed under a written contract or agreement; provided, however, that contractual liability shall not be construed as including liability under a warranty of the fitness or quality of the Named Insured's products or a warranty that work performed by or on behalf of the Named Insured will be done in a workmanlike manner.

## DESCRIPTION OF TERM USED FOR PREMIUM BASIS

"cost" means the total cost to any Indemnitee with respect to any contract which is insured of all work let or sub-let in connection with each specific project, including the cost of all labour, materials and equipment furnished, used or delivered for use in the execution of such work, whether furnished by the owner, contractor or the sub-contractor, including all fees, allowances, bonuses or commissions made, paid or due.

2:20-cv-02017-RMG   Date Filed 05/27/20   Entry Number 1-3   Page 173 of 268

Effective from __JANUARY 1, 1978__     Amending Policy numbered __TRCPP 107T692-1-78__
At 12:01 A.M. Standard Time

Issued to _____

Date of Issue _____

Office _____    Producer _____

(The information provided for above is required to be stated only when this endorsement is issued for attachment to the policy subsequent to its effective date.)

It is agreed that as of the effective date hereof the policy is amended in the following particulars:

AS RESPECT WORK PERFORMED FOR CANADIAN PACIFIC RAILWAY CO., LONDON, ONTARIO

| LIMITS OF LIABILITY APPLICABLE THERETO | PROPERTY DAMAGE | $2,000,000 $2,000,000 | EACH ACCIDENT AGGREGATE PROD. |

| DESCRIPTION OF HAZARDS | PREMIUM BASES (C) REMUNERATION | RATES – COV. B PER $1,000 OF REMUNERATION |

(A)  PREMISES – OPERATIONS

TERMITE CONTROL WORK
IN LONDON, ONTARIO
INCLUDING COMPLETED
OPERATIONS EXCLUDING
THE USE OF GAS OF ANY
KIND       CODE 9001          IF ANY                          5,280

(E)  CONTRACTUAL          SEE RIDER   YI 4760

TRAVELERS Indemnity Company of Canada

**1721A** (A)

_W.W. Riles_
PRESIDENT

Countersigned by _____

| For Company Use Only | DATE OF EXP. | MODE OF ADJ. | LOCATION OF RISK |
|---|---|---|---|
|  |  |  |  |

YC-444Y Rev. 3-72 Printed in Canada

Effective from JANUARY 1, 1978
At 12:01 A.M. Standard Time

Amending Policy numbered TRCPP 107T692-1-78

Issued to _____
Date of Issue _____
Office _____ Producer _____

(The information provided for above is required to be stated only when this endorsement is issued for attachment to the policy subsequent to its effective date.)

It is agreed that as of the effective date hereof the policy is amended in the following particulars:

AS RESPECTS WORK BEING PERFORMED FOR CANADIAN PACIFIC RAILWAY COMPANY, WINDSOR STATION, MONTREAL, P.Q., COVERING THE INSPECTION AND TREATMENT OF ANY AND ALL BRIDGES THE LIMITS OF LIABILITY FOR COVERAGE B PROPERTY DAMAGE LIABILITY TO READ:

$2,000,000    EACH ACCIDENT
$2,000,000    AGGREGATE PRODUCTS

| DESCRIPTION OF HAZARDS | | PREMIUM BASES (C) REMUNERATION | RATES — COV. B PER $1,000 REMUNERATION |
|---|---|---|---|
| (A) PREMISES — OPERATIONS | | | |
| TERMITE CONTROL WORK THROUGHOUT CANADA — INCLUDING COMPLETED OPERATIONS — EXCLUDING THE USE OF GAS OF ANY KIND | 5001 | IF ANY | 5.280 |

TRAVELERS Indemnity Company of Canada

**1721A** (B)

_w.w. Riles_
PRESIDENT

Countersigned by _____

| For Company Use Only | DATE OF EXP. | MODE OF ADJ. | LOCATION OF RISK | |
|---|---|---|---|---|
| | | | | |

YC-444Y Rev. 3-72 Printed in Canada

Issued to _____

Date of Issue _____

Office _____ Producer _____

(The information provided for above is required to be stated only when this endorsement is issued for attachment to the policy subsequent to its effective date.)

It is agreed that as of the effective date hereof the policy is amended in the following particulars:

## PRODUCTS ENDORSEMENT -- FOREIGN COVERAGE

WITH RESPECT TO THE PRODUCTS HAZARD AS DEFINED IN THE POLICY SUCH INSURANCE AS IS AFFORDED BY THE POLICY SHALL APPLY WITH RESPECT TO ANY ACCIDENT OCCURING DURING THE POLICY PERIOD OUTSIDE OF CANADA THE UNITED STATES OF AMERICA, IT'S TERRITORIES OR POSSESSIONS PROVIDED CLAIM IS MADE AND ORIGINAL SUIT IS BROUGHT AGAINST THE INSURED WITHIN CANADA OR THE UNITED STATES.

TRAVELERS Indemnity Company of Canada

**1721A** (c)

_W. W. Niles_
PRESIDENT

Countersigned by _____

| For Company Use Only | DATE OF EXP. | MODE OF ADJ. | LOCATION OF RISK |
|---|---|---|---|
| | | | |

YC-444Y Rev. 3-72 Printed in Canada

PROPERTY DAMAGE ENDORSEMENT

LIABILITY

(IBC 2009)
7 – 71

(Defined Occurrence Basis)

*Effective from _____ at the time of day the policy became effective. Amending Policy No. TRCPP 107T692-1-78

*Issued to _____

*Date of Issue _____ (*The information marked with an asterisk is required to be stated only when this endorsement is issued for attachment to the policy subsequent to its effective date.)

It is understood and agreed this policy is amended, as follows:

### ADDITIONAL DEFINITION

When used in this policy (including endorsements forming a part thereof):

"accident" includes continuous or repeated exposure to conditions which results in property damage neither expected nor intended from the standpoint of the Insured.

### LIMITS OF LIABILITY

For the purpose of determining the limit of the Insurer's liability, all property damage arising out of a continuous or repeated exposure to substantially the same general conditions shall be considered as arising out of one accident.

TRAVELERS Indemnity Company of Canada

PRESIDENT

Countersigned

CPP Endt. No. Y1 4771 New 1-73

**LIABILITY**

## CONTINGENT EMPLOYERS LIABILITY ENDORSEMENT

*Effective from _____ at the time of day the policy became effective. Amending Policy No. <u>TRCPP 107T692-1-78</u>

*Issued to _____

*Date of Issue _____ (*The information marked with an asterisk is required to be stated only when this endorsement is issued for attachment to the policy subsequent to its effective date.)

It is agreed that such insurance as is afforded by the rider for Bodily Injury Liability also applies to bodily injury, sickness, or disease, including death at any time resulting therefrom, sustained by any employee of the named insured engaged in the operations disclosed herein, including operations necessary or incidental thereto. The rider exclusions, except the nuclear energy exclusions, are replaced by the following:

    (a)  to liability assumed by the insured under any contract or agreement;

    (b)  to aircraft travel or operations or the performance of any duty in connection with aircraft;

    (c)  to any obligation for which the insured or any company as his insurer may be held liable under any workmen's compensation law, except claims arising out of the legal liability imposed upon the insured by Common Law as amended by such statute;

    (d)  to acts or omissions of any person employed by the insured in violation of law as to age;

    (e)  to bodily injury or sickness, disease or death of any person employed by the insured in violation of law as to age;

    (f)  to structral alterations, new construction or demolition operations unless specifically disclosed herein and premiums charged therfor.

The premium for this insurance is based upon the entire remuneration earned during the policy period by all employees and executive officers of the named insured engaged in the insured's operations, subject with respect to each employee and executive officer to a maximum remuneration as indicated below.

The premiums stated in the Declarations Schedule is an estimated premium only. After each anniversary and upon termination of the rider, the company shall be permitted to examine and audit the named insured's books and records relating to such remuneration and cost; and the earned premium shall be computed in accordance with the company's rules, rates, rating plans, premiums and minimum premiums applicable to this insurance. If the earned premium thus computed exceed the estimated advance premium paid, the named insured shall pay the excess to the company; if less, the company shall return to the named insured the unearned portion paid by such insured.

| *Total Annual Remuneration | *Rate per $100. of Remuneration | *Annual Advance Premium | *Annual Minimum Premiums | Annual Maximum Remuneration Per Employee |
|---|---|---|---|---|
| $ | $ | | $ | per wk. $ |
| | | | | per yr. $ |

TRAVELERS Indemnity Company of Canada

*(signature)*
              PRESIDENT

Countersigned *(signature)*

(*to be shown on Declarations Schedule if added at policy issuance.)

Printed in Canada                                                       CPP Endt. No. YI 4772 Rev. 1-73

**LIABILITY**

## LIMITATION OF COVERAGE FOR POLLUTION ENDORSEMENT

) *Effective from _____ at the time of day the policy became effective. Amending Policy No. __TRCPP 107T692-1--78__

*Issued to _____

*Date of Issue _____    (*The information marked with an asterisk is required to be stated only when this endorsement is issued for attachment to the policy subsequent to its effective date.)

It is agreed that this insurance does not apply:

(a)   under Coverages A and B, (and Y and Z if Contractual Liability coverage is provided) to bodily injury or property damage, arising out of any emission, discharge, seepage, release or escape of any liquid, solid, gaseous or thermal waste or pollutant

    (1)   if such emission, discharge, seepage, release or escape is either expected or intended from the standpoint of any insured or any person or organization for whose acts or omissions any insured is liable, or

    (2)   resulting from or contributed to by any condition in violation of or non-compliance with any governmental rule, regulation or law applicable thereto;

    but this exclusion (a) does not apply to property damage arising out of any emission, discharge, seepage, release or escape of petroleum or petroleum derivatives into any body of water;

(b)   under Coverage B, (and Z if Contractual Liability coverage is provided) to property damage arising out of any emission, discharge, seepage, release or escape of petroleum or petroleum derivatives into any body of water, but this exclusion (b) does not apply to property damage resulting from fire or explosion arising out of any emission, discharge, seepage, release or escape which neither

    (1)   is expected or intended from the standpoint of any insured or any person or organization for whose acts or omissions any insured is liable, nor

    (2)   results from or is contributed to by any condition in violation of or non-compliance with any governmental rule, regulation or law applicable thereto.

If this endorsement is attached to the Schedule D — Liability Rider and Farmer's Personal Liability Coverage is provided, this endorsement also applies to coverage L of the Farmers Rider unless otherwise indicated below:

**TRAVELERS Indemnity Company of Canada**

*w.w. Niles*

PRESIDENT

Countersigned _____

CPP Endt. No. Y14782 Rev. 2-73

## AMENDMENT TO PAYROLL LIMITATIONS                    LIABILITY

*Effective from _____ at the time of day the policy became effective.  Amending Policy No. \_\_\_\_ TRCPP 107T692-1-78

*Issued to _____

*Date of Issue _____        (*The information marked with an asterisk is required to be stated only when this
                                                   endorsement is issued to attachment to the policy subsequent to its effective date.)

It is agreed that the premium reporting provision relating to payroll is amended to indicate no maximum, and the term "Remuneration", wherever it appears

in the policy, is amended to mean the total earnings during the policy period for each employee; except for owners, partners, executive officers or office

employees the payroll reporting will be limited to a maximum of $20,000 per annum for each such person.

TRAVELERS Indemnity Company of Canada

PRESIDENT

Countersigned_____

## MODIFICATION DE LA LIMITE DES SALAIRES                    RESPONSABILITÉ

*Date d'effet:  le _____ (à minute une minute, heure normale) Modifiant la Police No. _____

*Délivré à _____

*Date d'émission _____  (*Ne fournir les renseignments demandés ci-dessus que si l'avenant doit être annexé à la police après la prise d'effet de celle-ci.)

Il est convenu que la clause relative au calcul de la prime en ce qui a trait aux salaires est amendée pour indiquer qu'aucun maximum ne s'y applique, et le mot "Rémunération", n'importe où il apparait dans la police, est amendé pour signifier le total des revenus gagnés pendant la durée de la police par chaque employé de l'assuré;  excepté les propriétaires, associés, cadres ou employes de bureau lesquels sont sujets a un plafond de salaire de $20,000 chacun.

TRAVELERS du Canada, Compagnie d'Indemnité

PRÉSIDENT

Contreseing _____

**LIABILITY**

**DECLARATIONS SCHEDULE (PAGE 1)**          **POLICY NO. TRCPP 107T692-1-78**

| Description of Hazards | Code No. | Premium Bases | Rates B.I. | Rates P.D. | Annual Advance Premium B.I. | Annual Advance Premium P.D. |
|---|---|---|---|---|---|---|
| 1. Premises — Operations (List all locations owned, rented or controlled by Named Insured stating interest as owner, lessee or tenant) | | (a) Area (sq.ft.) (b) Remuneration (c) Receipts (d) | (a) Per 100 sq.ft. (b) Per $1,000 (c) Per $1,000 (d) | | | |
| TERMITE CONTROL WORK THROUGHOUT CANADA, INCLUDING COMPLETED OPERATIOSN, EXCLUDING THE USE OF GAS OF ANY KIND | 5001(B) | | | | | |
| LOCATIONS | | | | | | |
| BRITISH COLUMBIA | 9001(C) | 21,000 | S 4.00 E 3.90 | S 4.81 E 3.90 | S 84 E 82 | S 101 E 82 |
| QUÉBEC | 9001(C) | 2,100 | S 4.00 E 3.90 | S 4.81 E 3.90 | S 8 E 8 | S 10 E 8 |
| SASKATCHEWAN | 9001(C) | IF ANY | S 4.00 E 3.90 | S 4.81 E 3.90 | INCL INCL | INCL INCL |
| ALBERTA | 9001(C) | IF ANY | S 4.00 E 3.90 | S 4.81 E 3.90 | INCL INCL | INCL INCL |
| ONTARIO | 9001(C) | 1,050 | S 4.00 E 3.90 | S 4.81 E 3.90 | S 4 E 4 | S 5 E 4 |
| MANITOBA | 9001(C) | 9,450 | S 4.00 E 3.90 | S 4.81 E 3.90 | S 38 E 37 | S 45 E 37 |
| OCCURRENCE PROPERTY DAMAGE SEE END'T YI 4771 | | | | | | S 8 E 7 |
| CONTINGENT EMPLOYERS LIABILITY SEE END'T YI 4772 | | 33,600 | S13. E 3. | | S 13 E 3 | |
| 2. Elevators (describe) | | Number | Per Elevator | | | |
| 3. Independent Contractors (Let or Sub-let work) | | Cost | Per $1,000 | | | |
| 4. Products (Including completed operations) | | Sales/Receipts | Per $1,000 | | | |
| TERMITE CONTROL WORK THROUGHOUT CANADA, INCLUDING COMPLETER OPERATIONS EXCLUDING THE USE OF GAS OF ANY KIND | | | | | INCL | INCL |
| 5. Contractual | | (a) Number (b) Cost | (a) Per Contract (b) Per $1,000 | | | |
| SEE RIDER YI 4760 | | | | | INCL | INCL |
| | | | | XXXX Total | $ S 147 E 134 | $ S 169 E 138 |

2 8 1

3 0 7

 **TRAVELERS Indemnity Company of Canada.**

INSURANCE IN THE TRAVELERS INDEMNITY COMPANY

Amending Policy Numbered  TRCPP 107T692-1-78

It is agreed that the rights and duties expressed in the policy as rights and duties of TRAVELERS INDEMNITY COMPANY OF CANADA, subject to the exclusions, conditions and other terms thereof, are the rights and duties of THE TRAVELERS INDEMNITY COMPANY and the policy is a contract between the insured and THE TRAVELERS INDEMNITY COMPANY and no other.

THE TRAVELERS INDEMNITY COMPANY

Secretary

TRAVELERS INDEMNITY COMPANY OF CANADA

President

Y1-4623  NEW 1-72  PRINTED IN CANADA

At 12:01 A.M. Standard Time

JANUARY 1, 1978

Issued to **POLE SPRAYERS OF CANADA LTD.**

*Cail P 310*

JUL. 1 9 1978

Date of Issue **JULY 6, 1978**

Office **SA21/OHO 899** _____ Producer **TABOR AGENCY INC.**

(The information provided for above is required to be stated only when this endorsement is issued for attachment to the policy subsequent to its effective date.)

It is agreed that as of the effective date hereof the policy is amended in the following particulars:

**TIMBER SPECIALTIES LTD., IS HEREBY ADDED TO THE POLICY AS AN ADDITIONAL NAMED INSURED.**

**TRAVELERS Indemnity Company of Canada**

# 1721A

*W. W. Riles*
PRESIDENT

Countersigned by _*M. S. Tabor*_

| | DATE OF EXP. | MODE OF ADJ. | LOCATION OF RISK |
|---|---|---|---|
| For Company Use Only | | | |

YC-444Y Rev. 3-72 Printed in Canada

Effective from __JANUARY 1, 1978__   Amending Policy numbered TRCP# 107L692-1-78

At 12:01 A.M. Standard Time

*CoR P 3/15*   JUL 19 1978

Issued to ____POLE SPRAYERS OF CANADA L.D.____

Date of Issue ____JUNE 23, 1978____   1d

Office ____SAM/CHO 899____   Producer __TABOR AGENCY INC.__

(The information provided for above is required to be stated only when this endorsement is issued for attachment to the policy subsequent to its effective date.)

It is agreed that as of the effective date hereof the policy is amended in the following particulars:

THE POLICY LIMITS FOR BODILY INJURY LIABILITY ON PROPERTY DAMAGE LIABILITY ARE CORRECTED TO READ $2,000,000. INCLUSIVE LIMITS.

TRAVELERS Indemnity Company of Canada

**1721A**

*W.W. Riles*
PRESIDENT

Countersigned by *M.S. Tabor*

| For Company Use Only | DATE OF EXP. | MODE OF ADJ. | LOCATION OF RISK | |
|---|---|---|---|---|
| | | | | |

YC-444Y Rev. 3-72 Printed in Canada

Effective from    JANUARY 1, 1978
At 12:01 A.M. Standard Time

Amending Policy numbered    TRCPP 1077692-1-78

Code P 3/0                    JUL 19 1978

Issued to    PELE SPRAYERS OF CANADA LTD.
Date of Issue    JULY 6, 1978
Office    SAN/CHO 599                    Producer    TABOR AGENCY INC.

(The information provided for above is required to be stated only when this endorsement is issued for attachment to the policy subsequent to its effective date.)

It is agreed that as of the effective date hereof the policy is amended in the following particulars:

### ADDITIONAL CONDITION "RENEWAL"

IF THE COMPANY ELECTS NOT TO RENEW THIS POLICY, IT SHALL MAIL TO THE NAMED INSURED, AT THE ADDRESS SHOWN IN THIS POLICY, WRITTEN NOTICE OF SUCH NON-RENEWAL NOT LESS THAN SIXTY (60) DAYS PRIOR TO THE EXPIRATION DATE.  THE MAILING OF NOTICE AS AFORESAID SHALL BE SUFFICIENT PROOF OF NOTICE.  DELIVERY OF SUCH NOTICE BY THE COMPANY SHALL BE EQUIVALENT TO MAILING.

ANY CHANGE IN THE RATES, PREMIUMS OR PAYMENT PLANS AND POLICY FORMS IN USE BY THE COMPANY FOR INSURANCE SHALL NOT CONSTITUTE A REFUSAL TO RENEW THIS POLICY.

TRAVELERS Indemnity Company of Canada

# 1721A

PRESIDENT

Countersigned by

| For Company Use Only | DATE OF EXP. | MODE OF ADJ. | LOCATION OF RISK | | |
|---|---|---|---|---|---|
| | | | | | |

YC-444Y Rev. 3-72 Printed in Canada

Effective from JANUARY 1, 1978 ___ Amending Policy numbered TRSPP 1073692-1-78
At 12:01 A.M. Standard Time

Code P 310

Issued to POLE SPRAYERS OF CANADA LTD.
Date of Issue JULY 6, 1978
Office SAM/CHO 677 _____ Producer TABOR AGENCY INC.

(The information provided for above is required to be stated only when this endorsement is issued for attachment to the policy subsequent to its effective date.)

It is agreed that as of the effective date hereof the policy is amended in the following particulars:

### AMENDMENT TO CANCELLATION — TERMINATION CONDITION

IT IS AGREED THAT CONDITION 10, CANCELLATION TERMINATION IS MODIFIED BY DELETING PROVISION (A) (1) AND REPLACING IT WITH THE FOLLOWING:

(A)(1) BY THE INSURER GIVING TO THE INSURED NOT LESS THAN FIFTEEN (15) DAYS' NOTICE OF TERMINATION BY REGISTERED MAIL, IN CASE OF NON-PAYMENT OF PREMIUM, OR IN CASE ANY BANKRUPTCY OR DEBTOR RELIEF PROCEEDING IS BROUGHT BY OR AGAINST THE NAMED INSURED, AND NOT LESS THAN SIXTY (60) DAYS THEREAFTER IN ALL OTHER CASES.

TRAVELERS Indemnity Company of Canada

**1721A**

PRESIDENT

Countersigned by _M S Tabor_

| For Company Use Only | DATE OF EXP. | MODE OF ADJ. | LOCATION OF RISK |
|---|---|---|---|
| | | | |

YC-444Y Rev. 3-72 Printed in Canada

OCT 1 1 1978

Effective from _____ January 1, 1978 _____    Amending Policy numbered TRCPP107T692-1-78
At 12:01 A.M. Standard Time

$P\ 310$

Issued to _Pole Sprayers of Canada Ltd._

Date of Issue _September 20, 1978_

Office ___ Buffalo _____Producer _Tabor Agency Inc._

(The information provided for above is required to be stated only when this endorsement is issued for attachment to the policy subsequent to its effective date.)

It is agreed that as of the effective date hereof the policy is amended in the following particulars:

## ADDITIONAL CONDITION MATERIAL CHANGE

It is agreed that any material change to this policy may only be made under the following conditions:

The Company may effect change to this policy by Mailing to the Named Insured, at the address shown in this policy, written endorsement stating when;

(a)  not less than fifteen days thereafter in case of non-payment of premium

(b)  not less than fifteen days thereafter in case any bankruptcy or debtor relief proceeding is brought by or against the Named Insured under the Bankruptcy Act.

(c)  not less than sixty days thereafter in all other cases, such change shall be effective.

TRAVELERS Indemnity Company of Canada

**1721A**

_W.W. Niles_
PRESIDENT

Countersigned by _MS Tabor_

| For Company Use Only | DATE OF EXP. | MODE OF ADJ. | LOCATION OF RISK |
|---|---|---|---|
| | | | |

YC-444Y Rev. 3-72 Printed in Canada

OCT 11 1978

Issued to **Pole Sprayers of Canada Ltd.**

Date of Issue September 20, 1978

Office **Buffalo**                         Producer **Tabor Agency Inc.**

(The information provided for above is required to be stated only when this endorsement is issued for attachment to the policy subsequent to its effective date.)

It is agreed that as of the effective date hereof the policy is amended in the following particulars:

### DISCLOSURE OF HAZARDS

It is agreed that failure of the Insured to disclose all hazards existing as of the inception date of the policy shall not prejudice the Insured with respect to the coverage afforded by this policy provided such failure or any omission is not intentional.

TRAVELERS Indemnity Company of Canada

**1721A**

PRESIDENT

Countersigned by _M S Tabor_

| | DATE OF EXP. | MODE OF ADJ. | LOCATION OF RISK |
|---|---|---|---|
| For Company Use Only | | | |

YC-444Y Rev. 3-72 Printed in Canada

Effective from SEPTEMBER 29, 1978    Amending Policy numbered NSL 1073692-1-78

At 12:01 A.M. Standard Time

MAR 1 2 1979

Issued to _____ POLE SPRAYERS OF CANADA LTD.

Date of Issue ____ FEBRUARY 9, 1979   mf

Office _____ BUFFALO _____ Producer ___ TABOR AGENCY INC.

(The information provided for above is required to be stated only when this endorsement is issued for attachment to the policy subsequent to its effective date.)

It is agreed that as of the effective date hereof the policy is amended in the following particulars:

FOR A MINIMUM ADDITIONAL PREMIUM OF $30. COVERAGE UNDER BROAD FORM PROPERTY DAMAGE YL-5049 ATTACHED IS HEREBY ADDED TO THE POLICY.

RETURN TO.
"T" ACCOUNTS CONTROL
CP-PAAS

TRAVELERS Indemnity Company of Canada

1721A

PRESIDENT

Countersigned by _____

| For Company Use Only | DATE OF EXP. | MODE OF ADJ. | LOCATION OF RISK |
|---|---|---|---|
| | | | |

YC-444Y Rev. 3-72 Printed in Canada

LIABILITY
(IBC 2021)
1-75

MAR 12 1979

## BROAD FORM PROPERTY DAMAGE ENDORSEMENT
### (INCLUDING COMPLETED OPERATIONS)

(for use with Comprehensive General Liability Coverage Rider and/or
Contractual Liability Coverage Rider)

*Effective from **SEPTEMBER 29, 1978**_____ at the time of day the policy became effective. Amending Policy No. **TROPP 1071092-1-78**

*Issued to **HOLE SPRAYERS OF CANADA LTD.**

*Date of Issue **FEBRUARY 9, 1979**  **mf**    (*The information marked with an asterisk is required to be stated only when this endorsement is issued for attachment to the policy subsequent to its effective date.)

It is agreed that:

A. Exclusions (g) and (i) of the Comprehensive Liability Rider and exclusions (d) and (f) of the Contractual Liability Rider are replaced by the following exclusions (y) and (z):

(y) property damage

(1) to property owned or occupied by or rented to the insured, or, except with respect to the use of elevators, to property held by the insured for sale or entrusted to the insured for storage or safekeeping.

(2) except with respect to liability under a written sidetrack agreement or the use of elevators, to

(a) property while on premises owned by or rented to the insured for the purpose of having operations performed on such property by or on behalf of the insured;

(b) tools or equipment while being used by the insured in performing his operations;

(c) property in the custody of the insured which is to be installed, erected or used in construction by the insured;

(d) that particular part of any property, not on premises owned by or rented to the insured;

(i) upon which operations are being performed by or on behalf of the insured at the time of the property damage arising out of such operations, or

(ii) out of which any property damage arises, or

(iii) the restoration, repair or replacement of which has been made necessary by reason of faulty workmanship thereon by or on behalf of the insured;

(z) with respect to the completed operations hazard, to property damage to work performed by the named insured arising out of the work or any portion thereof, or out of materials, parts or equipment furnished in connection therewith.

B. The insurance afforded by this endorsement shall be excess insurance over any valid and collectible Property Insurance (including any deductible portion thereof) available to the insured, such as but not limited to Fire and Extended Coverage, Builder's Risk Coverage or Installation Risk coverage, and the Other Insurance condition is amended accordingly.

TRAVELERS Indemnity Company of Canada

*W.W. Riles*
PRESIDENT

"L" RETURN TO:
ACCOUNTS CONTROL
CP&PAAS
9 GS

Countersigned by _____

MARS 1979
RESPONSABILITÉ
$$\begin{pmatrix} BAC\ 2021F \\ 1\cdot75 \end{pmatrix}$$

## AVENANT D'EXTENSION DE GARANTIE CONTRE LES DOMMAGES MATÉRIELS,
[Y COMPRIS LES TRAVAUX TERMINÉS (ou "OPÉRATIONS ACHEVÉES")]

(A utiliser avec l'avenant d'assurance générale de responsabilité civile
et/ou l'avenant d'assurance de responsabilité contractuelle)

*Date d'effet: le _____ à l'heure où la police est entrée en vigueur. Modifiant la Police N⁰ _____

*Délivrée à _____

*En date du _____ (*Ne fournir les renseignements marqués d'un astérisque que si le présent avenant est
établi après l'entrée en vigueur de la police à laquelle il doit être annexé.)

A. Les exclusions g) et i) de l'avenant d'assurance générale de responsabilité civile et d) et f) de l'avenant d'assurance de responsabilité contractuelle sont remplacées par les suivantes:

y) Les "dommages matériels" en ce qui concerne:

1. Les biens dont l'Assuré est propriétaire, occupant ou locataire, et, sauf dans le cas de l'utilisation d'ascenseurs ou de monte-charge, les biens que l'Assuré détient pour les vendre ou qui lui sont confiés a des fins d'entreposage ou de garde;

2. Sauf dans le cas de l'utilisation d'ascenseurs ou de monte-charge ou de la responsabilité découlant d'un traité d'embranchement ferroviaire;

   a) Les biens se trouvant sur des lieux dont l'Assuré est propriétaire ou locataire, en vue de travaux devant être effectués sur eux par ou pour lui;

   b) Les outils et le matériel atteints par lesdits dommages en cours d'utilisation par l'Assuré dans l'exécution de ses travaux;

   c) Les biens dont l'Assuré a la garde et qui sont destinés à être installés ou érigés par lui ou utilisés par lui dans une construction;

   d) Les biens se trouvant hors de lieux ayant l'Assuré pour propriétaire ou locataire;

      i) Et atteints par un sinistre au cours et du fait de travaux exécutés sur lesdits biens;

      ii) Lorsque lesdits biens sont à l'origine d'un sinistre;

      iii) Lorsque la réparation ou le remplacement desdits biens devient nécessaire du fait de la mauvaise exécution de travaux effectués sur eux ou d'un défaut dans leur fabrication;

   Etant précisé que la présente exclusion s'applique uniquement aux biens ou, le cas échéant, aux parties de biens, directement atteints par les "dommages matériels" susdits.

z) Dans le cas du risque des travaux terminés (ou "opérations achevées"), les "dommages matériels" en ce qui concerne des travaux effectués par l'Assuré désigné lorsque ces dommages sont occasionnés par tout ou partie desdits travaux ou des matériaux, pièces ou matériel fournis pour leur exécution.

B. La garantie du présent avenant n'intervient qu'en complément de toute assurance des biens recouvrable (y compris toute franchise afférente à celle-ci), notamment l'assurance incendie et la couverture supplémentaire (ou les garanties annexes), l'assurance des constructeurs (ou des chantiers) et l'assurance des risques d'installation, étant précisé que la clause "pluralité d'assurances" est modifiée en conséquence.

TRAVELERS du Canada, Compagnie d'Indemnité

PRÉSIDENT

Contreseing _____

| | |
|---|---|
| Issued to | POLE SPRAYERS OF CANADA LTD. |
| Date of Issue | FEBRUARY 9, 1979    mf |
| Office | BUFFALO    Producer    TABOR AGENCY INC. |

(The information provided for above is required to be stated only when this endorsement is issued for attachment to the policy subsequent to its effective date.)

It is agreed that as of the effective date hereof the policy is amended in the following particulars:

605 admit (Buffalo 216)

FOR AN ADDITIONAL MINIMUM OF $156. SCHEDULED BELOW, THE CONTRACTUAL LIABILITY RIDER YI-4758 IS EXTENDED TO INCLUDE BLANKET COVERAGE ON ALL WRITTEN CONTRACTS.

| DESCRIPTION OF HAZARDS | PREMIUM | RATES BI | PD | ANNUAL ADVANCE PREMIUM | |
|---|---|---|---|---|---|
| 5. CONTRACTUAL — BLANKET — ALL WRITTEN CONTRACTS — SEE RIDER YI-4760 | IF ANY | B .030 E .038 | B .023 E .017 | BI MIN. B 50 E 64 | PD MIN. B 24 E 18 |

"T" RETURN TO
ACCOUNTS CONTROL
CP-VAAS
9 GS

TRAVELERS Indemnity Company of Canada

**1721A**

W. W. Riles
PRESIDENT

Countersigned by _____

| For Company Use Only | DATE OF EXP. | MODE OF ADJ. | LOCATION OF RISK |
|---|---|---|---|
| | | | |

YC-444Y Rev. 3-72 Printed in Canada

MAR 13 1979

Issued to _____ **POLE SPRAYERS OF CANADA INC.**

Date of Issue _____ **FEBRUARY 9, 1979** mf

Office _____ **BUFFALO** _____ Producer _____ **TABOR AGENCY LTD.**

(The information provided for above is required to be stated only when this endorsement is issued for attachment to the policy subsequent to its effective date.)

It is agreed that as of the effective date hereof the policy is amended in the following particulars:

≈ 97 annum (?)

FOR AN ADDITIONAL PREMIUM OF \$25. THE ATTACHED PERSONAL INJURY LIABILITY RIDER YL-4769 IS HEREBY ADDED TO THE POLICY.

EXCLUSION (C) OF THE PERSONAL INJURY LIABILITY RIDER IS HEREBY DELETED.

RETURN TO.
ACCOUNTS CONTROL
OF PASS

TRAVELERS Indemnity Company of Canada

**1721A**

W.W. Riles
PRESIDENT

Countersigned by _____

| For Company Use Only | DATE OF EXP. | MODE OF ADJ. | LOCATION OF RISK | |
|---|---|---|---|---|
| | | | | |

YC-444Y Rev. 3-72 Printed in Canada

MAR 18 1979

## PERSONAL INJURY LIABILITY COVERAGE RIDER

LIABILITY
(IBC 2008)
7-71

Attached to and forming part of the Liability Rider

POLICY NO. _____ TROPP 1077692-1-73

### SCHEDULE

| Coverage | Limits of Liability |
|---|---|
| **P. Personal Injury Liability**<br><br>The insurance afforded is only with respect to personal injury arising out of an offense included within such of the following groups of offenses as are indicated by specific premium charge or charges.<br><br>**Groups of Offenses**<br><br>A. False Arrest, Detention or Imprisonment or Malicious Prosecution<br><br>B. Libel, Slander, Defamation or Violation of Right of Privacy<br><br>C. Wrongful Entry or Eviction or Other Invasion of Right of Private Occupancy | $2,000,000 each person aggregate<br><br>$2,000,000 general aggregate |

| Insured's Participation | % | Minimum Premium $ | |
|---|---|---|---|

## INSURING AGREEMENTS

**I.   Coverage P -- Personal Injury Liability**

To pay on behalf of the Insured all sums which the Insured shall become legally obligated to pay as damages because of injury (herein called "personal injury") sustained by any person or organization and arising out of one or more of the following offenses committed in the conduct of the Named Insured's business designated in the declarations:

Group A -- false arrest, detention or imprisonment, or malicious prosecution,

Group B -- the publication or utterance of a libel or slander or of other defamatory or disparaging material, or a publication or utterance in violation of an individual's right of privacy; except publications or utterances in the course of or related to advertising, broadcasting or telecasting activities conducted by or on behalf of the Named Insured;

Group C -- wrongful entry or eviction, or other invasion of the right of private occupancy.

**II.   Defence – Settlement – Supplementary Payments**

As respects insurance afforded by this rider, the Insurer shall:

(1)   defend in the name and on behalf of the Insured and at the cost of the Insurer any civil action which may at any time be brought against the Insured on account of such personal injury but the Insurer shall have the right to make such investigation, negotiation and settlement of any claim as may be deemed expedient by the Insurer;

(2)   pay all premiums on bonds to release attachments for an amount not in excess of the applicable limit of liability of this rider, all premiums on appeal bonds required in any such defended suit, but without any obligation to apply for or furnish such bonds;

(3)   pay all costs taxed against the Insured in any civil action defended by the Insurer and any interest accruing after entry of judgment (or, in those jurisdictions where interest accrues from the date of the action, from the date of such action) upon that part of the judgment which is within the limits of the Insurer's liability;

(4)   reimburse the Insured for all reasonable expenses, other than loss of earnings, incurred at the Insurer's request.

The amounts so incurred except settlement of claims or suits are payable in addition to the applicable limits of liability.

**III.   Persons Insured**

Each of the following is an Insured under this insurance to the extent set forth below:

(1)   if the Named Insured is designated in the declarations as an individual, the person so designated;

(2)   if the Named Insured is designated in the declarations as a partnership or joint venture, the partnership or joint venture so designated and any partner or member thereof but only with respect to his liability as such;

(3)   if the Named Insured is designated in the declarations as other than an individual, partnership or joint venture, the organization so designated and any executive officer, director or stockholder thereof while acting within the scope of his duties as such.

This insurance does not apply to personal injury arising out of the conduct of any partnership or joint venture of which the Insured is a partner or member and which is not designated in this policy as a Named Insured.

**IV.   Policy Period Territory**

This insurance applies only to personal injury arising out of an offense committed during the policy period within the policy territory.

## EXCLUSIONS

This insurance does not apply to:

(a)   liability assumed by the Insured under any contract or agreement;

(b)   personal injury arising out of the wilful violation of a penal statute or ordinance committed by or with the knowledge or consent of any Insured;

(c)   personal injury sustained by any person as a result of an offense directly or indirectly related to the employment of such person by the Named Insured;

(d)   personal injury arising out of any publication or utterance described in Group B, if the first injurious publication or utterance of the same or similar material by or on behalf of the Named Insured was made prior to the effective date of this insurance;

(e)   personal injury arising out of a publication or utterance described in Group B concerning any organization or business enterprise, or its products or services, made by or at the direction of any Insured with knowledge of the falsity thereof.

## LIMITS OF LIABILITY

Regardless of the number of (1) Insureds under this rider, (2) persons or organizations who sustain personal injury, or (3) claims made or suits brought on account of personal injury, the total liability of the Insurer for all damages because of all personal injury to which this coverage applies, sustained by any one person or organization, shall not exceed the limit of personal injury liability stated in the schedule as "each person aggregate".

Subject to the above provision respecting "each person aggregate", the total limit of the Insurer's liability under this coverage for all damages shall not exceed the limit of personal injury liability stated in the schedule as "general aggregate".

## INSURED'S PARTICIPATION

If a participation percentage is stated in the schedule for the Insured, the Insurer shall not be liable for a greater proportion of any loss than the difference between such percentage and one hundred percent and the balance of the loss shall be borne by the Insured; provided, the Insurer may pay the Insured's portion of a loss to effect settlement of the loss, and, upon notification of the action taken, the Named Insured shall promptly reimburse the Insurer therefor.

7/20/28

## GENERAL LIABILITY

INSURED: Pole Sprayers of Canada Ltd

| | | *Wrote Insurer | xCarrier Refused | *Wrote Client | xNot Wanted | +Effected |
|---|---|---|---|---|---|---|
| **1. | a. Insured - Over 50% Entities | | | | | |
| | b. Mention Joint Venture | | | | | |
| 2. | Persons Insured | | 8/12/77 | | | |
| 5. | Comprehensive Form | | | | | |
| **6. | Adequate limits | | | | | ✓ |
| 7. | Occurrence | | | | | ✓ |
| **8. | Disclosure of hazards | 8/2/28 | | | | ✓ |
| **9. | Liquor Liability | | | | | |
| | a. Host Exposure no exclusion | | | | | |
| | b. Host Ex. Support forget Pk 8/2/28 dated | | | | | |
| | c. Liquor Liability N/A | | | | | |
| 10. | x, c & u Exclusions no Exclusion | | | | | |
| **11. | Contractual Liability | | | | | |
| | a. Blanket Contractual | 8/2/28 | | | | |
| | b. Remove Exclusions: | | | | | |
| | (1) Third Party Ben no Excl. | | | | | ✓ |
| | (2) Liq. Law Liab. no Exclusion | | | | | ✓ |
| | (3) x, c & u Excl no Exclusion | | | | | ✓ |
| | (4) Indem. Negl. no exclusion | | | | | |
| | (5) Autos, etc. no exclusion | | | | | |
| | d. Oral agreements | 8/2/28 | | | | |
| **12. | Pers. Injury Liability | | | | | |
| | a. (1) False arrest, etc. | 8/2/28 | | | | |
| | (2) Libel, slander | 8/2/28 | | | | |
| | (3) Wrongful entry, etc. | 8/2/28 | | | | |
| | b. Remove Exclusions: | | | | | |
| | (1) Assumed Liab. | 8/2/28 | | | | |
| | (2) Claims of Employees | 8/2/28 | | | | |
| 14. | b. Malpr.-Nurses, etc. | | | | | |
| 15. | Vendors Coverage | | | | | |
| 16. | Water Damage Liab. no exclusion | | | | | |
| | a. Elim.c.c. or c.-Real | | | | | |
| | b. Elim.c.c. or c.-P.P. | | | | | |
| 18. | Premises Med. Pays. | | | | | |
| **19. | Employees as Insureds | | | | | |
| 20. | Broad Form P.D. | | | | | |
| 21. | Elimin. c.c. or c. | | | | | |
| **22. | Knowledge of Acc. forget ltc 10/24/77 | | | | | |
| **23. | Automatic Liab.-Owners forget | | | | | |
| 24. | Elevator Collision forget | | | | | |
| **25. | Deductibles | | | | | |
| 26. | a. Auto Liab. Same Carrier | | | | | ✓ |
| | b. Expir. A.L. & G.L. Same | | | | | ✓ |
| | c. Unins.Motor.-Mobile | | | | | |
| 27. | a. W.W. for Products of Bristol brought with Spr Canada | | | | | ✓ |
| | b. W.W. for Operations | | | | | |
| **28. | Retrospective Rating, etc. | | | | | |
| 32. | Extend Canc. Notice | | | | | ✓ |
| 36. | Return Prem.to Spec.Party N/A | | | | | |
| 37. | Packaging forget | | | | | |
| **38. | Explain Contam. Excl. | | | | | |
| **39. | Elevator Inspections N/A | | | | | |
| **40. | Advice re certifs. | | | | | |

*Dates Dictated          xDates of Decision          +Check Mark

INVOICES & CREDIT MEMOS                Code P 310

Insured: Pole Sprayers of Canada Ltd.    Coverage: Comple General Liability

Rates:

| Company | Policy No. | Amount | (1) Cr. | (2) Db. | Period | (3) Type | (4) Ltr | (5) No. | Date Apprv. |
|---------|-----------|--------|---------|---------|--------|----------|---------|---------|-------------|
| Travelers | TRCPP 107 T 692-1-78 | $588 | | X | 1/1/78 to 1/1/79 | P | No | X | 8/3/78 |
| " | " | 211 | | X | 9/8/78 - 1/1/79 | E | No | X | 7/2/79 |
| | | | | | | | | | |
| | | | | | | | | | |
| | | | | | | | | | |
| | | | | | | | | | |
| | | | | | | | | | |
| | | | | | | | | | |
| | | | | | | | | | |
| | | | | | | | | | |
| | | | | | | | | | |
| | | | | | | | | | |
| | | | | | | | | | |
| | | | | | | | | | |
| | | | | | | | | | |
| | | | | | | | | | |

Instructions:
   (1) & (2)   Insert X in appropriate column
        (3)    Insert Code letter (per key below)*
        (4)    Insert X if letter written
        (5)    Insert X if no original invoice or credit memo to process

*Type: P-Policy; E-Endorsement; I-Installment; AJ-Adjustment; A-Audit; B-Binder

The insurer for this Policy is that member of
The Travelers Insurance Companies designated
by an 'X' below:

# THE TRAVELERS INSURANCE COMPANIES

*(Each A Stock Insurance Company)*

HARTFORD • CONNECTICUT

☐ THE TRAVELERS INDEMNITY COMPANY
☐ THE CHARTER OAK FIRE INSURANCE COMPANY
☐ THE TRAVELERS INDEMNITY COMPANY OF AMERICA
☐ THE TRAVELERS INDEMNITY COMPANY OF ILLINOIS
☐ THE TRAVELERS INDEMNITY COMPANY OF RHODE ISLAND

| TR-NSL-107T689-0-78 | ◄POLICY NUMBER |

## DECLARATIONS

### COMPREHENSIVE AUTOMOBILE—GENERAL LIABILITY POLICY

**Item 1.** *Named Insured*

OSMOSE WOOD PRESERVING CO OF AMERICA
INC ET AL PER END 8000(1)
980 ELLICOTT ST
BUFFALO NY 14209

Address
(No., street, town, county, state, zip code)

**Item 2.** Policy Period (Month, Day, Year):  From 01-01-78  to  01-01-79  12:01 A.M.†

**Item 3.**

| Parts | Coverages | | Limits of Liability | | | Advance Premium |
|---|---|---|---|---|---|---|
| | | | each person | each occurrence | aggregate | |
| **L1A** | Comprehensive General | Bodily Injury Liability | ═══ | SEE M | M | $ PREM |
| | | Property Damage Liability | ═══ | END M | 13211 M | $ |
| **L2C** | Comprehensive Automobile | Bodily Injury Liability | SEE M | END M | ═══ | $ |
| | | Property Damage Liability | ═══ | 13211 M | ═══ | $ TO |
| | Contractual Liability | Bodily Injury Liability | ═══ | M | M | $ |
| | | Property Damage Liability | ═══ | M | M | $ BE |
| | Premises Medical Payments | | $ each person | | | |
| | | | $ each accident | | | $ |
| | Automobile Medical Payments | | | each person | | $ |
| **L6B** | Uninsured Motorists (Damages for Bodily Injury) | | $ SEE each person | | | $ COLL |
| | | | END M each accident | | | $ |
| | Automobile Physical Damage | Comprehensive | $ | | | $ |
| | | Collision | ACV Less $ | Deductible | | $ UNDER |
| | | Fire, Lightning or Transportation | | | | $ |
| | | Theft | $ | | | $ |
| | | Combined Additional | | | | $ |
| **L33** | UNINSURED/UNDERINSURED MOTORISTS | | | | | $ TPB |
| | | | | | | $ |

The insurance afforded is only with respect to such of the Coverage Parts as are indicated by Symbol Number and the Coverages therein as are indicated by specific premium charge. The limit of the company's liability against each such Coverage shall be as stated herein, subject to all the terms of this policy having reference thereto. In any Limits of Liability space the letter "M" means "Thousands of Dollars" and the letters "ACV" mean "Actual Cash Value".

Symbol numbers of Schedules, Endorsements, and additional Coverage Parts forming a part of this policy on its effective date.

SEE END 9380

$ #04429
Total Advance Premium

**Item 4.** (a) The *named insured* is:  individual ☐;  partnership ☐;  corporation ☐;  joint venture ☐;  other:
(b) Audit Period:  Annual, unless otherwise stated:  semi-annual ☐;  quarterly ☐;  monthly ☐.

**Item 5.** During the past three years no insurer has canceled insurance, issued to the *named insured*, similar to that afforded hereunder, unless otherwise stated herein:

General Liability Coverage Parts—The declarations are completed on an accompanying schedule designated "General Liability Hazards".
Automobile Liability Coverage Parts—The declarations are completed on an accompanying schedule designated "Automobile Liability Hazards".
†Standard time at the address of the *named insured* as stated herein.

---

**TABOR AGENCY, INC.**

ALL FORMS OF INSURANCE

800 WALBRIDGE BLDG.    BUFFALO, N. Y. 14202
Phone: 852-0424

By ___M S Tabor___

Keep this declarations page in your "Policy Jacket—Edition January 1, 1973", Form C-16216. These declarations and all Coverage Parts, Schedules and Endorsements issued to form a part hereof, together with your Policy Jacket, form your complete insurance policy.

C-16243  Edition January 1, 1973  PRINTED IN U.S.A.  1073



**The Travelers Insurance Companies**

Policy Jacket—
Edition January 1, 1973

The enclosed
Declarations and
Coverage Parts
(plus any endorsements)
complete your
policy.

Policy Title
Named Insured
and
Address:

Policy Period:

# The Travelers Insurance Companies
### Hartford, Connecticut

#### (Each a Stock Insurance Company)

The member of The Travelers Insurance Companies designated in the declarations as the insurer (herein called the company), in consideration of the payment of the premium, in reliance upon the statements in the declarations made a part hereof and subject to all of the terms of this policy, agrees with the *named insured* as follows:

# Definitions

When used in this policy (including endorsements forming a part hereof): ♦

"**automobile**" means a land motor vehicle, trailer or semitrailer designed for travel on public roads (including any machinery or apparatus attached thereto), but does not include *mobile equipment;*

"**bodily injury**" means bodily injury, sickness or disease sustained by any person which occurs during the policy period, including death at any time resulting therefrom;

"**completed operations hazard**" includes *bodily injury* and *property damage* arising out of operations or reliance upon a representation or warranty made at any time with respect thereto, but only if the *bodily injury or property damage* occurs after such operations have been completed or abandoned and occurs away from premises owned by or rented to the *named insured*. "Operations" include materials, parts or equipment furnished in connection therewith. Operations shall be deemed completed at the earliest of the following times:

(1) when all operations to be performed by or on behalf of the *named insured* under the contract have been completed,

(2) when all operations to be performed by or on behalf of the *named insured* at the site of the operations have been completed, or

(3) when the portion of the work out of which the injury or damage arises has been put to its intended use by any person or organization other than another contractor or subcontractor engaged in performing operations for a principal as a part of the same project.

Operations which may require further service or maintenance work, or correction, repair or replacement because of any defect or deficiency, but which are otherwise complete, shall be deemed completed.

The *completed operations hazard* does not include *bodily injury or property damage* arising out of

(a) operations in connection with the transportation of property, unless the *bodily injury or property damage* arises out of a condition in or on a vehicle created by the loading or unloading thereof,

(b) the existence of tools, uninstalled equipment or abandoned or unused materials, or

(c) operations for which the classification stated in the policy or in the company's manual specifies "including completed operations";

"**elevator**" means any hoisting or lowering device to connect floors or landings, whether or not in service, and all appliances thereof including any car, platform, shaft, hoistway, stairway, runway, power equipment and machinery; but does not include an *automobile* servicing hoist, or a hoist without a platform outside a building if without mechanical power or if not attached to building walls, or a hod or material hoist used in alteration, construction or demolition operations, or an inclined conveyor used exclusively for carrying property or a dumbwaiter used exclusively for carrying property and having a compartment height not exceeding four feet;

"**incidental contract**" means any written (1) lease of premises, (2) easement agreement, except in connection with construction or demolition operations on or adjacent to a railroad, (3) undertaking to indemnify a municipality required by municipal ordinance, except in connection with work for the municipality, (4) sidetrack agreement, or (5) *elevator* maintenance agreement;

"**insured**" means any person or organization qualifying as an insured in the "Persons Insured" provision of the applicable insurance coverage. The insurance afforded applies separately to each *insured* against whom claim is made or suit is brought, except with respect to the limits of the company's liability;

"**mobile equipment**" means a land vehicle (including any machinery or apparatus attached thereto), whether or not self-propelled, (1) not subject to motor vehicle registration, or (2) maintained for use exclusively on premises owned by or rented to the *named insured*, including the ways immediately adjoining, or (3) designed for use principally off public roads, or (4) designed or maintained for the sole purpose of affording mobility to equipment of the following types forming an integral part of or permanently attached to such vehicle: power cranes, shovels, loaders, diggers and drills; concrete mixers (other than the mix-in-transit type); graders, scrapers, rollers and other road construction or repair equipment; air-compressors, pumps and generators, including spraying, welding and building cleaning equipment; and geophysical exploration and well servicing equipment;

"**named insured**" means the person or organization named in Item 1. of the declarations of this policy;

"**named insured's products**" means goods or products manufactured, sold, handled or distributed by the *named insured* or by others trading under his name, including any container thereof (other than a vehicle),

but *"named insured's products"* shall not include a vending machine or any property other than such container, rented to or located for use of others but not sold;

*"occurrence"* means an accident, including continuous or repeated exposure to conditions, which results in *bodily injury* or *properly damage* either expected nor intended from the standpoint of the *insured;*

*"policy territory"* means:

(1) the United States of America, its territories or possessions, or Canada, or

(2) international waters or air space, provided the *bodily injury* or *property damage* does not occur in the course of travel or transportation to or from any other country, state or nation, or

(3) anywhere in the world with respect to damages because of *bodily injury* or *property damage* arising out of a product which was sold

for use or consumption within the territory described in paragraph (1) above, provided the original suit for such damages is brought within such territory;

*"products hazard"* includes *bodily injury* and *property damage* arising out of the *named insured's products* or reliance upon a representation or warranty made at any time with respect thereto, but only if the *bodily injury* or *property damage* occurs away from premises owned by or rented to the *named insured* and after physical possession of such products has been relinquished to others;

*"property damage"* means (1) physical injury to or destruction of tangible property which occurs during the policy period, including the loss of use thereof at any time resulting therefrom, or (2) loss of use of tangible property which has not been physically injured or destroyed provided such loss of use is caused by an *occurrence* during the policy period.

## Supplementary Payments

The company will pay, in addition to the applicable limit of liability:

(a) all expenses incurred by the company, all costs taxed against the *insured* in any suit defended by the company and all interest on the entire amount of any judgment therein which accrues after entry of the judgment and before the company has paid or tendered or deposited in court that part of the judgment which does not exceed the limit of the company's liability thereon;

(b) premiums on appeal bonds required in any such suit, premiums on bonds to release attachments in any such suit for an amount not in excess of the applicable limit of liability of this policy, and the cost

of bail bonds required of the *insured* because of accident or traffic law violation arising out of the use of any vehicle to which this policy applies, not to exceed $250 per bail bond, but the company shall have no obligation to apply for or furnish any such bonds;

(c) expenses incurred by the *insured* for first aid to others at the time of an accident, for *bodily injury* to which this policy applies;

(d) reasonable expenses incurred by the *insured* at the company's request in assisting the company in the investigation or defense of any claim or suit, including actual loss of earnings not to exceed $25 per day.

## Nuclear Energy Liability Exclusion (Broad Form)

I. The policy does not apply:

A. Under any Liability Coverage, to *bodily injury* or *property damage*

(1) with respect to which an *insured* under the policy is also an insured under a nuclear energy liability policy issued by Nuclear Energy Liability Insurance Association, Mutual Atomic Energy Liability Underwriters or Nuclear Insurance Association of Canada, or would be an insured under any such policy but for its termination upon exhaustion of its limit of liability; or

(2) resulting from the hazardous properties of nuclear material and with respect to which (a) any person or organization is required to maintain financial protection pursuant to the Atomic Energy Act of 1954, or any law amendatory thereof, or (b) the *insured* is, or had this policy not been issued would be, entitled to indemnity from the United States of America, or any agency thereof, under any agreement entered into by the United States of America, or any agency thereof, with any person or organization.

B. Under any Medical Payments Coverage, or under any Supplementary Payments provision relating to first aid, to expenses incurred with respect to *bodily injury* resulting from the *hazardous properties* of *nuclear material* and arising out of the operation of a *nuclear facility* by any person or organization.

C. Under any Liability Coverage, to *bodily injury* or *property damage* resulting from the *hazardous properties* of *nuclear material*, if

(1) the *nuclear material* (a) is at any *nuclear facility* owned by, or operated by or on behalf of, an *insured* or (b) has been discharged or dispersed therefrom;

(2) the *nuclear material* is contained in *spent fuel* or *waste* at any time possessed, handled, used, processed, stored, transported or disposed of by or on behalf of an *insured;* or

(3) the *bodily injury* or *property damage* arises out of the furnishing

*"nuclear material"* means *source material, special nuclear material* or *byproduct material;*

*"source material", "special nuclear material"*, and *"byproduct material"* have the meanings given them in the Atomic Energy Act of 1954 or in any law amendatory thereof;

*"spent fuel"* means any fuel element or fuel component, solid or liquid, which has been used or exposed to radiation in a *nuclear reactor;*

*"waste"* means any waste material (1) containing *byproduct material* and (2) resulting from the operation by any person or organization of any *nuclear facility* included within the definition of *nuclear facility* under paragraph (a) or (b) thereof;

*"nuclear facility"* means

(a) any *nuclear reactor,*

(b) any equipment or device designed or used for (1) separating the isotopes of uranium or plutonium, (2) processing or utilizing *spent fuel*, or (3) handling, processing or packaging *waste,*

(c) any equipment or device used for the processing, fabricating or alloying of *special nuclear material* if at any time the total amount of such material in the custody of the *insured* at the premises where such equipment or device is located consists of or contains more than 25 grams of plutonium or uranium 233 or any combination thereof, or more than 250 grams of uranium 235,

(d) any structure, basin, excavation, premises or place prepared or used for the storage or disposal of *waste,*

and includes the site on which any of the foregoing is located, all operations conducted on such site and all premises used for such operations;

by an *insured* of services, materials, parts or equipment in connection with the planning, construction, maintenance, operation or use of any *nuclear facility*, but if such facility is located within the United States of America, its territories or possessions or Canada, this exclusion (3) applies only to *property damage* to such *nuclear facility* and any property thereat.

II. As used in this exclusion:

*"hazardous properties"* include radioactive, toxic or explosive properties;



*"nuclear reactor"* means any apparatus designed or used to sustain nuclear fission in a self-supporting chain reaction or to contain a critical mass of fissionable material;

*"property damage"* includes all forms of radioactive contamination of property.

III. This exclusion modifies the provisions of the policy relating to all Automobile Liability, General Liability and Medical Payments Insurance other than Comprehensive Personal and Farmer's Comprehensive Personal Insurance.



# Conditions

**1. Premium.** All premiums for this policy shall be computed in accordance with the company's rules, rates, rating plans, premiums and minimum premiums applicable to the insurance afforded herein.

Premium designated in this policy as "advance premium" is a deposit premium only which shall be credited to the amount of the earned premium due at the end of the policy period. At the close of each period (or part thereof terminating with the end of the policy period) designated in the declarations as the audit period the earned premium shall be computed for such period and, upon notice thereof to the *named insured*, shall become due and payable. If the total earned premium for the policy period is less than the premium previously paid, the company shall return to the *named insured* the unearned portion paid by the *named insured*.

The *named insured* shall maintain records of such information as is necessary for premium computation, and shall send copies of such records to the company at the end of the policy period and at such times during the policy period as the company may direct.

**2. Inspection and Audit.** The company shall be permitted but not obligated to inspect the *named insured's* property and operations at any time. Neither the company's right to make inspections nor the making thereof nor any report thereon shall constitute an undertaking, on behalf of or for the benefit of the *named insured* or others, to determine or warrant that such property or operations are safe or healthful, or are in compliance with any law, rule or regulation.

The company may examine and audit the *named insured's* books and records at any time during the policy period and extensions thereof and within three years after the final termination of this policy, as far as they relate to the subject matter of this insurance.

**3. Financial Responsibility Laws.** When this policy is certified as proof of financial responsibility for the future under the provisions of any motor vehicle financial responsibility law, such insurance as is afforded by this policy for *bodily injury* liability or for *property damage* liability shall comply with the provisions of such law to the extent of the coverage and limits of liability required by such law. The *insured* agrees to reimburse the company for any payment made by the company which it would not have been obligated to make under the terms of this policy except for the agreement contained in this paragraph.

**4. Insured's Duties in the Event of Occurrence, Claim or Suit.**

(a) In the event of an *occurrence*, written notice containing particulars sufficient to identify the *insured* and also reasonably obtainable information with respect to the time, place and circumstances thereof, and the names and addresses of the injured and of available witnesses, shall be given by or for the *insured* to the company or any of its authorized agents as soon as practicable.

(b) If claim is made or suit is brought against the *insured*, the *insured* shall immediately forward to the company every demand, notice, summons or other process received by him or his representative.

(c) The *insured* shall cooperate with the company and, upon the company's request, assist in making settlements, in the conduct of suits and in enforcing any right of contribution or indemnity against any person or organization who may be liable to the *insured* because of injury or damage with respect to which insurance is afforded under this policy; and the *insured* shall attend hearings and trials and assist in securing and giving evidence and obtaining the attendance of witnesses. The *insured* shall not, except at his own cost, voluntarily make any payment, assume any obligation or incur any expense other than for first aid to others at the time of accident.

**5. Action Against Company.** No action shall lie against the company unless, as a condition precedent thereto, there shall have been full compliance with all of the terms of this policy, nor until the amount of the *insured's* obligation to pay shall have been finally determined either by judgment against the *insured* after actual trial or by written agreement of the *insured*, the claimant and the company.

Any person or organization or the legal representative thereof who has secured such judgment or written agreement shall thereafter be entitled to recover under this policy to the extent of the insurance afforded by this policy. No person or organization shall have any right under this policy to join the company as a party to any action against the *insured* to determine the *insured's* liability, nor shall the company be impleaded by the *insured* or his legal representative. Bankruptcy or insolvency of the *insured* or of the *insured's* estate shall not relieve the company of any of its obligations hereunder.

**6. Other Insurance.** The insurance afforded by this policy is primary insurance, except when stated to apply in excess of or contingent upon the absence of other insurance. When this insurance is primary and the *insured* has other insurance which is stated to be applicable to the loss on an excess or contingent basis, the amount of the company's liability under this policy shall not be reduced by the existence of such other insurance.

When both this insurance and other insurance apply to the loss on the same basis, whether primary, excess or contingent, the company shall not be liable under this policy for a greater proportion of the loss than that stated in the applicable contribution provision below:

(a) **Contribution by Equal Shares.** If all of such other valid and collectible insurance provides for contribution by equal shares, the company shall not be liable for a greater proportion of such loss than would be payable if each insurer contributes an equal share until the share of such insurer equals the lowest applicable limit of liability under any one policy or the full amount of the loss is paid, and with respect to any amount of loss not so paid the remaining insurers then continue to contribute equal shares of the remaining amount of the loss until each such insurer has paid its limit in full or the full amount of the loss is paid.

(b) **Contribution by Limits.** If any of such other insurance does not provide for contribution by equal shares, the company shall not be liable for a greater proportion of such loss than the applicable limit of liability under this policy for such loss bears to the total applicable limit of liability of all valid and collectible insurance against such loss.

**7. Subrogation.** In the event of any payment under this policy, the company shall be subrogated to all the *insured's* rights of recovery therefor against any person or organization and the *insured* shall execute and deliver instruments and papers and do whatever else is necessary to secure such rights. The *insured* shall do nothing after loss to prejudice such rights.

**8. Changes.** Notice to any agent or knowledge possessed by any agent or by any other person shall not effect a waiver or a change in any part of this policy or estop the company from asserting any right under the terms of this policy; nor shall the terms of this policy be waived or changed, except by endorsement issued to form a part of this policy.

**9. Assignment.** Assignment of interest under this policy shall not bind the company until its consent is endorsed hereon; if, however, the *named insured* shall die, such insurance as is afforded by this policy shall apply (1) to the *named insured's* legal representative, as the *named insured*, but only while acting within the scope of his duties as such, and (2) with respect to the property of the *named insured*, to the person having proper temporary custody thereof, as *insured*, but only until the appointment and qualification of the legal representative.

**10. Three Year Policy.** If this policy is issued for a period of three years any limit of the company's liability stated in this policy as "aggregate" shall apply separately to each consecutive annual period thereof.

**11. Cancellation.** This policy may be canceled by the *named insured* by mailing to the company written notice stating when thereafter the cancellation shall be effective. This policy may be canceled by the company by mailing to the *named insured* at the address shown in this policy, written notice stating when not less than ten days thereafter such cancellation shall be effective. The mailing of notice as aforesaid shall be sufficient proof of notice. The effective date and hour of cancellation stated in the notice shall become the end of the policy period. Delivery of such written notice either by the *named insured* or by the company shall be equivalent to mailing.

If the *named insured* cancels, earned premium shall be computed in accordance with the customary short rate table and procedure. If the company cancels, earned premium shall be computed pro rata. Premium adjustment may be made either at the time cancellation is effected or as soon as practicable after cancellation becomes effective, but payment or tender of unearned premium is not a condition of cancellation.

**12. Declarations.** By acceptance of this policy, the *named insured* agrees that the statements in the declarations are his agreements and representations, that this policy is issued in reliance upon the truth of such representations and that this policy embodies all agreements existing between himself and the company or any of its agents relating to this insurance.

(continued on Page 3)



Page 3

**New York Special Prov**~~...~~**on—**If a Comprehensive Automobile Liability Insurance, Garage Insurance or Automobile Medical Payments Insurance Coverage Part forming a par~~t~~ of this policy insures premises located or *automobiles* principally garaged in New York, the Nuclear Energy Liability Exclusion (Broad Form) does nc~~t~~ apply to such premises or *automobiles*.

**Puerto Rico Special Provision—**It is agreed that the Action Against Company Condition applicable to any liability coverage afforded by the policy with respect to *occurrences* which take place in Puerto Rico is amended to read:

No action shall lie against the company unless as a condition precedent thereto, the *insured* shall have fully complied with all the terms of this policy.

**South Carolina Special Provision—**If a Comprehensive General Liability, Manufacturers' and Contractors' Liability, Owners', Landlords' and Tenants' Liability, Druggists' Liability, Storekeeper's, Completed Operations and Products Liability, Contractual Liability, Premises Medical Payments or Garage Insurance Coverage Part forming a part of this policy insures premises located in South Carolina, it is agreed that with respect to such insurance that part of the alcoholic beverage exclusion which relates to the selling, serving or giving of any alcoholic beverage (a) to a person under the influence of alcohol or (b) which causes or contributes to the intoxication of any person, is deleted.

**Texas Special Provision—**With respect to such insurance as may be afforded by this policy by The Charter Oak Fire Insurance Company for premises located or *automobiles* principally garaged in Texas, it is agreed as follows:

Dividend Provision—Participating Companies. The *named insured* shall be entitled to participate in a distribution of the surplus of the company, as determined by its Board of Directors from time to time, after approval in accordance with the provisions of the Texas Insurance Code of 1951, as amended.

**Vermont Special Provisions—**

1. If this policy affords a Liability Coverage with respect to a premises located or an *automobile* principally garaged in Vermont, it is agreed that the policy is amended in the following particulars with respect to such Coverage:

    The Policy is issued and delivered subject to the Laws of Vermont and particularly to Section 9242, Chapter 391 "The Vermont Statutes, Revision of 1947," including the following statutory requirements forming a part of such Laws:

    The company shall pay and satisfy any judgment that may be recovered against the *insured* upon any claim covered by this Policy to the extent and within the limits of liability assumed thereby, and shall protect the *insured* against the levy of any execution issued upon any such judicial judgment or claim against the *insured*. No limitation of liability in this Policy shall be valid if, after a judgment has been rendered against the *insured* in respect to his legal liability for damages in a particular instance, the company continues the litigation by an appeal or otherwise, unless the *insured* shall stipulate with the company, agreeing to continue such litigation.

    No action shall lie against the company to recover for any loss under this Policy, unless brought within one year after the amount of such loss is made certain either by judgment against the *insured* after final determination of the litigation or by agreement between the parties with the written consent of the company.

    The insolvency or bankruptcy of the *insured* shall not release the company from the payment of damages for injury sustained or loss occasioned during the life of the Policy, and in case of such insolvency or bankruptcy an action may be maintained by the injured person or claimant against the company under the terms of the Policy for the amount of any judgment obtained against the *insured* not exceeding the limits of the Policy.

    Payment of any judicial judgment or claim by the *insured* for any of the company's liability hereunder shall not bar the *insured* from any action or right of action against the company. In case of payment of loss or expense under this Policy, the company shall be subrogated to all rights of the *insured* against any party, as respects such loss or expense, to the amount of such payment, and the *insured* shall execute all papers required and shall cooperate with the company to secure to the company such rights.

2. If a Comprehensive General Liability, Manufacturers' and Contractors' Liability, Owners' and Contractors' Protective Liability, Owners', Landlords' and Tenants' Liability, Premises Medical Payments or Storekeeper's Coverage Part forming a part of this policy insures premises located or operations conducted in Vermont, the exclusion relating to the operation or use of any snowmobile or trailer designed for use therewith applies only if the *bodily injury* or *property damage* occurs away from premises owned by, rented to or controlled by the *named insured*.

In witness whereof, the company has caused this policy to be signed by its President and Secretary at Hartford, Connecticut, and countersigned on the declarations page by a duly authorized agent of the company.

*Secretary*

*M. H. Beach*
*President*

C-16216  Edition 1-1-73  PRINTED IN U.S.A.  N.S.  (GA)

TR-NSL-

DECLARATIONS SCHEDULE—General Liability Hazards     No. __1__     Policy No. 107T689-0-78

The letters "MP" wherever used in this schedule shall mean "Premium for Premises Medical Coverage". In the Rates and Advance Premium columns "BI" means "Bodily Injury Liability" and "PD" means "Property Damage Liability".

Location of all premises owned by, rented to or controlled by the *named insured* (Enter "same" if same location as address shown in Item 1. of declarations):

Interest of *named insured* in such premises (Describe interest, such as "owner", "general lessee" or "tenant"):

Part occupied by *named insured*:

Comprehensive General Liability Insurance.   The following discloses all hazards insured hereunder known to exist at the effective date of this policy, unless otherwise stated herein:

| Description of Hazards | L.O.B.–Code No. | Premium Bases* | Rates BI | Rates PD | Advance Premium BI | Advance Premium PD |
|---|---|---|---|---|---|---|
| Premises—Operations | 52—<br>53— | A—Area<br>B—Frontage<br>C—Remuneration<br>D—No. Insured<br>E—No. Insured<br>F—Cost<br>G—Receipts<br>H—Receipts<br>I—Sales<br>J—Admissions | A—Per 100 Sq. Ft. of Area<br>B—Per Linear Foot<br>C—Per $100 of Remuneration<br>D—Each or units<br>E—Per Landing<br>F—Per $100 of Cost<br>G—Per $1000 of Cost<br>H—Per $100 of Receipts<br>I—Per $1000 of Sales<br>J—Per 100 Admissions | S 1985 27 | | |
| Independent Contractors | 51— | | | | | |
| Products—Completed Operations | 55— | | | | | |
| | | K—FILLINGS | K—PER FILLINGS | 10,000 | | |
| EXCESS LIMITS | *99901 | | | | E   INCLUDED | |
| SEE END G 222 Broad Form GL (Tex) | 52-77777 | | | | S   477<br>E   27 | 643<br>30 |
| SEE END 25740 Special Form GL (other States) | | | | Sch file 19057 | S 19,099<br>E 1,763 | 28,943<br>1,011 |
| UNINSURED MOTORIST COVERAGE 16B  — | 52-17998 | | | | E   6 | |
| "          "     END. CP 04 75(1-74) | 52-17998 | | | | E   INCLUDED | |
| "          "     "     26350 | 52-17998 | | | | E   INCLUDED | |
| A-CONTRACTORS-CONSTRUCTION OR ERECTION-<br>EXECUTIVE SUPERVISORS EXERCISING<br>SUPERVISION THROUGH SUPERINTENDENTS AND<br>FOREMEN-NO DIRECT SUPERVISOR | 52-15192 | | | | 21,372<br>5 | 30,627<br>999 |
| X B-EXTERMINATORS-INCLUDING TERMITE CONTROL<br>EXCLUDING THE USE OF GAS OR ANY KIND-<br>INCLUDING COMPLETED OPERATIONS | 52-73420 | | TTAS- | | | |
| C-CHEMICAL MFG | 52-28106 | | 248,089 | | | |
| D-MILLWRIGHT WORK-ERECTION OR REPAIR<br>OF MACHINERY OR EQUIPMENT | 52-17895 | | | | | |
| E-ENGINEERS OR ARCHITECTS-CONSULTING-<br>NOT ENGAGED IN ACTUAL CONSTRUCTION<br>INCLUDING COMPLETED OPERATIONS   -52-89110 | | | | | | |
| F-CARPENTRY shop onl. | 52-17533 | | | | 214 | |

S — 248,089 + foreign 26,626 = 274,715
E   200,840

27466
200,840
475,555   quote   475505

| Minimum Premiums | Premises—Operations<br>BI S-164 E-93   PD S-63 E-29 | Independent Contractors<br>BI        PD | Products<br>BI S 7,925<br>E 8,499 | PD   S 1,550<br>E 1,556 |
|---|---|---|---|---|

C-14101   Rev. 1-75   PRINTED IN U.S.A.   (Use with Cov. Parts L1, 9, 10, 11, 13, 14, 25)

*See over for Description of Premium Bases

8802

## DESCRIPTION OF TERMS USED AS PREMIUM BASES:

When used as a premium basis:

1. **"remuneration"** means the entire remuneration earned during the policy period by proprietors and by all employees of the named insured, other than chauffeurs (except operators of mobile equipment) and aircraft pilots and co-pilots, subject to any overtime earnings or limitation of remuneration rule applicable in accordance with the manuals in use by the company;

2. **"cost"** means the total cost to the named insured with respect to operations performed for the named insured during the policy period by independent contractors of all work let or sub-let in connection with each specific project, including the cost of all labor, materials and equipment furnished, used or delivered for use in the execution of such work, whether furnished by the owner, contractor or subcontractor, including all fees, allowances, bonuses or commissions made, paid or due;

3. **"receipts"** means the gross amount of money charged by the named insured for such operations by the named insured or by others during the policy period as are rated on a receipts basis other than receipts from telecasting, broadcasting or motion pictures, and includes taxes, other than taxes which the named insured collects as a separate item and remits directly to a governmental division;

4. **"sales"** means the gross amount of money charged by the named insured, by concessionaires of the named insured, or by others trading under his name for all goods and products sold or distributed during the policy period and charged during the policy period for installation, servicing or repair, and includes taxes, other than taxes which the named insured, concessionaires of the named insured and others trading under his name collect as a separate item and remit directly to a governmental division.

   The sales of tenants shall not be included. Any concessionaire who operates under his own trade name and whose premises are physically separated from the lessor's premises shall be considered a tenant.

5. **"admissions"** means the total number of persons, other than employees of the named insured, admitted to the event insured or to events conducted on the premises whether on paid admission tickets, complimentary tickets or passes.

C-14101 (BACK)

DECLARATIONS SCHEDULE—General Liability Hazards      No. 2      Policy No. TR-NSL-107T689-0-78

| Description of Hazards | | Code No. | Premium Bases | Rates BI | Rates PD | Advance Premium BI | Advance Premium PD |
|---|---|---|---|---|---|---|---|
| LOCATIONS | OSMOSE WOOD | OPERATION | H- | H- | | | |
| STATE OF AL | | B-52-73420-01 | 100,000 | S .431 | 1.142 | - 431 | -1,142 |
| | | | | E .245 | .518 | - 245 | - 518 |
| STATE OF AZ | | B-52-73420-02 | 10,000 | S .513 | .761 | - 51 | - 76 |
| | | | | E .291 | .346 | - 29 | - 35 |
| | | | C- | C- | | | |
| | | A-52-15192 | 1,000 | S1.477 | .508 | - 15 | - 5 |
| | | | | E .839 | .230 | - 8 | - 2 |
| | | | H- | H- | | | |
| STATE OF AR | | B-52-73420-03 | 250,000 | S .349 | .990 | - 873 | - 2,475 |
| | | | | E .198 | .449 | - 495 | -1,123 |
| STATE OF CA | | B-52-73420-04 | 400,000 | S .780 | 1.650 | - 3,120 | - 6,600 |
| | | | | E .442 | .748 | - 1,768 | - 2,992 |
| STATE OF CO | | B-52-73420-05 | 213,000 | S .287 | .863 | - 611 | - 1,838 |
| | | | | E .163 | .391 | - 347 | - 833 |
| STATE OF CT | | B-52-73420-06 | IF ANY | S1.170 | 1.041 | | |
| | | | | E .664 | .471 | | |
| STATE OF DE | | B-52-73420-07 | 32,000 | S .328 | .990 | - 105 | - 317 |
| | | | | E .187 | .449 | - 60 | - 144 |
| | | | C- | C- | | | |
| | | A-52-15192 | 15,000 | S .636 | .330 | - 95 | - 50 |
| | | | | E .361 | .150 | - 54 | - 23 |

8307        18,173.

34,488

S 5301   S 12,503
E 3006   E 5670
  8307     18,173

S 17804

C-11167  7-66  PRINTED IN U.S.A. 1266                                                8910

TR-NSI-

DECLARATIONS SCHEDULE—General Liability Hazards    No. 3    Policy No. 1077689-0-78

| Description of Hazards | | Code No. | Premium Bases | Rates BI | PD | Advance Premium BI | PD |
|---|---|---|---|---|---|---|---|
| LOCATIONS | OSMOSE WOOD | OPERATION | H- | H- | | | |
| DC | | B-52-73420-08 | IF ANY | S.369 E.190 | .812 .368 | | |
| STATE OF FL (06) | | B-52-73420-09 | 50,000 | S.698 E.396 | 1.041 .471 | -349 -198 | -521 -236 |
| | | | C- | C- | | | |
| STATE OF GA (0000) | | A-52-15192-10 | 15,500 | S.882 E.501 | .685 .311 | -137 -78 | -106 -48 |
| | | | H- | H- | | | |
| | | B-52-73420 | 300,000 | S.369 E.210 | 1.320 .598 | -1,107 -630 | -3,960 -1,794 |
| | | | C- | C- | | | |
| S .254 X .533 MR E .115 .242 | | C-52-28106 | 40,000 | S.575 E.326 | .787 .357 | -230 -130 | -315 -143 |
| | | D-52-17895 | 15,600 | S.903 E.513 | 1.117 .506 | -141 -80 | -174 -79 |
| | | | H- | H- | | | |
| STATE OF ID | | B-52-73420-11 | 25,000 | S.328 E.187 | 1.371 .621 | -82 -47 | -343 -155 |
| STATE OF IL (14) | | B-52-73420-12 | 90,000 | S.472 E.268 | .787 .356 | -425 -241 | -708 -320 |
| | | | C- | C- | | | |
| | | A-52-15192 | 13,500 | S 2.688 E 1.514 | .533 .242 | -360 -204 | -72 -33 |

4439   9007

13,446

S 2831   S 6199
E 1608   E 2808
4439   9007

S- 5030

TR-NSI-

DECLARATIONS SCHEDULE—General Liability Hazards    No. 4    Policy No. 107T689-0-78

| Description of Hazards | Code No. | Premium Bases | Rates BI | Rates PD | Advance Premium BI | Advance Premium PD |
|---|---|---|---|---|---|---|
| LOCATIONS    OSMOSE WOOD | OPERATION | | | | | |
| | | H- | H- | | | |
| STATE OF IN | B-52-73420-13 | 120,000 | S .390 | .914 | − 468 | −1,097 |
| | | | E .221 | .414 | − 265 | − 497 |
| | | C- | C- | | | |
| STATE OF IA | A-52-15192-14 | 13,800 | S 1.477 | .863 | − 204 | − 119 |
| | | | E .839 | .391 | − 116 | − 54 |
| | | H- | H- | | | |
| | B-52-73420 | 225,000 | S .800 | .914 | −1,800 | −2,057 |
| | | | E .455 | .414 | −1,024 | − 932 |
| STATE OF KS | B-52-73420-15 | 90,000 | S .175 | .609 | − 158 | − 548 |
| | | | E .090 | .276 | − 81 | − 248 |
| STATE OF KY | B-52-73420-16 | 90,000 | S .431 | 1.041 | − 388 | − 937 |
| | | | E .245 | .471 | − 221 | − 424 |
| | | C- | C- | | | |
| STATE OF LA | A-52-15192-17 | 10,900 | S .198 | .055 | − 22 | − 6 |
| | | | E .157 | .024 | − 17 | − 3 |
| | | H- | H- | | | |
| | B-52-73420 | 300,000 | S .351 | .270 | 1,053 | − 810 |
| | | | E .277 | .119 | − 831 | − 357 |
| | | C- | C- | | | |
| STATE OF ME | A-52-15192-18 | 14,600 | S .841 | 1.130 | − 123 | − 165 |
| | | | E .478 | .286 | − 70 | − 42 |
| | | H- | H- | | | |
| | B-52-73420 | 175,000 | S .431 | 1.094 | 754 | −1,915 |
| | | | E .245 | .276 | − 429 | − 483 |

S 12,624

8024 | 10,694
18,718
S 4570 | S 7654
E 3054 | E 3040
8024 | 10694

C-11167  7-66  PRINTED IN U.S.A. 1266

8810

DECLARATIONS SCHEDULE—General Liability Hazards    No. 5

TR-NSL-
Policy No. 107T689-0-78

| Description of Hazards | | Code No. | Premium Bases | Rates | | Advance Premium | |
|---|---|---|---|---|---|---|---|
| | | | | BI | PD | BI | PD |
| LOCATIONS    OSMOSE WOOD | | OPERATION | | | | | |
| | | | H- | H- | | | |
| STATE OF MD | | B-52-73420-19 | 12,000 | S .410<br>E .233 | .838<br>.379 | — 49<br>— 28 | — 101<br>— 45 |
| STATE OF MA | | B-52-73420-20 | 50,000 | S .431<br>E .245 | 1.218<br>.552 | — 216<br>— 123 | — 609<br>— 276 |
| STATE OF MI | | B-52-73420-21 | 1,000 | S .657<br>E .372 | 1.117<br>.506 | — 7<br>— 4 | — 11<br>— 5 |
| STATE OF MN | | B-52-73420-22 | 275,000 | S .595<br>E .338 | 1.041<br>.471 | —1,636<br>— 930 | — 2,863<br>— 1,295 |
| STATE OF MS | | B-52-73420-23 | 197,000 | S .410<br>E .233 | 1.091<br>.495 | — 808<br>— 459 | — 2,149<br>— 975 |

4260    8329

12,589

S 2716    S 5733
E 1544    E 2596
4260    8329

S 8449

TR-NSI-

DECLARATIONS SCHEDULE—General Liability Hazards   No. 6      Policy No. 107T689-0-78

| Description of Hazards | | Code No. | Premium Bases | Rates | | Advance Premium | |
|---|---|---|---|---|---|---|---|
| | | | | BI | PD | BI | PD |
| LOCATIONS | OSMOSE WOOD | OPERATION | | | | | |
| | | | C- | C- | | | |
| STATE OF MO | | A-52-15192-24 | 1,000 | S 1.518<br>E .863 | .508<br>.230 | – 15<br>– 9 | – 5<br>– 2 |
| | | | H- | H- | | | |
| | | B-52-73420 | 120,000 | S .534<br>E .302 | 1.523<br>.690 | – 641<br>– 362 | –1,828<br>828 |
| | | | C- | C- | | | |
| STATE OF MT | | A-52-15192-25 | 1,000 | S .616<br>E .349 | 1.574<br>.713 | – 6<br>– 3 | – 16<br>7 |
| | | | H- | H- | | | |
| | | B-52-73420 | 60,000 | S .431<br>E .245 | .990<br>.449 | – 259<br>– 147 | – 594<br>269 |
| | | | C- | C- | | | |
| STATE OF NE | | A-52192-26 | 14,500 | S .903<br>E .513 | .812<br>.368 | – 131<br>– 74 | – 118<br>53 |
| | | | H- | H- | | | |
| | | B-52-73420 | 63,000 | S .410<br>E .233 | 1.117<br>.506 | – 258<br>– 147 | – 704<br>319 |
| STATE OF NV | | B-52-73420-27 | IF ANY | S .821<br>E .466 | .939<br>.426 | | |
| STATE OF NH | | B-52-73420-28 | 60,000 | S .451<br>E .257 | .601<br>.153 | – 271<br>– 154 | – 361<br>92 |
| STATE OF NJ | | B-52-73420-29 | IF ANY | S .525<br>E .269 | .660<br>.299 | | |
| | | | | | | 2477 | 5796 |
| | | | | | | 7673 | |
| | | | | | | S 1581<br>E 896<br>2477 | S 3626<br>E 1570<br>5196 |

S-5207

8810

TR-NSI-
Policy No. 107T689-0-78

DECLARATIONS SCHEDULE—General Liability Hazards     No. 7

| Description of Hazards | Code No. | Premium Bases | Rates BI | PD | Advance Premium BI | PD |
|---|---|---|---|---|---|---|
| LOCATIONS     OSMOSE WOOD | OPERATION | H- | H- | | | |
| STATE OF NM | B-52-73420-30 | 50,000 | S .431 \| E .245 | 1.269 \| .575 | -216 \| -123 | -635 \| 288 |
| | | C- | C- | | | |
| STATE OF NY (02) | A-52-15192-31 | 43,000 | S 1.498 \| E .850 | .736 \| .334 | -644 \| -366 | -310 \| 144 |
| | | H- | H- | | | |
| | B-52-73420 | 460,000 | S .657 \| E .372 | .660 \| .299 | 3,022 \| 1,711 | -3,036 \| 1,375 |
| | | C- | C- | | | |
| S .254 X .152 MR \| E .115   .069 | C-52-28106 | 200,000 | S .554 \| E .315 | .406 \| .184 | -1,108 \| 630 | -812 \| 368 |
| 1151-53 MAIN ST (08) \| BUFFALO \| BUILDINGS OR PREMISES OFFICE | | | | | | |
| | 53*65121 | A- 4,000 | A S 5.954 \| E 2.548 | .097 \| .046 | -238 \| -102 | MIN 32 \| 16 |
| | | H- | H- | | | |
| STATE OF NC | B-52-73420-32 | 40,000 | S .245 \| E .067 | .474 \| .120 | -98 \| -27 | -190 \| 48 |
| STATE OF ND | B-52-73420-33 | 74,000 | S .214 \| E .110 | .914 \| .414 | -158 \| -81 | -676 \| 306 |
| STATE OF OH | B-52-73420-34 | 72,000 | S .308 \| E .175 | .761 \| .346 | -222 \| -126 | -548 \| 249 |

8872   9039

17,911

S 5706   S 6245
E 3166   E 2794
8872     9039

S  11,951

C-11167  7-66  PRINTED IN U.S.A. 1266

8810

TR-NSL-

DECLARATIONS SCHEDULE—General Liability Hazards     No. __8__        Policy No. 107T689-0-78

| Description of Hazards | | Code No. | Premium Bases | Rates | | Advance Premium | |
|---|---|---|---|---|---|---|---|
| | | | | BI | PD | BI | PD |
| LOCATIONS | OSMOSE WOOD | OPERATION | | | | | |
| | | | H- | H- | | | |
| STATE OF OK | | B-52-73420-35 | 112,000 | S .328 | 1.057 | - 367 | - 1,184 |
| | | | | E .187 | .268 | - 209 | 300 |
| STATE OF OR | | B-52-73420-36 | 15,000 | S .451 | 1.421 | - 68 | - 213 |
| | | | | E .257 | .645 | - 39 | 97 |
| STATE OF PA (13) | | B-52-73420-37 | 70,000 | S .451 | .508 | - 316 | - 356 |
| | | | | E .257 | .230 | - 180 | 161 |
| STATE OR RI | | B-52-73420-38 | IF ANY | S .328 | .787 | | |
| | | | | E .187 | .356 | | |
| STATE OF SC | | B-52-73420-39 | 118,000 | S .311 | 1.041 | - 367 | -1,228 |
| | | | | E .160 | .471 | - 189 | 556 |
| | | | C- | C- | | | |
| STATE OF SD | | A-52-15192-40 | 15,600 | S .554 | .660 | - 86 | - 103 |
| | | | | E .315 | .299 | - 49 | 47 |
| | | | H- | H- | | | |
| | | B-52-73420 | 2,500 | S .308 | .838 | - 8 | - 21 |
| | | | | E .175 | .379 | - 4 | 9 |

5882    4275
6157

S   4317

5 1212    5 3185
E  670     E 1170
1882       4275

C-11167  7-66  PRINTED IN U.S.A.  1266

8810

TR-NSL-
Policy No. 107T689-0-78

DECLARATIONS SCHEDULE—General Liability Hazards    No. 9

| Description of Hazards | Code No. | Premium Bases | Rates BI | Rates PD | Advance Premium BI | Advance Premium PD |
|---|---|---|---|---|---|---|
| LOCATIONS    OSMOSE WOOD | OPERATION | | | | | 24 |
| | | H- | H- | | | 395 |
| STATE OF TN | B-52-73420-41 | 60,000 | S .564 | .658 | - 338 | - 411 |
| | | | E .289 | .311 | - 173 | 187 |
| | | C- | C- | | | |
| S .254 X .178  MR | C-52-28106 | 24,000 | S .544 | .432 | - 131 | - 104 |
| E .115    .080 | | | E .280 | .195 | - 67 | 47 |
| STATE OF TX | A-52-15192-42 | 10,000 | S .408 | .203 | - 41 | - 20 |
| | | | E .403 | .165 | - 40 | 17 |
| | | H- | H- | | | |
| | B-52-73420 | 700,000 | S .216 | .295 | - 1,512 | - 2,065 |
| | | | E .212 | .240 | - 1,484 | 1,680 |
| STATE OF UT | B-52-73420-43 | 2,000 | S .390 | 1.904 | - 8 | - 38 |
| | | | E .221 | .862 | - 4 | 17 |
| | | C- | C- | | | |
| STATE OF VT | A-52-15192-44 | 11,000 | S .246 | .330 | - 27 | - 36 |
| | | | E .140 | .150 | - 15 | 17 |
| | | H- | H- | | | |
| | B-52-73420 | 85,000 | S .431 | .838 | - 366 | - 712 |
| | | | E .245 | .379 | - 208 | 322 |
| | | C- | C- | | | |
| STATE OF VA | A-52-15192-45 | 16,000 | S .677 | .787 | - 108 | - 126 |
| | | | E .385 | .356 | - 62 | 57 |
| | | H- | H- | | | |
| | B-52-73420 | 715,000 | S .349 | 1.091 | - 2,495 | - 7,801 |
| | | | E .198 | .495 | - 1,416 | 3,539 |
| STATE OF WA | B-52-73420-46 | 85,000 | S .390 | 1.574 | 322 | - 1,338 |
| | | | E .221 | .713 | - 188 | 606 |
| S 17,999 | | | | | 9005 | 19,140 |
| | | | | | | 28,145 |
| | | | | | S 5348 | S 12,651 |
| | | | | | E 3657 | E 6489 |
| | | | | | 9005 | 19140 |

C-11167  7-66  PRINTED IN U.S.A. 1266

8810

DECLARATIONS SCHEDULE—General Liability Hazards    No. **10**

TR-NSL-
Policy No. **107T689-0-78**

| Description of Hazards | | Code No. | Premium Bases | Rates BI | PD | Advance Premium BI | PD |
|---|---|---|---|---|---|---|---|
| LOCATIONS    OSMOSE WOOD | OPERATION | | | | | | |
| | | | H- | H- | | | |
| STATE OF WV | | B-52-73420-47 | IF ANY | S .369 | .635 | | |
| | | | | E .210 | .287 | | |
| STATE OF WI | | B-52-73420-48 | 61,000 | S .616 | 1.091 | -376 V | -666 V |
| | | | | E .349 | .495 | -213 V | 302 V |
| STATE OF WY | | B-52-73420-49 | IF ANY | S .287 | .939 | | |
| | | | | E .163 | .426 | | |
| STATE OF HI | | B-52-73420-52 | IF ANY | S .292 | 1.269 | | |
| | | | | E .149 | .575 | | |
| CONSTRUCTION OPERATIONS-CONTRACTORS (NOT RAILROAD) EXCLUDING OPERATION ON BOARD SHIP | | 51-16291 | F- | F- | | | MIN |
| NY STATE | FIRST    500,000 | | 20,000 | S .122 | .0381 | -24 V | ~ 19 |
| | | | | E .027 | .0140 | -5 V | 7 |
| | NEXT    500,000 | | IF ANY | S.0595 | .0203 | | |
| | | | | E.0129 | .0075 | | |
| | OVER    1,000,000 | | IF ANY | S.0153 | .0051 | | |
| | | | | E.0033 | .0019 | | |
| | | | | | | 618 | 994 |
| | | | | | | 14/2 | |

S 1085

| | |
|---|---|
| S 400 | S 685 |
| E 218 | E 309 |
| 618 | 994 |

8810

TR-NSL-

DECLARATIONS SCHEDULE—General Liability Hazards    No. __11__    Policy No. __107T689-0-78__

| Description of Hazards | Code No. | Premium Bases | Rates | | Advance Premium | |
|---|---|---|---|---|---|---|
| | | | BI | PD | BI | PD |
| OSMOSE WOOD PRESERVING CO | | | | | | |
| STATE OF NY | | I- | I- | | | |
| CHEMICALS (MFG) | 55-28905 | 12,000,000 | S 2.496 | 2.356 | ⎰ 29,952 | ⎰ 28,272 |
| | | | E 7.252 | 2.365 | ⎱ 87,024 | 28,380 |
| INDUSTRIAL MACHINERY AND EQUIPMENT (MFG) | 55-35500 | IF ANY | S 5.850 | 4.650 | | |
| | | | E16.997 | 4.668 | | |
| INSTRUMENTS-CONTROL (MFG) | 55-38200 | IF ANY | S 4.875 | 4.650 | | |
| | | | E14.165 | 4.668 | | |
| PREFABRICATED BUILDING EXCLUDING ERECTION (MFG) | 55-24302 | IF ANY | S .371 | .837 | | |
| | | | E 1.076 | .840 | | |
| CONTRACTORS EQUIPMENT- LADDERS OR HOISTS- INCLUDING SCAFFOLDS OR TOWERS | 55-52512 | IF ANY | S 3.120 | .341 | | |
| | | | E 9.065 | .342 | | |
| BUILDING MATERIALS- EXCLUDING LADDERS, SCAFFOLDING AND INSTALLATION WORK | 55-52111 | IF ANY | S .426 | .217 | | |
| | | | E .923 | .218 | | |
| MACHINERY AND EQUIPMENT -NOT HOUSEHOLD TYPE | 55-52411 | IF ANY | S .975 | .465 | | |
| | | | E 2.833 | .467 | | |
| GENERAL CONTRACTING- BUILDING CONSTRUCTION | 55-15164 | IF ANY | S .463 | .465 | | |
| | | | E 1.003 | .467 | | |
| MILLWRIGHTS-ERECTION OR DISMANTLING | 55-17895 | IF ANY | S 1.850 | .837 | | |
| | | | E 4.014 | .840 | | |

S - 58,224

116,976   56,652

173,628

S 29,952   S 28,272
E 87,024   E 28,380
116,976    56,652

DECLARATIONS SCHEDULE—General Liability Hazards     No. 12

TR-NSL-
Policy No. 107T689-0-78

| Description of Hazards | | Code No. | Premium Bases | Rates | | Advance Premium | |
|---|---|---|---|---|---|---|---|
| | | | | BI | PD | BI | PD |
| LOCATION   POLE SPRAYERS | | OPERATION | H- | H- | | | |
| STATE OF AL | | B-52-73420-01 | 25,000 | S .431<br>E .245 | 1.142<br>.518 | —108<br>— 61 | —286<br>130 |
| STATE OF AZ | | B-52-73420-02 | IF ANY | S .513<br>E .291 | .761<br>.346 | | |
| STATE OF AR | | B-52-73420-03 | 5,000 | S .349<br>E .198 | .990<br>.449 | — 17<br>— 10 | —50<br>22 |
| STATE OF CA | | B-52-73420-04 | 270,000 | S .780<br>E .442 | 1.650<br>.748 | 2,106<br>1,193 | 4,455<br>2,020 |
| STATE OF CO | | B-52-73420-05 | 50,000 | S .287<br>E .163 | .863<br>.391 | — 144<br>— 82 | — 432<br>196 |
| STATE OF CT | | B-52-73420-06 | IF ANY | S1.170<br>E .664 | 1.041<br>.471 | | |

S 2598

3721   7591

11,312

S 2375   S 5223
E 1346   E 2368
  3721     7591

C-11167  7-66  PRINTED IN U.S.A. 1266

8810

TR-NSL-
DECLARATIONS SCHEDULE—General Liability Hazards    No. 13    Policy No. 107T689-0-78

| Description of Hazards | | Code No. | Premium Bases | Rates | | Advance Premium | |
|---|---|---|---|---|---|---|---|
| | | | | BI | PD | BI | PD |
| LOCATIONS | POLE SPRAYERS OPERATION | | | | | | |
| | | | H- | H- | | | |
| STATE OF DE | | B-52-73420-07 | IF ANY | S.328 E.187 | .990 .449 | | |
| DC | | B-52-73420-08 | IF ANY | S.369 E.190 | .812 .368 | | |
| STATE OF FL (06) | | B-52-73420-09 | IF ANY | S.698 E.396 | 1.041 .471 | | |
| STATE OF GA (0000) | | B-52-73420-10 | 65,000 | S.369 E.210 | 1.320 .598 | −240 ✓ −137 ✓ | −858 ✓ 389 ✓ |

S-1098

377    1247

1624

S 240    S 858
E 137    E 389

C-11167  7-66  PRINTED IN U.S.A. 1266

8810

TR-NSL-

DECLARATIONS SCHEDULE—General Liability Hazards    No. 14    Policy No. 10T689-0-78

| Description of Hazards | | Code No. | Premium Bases | Rates | | Advance Premium | |
|---|---|---|---|---|---|---|---|
| | | | | BI | PD | BI | PD |
| LOCATIONS   POLE SPRAYERS | | OPERATION | | | | | |
| STATE OF ID | | B-52-73420-11 | H-<br>IF ANY | H-<br>S .328<br>E .187 | 1.371<br>.621 | | |
| STATE OF IL (14) | | B-52-73420-12 | 550,000 | S .472<br>E .268 | .787<br>.356 | –2,596<br>–1,474 | – 4,329<br>1,958 |
| STATE OF IN | | B-52-73420-13 | IF ANY | S .390<br>E .221 | .914<br>.414 | | |
| STATE OF IA | | B-52-73420-14 | 40,000 | S .800<br>E .455 | .914<br>.414 | –320<br>– 182 | – 366<br>166 |
| STATE OF KS | | B-52-73420-15 | 170,000 | S .175<br>E .090 | .609<br>.276 | –298<br>– 153 | – 1,035<br>469 |

S  8944

5023    8323

13,346

S 3214    55730
E 1809    E 7593
5023      8323

8810

DECLARATIONS SCHEDULE—General Liability Hazards     No. __15__     Policy No. __1077689-0-78__     TR-NSL-

| Description of Hazards | Code No. | Premium Bases | Rates BI | PD | Advance Premium BI | PD |
|---|---|---|---|---|---|---|
| LOCATIONS    POLE SPRAYERS    OPERATION | | H- | H- | | | |
| STATE OF KY | B-52-73420-16 | IF ANY | S .431 E .245 | 1.041 .471 | | |
| STATE OF LA (0551) | B-52-73420-17 | 65,000 | S .351 E .277 | .270 .119 | -228 -180 | -176 77 |
| STATE OF ME | B-52-73420-18 | IF ANY | S .431 E .245 | 1.094 .276 | | |
| STATE OF MD | B-52-73420-19 | IF ANY | S .410 E .233 | .838 .379 | | |
| STATE OF MA | B-52-73420-20 | IF ANY | S .431 E .245 | 1.218 .552 | | |

S - 464

408    283

661.00

S 228    S 176
E 180    E 77

TR-NSL-

DECLARATIONS SCHEDULE—General Liability Hazards      No. 16          Policy No. 107T689-0-78

| Description of Hazards | | Code No. | Premium Bases | Rates | | Advance Premium | |
|---|---|---|---|---|---|---|---|
| | | | | BI | PD | BI | PD |
| LOCATIONS | POLE SPRAYERS | OPERATION | H- | H- | | | |
| STATE OF MI | | B-52-73420-21 | IF ANY | S .657 | 1.117 | | |
| | | | | E .372 | .506 | | |
| STATE OF MN | | B-52-73420-22 | 20,000 | S .595 | 1.041 | -119 | -208 |
| | | | | E .338 | .471 | -68 | 94 |
| STATE OF MS | | B-52-73420-23 | 450,000 | S .410 | 1.091 | -1,845 | -4,910 |
| | | | | E .233 | .495 | -1,049 | 2,228 |
| STATE OF MO | | B-52-73420-24 | 225,000 | S .534 | 1.523 | -1,202 | -3,427 |
| | | | | E .302 | .690 | -680 | 1,553 |

S- 11,711

4963        12,470

17,383

S 3166    S 8545
E 1797    E 3875
4963      12,420

DECLARATIONS SCHEDULE—General Liability Hazards    No. 17

TR-NSI-
Policy No. 107T689-0-78

| Description of Hazards | Code No. | Premium Bases | Rates BI | Rates PD | Advance Premium BI | Advance Premium PD |
|---|---|---|---|---|---|---|
| <u>LOCATIONS</u>    <u>POLE SPRAYERS</u>    <u>OPERATION</u> | | | | | | |
| | | H- | H- | | | |
| STATE OF MT | B-52-73420-25 | IF ANY | S .431 | .990 | | |
| | | | E .245 | .449 | | |
| STATE OF NE | B-52-73420-26 | 250,000 | S .410 | 1.117 | 1,025 | 2,793 |
| | | | E .233 | .506 | 583 | 1,265 |
| STATE OF NV | B-52-73420-27 | IF ANY | S .821 | .939 | | |
| | | | E .466 | .426 | | |
| STATE OF NH | B-52-73420-28 | IF ANY | S .451 | .601 | | |
| | | | E .257 | .153 | | |
| STATE OF NJ | B-52-73420-29 | IF ANY | S .525 | .660 | | |
| | | | E .269 | .299 | | |
| STATE OF NM | B-52-73420-30 | 40,000 | S .431 | 1.269 | 172 | 508 |
| | | | E .245 | .575 | 98 | 230 |

S - 4498

1878    4796

6674

S 1197    S 3301
E 681    E 1495
1878    4796

TR-NSL-
DECLARATIONS SCHEDULE—General Liability Hazards      No. 18            Policy No. 107T689-0-78

| Description of Hazards | | Code No. | Premium Bases | Rates | | Advance Premium | |
|---|---|---|---|---|---|---|---|
| | | | | BI | PD | BI | PD |
| LOCATIONS | POLE SPRAYERS | OPERATION | | | | | |
| | | | H- | H- | | | |
| STATE OF NY | (02) | B-52-73420-31 | 5,000 | S .657 | .660 | ~33 | -33 |
| | | | | E .372 | .299 | - 19 | 15 |
| STATE OF NC | | B-52-73420-32 | 5,000 | S .245 | .474 | ~12 | - 24 |
| | | | | E .067 | .120 | - 3 | 6 |
| STATE OF ND | | B-52-73420-33 | IF ANY | S .214 | .914 | | |
| | | | | E .110 | .414 | | |

67.        78

145
S 45     S 57
E 22     E 21
——      ——
67       78

S- 102

C-11167  7-66  PRINTED IN U.S.A. 1266                                                          8810

DECLARATIONS SCHEDULE—General Liability Hazards   No. **19**

TR-NSL-
Policy No. 10TT689-0-78

| Description of Hazards | Code No. | Premium Bases | Rates BI | Rates PD | Advance Premium BI | Advance Premium PD |
|---|---|---|---|---|---|---|
| **LOCATIONS    POLE SPRAYERS** | **OPERATION** | | | | | |
| | | H- | H- | | | |
| STATE OF OH | B-52-73420-34 | 10,000 | S .308 | .761 | −31 ✓ | − 76 ✓ |
| | | | E .175 | .346 | − 18 ✓ | 35 ✓ |
| STATE OF OK | B-52-73420-35 | 75,000 | S .328 | 1.057 | −246 ✓ | −793 ✓ |
| | | | E .187 | .268 | − 140 ✓ | 201 ✓ |
| STATE OF OR | B-52-73420-36 | 15,000 | S .451 | 1.421 | −68 ✓ | ~ 213 ✓ |
| | | | E .257 | .645 | − 39 ✓ | 97 ✓ |
| STATE OF PA  (13) | B-52-73420-37 | IF ANY | S .451 | .508 | | |
| | | | E .257 | .230 | | |
| STATE OF SC | B-52-73420-39 | IF ANY | S .311 | 1.041 | | |
| | | | E .160 | .471 | | |

542    1415

1957

S 345   S 1082
E 197   E 333
542    1415

S − 1427

TR–NSL–
Policy No. 107T689–0–78

DECLARATIONS SCHEDULE—General Liability Hazards    No. 20

| Description of Hazards | | Code No. | Premium Bases | Rates | | Advance Premium | |
|---|---|---|---|---|---|---|---|
| | | | | BI | PD | BI | PD |
| LOCATIONS | POLE SPRAYERS | OPERATION | H– | H– | | | |
| STATE OF TN | | B–52–73420–41 | 130,000 | S .564 | .685 | – 733 | – 891 |
| | | | | E .289 | .311 | – 376 | 404 |
| STATE OF TX | | B–52–73420–42 | 175,000 | S .216 | .295 | – 378 | – 516 |
| | | | | E .212 | .240 | – 371 | 420 |
| STATE OF VT | | B–52–73420–44 | IF ANY | S .431 | .838 | | |
| | | | | E .245 | .379 | | |
| STATE OF VA | | B–52–73420–45 | 5,000 | S .349 | 1.091 | – 17 | – 55 |
| | | | | E .198 | .495 | – 10 | 25 |

1885    2311
419
5128    S 1462
757    849
1885    2377

S– 2590

DECLARATIONS SCHEDULE—General Liability Hazards    No. **21**    Policy No. TR-NSI-107T689-0-78

| Description of Hazards | | Code No. | Premium Bases | Rates | | Advance Premium | |
|---|---|---|---|---|---|---|---|
| | | | | BI | PD | BI | PD |
| LOCATIONS | POLE SPRAYERS | OPERATION | | | | | |
| | | | H- | H | | | |
| STATE OF WA | | B-52-73420-46 | IF ANY | S .390 | 1.574 | | |
| | | | | E .221 | .713 | | |
| STATE OF WV | | B-52-73420-47 | IF ANY | S .369 | .635 | | |
| | | | | E .210 | .287 | | |
| STATE OF WI | | B-52-73420-48 | 65,000 | S .616 | 1.091 | — 400 | — 709 |
| | | | | E .349 | .495 | — 227 | 322 |

S - 1109

627    1031
1658
S 400    S 709
227    322

C-11167  7-66  PRINTED IN U.S.A. 1266    8810

DECLARATIONS SCHEDULE—General Liability Hazards    No. 22

TR-NSL-
Policy No. 107T689-0-78

| Description of Hazards | Code No. | Premium Bases | Rates BI | PD | Advance Premium BI | PD |
|---|---|---|---|---|---|---|
| COMMERCIAL CHEMICAL CO | | | | | | |
| LOCATIONS | OPERATION | C- | C- | | | |
| STATE OF TN | C-52-28106-44 | 75,000 | S .544 | .432 | ~408 | ~324 |
| S .254 X .178 MR | | | E .280 | .195 | ~210 | 146 |
| E .115  .080 | | | | | | |

618    470

1088

S-732

S 408    S 324
E 210    E 146

C-11167  7-66  PRINTED IN U.S.A.  1266

8810

TR-NSI-
DECLARATIONS SCHEDULE—General Liability Hazards    No. __23__    Policy No. 107T689-0-78

| Description of Hazards | Code No. | Premium Bases | Rates BI | PD | Advance Premium BI | PD |
|---|---|---|---|---|---|---|
| **TIMBER CONSULTANTS INC** | | | | | | |
| | | C— | C— | | | |
| STATE OF NY (02) | E-52-89110-31 | IF ANY | S .759 | .381 | | |
| | | | E .431 | .172 | | |
| STATE OF WI (02) | E-52-89110-48 | IF ANY | S 2.052 | .939 | | |
| | | | E 1.165 | .426 | | |
| 4546 TOMPKINS DR MADISON BUILDING OR PREMISES - OFFICE | 53*65121 | A— 3,000 | A— S 4.593 | .097 | —138 ✓ | - 3 ✓ |
| | | | E 1.965 | .046 | — 59 ✓ | 1 ✓ |
| WAREHOUSES - PRIVATE (MERCANTILE)- BUILDINGS OR PREMISES USED EXCLU- SIVELY FOR STORING MERCHANDISE OF INSURED WHERE NO SALES OPERATIONS ARE CONDUCTED AND WHICH ARE EN- TIRELY SEPARATED FROM INSURED'S STORES OR OTHER SALES PLACES | 53*59993 | 4,000 | S 1.667 | .0486 | —67 ✓ | MIN — 32 |
| | | | E .713 | .0231 | — 29 ✓ | 16 |

293,

345

5 — 240

S 205    S 3 5
E 88    17
273    5 2

TR-NSL-
Policy No. 107T689-0-78

DECLARATIONS SCHEDULE—General Liability Hazards          No. 24

| Description of Hazards | Code No. | Premium Bases | Rates BI | PD | Advance Premium BI | PD |
|---|---|---|---|---|---|---|
| ANIMAL REPELLANTS | | | | | | |
| STATE OF GA | | | | | | |
| 1016 EVEREE INN RD GRIFFIN (0053) (03) | C-52-28106-10 | C- IF ANY | C- S .575 E .326 | .787 .357 | | |
| S .254 X .533 MR E .115 .242 | F-52-17533 | IF ANY | S .492 E .280 | .178 .080 | | |
| STORES - RETAIL | 53*59991 | A- 1,200 | A- S 5.613 E 2.403 | .194 .093 | ⌐67 ⌐29 ✓ | MIN ⌐ 32 16 |
| STATE OF NY 980 ELLICOTT ST BUFFALO (02) | C-52-28106-31 | C- 5,200 | C- S .554 E .315 | .406 .184 | ⌐29 ⌐16 ✓ | ⌐ 21 10 |
| S .254 X .152 MR E .115 .069 | | | | | | |
| STATE OF NC 428 MAIN ST HIGHLAND, MACON CO | | | | | | |
| S .182 X .146 MR E .046 .037 | C-52-28106-32 | IF ANY | S .147 E .040 | .328 .083 | | |
| STORES - RETAIL | 53*59991 | A- 900 | A- S 1.469 E .280 | .109 .021 | MINIMUM ⌐30 ⌐ 6 | ⌐18 4 |

S 197

```
     ___
     177   101
     278'
   S 126   S 71
   E  51   E 30
     ___   ___
     177   101
```

DECLARATIONS SCHEDULE—General Liability Hazards          No. 25          Policy No. TR-NSL-107T689-0-78

| Description of Hazards | Code No. | Premium Bases | Rates BI | PD | Advance Premium BI | PD |
|---|---|---|---|---|---|---|
| **ANIMAL REPELLANTS** . | | | | | | |
| | | I- | I- | | | |
| STATE OF NY | | | | | | |
| CHEMICAL-PESTICIDES (MFG) | 55-28702 | 400,000 | S 4.568 | 6.975 | −1,827 ✓ | − 2,790 ✓ |
| | | | E 9.140 | 7.002 | − 3,656 ✓ | 2,801 ✓ |
| ADDITIONAL INSURED VENDORS SEE END 28750 | 55-28702 | 400,000 | S .658 | 1.046 | 263 274 ) | − 418 ✓ |
| | | | E 1.371 | 1.050 | − 548 | 420 ✓ |
| | | K- | K- | | | |
| AEROSOL CONTAINERS | 55-34112 | 250,000 | S 138.750 | 77.500 | − 3,469 ✓ | −1,938 ✓ |
| | | | E 301.020 | 77.798 | − 7,526 ✓ | 1,945 ✓ |
| ADDITIONAL INSURED VENDORS SEE END 28750 | 55-34112 | 250,000 | S 20.813 | 11.625 | − 520 ✓ | − 291 ✓ |
| | | | E 45.153 | 11.670 | − 1,129 ✓ | 292 ✓ |
| | | I- | I- | | | |
| WOOD PRODUCTS (MFG) | 55-24992 | IF ANY | S .426 | .465 | | |
| | | | E .923 | .467 | | |
| MAIL ORDER RETAIL | 55-53201 | IF ANY | S .130 | .0403 | | |
| | | | E .280 | .0405 | | |

15%

18,949   10,895

29,844

S 6090   S 5437
E 12859   E 5458
18949   18895

S −11,527

This endorsement modifies such insurance as is afforded by the provisions of the policy relating to the following:

**COMPREHENSIVE GENERAL LIABILITY INSURANCE**
**COMPLETED OPERATIONS AND PRODUCTS LIABILITY INSURANCE**
**CONTRACTUAL LIABILITY INSURANCE**
**DRUGGISTS' LIABILITY INSURANCE**
**FARMER'S COMPREHENSIVE PERSONAL INSURANCE**
**MANUFACTURERS' AND CONTRACTORS' LIABILITY INSURANCE**
**OWNERS' AND CONTRACTORS' PROTECTIVE LIABILITY INSURANCE**
**OWNERS', LANDLORDS' AND TENANTS' LIABILITY INSURANCE**
**STOREKEEPER'S INSURANCE**

## POLLUTION EXCLUSION AMENDMENT

With respect to *bodily injury* or *property damage* occurring in North Carolina, Oklahoma, Texas and West Virginia:

(a) it is agreed that the insurance does not apply to such *bodily injury* or *property damage* arising out of the discharge, dispersal, release or escape of smoke, vapors, soot, fumes, acids, alkalis, toxic chemicals, liquids or gases, waste materials or other irritants, contaminants or pollutants into or upon land, the atmosphere or any watercourse or body of water, but this exclusion does not apply if such discharge, dispersal, release or escape is sudden and accidental; and

(b) the following exclusions are hereby deleted:

    (1) to *bodily injury* or *property damage* arising out of any emission, discharge, seepage, release or escape of any liquid, solid, gaseous, or thermal waste or pollutant

        (i) if such emission, discharge, seepage, release or escape is either expected or intended from the standpoint of any *insured* or any person or organization for whose acts or omissions any *insured* is liable, or

        (ii) resulting from or contributed to by any condition in violation of or non-compliance with any governmental rule, regulation or law applicable thereto;

    but this exclusion (1) does not apply to *property damage* arising out of any emission, discharge, seepage, release or escape of petroleum or petroleum derivatives into any body of water;

    (2) to *property damage* arising out of any emission, discharge, seepage, release or escape of petroleum or petroleum derivatives into any body of water, but this exclusion (2) does not apply to *property damage* resulting from fire or explosion arising out of any emission, discharge, seepage, release or escape which neither

        (i) is expected or intended from the standpoint of any *insured* or any person or organization for whose acts or omissions any *insured* is liable, nor

        (ii) results from or is contributed to by any condition in violation of or non-compliance with any governmental rule, regulation or law applicable thereto.

This endorsement is issued by that member of The Travelers Insurance Companies which issued the policy of which this endorsement forms a part.

C-18450  11-75  PRINTED IN U.S.A.                                                                                          23481

This endorsement modifies such insurance as is afforded by the provisions of the policy relating to the following:

**COMPREHENSIVE GENERAL LIABILITY INSURANCE**
**COMPLETED OPERATIONS AND PRODUCTS LIABILITY INSURANCE**
**CONTRACTUAL LIABILITY INSURANCE**
**DRUGGISTS' LIABILITY INSURANCE**
**FARMER'S COMPREHENSIVE PERSONAL INSURANCE**
**MANUFACTURERS' AND CONTRACTORS' LIABILITY INSURANCE**
**OWNERS' AND CONTRACTORS' PROTECTIVE LIABILITY INSURANCE**
**OWNERS', LANDLORDS' AND TENANTS' LIABILITY INSURANCE**
**STOREKEEPER'S INSURANCE**
**COMPREHENSIVE AUTOMOBILE LIABILITY INSURANCE**
**GARAGE INSURANCE**

### LIMITATION OF COVERAGE FOR POLLUTION — MICHIGAN

It is agreed that the exclusions relating to any emission, discharge, seepage, release or escape of any liquid, solid, gaseous or thermal waste or pollutant is deleted and replaced by the following exclusions:

(1) to *bodily injury* or *property damage* arising out of any emission, discharge, seepage, release or escape of any liquid, solid, gaseous or thermal waste or pollutant

    (i) if such emission, discharge, seepage, release or escape is either expected or intended from the standpoint of any *insured* or any person or organization for whose acts or omissions any *insured* is liable, or

    (ii) resulting from or contributed to by any condition in violation of or non-compliance with any federal rule, regulation or law applicable thereto;

but this exclusion (1) does not apply to *property damage* arising out of any emission, discharge, seepage, release or escape of petroleum or petroleum derivatives into any body of water;

(2) to *property damage* arising out of any emission, discharge, seepage, release or escape of petroleum or petroleum derivatives into any body of water, but this exclusion (2) does not apply to *property damage* resulting from fire or explosion arising out of any emission, discharge, seepage, release or escape which neither

    (i) is expected or intended from the standpoint of any *insured* or any person or organization for whose acts or omissions any *insured* is liable, nor

    (ii) results from or is contributed to by any condition in violation of or non-compliance with any federal rule, regulation or law applicable thereto.

This endorsement is issued by that member of The Travelers Insurance Companies which issued the policy of which this endorsement forms a part.

C-16323  1-73  PRINTED IN U.S.A.                                                                 23490

This endorsement modifies such insurance as is afforded by the provisions of the policy relating to the following:

**COMPREHENSIVE GENERAL LIABILITY INSURANCE**
**COMPLETED OPERATIONS AND PRODUCTS LIABILITY INSURANCE**
**CONTRACTUAL LIABILITY INSURANCE**
**DRUGGISTS' LIABILITY INSURANCE**
**FARMER'S COMPREHENSIVE PERSONAL INSURANCE**
**MANUFACTURERS' AND CONTRACTORS' LIABILITY INSURANCE**
**OWNERS' AND CONTRACTORS' PROTECTIVE LIABILITY INSURANCE**
**OWNERS', LANDLORDS' AND TENANTS' LIABILITY INSURANCE**
**STOREKEEPER'S INSURANCE**
**COMPREHENSIVE AUTOMOBILE LIABILITY INSURANCE**
**GARAGE INSURANCE**

## CONTAMINATION OR POLLUTION

With respect to *bodily injury* or *property damage* occurring in Maryland, New Hampshire and Vermont, it is agreed that the exclusions relating to any emission, discharge, seepage, release or escape of any liquid, solid, gaseous or thermal waste or pollutant are deleted.

This endorsement is issued by that member of The Travelers Insurance Companies which issued the policy of which this endorsement forms a part.

C-18451  11-75  PRINTED IN U.S.A.                                                           23501

 **THE TRAVELERS INSURANCE COMPANIES**

This endorsement is issued by that member of The Travelers Insurance Companies which issued the policy of which this endorsement forms a part.

If any additional premium is noted below, this endorsement is issued in consideration thereof.  If any return premium is noted below, the receipt thereof is acknowledged upon acceptance of this endorsement.

Effective from _____ at the time of day the policy becomes effective.    Amending Policy No. __**TR-NSL-107T689-0-78**__
(*Month, Day, Year*)

Issued to _____

Date of Issue: _____ Additional Premium $ _____ Return Premium $ _____

(The information provided for above, except the policy number, is required to be stated only when this endorsement is issued for attachment to the policy subsequent to its effective date.)

It is agreed that as of the effective date hereof the policy is amended in the following particulars:

### ITEM 1. NAMED INSURED TO READ:

OSMOSE WOOD PRESERVING CO OF AMERICA INC
POLE SPRAYERS INC
OSMOSE REALTY CORPORATION
ANIMAL REPELLENTS INC
POLE SPRAYERS OF CANADA LTD
TIMBER SPECIALTIES LTD
TIMBER CONSULTANTS INC



SYMBOL NO.

**8000(1)**

C-17820  REV. 8-75  PRINTED IN U.S.A.  (776)    Countersigned By _____

## COMPREHENSIVE GENERAL LIABILITY INSURANCE COVERAGE PART

### I. Coverage A—Bodily Injury Liability

### Coverage B—Property Damage Liability

The company will pay on behalf of the *insured* all sums which the *insured* shall become legally obligated to pay as damages because of

Coverage A. *bodily injury* or

Coverage B. *property damage*

to which this insurance applies, caused by an *occurrence*, and the company shall have the right and duty to defend any suit against the *insured* seeking damages on account of such *bodily injury or property damage*, even if any of the allegations of the suit are groundless, false or fraudulent, and may make such investigation and settlement of any claim or suit as it deems expedient, but the company shall not be obligated to pay any claim or judgment or to defend any suit after the applicable limit of the company's liability has been exhausted by payment of judgments or settlements.

### Exclusions

This insurance does not apply:

(a) to liability assumed by the *insured* under any contract or agreement except an *incidental contract;* but this exclusion does not apply to a warranty of fitness or quality of the *named insured's products* or a warranty that work performed by or on behalf of the *named insured* will be done in a workmanlike manner;

(b) to *bodily injury* or *property damage* arising out of the ownership, maintenance, operation, use, loading or unloading of

    (1) any *automobile* or aircraft owned or operated by or rented or loaned to any *insured*, or

    (2) any other *automobile* or aircraft operated by any person in the course of his employment by any *insured;*

but this exclusion does not apply to the parking of an *automobile* on premises owned by, rented to or controlled by the *named insured* or the ways immediately adjoining, if such *automobile* is not owned by or rented or loaned to any *insured;*

(c) to *bodily injury* or *property damage* arising out of (1) the ownership, maintenance, operation, use, loading or unloading of any *mobile equipment* while being used in any prearranged or organized racing, speed or demolition contest or in any stunting activity or in practice or preparation for any such contest or activity or (2) the operation or use of any snowmobile or trailer designed for use therewith;

(d) to *bodily injury* or *property damage* arising out of and in the course of the transportation of *mobile equipment* by an *automobile* owned or operated by or rented or loaned to any *insured;*

(e) to *bodily injury* or *property damage* arising out of the ownership, maintenance, operation, use, loading or unloading of

    (1) any watercraft owned or operated by or rented or loaned to any *insured*, or

    (2) any other watercraft operated by any person in the course of his employment by any *insured;*

but this exclusion does not apply to watercraft while ashore on premises owned by, rented to or controlled by the *named insured;*

(f) (1) to *bodily injury* or *property damage* arising out of any emission, discharge, seepage, release or escape of any liquid, solid, gaseous or thermal waste or pollutant

    (i) if such emission, discharge, seepage, release or escape is either expected or intended from the standpoint of any *insured* or any person or organization for whose acts or omissions any *insured* is liable, or

    (ii) resulting from or contributed to by any condition in violation of or non-compliance with any governmental rule, regulation or law applicable thereto;

but this exclusion (f) (1) does not apply to *property damage* arising out of any emission, discharge, seepage, release or escape of petroleum or petroleum derivatives into any body of water;

    (2) to *property damage* arising out of any emission, discharge, seepage, release or escape of petroleum or petroleum derivatives into any body of water, but this exclusion (f)(2) does not apply to *property damage* resulting from fire or explosion arising out of any emission, discharge, seepage, release or escape which neither

    (i) is expected or intended from the standpoint of any *insured* or any person or organization for whose acts or omissions any *insured* is liable, nor

    (ii) results from or is contributed to by any condition in violation of or non-compliance with any governmental rule, regulation or law applicable thereto.

(g) to *bodily injury* or *property damage* due to war, whether or not declared, civil war, insurrection, rebellion or revolution or to any act or condition incident to any of the foregoing, with respect to

    (1) liability assumed by the *insured* under an *incidental contract*, or

    (2) expenses for first aid under the Supplementary Payments provision;

(h) to *bodily injury* or *property damage* for which the *insured* or his indemnitee may be held liable

    (1) as a person or organization engaged in the business of manufacturing, distributing, selling or serving alcoholic beverages, or

    (2) if not so engaged, as an owner or lessor of premises used for such purposes,

if such liability is imposed

    (i) by, or because of the violation of, any statute, ordinance or regulation pertaining to the sale, gift, distribution or use of any alcoholic beverage, or

    (ii) by reason of the selling, serving or giving of any alcoholic beverage to a minor or to a person under the influence of alcohol or which causes or contributes to the intoxication of any person;

but part (ii) of this exclusion does not apply with respect to liability of the *insured* as his indemnitee as an owner or lessor described in (2) above;

(i) to any obligation for which the *insured* or any carrier as his insurer may be held liable under any workmen's compensation, unemployment compensation or disability benefits law, or under any similar law;

(j) to *bodily injury* to any employee of the *insured* arising out of and in the course of his employment by the *insured* or to any obligation of the *insured* to indemnify another because of damages arising out of such injury; but this exclusion does not apply to liability assumed by the *insured* under an *incidental contract;*

(k) to *property damage* to

    (1) property owned or occupied by or rented to the *insured*,

    (2) property used by the *insured*, or

    (3) property in the care, custody or control of the *insured* or as to which the *insured* is for any purpose exercising physical control;

but parts (2) and (3) of this exclusion do not apply with respect to liability under a written sidetrack agreement and part (3) of this exclusion does not apply with respect to *property damage* (other than to *elevators*) arising out of the use of an *elevator* at premises owned by, rented to or controlled by the *named insured;*

(l) to *property damage* to premises alienated by the *named insured* arising out of such premises or any part thereof;

(m) to loss of use of tangible property which has not been physically injured or destroyed resulting from

    (1) a delay in or lack of performance by or on behalf of the *named insured* of any contract or agreement, or

(Continued on Page 2)

L 1A

(2) the failure of the *named insured's products* or work performed by or on behalf of the *named insured* to meet the level of performance, quality, fitness or durability warranted or represented by the *named insured*;

but this exclusion does not apply to loss of use of other tangible property resulting from the sudden and accidental physical injury to or destruction of the *named insured's products* or work performed by or on behalf of the *named insured* after such products or work have been put to use by any person or organization other than an *insured*;

(n) to *property damage* to the *named insured's products* arising out of such products or any part of such products;

(o) to *property damage* to work performed by or on behalf of the *named insured* arising out of the work or any portion thereof, or out of materials, parts or equipment furnished in connection therewith;

(p) to damages claimed for the withdrawal, inspection, repair, replacement, or loss of use of the *named insured's products* or work completed by or for the *named insured* or of any property of which such products or work form a part, if such products, work or property are withdrawn from the market or from use because of any known or suspected defect or deficiency therein.

## II. Persons Insured

Each of the following is an *insured* under this insurance to the extent set forth below:

(a) if the *named insured* is designated in the declarations as an individual, the person so designated but only with respect to the conduct of a business of which he is the sole proprietor, and the spouse of the *named insured* with respect to the conduct of such a business;

(b) if the *named insured* is designated in the declarations as a partnership or joint venture, the partnership or joint venture so designated and any partner or member thereof but only with respect to his liability as such;

(c) if the *named insured* is designated in the declarations as other than an individual, partnership or joint venture, the organization so designated and any executive officer, director or stockholder thereof while acting within the scope of his duties as such;

(d) any person (other than an employee of the *named insured*) or organization while acting as real estate manager for the *named insured*; and

(e) with respect to the operation, for the purpose of locomotion upon a public highway, of *mobile equipment* registered under any motor vehicle registration law,

(i) an employee of the *named insured* while operating any such equipment in the course of his employment, and

(ii) any other person while operating with the permission of the *named insured* any such equipment registered in the name of the *named insured* and any person or organization legally responsible for such operation, but only if there is no other valid and collectible insurance available, either on a primary or excess basis, to such person or organization;

provided that no person or organization shall be an *insured* under this paragraph (e) with respect to:

(1) *bodily injury* to any fellow employee of such person injured in the course of his employment, or

(2) *property damage* to property owned by, rented to, in charge of or occupied by the *named insured* or the employer of any person described in subparagraph (ii).

This insurance does not apply to *bodily injury* or *property damage* arising out of the conduct of any partnership or joint venture of which the *insured* is a partner or member and which is not designated in this policy as a *named insured*.

## III. Limits of Liability

Regardless of the number of (1) *insureds* under this policy, (2) persons or organizations who sustain *bodily injury* or *property damage*, or (3) claims made or suits brought on account of *bodily injury* or *property damage*, the company's liability is limited as follows:

**Coverage A**—The total liability of the company for all damages, including damages for care and loss of services, because of *bodily injury* sustained by one or more persons as the result of any one *occurrence* shall not exceed the limit of *bodily injury* liability stated in the declarations as applicable to "each *occurrence*".

Subject to the above provision respecting "each *occurrence*", the total liability of the company for all damages because of (1) all *bodily injury* included within the *completed operations hazard* and (2) all *bodily injury* included within the *products hazard* shall not exceed the limit of *bodily injury* liability stated in the declarations as "aggregate".

**Coverage B**—The total liability of the company for all damages because of all *property damage* sustained by one or more persons or organizations as the result of any one *occurrence* shall not exceed the limit of *property damage* liability stated in the declarations as applicable to "each *occurrence*".

Subject to the above provision respecting "each *occurrence*", the total liability of the company for all damages because of all *property damage* to which this coverage applies and described in any of the numbered subparagraphs below shall not exceed the limit of *property damage* liability stated in the declarations as "aggregate":

(1) all *property damage* arising out of premises or operations rated on a remuneration basis or contractor's equipment rated on a receipts basis, including *property damage* for which liability is assumed under any *incidental contract* relating to such premises or operations, but excluding *property damage* included in subparagraph (2) below;

(2) all *property damage* arising out of and occurring in the course of operations performed for the *named insured* by independent contractors and general supervision thereof by the *named insured*, including any such *property damage* for which liability is assumed under any *incidental contract* relating to such operations, but this subparagraph (2) does not include *property damage* arising out of maintenance or repairs at premises owned by or rented to the *named insured* or structural alterations at such premises which do not involve changing the size of or moving buildings or other structures;

(3) all *property damage* included within the *products hazard* and all *property damage* included within the *completed operations hazard*.

Such aggregate limit shall apply separately to the *property damage* described in subparagraphs (1), (2) and (3) above, and under subparagraphs (1) and (2), separately with respect to each project away from premises owned by or rented to the *named insured*.

**Coverages A and B**—For the purpose of determining the limit of the company's liability, all *bodily injury* and *property damage* arising out of continuous or repeated exposure to substantially the same general conditions shall be considered as arising out of one *occurrence*.

## IV. Policy Territory

This insurance applies only to *bodily injury* or *property damage* which occurs within the *policy territory*.

 

DECLARATIONS SCHEDULE—Automobile Liability Hazards    No. **26**    Policy No. **TR-NSL-107T689-0-78**

In the Rates and Advance Premium columns "BI" means "Bodily Injury Liability", "PD" means "Property Damage Liability" and "Med. Pays." means "Division 1. Medical Payments".

**Comprehensive Commercial Automobile Insurance.**

(a)  The schedules disclose all hazards insured hereunder known to exist at the effective date of this policy, and

(b)  the schedules contain a list of all automobiles and trailers owned by the named insured at the effective date of this policy and the purposes of use thereof.

| Description of Hazards | | | | | BI | PD | Med. Pays. |
|---|---|---|---|---|---|---|---|
| **1.  Owned Automobiles** | | | Premium Basis—Per Automobile | | S 42,903 | 28,701 | |
| See other Declarations Schedule(s)—Automobile Liability Hazards | | 8000(2)  EXCEPT TX | | | E 15,004 | 10,764 | |
| | | | | TX | S  3,440 | 2,194 | |
| | | | | | E  1,658 | 344 | |

| **2.  Hired Automobiles** | | Premium Basis—Cost of Hire† | | | | | | |
|---|---|---|---|---|---|---|---|---|
| Types Hired | RADIUS | Locations Where Automobiles Will Be Principally Used | Estimated Cost of Hire | Rates per $100 Cost of Hire | | | | |
| | | | | BI | PD | | | |
| P.P. | ☐ 0-200 miles ☐ over 200 miles | | | | | | | |
| Comm. | ☐ 0-200 miles ☐ over 200 miles | SEE END 8000(2) | | | | INCLUDED | | |
| Truckmen | ☐ 0-200 miles ☐ over 200 miles | | | | | | | |
| Public | ☐ ..................... | | | | | | | |

| **3.  Non-Owned Automobiles** | | Premium Basis—Total Number of Persons Employed By The Insured | | | | |
|---|---|---|---|---|---|---|
| Class Code | Total Number of Employees | Location of Headquarters of Employees | | | | |
| | | SEE END 8000(2) | | | INCLUDED | |
| | | SEE END  9950 | | E  INCL | | |
| | | SEE END 8000(3) | | S  INCL | | |

C-18300  7-75  PRINTED IN U.S.A.    †See over for Description of Premium Basis

8842

## DESCRIPTION OF TERM USED AS PREMIUM BASIS:

When used as a premium basis:

"cost of hire" means the amount incurred for (a) the hire of automobiles, including the entire remuneration of each employee of the named insured engaged in the operation of such automobiles subject to an average weekly maximum remuneration of $100, and for (b) pick-up, transportation or delivery service of property or passengers, other than such services performed by motor carriers which are subject to the security requirements of any motor carrier law or ordinance.   The rates for each $100 of "cost of hire" shall be 5% of the applicable hired automobile rates, provided the owner of such hired automobile has purchased automobile Bodily Injury Liability and Property Damage Liability insurance covering the interest of the named insured on a direct primary basis as respects such automobile and submits evidence of such insurance to the named insured.

 **THE TRAVELERS INSURANCE COMPANIES**

This endorsement is issued by that member of The Travelers Insurance Companies which issued the policy of which this endorsement forms a part.

If any additional premium is noted below, this endorsement is issued in consideration thereof. If any return premium is noted below, the receipt thereof is acknowledged upon acceptance of this endorsement.

Effective from_____at the time of day the policy becomes effective.   Amending Policy No.___ TR-NSL-1077689-0-78 _____
_____(Month, Day, Year)

Issued to_____
Date of Issue:                               Additional Premium $                    Return Premium $

(The information provided for above, except the policy number, is required to be stated only when this endorsement is issued for attachment to the policy subsequent to its effective date.)

It is agreed that as of the effective date hereof the policy is amended in the following particulars:

THIS ENDORSEMENT MODIFIES THE PREMIUM CONDITION AND IS APPLICABLE TO ALL INSURANCE BY THE POLICY NOT SPECIFICALLY EXCEPTED.

---

## COMPOSITE RATE ENDORSEMENT

THE PREMIUM FOR THIS POLICY EXCEPT WITH RESPECT TO GENERAL LIABILITY COVERAGE SHALL BE COMPUTED IN ACCORDANCE WITH THE PREMIUM BASIS AND RATES DESIGNATED IN THE SCHEDULE BELOW.

THE PREMIUM FOR GENERAL LIABILITY COVERAGE SHALL BE COMPUTED IN ACCORDANCE WITH THE PROVISIONS OF THE POLICY EXCLUSIVE OF THIS ENDORSEMENT.

THE ADVANCE PREMIUM STATED BELOW IS AN ESTIMATED PREMIUM ONLY. UPON TERMINATION OF THE POLICY, THE EARNED PREMIUM SHALL BE COMPUTED IN ACCORDANCE WITH THE POLICY AND THIS ENDORSEMENT. IF THE EARNED PREMIUM THUS COMPUTED EXCEEDS THE ESTIMATED ADVANCE PREMIUM PAID, THE NAMED INSURED SHALL PAY THE EXCESS TO THE COMPANY; IF LESS, THE COMPANY SHALL RETURN TO THE NAMED INSURED THE UNEARNED PORTION PAID BY SUCH INSURED.

(CONTINUED ON PAGE #2)

SYMBOL NO.
8000(2)

C-17820  REV. 8-75  PRINTED IN U.S.A.  (776)  Countersigned By_____



 **THE TRAVELERS INSURANCE COMPANIES**

This endorsement is issued by that member of The Travelers Insurance Companies which issued the policy of which this endorsement forms a part.

If any additional premium is noted below, this endorsement is issued in consideration thereof.  If any return premium is noted below, the receipt thereof is acknowledged upon acceptance of this endorsement.

Effective from_____at the time of day the policy becomes effective.
(Month, Day, Year)

Amending
Policy No. **TR-NSI-107T689-0-78**

**PAGE #2**

Issued to_____

Date of Issue:                              Additional Premium $                              Return Premium $

(The information provided for above, except the policy number, is required to be stated only when this endorsement is issued for attachment to the policy subsequent to its effective date.)

It is agreed that as of the effective date hereof the policy is amended in the following particulars:

<u>SCHEDULE</u>

**1.  DEFINITION OF PREMIUM BASIS:   VEHICLES**

| 2.  COVERAGE | ESTIMATED # OF VEHICLES | | RATES PER VEHICLE | | ESTIMATED ADVANCE PREMIUM | |
|---|---|---|---|---|---|---|
| | | | BI | PD | BI | PD |
| AUTOMOBILE LIABILITY (93) | HI 241 | | S .747 | .274 | 180 | 66 |
| | | | E .397 | .073 | 96 | 18 |
| | LA 241 | | S 7.930 | 2.466 | 1,911 | 594 |
| | | | E 5.468 | .496 | 1,318 | 120 |
| | TX 241 | | S 14.275 | 9.104 | 3,440 | 2,194 |
| | | | E 6.880 | 1.428 | 1,658 | 344 |
| | A/O 241 | | S 169.344 | 116.353 | 40,812 | 28,041 |
| | | | E 56.390 | 44.091 | 13,590 | 10,626 |

SYMBOL NO.

**8000(2)**

C-17820  REV. 8-75  PRINTED IN U.S.A.  (776)   Countersigned By_____

**ENDORSEMENT**



**THE TRAVELERS INSURANCE COMPANIES**

This endorsement is issued by that member of The Travelers Insurance Companies which issued the policy of which this endorsement forms a part.

If any additional premium is noted below, this endorsement is issued in consideration thereof.  If any return premium is noted below, the receipt thereof is acknowledged upon acceptance of this endorsement.

Effective from_____at the time of day the policy becomes effective.  Amending Policy No.___ **TR-NSL-107T689-0-78**
    *(Month, Day, Year)*

Issued to_____
Date of Issue:                    Additional Premium $                    Return Premium $

(The information provided for above, except the policy number, is required to be stated only when this endorsement is issued for attachment to the policy subsequent to its effective date.)

It is agreed that as of the effective date hereof the policy is amended in the following particulars:


AS RESPECTS SCHEDULE  8842

"S" PREM

| | | | **BI** |
|---|---|---|---|
| SEE | END | ZZ-3335 Ark Ins Dept | INCL |
| " | " | HH-393A Colo Ins Dy | INCL |
| " | " | MM-341 Del Ins Dy | INCL |
| " | " | RR-3308C Ga Ins Dept. | INCL |
| " | " | GU-8965A Hawaii Ins Dy. | INCL |
| " | " | 24924 Kansas Ins Dept | INCL |
| " | " | TY-3321A Kentucky Ins Dept | INCL |
| " | " | VV-3313 Minn Ins Dept | INCL |
| " | " | NN-3305A Minn Ins Dept | INCL |
| " | " | EE-386 NJ Ins Dy | INCL |
| " | " | WW-3318 N.J. Ins Dept | INCL |
| " | " | BBB-3338A | INCL |
| " | " | GG-391A Oregon | INCL |
| " | " | XX-3320 PA Ins Dept. | INCL |
| " | " | 25820 S.C. Ins Dept | INCL |
| " | " | 241A Texas Ins Dept., | INCL |


SYMBOL No.
8000(3)

C-17820  REV. 8-75  PRINTED IN U.S.A.  (776)    Countersigned By_____

ENDORSEMENT



**THE TRAVELERS INSURANCE COMPANIES**

This endorsement is issued by that member of The Travelers Insurance Companies which issued the policy of which this endorsement forms a part.

If any additional premium is noted below, this endorsement is issued in consideration thereof.   If any return premium is noted below, the receipt thereof is acknowledged upon acceptance of this endorsement.

Effective from _____ at the time of day the policy becomes effective.  Amending Policy No.____ **TR-NSL-107T689-0-78**
                  *(Month, Day, Year)*

Issued to _____

Date of Issue:                              Additional Premium $                    Return Premium $

(The information provided for above, except the policy number, is required to be stated only when this endorsement is issued for attachment to the policy subsequent to its effective date.)

It is agreed that as of the effective date hereof the policy is amended in the following particulars:

### "NOT APPLICABLE TO TX"

LEASED VEHICLES*, ARE OWNED BY MARINE MIDLAND BANK-WESTERN AND LONG TERM LEASED TO OSMOSE WOOD PRESERVING CO OF AMERICA INC AND POLE SPRAYERS INC. THE NAME OF INSURED WITH RESPECT, THESE VEHICLES ONLY IS AMENDED TO READ OSMOSE WOOD PRESERVING CO OF AMERICA INC AND MARINE MIDLAND BANK-WESTERN; POLE SPRAYERS INC AND MARINE MIDLAND BANK-WESTERN.

*PER LIST ON FILE WITH COMPANY

C-17820  REV. 8-75  PRINTED IN U.S.A.  (776)  Countersigned By_____

SYMBOL NO.

8000(4)

 **THE TRAVELERS INSURANCE COMPANIES**

This endorsement is issued by that member of The Travelers Insurance Companies which issued the policy of which this endorsement forms a part.

If any additional premium is noted below, this endorsement is issued in consideration thereof. If any return premium is noted below, the receipt thereof is acknowledged upon acceptance of this endorsement.

Effective from _____ at the time of day the policy becomes effective. Amending Policy No. **TR-NSL-107T689-0-78**
     *(Month, Day, Year)*

Issued to _____

Date of Issue:                      Additional Premium $            Return Premium $

(The information provided for above, except the policy number, is required to be stated only when this endorsement is issued for attachment to the policy subsequent to its effective date.)

It is agreed that as of the effective date hereof the policy is amended in the following particulars:

### PROVISIONAL PREMIUM ENDORSEMENT

### (NEW YORK)

THE PREMIUM STATED IN THE DECLARATIONS OF THIS POLICY FOR VEHICLES GARAGED IN NEW YORK IS BASED UPON TENTATIVE RATES AND IS NOW DUE AND PAYABLE. THESE RATES ARE SUBJECT TO THE APPROVAL OF THE NEW YORK INSURANCE DEPARTMENT AND MAY BE SUBJECT TO RECOMPUTATION AS OF THE EFFECTIVE DATE OF THE POLICY.

SYMBOL No.
8000(5)

C-17820  REV. 8-75  PRINTED IN U.S.A.  (776)    Countersigned By _____

 **THE TRAVELERS INSURANCE COMPANIES**

This endorsement is issued by that member of The Travelers Insurance Companies which issued the policy of which this endorsement forms a part.

If any additional premium is noted below, this endorsement is issued in consideration thereof. If any return premium is noted below, the receipt thereof is acknowledged upon acceptance of this endorsement.

Effective from_____at the time of day the policy becomes effective.  Amending Policy No. **TR-NSL-107T689-0-78**
(Month, Day, Year)

Issued to_____
Date of Issue:                              Additional Premium $                    Return Premium $

(The information provided for above, except the policy number, is required to be stated only when this endorsement is issued for attachment to the policy subsequent to its effective date.)

It is agreed that as of the effective date hereof the policy is amended in the following particulars:

### PERSONAL INJURY

**PROVISION I. COVERAGE P – PERSONAL INJURY OF THE SPECIAL GENERAL LIABILITY ENDORSEMENT IS AMENDED IN THE FOLLOWING PARTICULARS:**

1. **GROUP B IS DELETED AND REPLACED BY THE FOLLOWING:**

   **GROUP B – THE PUBLICATION OR UTTERANCE OF A LIBEL OR SLANDER OR OF OTHER DEFAMATORY OR DISPARAGING MATERIAL, OR A PUBLICATION OR UTTERANCE IN VIOLATION OF AN INDIVIDUAL'S RIGHT OF PRIVACY, EXCEPT A PUBLICATION OR UTTERANCE OF OR RELATED TO ADVERTISING.**

2. **GROUP D – DISCRIMINATION IS ADDED, SUBJECT TO THE FOLLOWING ADDITIONAL EXCLUSIONS:**

   **COVERAGE P DOES NOT APPLY TO DISCRIMINATION**

   (A) **BECAUSE OF A PERSON'S RACE, CREED, COLOR OR NATIONAL ORIGIN, IF SUCH INJURY OCCURS IN THE STATE OF NEW YORK,**

   (B) **IF THE DISCRIMINATORY ACT WAS COMMITTED BY OR WITH THE KNOWLEDGE OR CONSENT OF THE INSURED AGAINST WHOM CLAIM IS MADE OR SUIT IS BROUGHT, OR**

   (C) **AGAINST ANY OFFICER OR EMPLOYEE OF ANY INSURED, WHETHER SUCH OFFICER OR EMPLOYEE IS RETIRED, ACTIVELY EMPLOYED OR OTHERWISE, OR AGAINST ANY ACTUAL OR POTENTIAL APPLICANT FOR EMPLOYMENT.**

SYMBOL No.
8000(6)

C-17820 REV. 8-75 PRINTED IN U.S.A. (776) Countersigned By_____

 **THE TRAVELERS INSURANCE COMPANIES**

This endorsement is issued by that member of The Travelers Insurance Companies which issued the policy of which this endorsement forms a part.

If any additional premium is noted below, this endorsement is issued in consideration thereof. If any return premium is noted below, the receipt thereof is acknowledged upon acceptance of this endorsement.

Effective from _____ at the time of day the policy becomes effective. Amending Policy No. **TR-NSL-107T689-0-78**
_____(Month, Day, Year)_____

Issued to_____

Date of Issue:                          Additional Premium $                          Return Premium $

(The information provided for above, except the policy number, is required to be stated only when this endorsement is issued for attachment to the policy subsequent to its effective date.)

It is agreed that as of the effective date hereof the policy is amended in the following particulars:

### ADDITIONAL EXCLUSION

### (ENGINEERS, ARCHITECTS OR SURVEYORS LIABILITY)

EXCEPT WITH RESPECT TO SERVICES RELATED TO THE INSPECTION OF POLES OR WOOD STRUCTURES FOR THE PURPOSE OF DETERMINING THE EXTENT OF DEFECTS, ROT, DECAY OR OTHER DETERIORATION, THIS POLICY DOES NOT APPLY TO BODILY INJURY OR PROPERTY DAMAGE ARISING OUT OF THE RENDERING OF OR THE FAILURE TO RENDER SERVICES BY OR ON BEHALF OF THE NAMED INSURED PURSUANT TO ANY ARCHITECTURAL OR ENGINEERING OR SURVEYING SERVICES CONTRACT; BUT THIS EXCLUSION DOES NOT APPLY TO BODILY INJURY OR PROPERTY DAMAGE OCCURRING AT PREMISES OWNED BY OR LEASED TO THE NAMED INSURED.

SYMBOL No.
8000(7)

C-17820  REV. 8-75  PRINTED IN U.S.A.  (776)  Countersigned By_____

**THE TRAVELERS INSURANCE COMPANIES**

This endorsement is issued by that member of The Travelers Insurance Companies which issued the policy of which this endorsement forms a part.

If any additional premium is noted below, this endorsement is issued in consideration thereof. If any return premium is noted below, the receipt thereof is acknowledged upon acceptance of this endorsement.

Effective from_____at the time of day the policy becomes effective.  Amending Policy No.___TR-NSL-107T689-0-78___
_____(Month, Day, Year)_____

Issued to_____
Date of Issue:                              Additional Premium $                          Return Premium $

(The information provided for above, except the policy number, is required to be stated only when this endorsement is issued for attachment to the policy subsequent to its effective date.)

It is agreed that as of the effective date hereof the policy is amended in the following particulars:

## CONTRACTUAL LIABILITY

IT IS AGREED THAT ADDITIONAL EXCLUSION (E) OF PROVISION II. CONTRACTUAL LIABILITY IS DELETED FROM THE SPECIAL GENERAL LIABILITY ENDORSEMENT.

SYMBOL NO.
8000(8)

C-17820 REV. 8-75 PRINTED IN U.S.A. (776)   Countersigned By_____



## THE TRAVELERS INSURANCE COMPANIES

This endorsement is issued by that member of The Travelers Insurance Companies which issued the policy of which this endorsement forms a part.

If any additional premium is noted below, this endorsement is issued in consideration thereof.   If any return premium is noted below, the receipt thereof is acknowledged upon acceptance of this endorsement.

Effective from_____at the time of day the policy becomes effective.   Amending Policy No.\_\_\_\_ TR-NSI-107T689-0-78
　　　　　　　　(Month, Day, Year)

Issued to_____
Date of Issue:　　　　　　　　　　　　Additional Premium $　　　　　　　　Return Premium $

(The information provided for above, except the policy number, is required to be stated only when this endorsement is issued for attachment to the policy subsequent to its effective date.)

It is agreed that as of the effective date hereof the policy is amended in the following particulars:

### HOST LIQUOR LAW LIABILITY

### (BODILY INJURY)

IT IS AGREED THAT WITH RESPECT TO SUCH INSURANCE AS IS AFFORDED FOR DAMAGES BECAUSE OF INJURY BY REASON OF SELLING, SERVING OR GIVING OF ANY ALCOHOLIC BEVERAGE, THE DEFINITION OF "BODILY INJURY" IS AMENDED TO INCLUDE LOSS OF SUPPORT.

SYMBOL No.

8000(9)

C-17820  REV. 8-75  PRINTED IN U.S.A.  (776)  Countersigned By_____

 **THE TRAVELERS INSURANCE COMPANIES**

This endorsement is issued by that member of The Travelers Insurance Companies which issued the policy of which this endorsement forms a part.

If any additional premium is noted below, this endorsement is issued in consideration thereof. If any return premium is noted below, the receipt thereof is acknowledged upon acceptance of this endorsement.

Effective from_____ at the time of day the policy becomes effective.   Amending Policy No.___ **TR-NSL-107T689-0-78**
　　　　　　(Month, Day, Year)

Issued to_____
Date of Issue:                          Additional Premium $                      Return Premium $

(The information provided for above, except the policy number, is required to be stated only when this endorsement is issued for attachment to the policy subsequent to its effective date.)

It is agreed that as of the effective date hereof the policy is amended in the following particulars:

### CANCELLATION

IT IS AGREED THAT CONDITION II., CANCELLATION, IS MODIFIED BY REPLACING THE PROVISION WITH RESPECT TO WHEN THE POLICY MAY BE CANCELLED BY THE COMPANY WITH THE FOLLOWING:

THIS POLICY MAY BE CANCELLED BY THE COMPANY BY MAILING TO THE NAMED INSURED AT THE ADDRESS SHOWN IN THIS POLICY, WRITTEN NO- TICE STATING WHEN, A) NOT LESS THAN TEN DAYS THEREAFTER IN CASE OF NON-PAYMENT OF PREMIUM, B) NOT LESS THAN TEN DAYS THEREAFTER IN CASE ANY BANKRUPTCY OR DEBTOR RELIEF PROCEEDING IS BROUGHT BY OR AGAINST THE NAMED INSURED UNDER TITLE II OF THE UNITED STATES CODE, AND C) NOT LESS THAN SIXTY DAYS THEREAFTER IN ALL OTHER CASES, SUCH CANCELLATION SHALL BE EFFECTIVE.

SYMBOL NO.

**8000(10)**

C-17820  REV. 8-75 PRINTED IN U.S.A.  (776)  Countersigned By_____



**THE TRAVELERS INSURANCE COMPANIES**

This endorsement is issued by that member of The Travelers Insurance Companies which issued the policy of which this endorsement forms a part.

If any additional premium is noted below, this endorsement is issued in consideration thereof.  If any return premium is noted below, the receipt thereof is acknowledged upon acceptance of this endorsement.

Effective from _____ at the time of day the policy becomes effective.  Amending Policy No. _____ TR-NSL-107T689-0-78 ____
                      *(Month, Day, Year)*

Issued to_____
Date of Issue:                              Additional Premium $                              Return Premium $

(The information provided for above, except the policy number, is required to be stated only when this endorsement is issued for attachment to the policy subsequent to its effective date.)

It is agreed that as of the effective date hereof the policy is amended in the following particulars:


## PUNITIVE OR EXEMPLARY DAMAGES


ENDORSEMENT #IL 00 01 ENTITLED "AMENDATORY ENDORSEMENT-PUNITIVE OR EXEMPLARY DAMAGES EXCLUSION" IS NOT APPLICABLE IN THE STATE OF NY

SYMBOL NO. V

8000(11)

C-17820  REV. 8-75  PRINTED IN U.S.A.  (776)  Countersigned By_____

**NOT APPLICABLE TO TX**
**NOTICE OF CANCELLATION**
**EXCEPT FOR NON-PAYMENT OF PREMIUM**

It is agreed that no limitation or cancellation of this policy shall become effective until the number of days' written notice specified in Item 2 of the Schedule shall have been mailed to the person or organization designated in Item 1 of the Schedule at the address there designated.

**Schedule**

1. Name: **POWER AUTHORITY OF THE STATE OF NEW YORK**
**ST LAWRENCE POWER PROJECT**

   Address: **P O BOX 700**
**MASSENA NY 13662**

2. Number of Days' Notice: **30**

Amending Policy No. **TR-NSL-107T689-0-78**

This endorsement is issued by that member of The Travelers Insurance Companies which issued the policy of which this endorsement forms a part.

V.

8221 #1

NOT APPLICABLE TO TX

## NOTICE OF CANCELLATION

EXCEPT FOR NON-PAYMENT OF PREMIUM

It is agreed that no limitation or cancellation of this policy shall become effective until the number of days' written notice specified in Item 2 of the Schedule shall have been mailed to the person or organization designated in Item 1 of the Schedule at the address there designated.

### Schedule

1. Name: 1) THE PACIFIC TELEPHONE AND TELEGRAPH COMPANY
        2) MARINE MIDLAND BANK-WESTERN
   Address:  1) TACOMA, WA   VIA REGISTERED MAIL

2. Number of Days' Notice: 30

Amending Policy No. TR-NSL-107T689-0-78

This endorsement is issued by that member of The Travelers Insurance Companies which issued the policy of which this endorsement forms a part.

8221 #2

## SYMBOL NUMBERS OF ENDORSEMENTS

Amending Policy No.    TR-NSL-107T689-0-78

It is agreed that endorsements with the following symbol numbers form a part of this policy on its effective date:

A0012D    A0029    AAA-3337    AG 02 96(7-76)    AG 02 99(7-76)    CA 09 10(1-74)

CA 09 12(1-74)    CG 06 11(1-74)    CP 01 60(1-74)    CP 02 52(1-74)

CP 02 55(1-74)    CP 02 84(8-74)    CP 02 95(8-77)    CP 02 100(5-76)

CP 03 31(1-74)    CP 04 01(1-74)    CP 04 51(1-74)    CP 04 53(1-74)

CP 04 55(8-77)    CP 04 60(1-74)    CP 04 61(1-74)    CP 04 64(1-74)

CP 04 66(1-74)    CP 04 67(8-74)    CP 04 68(6-75)    CP 04 69(3-77)

CP 04 70(1-74)    CP 04 73(1-74)    CP 04 75(1-74)    CP 04 76(12-74)

CP 04 80(11-74)    CP 04 82(4-75)    CP 04 83(9-77)    CP 04 84(11-74)

CP 04 85(4-75)    CP 04 86(12-74)    CP 04 88(3-76)    EE-386    GG-391A

GU-8965A    GU-8966(9-74)    HH-393A    M63A    MM-341    NN-3305A    RR-3308C

TX 03 24    TX 03 59(2)    TX 03 69    TX 09 10    TX 09 12    TX 10 80

VV-3313    WW-3318    XX-3320    YY-3321A    ZZ-3335    25A    241A

4080A    8000(1-11)    8842    9950    11080    11200    14520    18230

20230    23750    23890    24924    25820    26350    27011    28760

RETRO PLAN D 29130    30040

A0013    CP 02 54(1-74)    G513    G222    G523    G525    G526    G530A

G533    G610    8221(1-2)    8802    8810(24)    4128B    13211    13790    17090

23481    23490    23501    25740    9380    IL 00 01(ED.11-77)

This endorsement is issued by that member of The Travelers Insurance Companies which issued the policy of which this endorsement forms a part.

C-10925  1-66  PRINTED IN U.S.A.  (775)

This endorsement modifies such insurance as is afforded by the provisions of the policy relating to the following:

UNINSURED MOTORISTS INSURANCE

UNINSURED MOTORISTS INSURANCE COVERAGE PART—SPECIFIED CAR BASIS

It is agreed that this part applies only to the *automobiles* designated below:

| Automobiles and State of Principal Garaging | Limits of Liability | | Premium |
|---|---|---|---|
| | Each Person | Each Accident | |
| ALL AUTOMOBILES PRINCIPALLY GARAGED IN ALL STATES | $ EQUAL TO FINANCIAL RESPONSIBILITY LIMITS OF THE AUTOMOBILE PRINCIPALLY | $ MINIMUM RESPONSIBILITY THE STATE WHERE IS GARAGED | $ SEE COMPOSITE ENDORSEMENT 8000(2) |

Amending Policy No. <u>TR-NSL-107T689-0-78</u>

This endorsement is issued by that member of The Travelers Insurance Companies which issued the policy of which this endorsement forms a part.

TR-NSL-107T689-0-78

This endorsement modifies such insurance as is afforded by the provisions of the policy relating to the following:

**COMPREHENSIVE AUTOMOBILE LIABILITY INSURANCE**

## APPLICATION OF LIMITS OF LIABILITY ENDORSEMENT
### NOT APPLICABLE TO TX

It is agreed that such insurance as is afforded by the policy for Bodily Injury Liability and for Property Damage Liability applies subject to the following provisions:

1. With respect to any sum payable under the provisions of the policy, exclusive of the provisions of any applicable endorsement required by any Federal or State Law or the rules of any Commission, Board or Bureau adopted under such law, the limits of the Company's liability shall be as stated in Item 3 of the policy.

2. With respect to any sum payable under the policy only by reason of the provisions of any applicable endorsement required by any Federal or State Law or the rules of any Commission, Board or Bureau adopted under such law, the limits of the Company's liability shall be as stated in such applicable endorsement.

3. The *named insured* agrees to reimburse the Company for any payment made by the Company on account of any accident, claim or suit, involving a breach of the terms of the policy and for any payment the Company would not have been obligated to make under the provisions of the policy, except for the agreement contained in any applicable endorsement required by any State Law or the rules of any Commission, Board or Bureau adopted under such law.

This endorsement is issued by that member of The Travelers Insurance Companies which issued the policy of which this endorsement forms a part.

**(11-74)**
C-12317 PRINTED IN U.S.A. 1174

11080

ENDORSEMENT

 **THE TRAVELERS INSURANCE COMPANIES**

This endorsement is issued by that member of The Travelers Insurance Companies which issued the policy of which this endorsement forms a part.

If any additional premium is noted below, this endorsement is issued in consideration thereof.  If any return premium is noted below, the receipt thereof is acknowledged upon acceptance of this endorsement.

Effective from_____at the time of day the policy becomes effective.    Amending Policy No. **TR-NSI-10TT689-0-78**
        (Month, Day, Year)

Issued to_____

Date of Issue:                          Additional Premium $                          Return Premium $

(The information provided for above, except the policy number, is required to be stated only when this endorsement is issued for attachment to the policy subsequent to its effective date.)

It is agreed that as of the effective date hereof the policy is amended in the following particulars:

NOT APPLICABLE TO TX

THIS ENDORSEMENT MODIFIES SUCH INSURANCE AS IS AFFORDED BY THE PROVISIONS OF THE POLICY RELATING TO THE FOLLOWING:

COMPREHENSIVE AUTOMOBILE LIABILITY INSURANCE

COVERAGE IN MEXICO - 90 DAYS

THIS INSURANCE ALSO APPLIES TO BODILY INJURY AND PROPERTY DAMAGE OR LOSS WHICH OCCURS DURING THE POLICY PERIOD WITHIN THE REPUBLIC OF MEXICO SUBJECT TO THE FOLLOWING ADDITIONAL PROVISIONS:

THIS INSURANCE APPLIES ONLY DURING A TEMPORARY VISIT FOR A PERIOD OF NOT MORE THAN NINETY (90) CONSECUTIVE DAYS.

SYMBOL NO.
**11200**

C-17820  REV. 8-75  PRINTED IN U.S.A.  (776)  Countersigned By_____

This endorsement modifies such insurance as is afforded by the provisions of the policy relating to the following:

**COMPREHENSIVE GENERAL LIABILITY INSURANCE**

~~CONTRACTUAL LIABILITY INSURANCE~~

COMPREHENSIVE AUTOMOBILE LIABILITY INSURANCE

### SINGLE LIMIT OF LIABILITY

It is agreed that the Limits of Liability Provision is deleted and replaced by the following:

III.  **Limits of Liability.** Regardless of the number of (1) *insureds* under this policy, (2) persons or organizations who sustain *bodily injury* or *property damage*, (3) claims made or suits brought on account of *bodily injury* or *property damage*, or (4) *automobiles* to which this policy applies, the company's liability is limited as follows:

The limit of liability stated below as applicable to "each *occurrence*" is the total limit of the company's liability for all damages, including damages for care and loss of services, because of *bodily injury* and *property damage* sustained by one or more persons or organizations as the result of any one *occurrence*.

Subject to the above provision respecting "each *occurrence*", the total liability of the company for all damages because of all *bodily injury* included within the *completed operations hazard* and all *bodily injury* included within the *products hazard* shall not exceed the limit of liability stated below as "aggregate".

Subject to the above provision respecting "each *occurrence*", the total liability of the company for all damages because of all *property damage* to which this coverage applies and described in any of the numbered subparagraphs below shall not exceed the limit of liability stated below as "aggregate":

(1) all *property damage* arising out of premises or operations rated on a remuneration basis or contractor's equipment rated on a receipts basis, including *property damage* for which liability is assumed under any *incidental contract* relating to such premises or operations, but excluding *property damage* included in subparagraph (2) below;

(2) all *property damage* arising out of and occurring in the course of operations performed for the *named insured* by independent contractors and general supervision thereof by the *named insured*, including any such *property damage* for which liability is assumed under any *incidental contract* relating to such operations, but this subparagraph (2) does not include *property damage* arising out of maintenance or repairs at premises owned by or rented to the *named insured* or structural alterations at such premises which do not involve changing the size of or moving buildings or other structures;

(3) all *property damage* included within the *products hazard* and all *property damage* included within the *completed operations hazard*;

~~(4) all property damage included within products or completed operations hazard;~~

Such aggregate limit shall apply separately to the *property damage* described in subparagraphs (1), (2), (3) ~~and (4)~~ above, and under subparagraphs (1), (2) ~~and (4)~~ separately with respect to each project away from premises owned by or rented to the named insured.

With respect to the ownership, maintenance, operation, use, loading or unloading of any *automobile*, the limit of the company's liability for all damages

(1) because of *bodily injury* sustained by one person as the result of any one *occurrence*,

(2) because of *bodily injury* sustained by two or more persons as the result of any one *occurrence*, and

(3) because of *property damage* sustained by one or more persons or organizations as the result of any one *occurrence*

shall first be the respective amounts of *bodily injury* and *property damage* liability insurance specified in the motor vehicle financial responsibility law of the state in which the automobile is principally garaged, and such amounts shall then be supplemented by any amount remaining within the single limit of liability stated below, which limit is the total limit of the company's liability for all damages sustained by one or more persons or organizations because of *bodily injury* and *property damage* as the result of any one *occurrence*.

For the purpose of determining the limit of the company's liability, all *bodily injury* and *property damage* arising out of continuous or repeated exposure to substantially the same general conditions shall be considered as arising out of one *occurrence*.

*(Continued on Page 2)*

~~XXXXX~~
13211

Page 2

This endorsement does not apply to any *automobile* principally garaged within any of the following state(s):

This endorsement does not apply to premises within the following state(s):

### SCHEDULE

Limits of Liability:  $ **2,000,000**  each *occurrence*
            $ **2,000,000**  aggregate

Amending Policy No. **TR-NSL-107T689-0-78**

This endorsement is issued by that member of The Travelers Insurance Companies which issued the policy of which this endorsement forms a part.

C-16776  5-73  PRINTED IN U.S.A.

XXXXXXX

13211

TR-NSL-107T689-0-78

This endorsement modifies such insurance as is afforded by the provisions of the policy relating to the following:

**COMPREHENSIVE GENERAL LIABILITY INSURANCE**

**COMPLETED OPERATIONS AND PRODUCTS LIABILITY INSURANCE**

**ADDITIONAL INSURED**
(Vendors — Limited Form)

It is agreed that the "Persons Insured" provision is amended to include any person or organization (herein referred to as "vendor"), as an *insured,* but only with respect to the distribution or sale in the regular course of the vendor's business of the *named insured's products*/subject to the following additional provisions:

        **designated below**

1. The insurance with respect to the vendor does not apply to:

    (a) any express warranty, or any distribution or sale for a purpose, unauthorized by the *named insured;*

    (b) *bodily injury* or *property damage* arising out of

        (i) any act of the vendor which changes the condition of the products,

        (ii) any failure to maintain the product in merchantable condition,

        (iii) any failure to make such inspections, adjustments, tests or servicing as the vendor has agreed to make or normally undertakes to make in the usual course of business, in connection with the distribution or sale of the products, or

        (iv) products which after distribution or sale by the *named insured* have been labeled or relabeled or used as a container, part or ingredient of any other thing or substance by or for the vendor;

    (c) *bodily injury* or *property damage* occurring within the vendor's premises.

2. The insurance does not apply to any person or organization, as *insured,* from whom the *named insured* has acquired such products or any ingredient, part or container, entering into, accompanying or containing such products.

THE TRAVELERS INDEMNITY COMPANY

                 *Secretary*

C-11458  7-66  PRINTED IN U.S.A.  N.S.

THE CHARTER OAK FIRE INSURANCE COMPANY

                 *Secretary*

NAMED INSURED'S PRODUCTS

PRODUCTS OF ANIMAL REPELLANTS INC

13790

This endorsement modifies such insurance as is afforded by the provisions of the policy relating to the following:

## COMPREHENSIVE AUTOMOBILE LIABILITY INSURANCE

### NOT APPLICABLE TO TX

### ADDITIONAL INSURED

TR-NSL-

Effective from _____ at the time of day the policy becomes effective. Amending Policy No. 107T689-0-78

Issued to _____

Date of Issue:

| FOR CO. USE | OFFICE & CODE | PROD. CODE | PROD. |
|---|---|---|---|
| | POL. EXPIRES | MODE OF ADJUST. | LOC. OF RISK |

(The information provided for above, except the policy number, is required to be stated only when this endorsement is issued for attachment to the policy subsequent to its effective date.)

It is agreed that paragraph (d) of the "Persons Insured" provision includes the person or organization designated below, but only with respect to his or its liability because of acts or omissions of an *insured* under (a), (b) or (c) of such provision, subject to the following additional provisions:

1. No liability is assumed by such person or organization for the payment of any premiums stated in the policy or earned thereunder.

2. In the event of cancellation of the policy, written notice of cancellation will be mailed by the company to such person or organization.

**Person or Organization**                    **Address**

**MARINE MIDLAND BANK-WESTERN**

This endorsement is issued by that member of The Travelers Insurance Companies which issued the policy of which this endorsement forms a part.

Countersigned by _____

14520



**THE TRAVELERS INSURANCE COMPANIES**

This endorsement is issued by that member of The Travelers Insurance Companies which issued the policy of which this endorsement forms a part.

If any additional premium is noted below, this endorsement is issued in consideration thereof.  If any return premium is noted below, the receipt thereof is acknowledged upon acceptance of this endorsement.

Effective from_____at the time of day the policy becomes effective.  Amending Policy No. **TR-NSL-107T689-0-78**
_____(Month, Day, Year)

Issued to_____
Date of Issue:                            Additional Premium $                    Return Premium $

(The information provided for above, except the policy number, is required to be stated only when this endorsement is issued for attachment to the policy subsequent to its effective date.)

It is agreed that as of the effective date hereof the policy is amended in the following particulars:

**THIS ENDORSEMENT MODIFIES SUCH INSURANCE AS IS AFFORDED BY THE PROVISIONS OF THE POLICY RELATING TO THE FOLLOWING:**

COMPREHENSIVE GENERAL LIABILITY
MANUFACTURERS' AND CONTRACTORS'
OWNERS', LANDLORDS' AND TENANTS'
STOREKEEPERS' LIABILITY INSURANCE

## ADDITIONAL INSURED

### (MORTGAGEE, ASSIGNEE OR RECEIVER)

1.   THE "PERSONS INSURED" PROVISION IS AMENDED TO INCLUDE AS AN INSURED THE PERSON OR ORGANIZATION DESIGNATED BELOW, BUT ONLY WITH RESPECT TO HIS LIABILITY AS MORTGAGEE, ASSIGNEE OR RECEIVER AND ARISING OUT OF THE OWNERSHIP, MAINTENANCE OR USE OF THE PREMISES DESCRIBED BELOW BY THE NAMED INSURED.

2.   THIS INSURANCE DOES NOT APPLY TO STRUCTURAL ALTERATIONS, NEW CONSTRUCTION AND DEMOLITION OPERATIONS PERFORMED BY OR FOR SAID PERSON OR ORGANIZATION.

### SCHEDULE

DESIGNATION OF PREMISES

980 ELLICOTT ST BUFFALO NY

NAME OF PERSON OR ORGANIZATION

MARINE MIDLAND LEASING CORPORATION
AND MARINE MIDLAND BANK-WESTERN

NO CHARGE

SYMBOL NO.
**17090**

C-17820  REV. 8-75  PRINTED IN U.S.A.  (776)   Countersigned By_____

## UNIFORM MOTOR CARRIER BODILY INJURY AND
## PROPERTY DAMAGE LIABILITY INSURANCE ENDORSEMENT–FORM F

Effective from _____ Amending Policy No. **TR-NSL-107T689-0-**

At 12:01 A.M. Standard Time                                                                                                      **78**

Issued to _____

Date of Issue:

| FOR CO. USE | OFFICE & CODE | PROD. CODE | PROD. |
|---|---|---|---|
| | POL. EXPIRES | MODE OF ADJUST. | |

(The information provided for above, except the policy number, is required to be stated only when this endorsement is issued for attachment to the policy subsequent to its effective date.)

It is agreed that:

1. The certification of the policy, as proof of financial responsibility under the provisions of any State motor carrier law or regulations promulgated by any State Commission having jurisdiction with respect thereto, amends the policy to provide insurance for automobile bodily injury and property damage liability in accordance with the provisions of such law or regulations to the extent of the coverage and the limits of liability required thereby; provided only that the insured agrees to reimburse the company for any payment made by the company which it would not have been obligated to make under the terms of this policy except by reason of the obligation assumed in making such certification.

2. The Uniform Motor Carrier Bodily Injury and Property Damage Liability Certificate of Insurance has been filed with the State Commissions indicated below.

3. This endorsement may not be canceled without cancellation of the policy to which it is attached. Such cancellation may be effected by the company or the insured giving thirty (30) days' notice in writing to the State Commission with which such certificate has been filed, such thirty (30) days' notice to commence to run from the date the notice is actually received in the office of such Commission.

| X–INDICATES STATE COMMISSIONS WITH WHOM UNIFORM MOTOR CARRIER BODILY INJURY AND PROPERTY DAMAGE LIABILITY CERTIFICATE OF INSURANCE HAS BEEN FILED | | | | | | |
|---|---|---|---|---|---|---|
| ALABAMA | | ILLINOIS | | MONTANA | RHODE ISLAND | |
| ALASKA | | INDIANA | | NEBRASKA | SOUTH CAROLINA | |
| ARIZONA | | IOWA | | NEVADA | SOUTH DAKOTA | |
| ARKANSAS | | KANSAS | | NEW HAMPSHIRE | TENNESSEE | |
| CALIFORNIA | | KENTUCKY | X | NEW JERSEY | TEXAS | |
| COLORADO | | LOUISIANA | | NEW MEXICO | UTAH | |
| CONNECTICUT | | MAINE | | NEW YORK | VERMONT | |
| DELAWARE | | MARYLAND | | NORTH CAROLINA | VIRGINIA | |
| DISTRICT OF COLUMBIA | | MASSACHUSETTS | | NORTH DAKOTA | WASHINGTON | |
| FLORIDA | | MICHIGAN | | OHIO | WEST VIRGINIA | |
| GEORGIA | | MINNESOTA | | OKLAHOMA | WISCONSIN | |
| HAWAII | | MISSISSIPPI | | OREGON | WYOMING | |
| IDAHO | | MISSOURI | | PENNSYLVANIA | | |

This endorsement is issued by that member of The Travelers Insurance Companies which issued the policy of which this endorsement forms a part.

Countersigned by _____

C-12930 8-68 PRINTED IN U.S.A. N.S. IRB 3538A (176)

18230

## ILLINOIS INSURANCE IN THE TRAVELERS INDEMNITY COMPANY OF ILLINOIS

Amending Policy Numbered __TR-NSL-1077689-O-78__

It is agreed that the obligations expressed in the policy as obligations of The Travelers Insurance Company or The Travelers Indemnity Company, subject to the exclusions, conditions and other terms thereof, are the obligations of The Travelers Indemnity Company of Illinois to the extent that such obligations are with respect to risks located in Illinois and that the policy to such extent is a contract between the insured and The Travelers Indemnity Company of Illinois and no other.

THE TRAVELERS INSURANCE COMPANY
THE TRAVELERS INDEMNITY COMPANY
THE TRAVELERS INDEMNITY COMPANY OF ILLINOIS

*Secretary*

20230

**APPLICABLE TO TX**

This endorsement modifies such insurance as is afforded by the provisions of the policy relating to the following:

COMPREHENSIVE GENERAL LIABILITY INSURANCE

## BROAD FORM COMPREHENSIVE GENERAL LIABILITY ENDORSEMENT

Schedule                                          Amending Policy No. __TR-NSL-107T689-0-78__

1.  Personal Injury and Advertising Injury Liability
    Aggregate Limit shall be the per occurrence bodily injury liability limit unless otherwise indicated herein:
    Limit of Liability $ _____ Aggregate.

2.  Limit of Liability — Premises Medical Payments Coverage: $1,000 each person unless otherwise indicated herein:
    $ _____ each person.

3.  Limit of Liability — Fire Legal Liability Coverage: $50,000 per occurrence unless otherwise indicated herein:
    $ _____ per occurrence.

4.  Premium Basis , 931                                    Advance Premium
    S 24.72 X
    E 01.43 ___% of the Total Comprehensive General Liability    $ BI S 477
            Bodily Injury and Property Damage Premium              E 27
            as otherwise determined.                          PD S 643
                                                                  E 30

5.  Minimum Premium $

**I. Contractual Liability Coverage**

(A)  The definition of *incidental contract* is extended to include any contract or agreement relating to the conduct of the *named insured's* business.

(B)  The insurance afforded with respect to liability assumed under an *incidental contract* is subject to the following additional exclusions:

(1)  to *bodily injury* or *property damage* for which the *insured* has assumed liability under any *incidental contract*, if such injury or damage occurred prior to the execution of the *incidental contract*;

(2)  if the *insured* is an architect, engineer or surveyor, to *bodily injury* or *property damage* arising out of the rendering of or the failure to render professional services by such *insured*, including

(a)  the preparation or approval of maps, drawings, opinions, reports, surveys, change orders, designs or specifications, and

(b)  supervisory, inspection or engineering services;

(3)  if the indemnitee of the *insured* is an architect, engineer or surveyor, to the liability of the indemnitee, his agents or employees, arising out of

(a)  the preparation or approval of or the failure to prepare or approve maps, drawings, opinions, reports, surveys, change orders, designs or specifications, or

(b)  the giving of or the failure to give directions or instructions by the indemnitee, his agents or employees, provided such giving or failure to give is the primary cause of the *bodily injury* or *property damage;*

(4)  to any obligation for which the *insured* may be held liable in an action on a contract by a third party beneficiary for *bodily injury* or *property damage* arising out of a project for a public authority; but this exclusion does not apply to an action by the public authority or any other person or organization engaged in the project;

(5)  to *bodily injury* or *property damage* arising out of operations, within 50 feet of any railroad property, affecting any railroad bridge or trestle, tracks, road beds, tunnel, underpass or crossing; but this exclusion does not apply to sidetrack agreements.

(C)  The following exclusions applicable to Coverages A (Bodily Injury) and B (Property Damage) do not apply to this Contractual Liability Coverage: (b), (c) (2), (d) and (e).

(D)  The following additional condition applies:
     Arbitration
     The Company shall be entitled to exercise all of the *insured's* rights in the choice of arbitrators and in the conduct of any arbitration proceeding.

**II. Personal Injury and Advertising Injury Liability Coverage**

(A)  The Company will pay on behalf of the *insured* all sums which the *insured* shall become legally obligated

to pay as damages because of *personal injury* or *advertising injury* to which this insurance applies, sustained by any person or organization and arising out of the conduct of the *named insured's* business, within the *policy territory*, and the Company shall have the right and duty to defend any suit against the *insured* seeking damages on account of such injury, even if any of the allegations of the suit are groundless, false or fraudulent, and may make such investigation and settlement of any claim or suit as it deems expedient, but the Company shall not be obligated to pay any claim or judgment or to defend any suit after the applicable limit of the Company's liability has been exhausted by payment of judgments or settlements.

(B)  This insurance does not apply:

(1)  to liability assumed by the *insured* under any contract or agreement;

(2)  to *personal injury* or *advertising injury* arising out of the willful violation of a penal statute or ordinance committed by or with the knowledge or consent of the *insured;*

(3)  to *personal injury* or *advertising injury* arising out of a publication or utterance of a libel or slander, or a publication or utterance in violation of an individual's right of privacy, if the first injurious publication or utterance of the same or similar material by or on behalf of the *named insured* was made prior to the effective date of this insurance;

(4)  to *personal injury* or *advertising injury* arising out of libel or slander or the publication or utterance of defamatory or disparaging material concerning any person or organization or goods, products or services, or in violation of an individual's right of privacy, made by or at the direction of the *insured* with knowledge of the falsity thereof;

(5)  to *personal injury* or *advertising injury* arising out of the conduct of any partnership or joint venture of which the *insured* is a partner or member and which is not designated in the declarations of the policy as a *named insured;*

(6)  to *advertising injury* arising out of

(a)  failure of performance of contract, but this exclusion does not apply to the unauthorized appropriation of ideas based upon alleged breach of implied contract, or

(b)  infringement of trademark, service mark or trade name, other than titles or slogans, by use thereof on or in connection with goods, products or services sold, offered for sale or advertised, or

(c)  incorrect description or mistake in advertised price of goods, products or services sold, offered for sale or advertised;

(7)  with respect to *advertising injury*

(a)  to any *insured* in the business of

advertising, broadcasting, publishing or telecasting, or

(b)  to any injury arising out of any act committed by the *insured* with actual malice.

(C)  Limits of Liability

Regardless of the number of (1) *insureds* hereunder, (2) persons or organizations who sustain injury or damage, or (3) claims made or suits brought on account of *personal injury* or *advertising injury* the total limit of the Company's liability under this coverage for all damages shall not exceed the limit of liability stated in this endorsement as "aggregate".

(D)  Additional Definitions

"Advertising Injury" means injury arising out of an offense committed during the policy period occurring in the course of the *named insured's* advertising activities, if such injury arises out of libel, slander, defamation, violation of right of privacy, piracy, unfair competition, or infringement of copyright, title or slogan.

"Personal Injury" means injury arising out of one or more of the following offenses committed during the policy period:

(1)  false arrest, detention, imprisonment, or malicious prosecution;

(2)  wrongful entry or eviction or other invasion of the right of private occupancy;

(3)  a publication or utterance

(a)  of a libel or slander or other defamatory or disparaging material, or

(b)  in violation of an individual's right of privacy; except publications or utterances in the course of or related to advertising, broadcasting, publishing or telecasting activities conducted by or on behalf of the *named insured* shall not be deemed *personal injury.*

III. Premises Medical Payments Coverage

The Company will pay to or for each person who sustains *bodily injury* caused by accident all reasonable *medical expense* incurred within one year from the date of the accident on account of such *bodily injury,* provided such *bodily injury* arises out of (a) a condition in the insured premises or (b) operations with respect to which the *named insured* is afforded coverage for *bodily injury* liability under the policy.

This insurance does not apply:

(A)  to *bodily injury*

(1)  arising out of the ownership, maintenance, operation, use, loading or unloading of

(a)  any *automobile* or aircraft owned or operated by or rented or loaned to any *insured,* or

(b)  any other *automobile* or aircraft operated by any person in the course of his employment by any *insured;*

but this exclusion does not apply to the parking of an *automobile* on the *insured premises,* if such *automo-*

*bile* is not owned by or rented or loaned to any *insured;*

(2) arising out of

(a) the ownership, maintenance, operation, use, loading or unloading of any *mobile equipment* while being used in any prearranged or organized racing, speed or demolition contest or in any stunting activity or in practice or preparation for any such contest or activity, or

(b) the operation or use of any snowmobile or trailer designed for use therewith;

(3) arising out of the ownership, maintenance, operation, use, loading or unloading of

(a) any watercraft owned or operated by or rented or loaned to any *insured,* or

(b) any other watercraft operated by any person in the course of his employment by any *insured;*

but this exclusion does not apply to watercraft while ashore on the *insured premises;*

(4) arising out of and in the course of the transportation of *mobile equipment* by an *automobile* owned or operated by or rented or loaned to the *named insured;*

(B) to *bodily injury*

(1) included within the *completed operations hazard* or the *products hazard;*

(2) arising out of operations performed for the *named insured* by independent contractors other than

(a) maintenance and repair of the *insured premises,* or

(b) structural alterations at such premises which do not involve changing the size of or moving buildings or other structures;

(3) resulting from the selling, serving or giving of any alcoholic beverage

(a) in violation of any statute, ordinance or regulation,

(b) to a minor,

(c) to a person under the influence of alcohol, or

(d) which causes or contributes to the intoxication of any person,

if the *named insured* is a person or organization engaged in the business of manufacturing, distributing, selling or serving alcoholic beverages, or if not so engaged, is an owner or lessor of premises used for such purposes, but only part (a) of this exclusion (B) (3) applies when the *named insured* is such an owner or lessor;

(4) due to war, whether or not declared, civil war, insurrection, rebellion or revolution, or to any act or condition incident to any of the foregoing;

(C) to *bodily injury*

(1) to the *named insured,* any partner thereof, any tenant or other person regularly residing on the *insured premises* or any employee of any of the foregoing if the *bodily injury* arises out of and in the course of his employment therewith;

(2) to any other tenant if the *bodily injury* occurs on that part of the *insured premises* rented from the *named insured* or to any employee of such a tenant if the *bodily injury* occurs on the tenant's part of the *insured premises* and arises out of and in the course of his employment for the tenant;

(3) to any person while engaged in maintenance and repair of the *insured premises* or alteration, demolition or new construction at such premises;

(4) to any person if any benefits for such *bodily injury* are payable or required to be provided under any workmen's compensation, unemployment compensation or disability benefits law, or under any similar law;

(5) to any person practicing, instructing or participating in any physical training, sport, athletic activity or contest whether on a formal or informal basis;

(6) if the *named insured* is a club, to any member of the *named insured;*

(7) if the *named insured* is a hotel, motel, or tourist court, to any guest of the *named insured.*

(D) to any *medical expense* for services by the *named insured,* any employee thereof or any person or organization under contract to the *named insured* to provide such services.

**Limits of Liability**

The limit of liability for Premises Medical Payments Coverage is $1,000 each person unless otherwise stated in the schedule of this endorsement. The limit of liability applicable to "each person" is the limit of the Company's liability for all *medical expense* for *bodily injury* to any one person as the result of any one accident; but subject to the above provision respecting "each person", the total liability of the Company under Premises Medical Payments Coverage for all *medical expense* for *bodily injury* to two or more persons as the result of any one accident shall not exceed the limit of *bodily injury* liability stated in the policy as applicable to "each occurrence".

When more than one medical payments coverage afforded by the policy applies to the loss, the Company shall not be liable for more than the amount of the highest applicable limit of liability.

**Additional Definitions**

When used herein:

"insured premises" means all premises owned by or rented to the *named insured* with respect to which the *named insured* is afforded coverage for *bodily injury* liability under this policy, and includes the ways immediately adjoining on land;

"medical expense" means expenses for necessary medical, surgical, x-ray and dental services, including prosthetic devices, and necessary ambulance, hospital, professional nursing and funeral services.

**Additional Condition**

Medical Reports; Proof and Payment of Claim

As soon as practicable the injured person or someone on his behalf shall give to the Company written proof of claim, under oath if required, and shall, after each request from the Company, execute authorization to enable the Company to obtain medical reports and copies of records. The injured person shall submit to physical examination by physicians selected by the Company when and as often as the Company may reasonably require. The Company may pay the injured person or any person or organization rendering the services and the payment shall reduce the amount payable hereunder for such injury. Payment hereunder shall not constitute an admission of liability of any person or, except hereunder, of the Company.

**IV. Host Liquor Law Liability Coverage**

Exclusion (h) does not apply with respect to liability of the *insured* or his indemnitee arising out of the giving or serving of alcoholic beverages at functions incidental to the *named insured's* business, provided the *named insured* is not engaged in the business of manufacturing, distributing, selling or serving of alcoholic beverages.

**V. Fire Legal Liability Coverage — Real Property**

With respect to *property damage* to structures or portions thereof rented to or leased to the *named insured,* including fixtures permanently attached thereto, if such *property damage* arises out of fire;

(A)    All of the exclusions of the policy, other than the Nuclear Energy Liability Exclusion (Broad Form), are deleted and replaced by the following:

This insurance does not apply to liability assumed by the *insured* under any contract or agreement.

(B)    The limit of *property damage* liability as respects this Fire Legal Liability Coverage—Real Property is $50,000 each *occurrence* unless otherwise stated in the schedule of this endorsement.

(C)    The Fire Legal Liability Coverage—Real Property shall be excess insurance over any valid and collectible property insurance (including any deductible portion thereof) available to the *insured,* such as, but not limited to, Fire, Extended Coverage, Builder's Risk Coverage or Installation Risk Coverage, and the Other Insurance Condition of the policy is amended accordingly.

**VI. Broad Form Property Damage Liability Coverage (Including Completed Operations)**

The insurance for *property damage* liability applies, subject to the following additional provisions:

(A)    Exclusions (k) and (o) are replaced by the following:

(1)    to property owned or occupied by or rented to the *insured,* or, except with respect to the use of *elevators,* to property held by the *insured* for

sale or entrusted to the *insured* for storage or safekeeping,

(2)    except with respect to liability under a written sidetrack agreement or the use of elevators

(a)    to property while on premises owned by or rented to the *insured* for the purpose of having operations performed on such property by or on behalf of the *insured,*

(b)    to tools or equipment while being used by the *insured* in performing his operations,

(c)    to property in the custody of the *insured* which is to be installed, erected or used in construction by the *insured,*

(d)    to that particular part of any property, not on premises owned by or rented to the *insured,*

(i)    upon which operations are being performed by or on behalf of the *insured* at the time of the *property damage* arising out of such operations, or

(ii)    out of which any *property damage* arises, or

(iii)    the restoration, repair or replacement of which has been made or is necessary by reason of faulty workmanship thereon by or on behalf of the *insured;*

(3)    with respect to the *completed operations hazard* and with respect to any classification stated in the policy or in the Company's manual as "including completed operations", to *property damage* to work performed by the *named insured* arising out of such work or any portion thereof, or out of such materials, parts or equipment furnished in connection therewith.

(B)    The Broad Form Property Damage Liability Coverage shall be excess insurance over any valid and collectible property insurance (including any deductible portion thereof) available to the *insured,* such as, but not limited to, Fire, Extended Coverage, Builder's Risk Coverage or Installation Risk Coverage, and the Other Insurance Condition of the policy is amended accordingly.

**VII. Incidental Medical Malpractice Liability Coverage**

The definition of *bodily injury* is amended to include *Incidental Medical Malpractice Injury.*

*Incidental Medical Malpractice Injury* means injury arising out of the rendering of or failure to render, during the policy period, the following services:

(A)    medical, surgical, dental, x-ray or nursing service or treatment or the furnishing of food or beverages in connection therewith; or

(B)    the furnishing or dispensing of drugs or medical, dental or surgical supplies or appliances.

This coverage does not apply to:

(1)    expenses incurred by the *insured* for first-aid to



others at the time of an accident and the "Supplementary Payments" provision and the "Insured's Duties in the Event of Occurrence, Claim or Suit" Condition are amended accordingly; or

(2) any *insured* engaged in the business or occupation of providing any of the services described under VII (A) and (B) above; or

(3) injury caused by any indemnitee if such indemnitee is engaged in the business or occupation of providing any of the services described under VII (A) and (B) above.

### VIII. Non-Owned Watercraft Liability Coverage (under 26 feet in length)

Exclusion (e) does not apply to any watercraft under 26 feet in length provided such watercraft is neither owned by the *named insured* nor being used to carry persons or property for a charge.

Where the *insured* is, irrespective of this coverage, covered or protected against any loss or claim which would otherwise have been paid by the Company under this endorsement, there shall be no contribution or participation by this Company on the basis of excess, contributing, deficiency, concurrent, or double insurance or otherwise.

### IX. Limited Worldwide Liability Coverage

The definition of *policy territory* is amended to include the following:

(4) Anywhere in the world with respect to *bodily injury, property damage, personal injury* or *advertising injury* arising out of the activities of any *insured* permanently domiciled in the United States of America though temporarily outside the United States of America, its territories and possessions or Canada, provided the original suit for damages because of any such injury or damage is brought within the United States of America, its territories or possessions or Canada.

Such insurance as is afforded by paragraph (4) above shall not apply:

(a) to *bodily injury* or *property damage* included within the *completed operations hazard* or the *products hazard;*

(b) to Premises Medical Payments Coverage.

### X. Additional Persons Insured

As respects *bodily injury, property damage* and *advertising injury* and *personal injury* coverages, under the provision "Persons Insured", the following are added as *insureds:*

(1) Spouse-Partnership—If the *named insured* is a partnership, the spouse of a partner but only with respect to the conduct of the business of the *named insured;*

(2) Employee—Any employee of the *named insured* while acting within the scope of his duties as such, but the insurance afforded to such employee does not apply:

(a) to *bodily injury* or *personal injury* to another employee of the *named insured* arising out of or in the course of his employment;

(b) to *personal injury* or *advertising injury* to the *named insured* or, if the *named insured* is a partnership or joint venture, any partner or member thereof, or the spouse of any of the foregoing;

(c) to *property damage* to property owned, occupied or used by, rented to, in the care, custody or control of or over which physical control is being exercised for any purpose by another employee of the *named insured*, or by the *named insured* or, if the *named insured* is a partnership or joint venture, by any partner or member thereof, or by the spouse of any of the foregoing.

### XI. Extended Bodily Injury Coverage

The definition of *occurrence* includes any intentional act by or at the direction of the *insured* which results in *bodily injury*, if such injury arises solely from the use of reasonable force for the purpose of protecting persons or property.

### XII. Automatic Coverage—Newly Acquired Organizations (90 Days)

The word *insured* shall include as *named insured* any organization which is acquired or formed by the *named insured* and over which the *named insured* maintains ownership or majority interest, other than a joint venture, provided this insurance does not apply to *bodily injury, property damage, personal injury* and *advertising injury* with respect to which such new organization under this policy is also an *insured* under any other similar liability or indemnity policy or would be an *insured* under any such policy but for exhaustion of its limits of liability. The insurance afforded hereby shall terminate 90 days from the date any such organization is acquired or formed by the *named insured.*

This endorsement is issued by that member of The Travelers Insurance Companies which issued the policy of which this endorsement forms a part.

NOT APPLICABLE TO TX

This endorsement modifies such insurance as is afforded by the provisions of the policy relating to the following:

COMPREHENSIVE GENERAL LIABILITY INSURANCE

## SPECIAL GENERAL LIABILITY ENDORSEMENT

**ADDITIONAL DECLARATIONS**                         Amending Policy No. **TR-NSL-107T689-0-78**

S 24.72%

1.  **Additional Premium:** The Premium for this endorsement shall be E 01.43 _____ % of total premises-operations, owners' and contractors' protective and completed operations and products premiums.

19,099   BI S 19,099   PD S 28,943

Additional Premium   $ ____ E 1,763 ____   E 1,011

2.  **Limit of Liability — Coverage P:** If separate limits of liability apply, the aggregate limit of liability for Personal Injury Liability is $ _____ aggregate.

3.  **Limit of Liability — Fire Legal Liability Hazard:** $50,000 per occurrence unless otherwise indicated herein: $ _____ per occurrence.

In consideration of the premium charge indicated above, it is agreed that such insurance as is provided by the Comprehensive General Liability coverage provisions of the policy is extended and amended as follows.

**I. Coverage P — Personal Injury**

A.  The Company will pay on behalf of the *insured* all sums which the *insured* shall become legally obligated to pay as *damages* because of injury (herein called *"personal injury")* sustained by any person or organization and arising out of one or more of the following offenses committed in the conduct of the *named insured's* business:

Group A — false arrest, detention or imprisonment, or malicious prosecution;

Group B — the publication or utterance of a libel or slander or of other defamatory or disparaging material, or a publication or utterance in violation of an individual's right of privacy; except publications or utterances in the course of or related to advertising, broadcasting or telecasting activities conducted by or on behalf of the *named insured;*

Group C — wrongful entry or eviction, or other invasion of the right of private occupancy;

if such offense is committed during the policy period within the United States of America, its territories or possessions, or Canada, and the Company shall have the right and duty to defend any suit against the *insured* seeking *damages* on account of such *personal injury* even if any of the allegations of the suit are groundless, false or fraudulent, and may make such investigation and settlement of any claim or suit as it deems expedient, but the Company shall not be obligated to pay any claim or judgment or to defend any suit after the applicable limit of the Company's liability has been exhausted by payment of judgments or settlements.

**Exclusions**

This insurance does not apply:

(a)  to liability assumed by the *insured* under any contract or agreement;

(b)  to *personal injury* arising out of the wilful violation of a penal statute or ordinance committed by or with the knowledge or consent of any *insured;*

(c)  to *personal injury* arising out of any publication or utterance described in Group B, if the first injurious publication or utterance of the same or similar material by or on behalf of the *named insured* was made prior to the effective date of this insurance;

(d)  to *personal injury* arising out of a publication or utterance described in Group B concerning any organization or business enterprise, or its products or services, made by or at the direction of any *insured* with knowledge of the falsity thereof.

**B.  Persons Insured**

This insurance does not apply to *personal injury* arising out of the conduct of any partnership or joint venture of which the *insured* is a partner or member and which is not designated in this policy as a *named insured.*

**C.  Additional Definition**

When used in reference to this insurance:

"damages" means only those *damages* which are payable because of *personal injury* arising out of an offense to which this insurance applies.

**D.  Incidental Medical Malpractice Injury and Advertising Injury**

1.  Such insurance as is afforded by Coverage P, *personal injury*, also applies to incidental medical malpractice injury and advertising injury sustained by any person or organization.

(a)  **Incidental medical malpractice injury** means injury arising out of malpractice, error or omission committed during the policy period due to:

(1)  the rendering of or failure to render medical, surgical, dental, x-ray or nursing service or treatment or the furnishing of food or beverages in connection therewith; or

(Continued on Page 2)

C-17857  8-74  Printed in U.S.A.

25740

(2)   the furnishing or dispensing of drugs or medical, dental or surgical supplies or appliances.

This provision does not apply to:

(1)   expenses incurred by the *insured* for first-aid to others at the time of an accident and the "Supplementary Payments" provision and the "Insured's Duties in the Event of Occurrence, Claim or Suit" Condition are amended accordingly; or

(2)   any *insured* engaged in the business or occupation of providing any of the services described under Provision 1. (a) (1) and (2) above.

(b)   Advertising injury means injury sustained by any person or organization because of libel, slander, piracy, unfair competition, idea misappropriation under an implied contract, or infringement of copyright, title or slogan, arising out of the *named insured's* advertising, promotional or publicity activities conducted during the policy period.

This provision does not apply to:

(1)   failure of performance of contract, but this shall not apply to claims for the unauthorized appropriation of ideas based upon the alleged breach of an implied contract;

(2)   infringement of registered trademark, registered service mark, or registered trade name, other than titles or slogans, by use thereof on or in connection with goods or services sold, offered for sale or advertised;

(3)   incorrect description, or mistake in advertised price of any goods or services;

(4)   any *insured* in the business of advertising, broadcasting, telecasting or publishing; or

(5)   any injury expected or intended from the standpoint of the *insured.*

## II.   Contractual Liability

A.   Coverage for bodily injury and property damage is afforded by amending the definition of *"incidental contract"* to read:

*"incidental contract"* means any oral or written contract or agreement.

The insurance afforded for contractual liability is subject to the following additional exclusions and provisions:

(1)   As respects contractual liability, this provision does not apply:

(a)   if the *insured* is an architect, engineer or surveyor, to *bodily injury* or *property damage* arising out of the rendering of or the failure to render professional services by such *insured,* including

(i)   the preparation or approval of maps, drawings, opinions, reports, surveys, change orders, designs or specifications, and

(ii)  supervisory, inspection or engineering services;

(b)   if the indemnitee of the *insured* is an architect, engineer or surveyor, to the liability of the indemnitee, his agents or employees, arising out of

(i)   the preparation or approval of or failure to prepare or approve maps, drawings, opinions, reports, surveys, change orders, designs or specifications, or

(ii)  the giving of or the failure to give directions or instructions by the indemnitee, his agents or employees, provided such giving or failure to give is the primary cause of the *bodily injury* or *property damage;*

(c)   to any obligation for which the *insured* may be held liable in an action on a contract by a third party beneficiary for *bodily injury* or *property damage* arising out of a project for a public authority; but this exclusion does not apply to an action by the public authority or any other person or organization engaged in the project;

(d)   to *bodily injury* or *property damage* arising out of construction, maintenance or repair of watercraft or loading or unloading thereof;

(e)   to *bodily injury* or *property damage* arising out of operations, within 50 feet of any railroad property, affecting any railroad bridge or trestle, tracks, road beds, tunnel, underpass or crossing;

(f)   to Coverage P, *personal injury;*

(g)   to damage to structures or portions thereof, including fixtures permanently attached thereto, which are occupied by or rented to the *named insured,* or

(h)   to any arbitration proceeding wherein the Company is not entitled to exercise the *insured's* rights in the choice of arbitrators and in the conduct of such proceedings.

(2)   The following exclusions applicable to Coverages A *(Bodily Injury)* and B *(Property Damage)* do not apply to contractual liability: (b), (c) (2), (d) and (e).

(3)   **Additional Definition:**

"Suit" includes an arbitration proceeding to which the *insured* is required to submit or to which the *insured* has submitted with the Company's consent.

(4)   **Additional Condition:**

Arbitration — the Company shall be entitled to exercise all of the *insured's* rights in the choice of arbitrators and in the conduct of any arbitration proceeding.

## III.  Broad Form Property Damage (Including Completed Operations)

A.   It is agreed that the insurance for *property damage* liability applies, subject to the following additional provisions:

1.   The exclusions relating to *property damage* to (a) property owned, occupied or used by or

(Continued on Page 3)

25740



rented to the *insured* or in the care, custody or control of the *insured* or as to which the *insured* is for any purpose exercising physical control, (b) the *named insured's products* arising out of such products or any part thereof, and (c) work performed by or on behalf of the *named insured* arising out of the work or any portion thereof, or out of materials, parts or equipment furnished in connection therewith, are replaced by the following exclusions (w), (x) and (y):

(w)  to property damage:

   (1)  to property owned or occupied by or rented to the *insured*, or except with respect to the use of elevators, to property held by the *insured* for sale or entrusted to the *insured* for storage or safekeeping,

   (2)  except with respect to liability under a written sidetrack agreement or the use of *elevators* to

   (a)  property while on premises owned by or rented to the *insured* for the purpose of having operations performed on such property by or on behalf of the *insured*,

   (b)  tools or equipment while being used by the *insured* in performing his operations,

   (c)  property in the custody of the *insured* which is to be installed, erected or used in construction by the *insured*,

   (d)  that particular part of any property, not on premises owned by or rented to the *insured*,

      (i)  upon which operations are being performed by or on behalf of the *insured* at the time of the *property damage* arising out of such operations, or

      (ii)  out of which any *property damage* arises, or

      (iii)  the restoration, repair or replacement of which has been made or is necessary by reason of faulty workmanship thereon by or on behalf of the *insured*;

(x)  with respect to the *completed operations hazard* and with respect to any classification stated in the policy or in the Company's manual as "including completed operations", to *property damage* to work performed by the *named insured* arising out of such work or any portion thereof, or out of such materials, parts or equipment furnished in connection therewith;

(y)  with respect to the *products hazard* (if the insurance otherwise applies to *property damage* included within such hazard), to *property damage* to the *named insured's products* arising out of such products or any part of such products.

2.  The insurance afforded by this endorsement shall be excess insurance over any valid and collectible property insurance (including any deductible portion thereof) available to the *insured*, such as but not limited to Fire and Extended Coverage, Builder's Risk Coverage or Installation Risk Coverage, and the "Other Insurance" Condition is amended accordingly.

IV.  **Host Liquor Law Liability Coverage** — Host Liquor Law Liability Coverage is afforded by deleting all references to the indemnitee of the *insured* in Exclusion (h).

V.  **Fire Legal Liability Hazard** — Fire Legal Liability Hazard means *property damage* arising out of fire to structures or portions thereof, including fixtures permanently attached thereto, which are occupied by or rented to the *named insured*.

Fire Legal Liability Hazard does not apply to liability assumed by the *insured* under any contract or agreement.

VI.  **Non-Owned Watercraft** — Exclusion (e) (1) relating to watercraft does not apply to *bodily injury* or *property damage* arising out of the maintenance, operation or use, including loading or unloading, of any watercraft under 25 feet in length provided such watercraft is neither owned by the *named insured*, nor being used to carry persons for a charge.

VII.  **Additional Persons Insured** — As respects *bodily injury* liability, *property damage* liability and *personal injury* coverages, under the provision "Persons Insured", the following are added as *insureds*:

   (1)  **Spouse-Partnership** — If the *named insured* is a partnership, there is added as *insured*, the spouse of a partner but only with respect to the conduct of the business of the *named insured*.

   (2)  **Employee** — Any employee of the *named insured* while acting within the scope of his duties as such, but the insurance afforded to such employee does not apply:

      (a)  to injury to another employee of the *named insured* arising out of or in the course of his employment;

      (b)  to injury to the *named insured* or, if the *named insured* is a partnership or joint venture, any partner or member thereof, or the spouse of any of the foregoing; or

      (c)  to *property damage* to property owned, occupied or used by, rented to, in the care, custody or control of or over which physical control is being exercised for any purpose by another employee of the *named insured*, or by the *named insured* or, if the *named insured* is a partnership or joint venture, any partner or member thereof or by the spouse of any of the foregoing.

This insurance does not apply to *bodily injury* or *property damage* arising out of the conduct of any partnership or joint venture of which the *named insured* is a partner or member and which is not designated in this policy as a *named insured*.

(3)  Newly Acquired Company — Any company which is acquired or formed by the *named insured* and over which the *named insured* maintains ownership or financial control, but this provision does not apply to any insurance with respect to which such a new *insured* under this endorsement is also an *insured* under any other policy or would be an *insured* under any such policy but for its termination upon exhaustion of its limits of liability; but this insurance shall not remain in effect for a period in excess of 60 days from the date any such company is acquired or formed by the *named insured*.

## VIII. Limits of Liability

A.  The insurance provided by this endorsement does not increase the limits of liability as otherwise provided for in the comprehensive general liability insurance of which this forms a part, except the limit for the Fire Legal Liability Hazard is $50,000 in any one occurrence.

B.  Regardless of the number of (1) *insureds* under this endorsement, (2) persons or organizations who sustain *personal injury*, or (3) claims made or suits brought on account of *personal injury*, the total limit of the Company's liability under this coverage for all damages shall not exceed the limit of *personal injury* liability stated in the Additional Declarations as "aggregate".

IX.  Assault and Battery — *Bodily injury* caused by assault and battery shall be deemed unexpected and unintended injury if such assault and battery was committed for the purpose of protecting person or property.

X.  Subrogation — The Company waives all rights of subrogation against any person or organization included within the meaning of *"insured"*, to the extent that such person or organization is an *insured* under the comprehensive general liability insurance forming part of this policy.

XI.  Worldwide Coverage — *Bodily injury* liability, *property damage* liability and *personal injury* coverages apply anywhere in the world provided the original suit for damages is brought within the United States of America, its territories or possessions, Puerto Rico or Canada.

As respects this insurance, this Provision supersedes the definition of *"Policy Territory"* applicable to comprehensive general liability insurance.

XII.  Additional Condition — As respects Coverage P, *personal injury*, each claim shall be considered as an occurrence, and the limit of liability stated in the Additional Declarations is inclusive of, and not in addition to, the limits of liability provided for Coverages A *(Bodily Injury)* and B *(Property Damage)*.

This endorsement is issued by that member of The Travelers Insurance Companies which issued the policy of which this endorsement forms a part.

C-17857  8-74  Printed in U.S.A.

25740