# EXHIBIT 6



**INSURANCE RUN-OFF CONSULTANTS**
*Member Argo Group*

June 22, 2017

<u>*Via Email – Rob@Friedmanpa.com*</u>

Robert H. Friedman, Esq.
Friedman P.A.
340 Royal Poinciana Way
Suite 317-202
Palm Beach, Florida 33480

    Re:    <u>Phillip H. Riley, et al. v. Buck Lumber, etc., et al.</u>
            S.C.C.C.P. Case No. :    2014 CP 107249
            Argonaut Policy Nos. :    CL 84-371-002087, et al.
            Named Insured:    Osmose Wood Preserving Co. of America, Inc., and Griffin Forrest Industries, Inc., DBA Hawaii Wood Preserving Co., and DBA Osmose Pacific, Inc., a Subsidiary

Dear Mr. Friedman:

The defense and indemnification of Koppers Performance Chemicals, Inc. f/k/a Osmose Wood Preserving Co. of America, Inc. and Osmose Wood Preserving, Inc. d/b/a Osmose, Inc. ("Koppers") in the above-referenced action ("Riley Action") was previously tendered to Argonaut Midwest Insurance Company ("Argonaut") under the above-referenced insurance policies. Argonaut has reviewed the verified complaint in the Riley Action, as well as the background facts, together with the provisions of the pertinent Argonaut policies. Argonaut has also consulted with outside counsel on the question of whether it has any obligation to defend and/or indemnify Koppers in the Riley Action under those policies.

Based on its review of the complaint and the background facts of the Riley Action, and based on the provisions of the pertinent Argonaut policies of insurance, and on the advice of its outside counsel, Argonaut has concluded that the aforementioned policies do not provide coverage to Koppers for the Riley Action. As a result, Argonaut has no duty to defend and/or indemnify Koppers in the Riley Action. Argonaut's reasons for its decision are set forth below.

**The Argonaut Policies**

Based on its review of documents in its possession, Argonaut has been able to confirm that it issued policy number CL 84-371-002087 for the period June 1, 1979 to December 1, 1979;

225 W. Washington, 24th Floor
Chicago, IL 60606

T 312 849 6929
F 312 849 6983

**Mailing Address:** PO Box 469012
San Antonio, TX 78246

renewed that policy under policy number CL 84-377-002087 for the period from December 1, 1979-80; renewed that latter policy under policy number CL 84-389-002087 for the period from December 1, 1980-81; and renewed that latter policy under policy number CL 84-401-002087 for the period from December 1, 1981-82. These policies correspond to the tender letter (email) that Argonaut received on December 23, 2016[1].

However, on each of the aforementioned policies issued by Argonaut the named insured identified in the Declarations Pages of those policies is "Osmose Wood Preserving Co. of America, Inc., and Griffin Forrest Industries, Inc., DBA Hawaii Wood Preserving Co., and DBA Osmose Pacific, Inc., a subsidiary[,] 2819 Pukoloa Street, Honolulu, Hawaii 96819".

### Reasons Why Argonaut Policies Do Not Provide Coverage

It is our understanding from the verified complaint in the Riley Action that the Koppers entities are alleged to have done business in Charleston, South Carolina, and to have "manufactured the wood treatment chemicals at issue" in the lawsuit. We understand based on documents obtained from the New York Department of State, Division of Corporations that those same entities are New York State entities. That is important to consider because there are two things to note about the above named insured identification.

First, although the name "Osmose Wood Preserving Co. of America, Inc." is a part of the identification of the named insured in the Argonaut policies, its named insured status was limited only to activities where it and/or Griffin Forrest Industries, Inc., was "doing business as" Hawaii Wood Preserving Co. and/or Osmose Pacific, Inc., and furthermore out of the address also listed in the named insured identification in the policies[2].

Second, the fact that the address for the named insured entities under the Argonaut policies was included in the named insured identification on the Declaration Pages of those policies means that the intent was only to insure the named insured entities where they were doing business out of that express address location, i.e., out of "2819 Pukoloa Street, Honolulu, Hawaii 96819".

The above conclusions are consistent with the "General Liability Hazards" pages on the policies, which reference the specific locations and hazards for which the insurance provided by those policies was underwritten. They are also consistent with the underwriting documents for those same Argonaut policies, and consistent with the manner in which premium was determined. If in fact the policies were intended to cover Osmose Wood Preserving Co of America and all of its subsidiaries and operations, the premium would have been significantly more.

---

[1] According to Argonaut's records, policy number CL 84-401-002087 was also subsequently renewed, however, the named insured changed and was identified beginning December 1, 1982 as "Structural Pest Control, Inc.[,] DBA Osmose Pacific[,] 850 Moowaa St., Honolulu, Hawaii 96817". Koppers' tender did not reference these policies and we note them for the sake of transparency and also as further evidence that coverage was very specific to the Hawaiian operations.

[2] Based on other documentation we were able to locate within our records, we understand that Griffin Forrest Industries, Inc. ("Griffin"), owned, operated, managed, and/or controlled Hawaii Wood Preserving Co and Osmose Pacific, Inc. Furthermore, we understand that Griffin was only partially owned by Osmose Wood Preserving Co. of America.

## Conclusion

In short, none of the entities identified as defendants in the referenced lawsuit were entities that were insured under any of the Argonaut policies identified above, and thus those policies do not provide coverage for the Riley Action.

Please note that nothing set forth in this letter should be deemed to amount to a waiver on the part of either Koppers or Argonaut of the right to assert that some other term, provision, condition, exclusion, definition, or exception contained in the above referenced Argonaut policies applies here. Likewise, nothing set forth in this letter should be deemed to amount to an estoppel on the part of Koppers or Argonaut to assert the same.

Please also note that Koppers has the right to request a review of this matter by the pertinent State Department or Division of Insurance. As counsel for Koppers, we assume you would know the appropriate state and/or department or division to contact, if Koppers chooses to do so.

Thank you for your attention to this matter, and should you wish to discuss, please let me know.

Sincerely,

Christopher Hollender, CPA
Vice President, Argonaut Insurance Company
(312) 849-6929