# UNITED STATES DISTRICT COURT
# DISTRICT OF SOUTH CAROLINA
# CHARLESTON DIVISION

| | |
|---|---|
| KOPPERS PERFORMANCE CHEMICALS INC. f/k/a OSMOSE WOOD PRESERVING CO. OF AMERICA, INC. f/k/a OSMOSE WOOD PRESERVING, INC. f/k/a OSMOSE, INC.<br><br>          Plaintiff,<br><br>v.<br><br>THE TRAVELERS INDEMNITY COMPANY; ARGONAUT-MIDWEST INSURANCE COMPANY d/b/a ARGO GROUP; INSURANCE COMPANY OF NORTH AMERICA d/b/a CHUBB; INDEMNITY INSURANCE COMPANY OF NORTH AMERICA d/b/a CHUBB; PACIFIC EMPLOYERS INSURANCE COMPANY d/b/a CHUBB; and ACE AMERICAN INSURANCE COMPANY d/b/a CHUBB;<br><br>          Defendants.<br>_____/ | CASE NO.: 2:20-cv-2017-RMG |

## JOINT ANSWERS TO LOCAL RULE 26.03 INTERROGATORIES

Plaintiff Koppers Performance Chemicals Inc. f/k/a Osmose Wood Preserving Co. of America, Inc. f/k/a Osmose Wood Preserving, Inc. f/k/a Osmose, Inc. ("Koppers") and Defendants The Travelers Indemnity Company ("Travelers"), Argonaut-Midwest Insurance Company d/b/a Argo Group ("Argonaut"), Insurance Company of North America d/b/a CHUBB, Indemnity Insurance Company of North America d/b/a Chubb, Pacific Employers Insurance Company d/b/a Chubb, and ACE American Insurance Company d/b/a Chubb (collectively, "Chubb") (and with Travelers, Argo and Chubb collectively referred to as the "Insurers) (and with Koppers and the Insurers together referred to as the "Parties") hereby submit the following information as required by Local Rule 26.03. The Parties' investigation of the facts is ongoing. As such, the Parties reserve the right to amend, clarify, and/or supplement the answers herein.

**INTERROGATORY 26.03(A):**     A short statement of the facts of the case.

**ANSWER:**     This is an insurance coverage and breach of contract action brought by Koppers against its Insurers with respect to defense and indemnity obligations allegedly owed by the Insurers under their respective commercial general liability policies of insurance issued to Koppers (collectively, the "Policies") with respect to the underlying action captioned <u>Phillip H. Riley and Amanda Riley v. Buck Lumber and Building Supply, Inc. et al.</u>, Court of Common Pleas Ninth Judicial Circuit, Charleston County, SC Civil Action No. 2014CP107249 (the "Underlying Action"). More specifically, Koppers alleges that the Insurers owed a duty to defend and indemnify Koppers in the Underlying Action under the respective Policies issued by the Insurers to Koppers and that the breach of such obligations entitles Koppers to recover the fees and costs it expended in its own defense in the Underlying Action, the indemnity paid by Koppers to resolve the claims against it in the Underlying Action, and the fees and costs incurred by Koppers to pursue coverage from the Insurers in this declaratory judgment action (the "Coverage Action").

Argonaut has answered Koppers' Complaint, denied that Koppers is entitled to relief from Argonaut for Breach of Contract, and denied that Koppers is entitled to a declaration that it is entitled to a defense or indemnity from Argonaut. In addition, Argonaut's answer contains defenses and in addition alleges counterclaims seeking declarations that Koppers is not an insured, that Koppers would not be entitled to coverage on grounds of material misrepresentation, and in the alternative, for contract reformation.

The Underlying Action was filed on November 24, 2014, but Travelers contends that Koppers did not tender it to Travelers until September 1, 2016. Travelers suggests that Koppers had been litigating the Underlying Action since April 2015 or earlier, and it deposed Mr. Riley in March 2016. Travelers intends to show that it was put on notice eight days after a mediation took

place on August 24, 2016, during which "most of the co-defendants settled".. In asserting coverage, Travelers will contend that Koppers relied on a single page of Mr. Riley's deposition transcript, without reference to other pages establishing that Mr. Riley alleged no exposure during Travelers' alleged time on the risk. Travelers disclaimed coverage by letter dated June 18, 2017.

**INTERROGATORY 26.03(B):** **The names of fact witnesses likely to be called by the party and a brief summary of their expected testimony.**

**ANSWER:** Reserving the right to call witnesses identified by other parties and without waiving their right to name additional witnesses as they are identified during discovery or otherwise become relevant and/or to identify additional areas of testimony, one or more of the Parties anticipates calling the following witnesses:

(a) Koppers' corporate representatives, who may be contacted through Koppers' counsel, and any and all employees and former employees who, upon information and belief, may have knowledge and information concerning the Policies, Policy applications, Policy and insurance negotiations, inspections, the tenders and information provided to the Insurers and responses to the same, Koppers' corporate structure and related or affiliated entities, the defenses listed in (4) below, the record, claims and defenses in the Underlying Action, the claims in the Coverage Action, and the negotiations that led to Koppers' settlement.

(b) Any and all adjusters and/or representatives of the Insurers regarding their knowledge of the Policies, the claims being asserted in the Coverage Action, the claims against Koppers in the Underlying Action, the tenders and information provided by and issued to Koppers with respect to the Underlying Action.

(c) Koppers' defense counsel in the Underlying Action regarding their knowledge of the claims and defense in the Underlying Action and the settlement achieved in the Underlying

3

Action.

(d)     Plaintiffs and witnesses in the Underlying Action, including the underlying plaintiffs (Chere Jo Word and Amanda Riley) or their attorneys (Neil D. Thomson and Ian S. Ford), regarding their knowledge of the facts, circumstances, and theories of liability surrounding their allegations and the settlement achieved in the Underlying Action.

**INTERROGATORY 26.03(C):  The names and subject matter of expert witnesses (if no witnesses have been identified, the subject matter and field of expertise should be given as to experts likely to be offered.**

**ANSWER:** Without waiving the right to identify expert witnesses, the Parties have not yet identified nay expert witnesses but will do so within the timelines set forth by any applicable Scheduling Order entered in this case.

**INTERROGATORY 26.01(D):  A summary of the claims or defenses with statutory and/or case citations supporting the same.**

**ANSWER:**  Koppers' declaratory judgment cause of action seeks a declaration from the Court under 28 USC § 2201 that the Insurers have a duty to defend and indemnify Koppers under the Policies.  "The Declaratory Judgment Act provides that '[i]n a case of actual controversy…any court of the United States…may declare the rights and other legal relations of any interested party seeking such a declaration, whether or not further relief is or could be sought." <u>White v. Nat'l Union Fire Ins. Co. of Pittsburg, PA</u>, 913 F.2d 165, 167 (4th Cir. 1990) <u>citing</u> 28 USC § 2201(a).

Under South Carolina law, "[q]uestions of coverage and the duty of a liability insurance company to defend a claim brought against its insured are determined by the allegations of the [underlying] complaint." <u>City of Hartsville v. S.C. Mun. Ins. & Risk Fin. Fund</u>, 677 S.E.2d 574, 578 (2009) (citing <u>C.D. Walters Constr. Co. v. Fireman's Ins. Co. of Newark, N.J.</u>, 316 S.E.2d

4

709, 710 (S.C. Ct. App. 1984)). "If the underlying complaint creates a possibility of coverage under an insurance policy, the insurer is obligated to defend." Id.; Ellett Bros., Inc. v. U.S. Fid. & Guar. Co., 275 F.3d 384, 388 (4th Cir. 2001)(citing Town of Duncan v. State Budget & Control Board, 482 S.E.2d 768, 774 (1997) (holding that if the suit includes any cause of action covered by the policy, the insurer must defend, even if the suit joins other causes of action beyond the policy's scope). Each insurer that is obligated to defend is jointly and severally responsible for the entirety of the insured's defense fees and costs. See Cincinnati Ins. Co. v. Crossman Communities of N.C., Inc., 2013 WL 1283381 at *1 (D.S.C. Mar. 27, 2013); Sloan Const. Co., Inc. v. Central Nat'l Ins. Co. of Omaha, 236 S.E.2d 818 (S.C. 1977); and Crossman Communities of N. C., Inc. v. Harleysville Mutual Ins. Co., 717 S.E.2d 589 (S.C. 2011); Assurance Co. of America v Penn-America Ins. Co., 2013 WL 1282141 (D.S.C. March 27, 2013).

Koppers' breach of contract claim concerns the alleged failure of the insurers to defend and/or indemnify Koppers with respect to the Underlying Action. The elements for breach of contract are the existence of the contract, its breach, and the damages caused by such breach." Branche Builders, Inc. v. Coggins, 386 S.C. 75, 89 (1962). Breach of the duty to defend entitles an insured to its outstanding defense fees and costs. Episcopal Church in S.C. v. Church Ins. Co. of Vermont, 993 F. Supp. 2d 581, 593 (D.S.C. 2014) (Where "an insurer refuses to undertake the defense of an action against the insured based upon a claim within the coverage of the insurance policy, it thereby breaches the contract of insurance and is liable to the insured for all damages resulting to such insured as a direct result of such refusal and breach."). Pursuit fees and costs are also available to an insured if it is forced to undertake a declaratory judgment action to compel coverage from its insurer. See Hegler v. Gulf Ins. Co., 270 S.C. 548, 243 S.E.2d 443, 444 (1987) (an insurer refusing to defend is "undoubtedly…liable for the payment of

5

counsel fees incurred by (insured) in the defense of the damage action" as well as the costs incurred by in an insured in establishing an insurer's duty to defend despite the insurer's "attempts in the declaratory judgment action to avoid its obligation to defend" which were "damages arising directly as a result of the breach of the contract.").

    a.    **Argonaut's additions to the joint summary of claims and defenses:**

Argonaut's Answer raises defenses to Koppers' claims and alleges Counterclaims seeking declaratory judgments that Koppers is not an insured (*see*, *e.g.*, *Beaufort Cty. Sch. Dist. v. United Nat. Ins. Co.*, 392 S.C. 506, 516, 709 S.E.2d 85, 90 (Ct. App. 2011) (noting that insurance policies are subject to the general rules of contract construction); *Dairy Rd. Partners v. Island Ins. Co.*, 92 Haw. 398, 411, 992 P.2d 93, 106 (2000) (noting that "insurers have the same rights as individuals to limit their liability[ ] and to impose whatever conditions they please on their obligation, provided they are not in contravention of statutory inhibitions or public policy")); that there is no coverage for Koppers based on Koppers' material misrepresentations regarding insurance (*see, e.g., Primerica Life Ins. Co. v. Ingram*, 365 S.C. 264, 269, 616 S.E.2d 737, 739 (Ct. App. 2005) (discussing policy rescission in South Carolina for misrepresentation); *Park v. Gov't Employees Ins. Co.*, 89 Haw. 394, 399, 974 P.2d 34, 39 (1999) (misrepresentation in policy application material where it results in lower premium being paid than would have been paid had the insurer been provided accurate information)); and, in the alternative, that Argonaut is entitled to reformation of the contract (*see, e.g., May v. May*, 428 S.C. 131, 138, 833 S.E.2d 78, 81 (Ct. App. 2019) (discussing mutual mistake under South Carolina law; *Shaw v. Aetna Cas. & Sur. Ins. Co.*, 274 S.C. 281, 285, 262 S.E.2d 903, 905 (1980) (discussing unilateral mistake under South Carolina law); State v. Kahua Ranch, Ltd., 47 Haw. 28, 33, 384 P.2d 581, 585 (1963) (holding that

reformation is appropriate where the contract contains a "mutual mistake [that] does not reflect the true intention of the parties....")).

      **b.    Chubb's additions to the joint summary of claims and defenses:**

The parties dispute which substantive law applies to the present coverage action. It is Chubb's position that New York law applies under South Carolina choice of law principles. Under New York law, defense and indemnity costs are allocated on a "pro rata" basis with apportionment to the insured during periods of "no insurance". See Keyspan Gas E. Corp. v. Munich Reinsurance Am. Inc., 31 N.Y. 3d 51, 58 (2018) (insurer should only be responsible for property damage "during the policy period" and rejecting apportioning responsibility to insurer for uninsurable years); Generali-U.S v. Caribe Realty Corp., No. 25499/91, 1994 N.Y. Misc. LEXIS 735, at *6 (Sup. Ct. Dec. 5, 1994) (allowing apportionment of defense between policyholder and insurer when one occurrence occurred during a self-insured period);Travelers Indem. Co. v. Northrop Grumman Corp., 2013 U.S. Dist. LEXIS 161552, at *10 (S.D.N.Y. Oct. 31, 2013) (applying pro rata allocation to defense costs because "it makes little sense to require a party to cover defense costs relating to coverage periods for which it cannot have any obligation"); Olin Corp. v. Century Indem. Co., 522 F. Appx. 78, 80 (2d Cir. 2013) (noting that allocation of defense costs "has not been definitively established under New York law."); Danaher Corp. v. Travelers Indem. Co., No. 10-CV-121 (JPO), 2019 U.S. Dist. LEXIS 191275, at *32-36 (S.D.N.Y. Oct. 10, 2019) (insurers may recoup defense costs directly from the insured). Chubb will also be filing answers and separate defenses denying that Koppers is entitled to relief from Chubb for Breach of Contract. These separate defenses include but are not limited to the fact that a number of policies have been released pursuant to prior settlement agreements and/or have "deductibles" that have not been met.

7

    **c.**       **Travelers' additions to the joint summary of claims and defenses:**

Koppers impermissibly seeks to create coverage through selective quotation from a single page of the transcript of Mr. Riley's deposition. An "insurer's duty to defend is not strictly controlled by the allegations in Complaint. Instead, the duty to defend may also be determined by facts outside of the complaint that are known by the insurer." *USAA Prop. & Cas. Ins. Co. v. Clegg*, 377 S.C. 643, 657, 661 S.E.2d 791, 798 (2008) (information extrinsic to complaint established there was no duty to defend);[1] *see* Fed. R. Evid. 106 (rule of completeness). Reviewing Mr. Riley's transcript as a whole, he was only five days old at the time the Travelers policy expired, and he claimed exposure from activities that a five-day-old could not conceivably perform. Travelers therefore has no defense or indemnity obligation; or, in the alternative, any obligation is limited to the five days that Koppers claims Travelers was on the risk. *Crossmann Communities of N.C., Inc. v. Harleysville Mut. Ins. Co.*, 395 S.C. 40, 66, 717 S.E.2d 589, 602 (2011).

Further, Koppers violated the provisions of the Travelers Policies requiring the insured to give Travelers notice of an occurrence as soon as practicable, and requiring that the insured immediately forward every demand, notice, summons or other process received. A showing of prejudice is necessary only where, unlike here, the disclaimer of coverage would affect the rights of the underlying plaintiff. *Neumayer v. Philadelphia Indem. Ins. Co.*, 427 S.C. 261, 266, 831 S.E.2d 406, 408 (2019). Regardless, Travelers sustained prejudice, including the loss of opportunities to participate in the defense and settlement of the claim when Koppers pursued a defense strategy without any attempt to involve Travelers. Travelers therefore has no obligation to defend or indemnify Koppers based on its late notice; in the alternative, Travelers has no obligation to pay the defense costs that Koppers voluntarily incurred at its own cost before September 1, 2016.

---

[1] By citing South Carolina law for purposes of this preliminary report, Travelers does not waive any contention regarding the applicability of New York law, a point discussed by Chubb.

Dated:  September 2, 2020

Respectfully submitted,

| | |
|---|---|
| s/ Laura F. Locklair<br>LAURA F. LOCKLAIR<br>Federal Bar No. 11900<br>South Carolina Bar No. 77679<br>E-mail address: llocklair@insurance-counsel.com<br>BOYLE, LEONARD & ANDERSON, P.A.<br>28 Hasell Street<br>Charleston, SC 29401<br>Telephone: (843) 576-4141<br>Facsimile: (239) 337-7674<br><br>OF COUNSEL<br><br>FRIEDMAN, P.A.<br>ROBERT H. FRIEDMAN<br>Florida Bar No. 25994<br>E-mail address: rob@friedmanpa.com<br>340 Royal Poinciana Way<br>Suite 317-202<br>Palm Beach, FL  33480<br>Telephone: (561) 800-2110<br>Facsimile: (561) 246-3413<br><br>Counsel for Koppers Performance Chemicals Inc. | s/Steven M. Klepper<br>Steven M. Klepper<br>email: sklepper@kg-law.com<br>Kramon & Graham, P.A.<br>One South Street<br>Suite 2600<br>Baltimore, MD 21202<br>410.347.7405<br><br>Admitted Pro Hac Vic<br><br>and with<br><br>Charles Norris, Esquire<br>Nelson Mullins<br>Liberty Center<br>Suite 600<br>151 Meeting Street<br>Charleston, SC 29401<br>843-534-4303<br><br>Counsel for Defendant The Travelers Indemnity Company |
| s/Brandon R. Gotschall<br>Mark S. Barrow Fed. I.D. No. 1220<br>Brandon R. Gottschall Fed. I.D. No. 12201<br>Sweeny, Wingate & Barrow. P.A.<br>Post Office Box 12129<br>Columbia, SC 29211<br>(803) 256-2233<br>brg@swblaw.com<br><br>Counsel for the Defendant Argonaut-Midwest Insurance Company of North America d/b/a Argo Group | s/ Tim Domin<br>Timothy Domin, Esquire<br>Clawson & Staubes, LLC<br>126 Seven Farms Drive, Ste 200<br>Charleston, SC 29492-8114<br>tdomin@clawsonandstaubes.com<br><br>Counsel for Defendant Insurance Company of North America d/b/a CHUBB, Indemnity Insurance Company of North America d/b/a Chubb, Pacific Employers Insurance Company d/b/a Chubb, and ACE American Insurance Company d/b/a Chubb |