# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF SOUTH CAROLINA
# CHARLESTON DIVISION

| | |
|---|---|
| Koppers Performance Chemicals, Inc., f/k/a Osmose Wood Preserving Co. of America, Inc. f/k/a Osmose Wood Preserving, Inc. f/k/a Osmose, Inc., <br><br> Plaintiffs, <br><br> v. <br><br> The Travelers Indemnity Company; Argonaut-Midwest Insurance Company d/b/a Argo Group; Insurance Company of North America d/b/a Chubb; Indemnity Insurance Company of North America d/b/a Chubb; Pacific Employers Insurance Company d/b/a Chubb; and Ace American Insurance Company d/b/a Chubb, <br><br> Defendants. | Civil Action No. 2:20-cv-2017-RMG <br><br><br> **ORDER AND OPINION** |

The matter before the Court is Koppers Performance Chemicals, Inc. f/k/a Osmose Wood Preserving Co. of America, Inc. f/k/a Osmose Wood Preserving, Inc. f/k/a Osmose, Inc ("Plaintiff")'s motion to dismiss Argonaut-Midwest Insurance Company d/b/a Argo Group ("Defendant Argo")'s amended counterclaims. (Dkt. No. 49). For the reasons stated below, Plaintiffs' motion is denied.

**I.     Background**

This is a declaratory judgment action and breach of contract action filed by Plaintiff against various insurance companies including Defendant Argo. (Dkt. No. 1). Plaintiff alleges it purchased several liability insurance policies from Defendant Argo covering June 1, 1979 to December 1, 1980 (the "Argo 1980 Policy"); December 1, 1980 to December 1, 1981 (the "Argo1981 Policy"); and December 1, 1981 to December 1, 1982 (the "Argo 1982 Policy")

1

(collectively "The Argo Policies"). (*Id.* at ¶ 29). Plaintiff alleges the Argo Policies provide coverage to Plaintiffs for liability due to alleged bodily injury caused by Plaintiffs' products and requires Defendant Argo to pay all reasonable and necessary attorney's fees and costs to defend a covered action.[1] (Dkt. No. 1 ¶¶ 31-32).

Koppers was named as a Defendant in an Underlying Lawsuit brought in the Court of Common Pleas of Charleston County, South Carolina. ("Underlying Lawsuit"). (Dkt. No. 1-1).[2] The plaintiff in the Underlying Lawsuit allegedly grew up, lived, and worked in Charleston, South Carolina. (*Id.* at ¶ 23). The plaintiff allegedly handled wet wood treated with chromated copper arsenate ("CCA"). (*Id.* at ¶¶ 23-26). As a result of Plaintiff's exposure to CCA, he allegedly contracted cancer and passed away. (*Id.* at ¶¶ 33-40). The Underlying Lawsuit alleges that Koppers, as a foreign corporation doing business in Charleston, South Carolina, manufactured the wood treatment chemicals. (Dkt. No. 1 at ¶ 11). Koppers tendered claims for indemnity and defense to Defendant Argo arising out of the allegations in the Underlying Lawsuit. (Dkt. No. 29 at ¶ 71). On June 22, 2017, Defendant Argo disclaimed any duty to defend and indemnify Koppers against the Underlying Lawsuit. (DKt. No. 1-6). Defendant Argo asserted its policies only intended to provide coverage for Koppers' Hawaii operations. (*Id.*). The Underlying Action settled in March 2018 and Koppers was dismissed in May 2018. (Dkt. No. 1-1 at ¶ 18).

On May 27, 2020, Plaintiffs filed a declaratory judgment action against Defendant Argo, seeking a declaration from the Court the Argo Policies apply to the Underlying Lawsuit and Defendant Argo had a duty to defend Plaintiffs with respect to the Underlying Lawsuit. (*Id.* at

---

[1] Plaintiffs attach a copy of the Argo 1980 Policy to the Complaint. (Dkt. No. 1- 5). Plaintiffs indicate the Argo 1981 Policy, and the Argo 1982 Policy are substantially similar to the Argo 1980 Policy. (Dkt. No. 1 at ¶30).
[2] The Underlying Lawsuit has a Civil Action Number of 2014-CP-10-7240 and was filed on August 31, 2017. (Dkt. No. 1-1).

¶47). In addition, Plaintiffs assert a breach of contract action, alleging Defendant Argo breached a contractual obligation to defend and indemnify Plaintiffs in the Underlying Lawsuit. (*Id.* at ¶¶ 54, 61). On July 23, 2020 Defendant Argo filed an Answer and asserted counterclaims against Plaintiffs that: (1) Plaintiffs are not insured under the Argo Policies; and (2) misrepresentation. (Dkt. No. 14). On August 31, 2021, Defendant Argo filed an Amended Answer, asserting four amended counterclaims against Plaintiffs that: (1) Plaintiffs are not insured under the Argo Policies; (2) misrepresentation; (3) mutual mistake; and (4) unilateral mistake. (Dkt. No. 29 at 12-16). On June 21, 2021, Plaintiffs filed a motion to dismiss for failure to state a claim as to Defendant Argo's amended counterclaims for misrepresentation, mutual mistake, and unilateral mistake. (Dkt. No. 49). Defendant Argo filed a response in opposition (Dkt. No. 54), Plaintiff filed a reply (Dkt. No. 57), and Defendant Argo filed a sur-reply. (Dkt. No. 60). The matter is ripe for the Court's review.

## II.     Legal Standard

Rule 12(b)(6) of the Federal Rules of Civil Procedure permits the dismissal of an action if the complaint fails "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A motion to dismiss tests the legal sufficiency of the complaint and "does not resolve contests surrounding the facts, the merits of the claim, or the applicability of defenses. . . . Our inquiry then is limited to whether the allegations constitute a short and plain statement of the claim showing that the pleader is entitled to relief." *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992) (internal quotation marks and citation omitted). On a Rule 12(b)(6) motion, the Court is obligated to "assume the truth of all facts alleged in the complaint and the existence of any fact that can be proved, consistent with the complaint's allegations." *E. Shore Mkts., Inc. v. J.D. Assocs. Ltd. P'ship*, 213 F.3d 175, 180 (4th Cir. 2000). Although the Court must accept the facts in a light most favorable to the Plaintiff, the Court "need not accept as true unwarranted inferences,

3

unreasonable conclusions, or arguments." *Id.* To survive a motion to dismiss, the complaint must provide enough facts to "'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also* Fed. R. Civ. P. 8(a)(2).  Although the requirement of plausibility does not impose a probability requirement at this stage, the complaint must show more than a "sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678. A complaint has "facial plausibility" where the pleading "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

### III. Discussion

#### A. Converting 12(b)(6) Motion to Dismiss to Rule 56 (c) Motion for Summary Judgment

As a preliminary matter the Court addresses Plaintiffs brief request for the Court to convert its 12(b)(6) motion to dismiss to a motion for summary judgment pursuant to Rule 56(c). (Dkt. No. 57 at 2).  Plaintiffs attached several documents to the Complaint.[3]  Defendant Argo opposes converting the motion to summary judgment on the basis summary judgment is premature and discovery is ongoing. (Dkt. No. 60 at 3).  Defendant Argo indicates Plaintiffs served supplemental discovery responses on July 23, 2021, including 1,460 pages of what appears to be new document production, and the parties are working to schedule depositions.  (*Id.* at 4).

"A court may convert a motion to dismiss for failure to state a claim into a summary judgment proceeding in order to consider matters outside of the pleadings.  Fed. R. Civ. P. 12(d) ("If, on a motion under Rule 12(b)(6) . . . , matters outside the pleadings are presented and not

---

[3] Plaintiffs attached the following documents to the Complaint: (1) Complaint from Underlying Lawsuit; (2) Deposition transcript; (3) Traveler's Policy; (4) Traveler's Disclaimer Letter; (5) Argo 1980 Policy; (6) Argo Disclaimer Letter; (7) Chubb Coverage Letter.

4

excluded by the court, the motion must be treated as one for summary judgment under Rule 56); *Bosiger v. U.S. Airways*, 510 F.3d 442, 450 (4th Cir. 2007).

Upon consideration of the parties' arguments, the Court declines to convert the motion to dismiss to one for summary judgment. First, the parties do not attach any extrinsic documents to the motion to dismiss. Plaintiffs' Complaint references the Underlying Lawsuit, the Argo Policies, and the Argo Denial Letter and attach those documents to the Complaint. (Dkt. No. 1).[4] These documents are integral to the Complaint, they are explicitly relied upon by Plaintiff in the Complaint, and Defendant Argo does not contest their authenticity. *Zak v. Chelsea Therapeutics Int'l, Ltd.*, 780 F.3d 597, 607 (4th Cir. 2015). Thus, the Court may rely on these documents when ruling on a motion to dismiss. Second, Defendant Argo maintains that discovery is ongoing and summary judgment at this juncture is premature. Therefore, the Court declines to convert Plaintiffs' 12(b)(6) motion to dismiss to one for summary judgment. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250, n.5 (1986) (summary judgment should be refused where the non-moving party has not had the opportunity to discover information that is essential to his opposition).

### B. Defendant Argo's Misrepresentation Counterclaim

First, Plaintiff moves to dismiss Defendant Argo's misrepresentation counterclaim. Plaintiff argues Defendant Argo's "negligent misrepresentation" claim constitutes "little more than threadbare recitals of elements of causes of action." (Dkt. No. 49 at ¶ 13). In response, Defendant Argo clarifies that it is not alleging a counterclaim for negligent misrepresentation. Defendant Argo brings a counterclaim seeking a declaration the Argo Policies do not provide coverage based on Plaintiff's fraudulent misrepresentation. (Dkt. No. 54 at 5). The Court will analyze Defendant

---

[4] The Argo Policy Plaintiffs attach to the Complaint is only from the year 1980. (Dkt. No. 1-5.)

Argo's counterclaim as a fraudulent misrepresentation claim and whether the allegations state a plausible claim upon which relief may be granted pursuant to Rule 12(b)(6).

In South Carolina, an insurance policy may be voided on the ground that an insured has made a material misrepresentation, such that the insurance policy should be voided, and coverage denied. "In order to vitiate a policy on the ground of fraudulent misrepresentation, it is necessary that the insurer show not only the falsity of the statement challenged, but also that the falsity was known to the applicant, was material to the risk, made with the intent to defraud the insurer, and relied upon by the insurer in issuing the policy." *Evanston Ins. Co. v. Watts*, 52 F. Supp. 3d 761, 766 (D.S.C. 2014), *as amended* (Oct. 21, 2014), *aff'd sub nom*. *Evanston Ins. Co. v. Agape Sr. Primary Care, Inc.*, 636 F. App'x. 871 (4th Cir. 2016).

Defendant Argo's fraudulent misrepresentation counterclaim alleges the Argo Policies identify the insured as doing business as a Hawaii business with a Hawaii address. (Dkt. Nos. 29 at ¶¶ 83, 88; Dkt. No. 1-5 at 2-3). Defendant Argo alleges the Argo Policies include a schedule of General Liability Hazards for which the policies were intended to cover, which reference specific locations and hazards as located in Hawaii and do not identify any other locations. (Dkt. Nos. 29 at ¶¶ 67-69, 89; 1-5 at 30.). Defendant Argo alleges the "statements made, addresses provided, and hazards identified to [Defendant] Argo are materially false, misleading, and/or fraudulent, which was known to the Plaintiffs, and the information provided to [Defendant] Argo was intentionally concealed or misrepresented." (Dkt. No. 29 at ¶ 93). Defendant Argo alleges the statements were "material and were relied on by [Defendant] Argo as indicated, among other things, by the premium calculations and the specific description of hazards as listed in the Argo Policies." (*Id.* at ¶ 94).

Upon a careful review of the counterclaim and assuming the truth of the allegations, the Court finds the allegations state a short and plain statement for fraudulent misrepresentation that rises above the speculative level and states a claim for relief that is plausible on its face. Fed. R. Civ. P. 8(d)(1).

In addition, Plaintiff argues Defendant Argo's fraudulent misrepresentation counterclaim fails to state with sufficient particularity, the circumstances constituting fraud or mistake pursuant to the requirements of Federal Rule of Civil Procedure 9(b). Rule 9(b) states, "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). The Fourth Circuit states, "the 'circumstances' required to be pled with particularity under Rule 9(b) are 'the time, place, and contents of the false representations, as well as the identity of the person making the misrepresentation and what he obtained thereby.'" *Harrison v. Westinghouse Savannah River Co.,* 176 F.3d 776, 784 (4th Cir.1999) (quoting 5 Charles Alan Wright and Arthur R. Miller, *Federal Practice and Procedure: Civil* § 1297, at 590 (2d ed.1990)). The standard set forth by Rule 9(b) aims to provide defendants with fair notice of claims against them and the factual ground upon which they are based, forestall frivolous suits, prevent fraud actions in which all the facts are learned only following discovery, and protect defendants' goodwill and reputation. *Id.; see also U.S. ex rel. Nathan v. Takeda Pharms. N. Am., Inc.*, 707 F.3d 451, 455–56 (4th Cir.2013).

Defendant Argo's fraudulent misrepresentation counterclaim states with sufficient particularity, the circumstances constituting fraud. Defendant Argo alleges the dates the Argo Policies went into effect. (Dkt. No. 29 at ¶¶ 64-66). Defendant Argo alleges the contents of the alleged misrepresentations. (Dkt. No. 29 at ¶¶ 91-93) (alleging no hazards located outside of Hawaii were listed in the Argo Policies; locations outside of the insured's Hawaii address were

7

not provided to Defendant Argo; the Policies list the insured's principal place of business as located in Hawaii). Defendant Argo alleges Plaintiff made the alleged representation. (*Id.* at ¶93). Defendant Argo alleges the result of the alleged misrepresentation is it calculated insurance premiums based solely on the Hawaii business identified as stated in the policies. (*Id.* at ¶ 92).

The Court finds that Defendant Argo's fraudulent misrepresentation counterclaim states with sufficient particularity, the circumstances constituting fraud. Plaintiff's motion to dismiss Defendant Argo's amended counterclaim for fraudulent misrepresentation is denied.

### C. Defendant Argo's Mistake/Reformation Counterclaims

Second, Plaintiff moves to dismiss Defendant Argo's counterclaim for mutual mistake and reformation of the insurance contract. (Dkt. No. 49 at 6). "A contract may be reformed on the ground of mistake when the mistake is mutual and consists in the omission or insertion of some material element affecting the subject matter or the terms and stipulations of the contract, inconsistent with those of the parol agreement which necessarily preceded it." *George v. Empire Fire & Marine, Ins*. Co., 545 S.E.2d. 500, 504 (2001). "A mistake is mutual where both parties intended a certain thing and by mistake in the drafting did not obtain what was intended. Before equity will reform a contract, the existence of a mutual mistake must be shown by clear and convincing evidence." *Id*. Under South Carolina law, to reform a contract on the ground of unilateral mistake, the party requesting information must prove that the mistake was induced by fraud, deceit, misrepresentation, concealment, or imposition in any form of the party opposed in interest to the reformation. *Mueller v. Generali-Us Branch*, 4 Fed. Appx. 187, 190 (4th Cir. 2001).

As to Defendant Argo's mutual mistake and unilateral mistake counterclaims, Plaintiff argues Defendant Argo "fails to produce any evidence, much less clear and convincing evidence" of Plaintiff's intention to limit coverage under Defendant Argo's policies to operations in Hawaii.

8

(Dkt. No. 49 at 6-7).  Plaintiff argues Defendant Argo fails to allege any facts or circumstances demonstrating "clear and convincing evidence of mutual mistake" and thus the counterclaim for mutual mistake should be dismissed.  (*Id.* at 7).

Defendant Argo alleges the Argo Policies only identify hazards included at premises located in Hawaii and only provides coverage for the insured's Hawaii location.  (Dkt. No. 29 at ¶¶ 66-68).  Defendant Argo alleges the statements made, addresses provided, and hazards identified to Argo are materially false, misleading, and or fraudulent, which was known to Plaintiffs, and the information provided to [Defendant] Argo was intentionally concealed or misrepresented."  (Dkt. No. 29 at ¶ 23).  Defendant Argo's mutual mistake counterclaim alleges that "clear and convincing evidence demonstrates that the parties to the Arg[o] Policies intended to contract for coverage only as to entities operating out of the Hawaii premises identified in the Arg[o] Policies."  (Dkt. No. 29 at ¶¶ 96, 102).  Defendant Argo's mutual mistake counterclaim alleges that to the extent Plaintiff claims the Argo Policies provide coverage or contain terms that suggest coverage beyond the operations of the entities located at the premises identified in the Argo Policies, it is entitled to reformation of the contract to reflect the mutual intent of the parties." (*Id*. at ¶¶ 98-100.).  Defendant Argo's unilateral mistake counterclaim alleges that to the extent the Argo Policies contain terms suggesting that coverage may exist outside the operations of the entities located at the premises identified in the Argo Policies, such terms are the result of a mistake inducted by fraud, deceit, misrepresentation, concealment or imposition of the party opposed in interest to the reformation" that amounts to a unilateral mistake and the Argo Policies should be reformed.  (*Id.* at ¶¶ 103, 105).

Upon a careful review of the Amended Answer and Counterclaims and assuming all facts alleged as true, the Court finds that Defendant Argo has alleged sufficient facts to state a plausible

9

claim for mutual mistake and unilateral mistake. Plaintiff's motion to dismiss Defendant Argo's amended counterclaims for mutual mistake and unilateral mistake is denied.

### D. Statute of Limitations Defense

Alternatively, Plaintiffs argue Defendant Argo's fraudulent misrepresentation and mistake/reformation counterclaims are barred by the applicable statute of limitations. (Dkt. No. 49 at 9) (S.C. Code Ann. § 15-3-530 (1) claims for misrepresentation and reformation of contract are governed by a three-year statute of limitations). Plaintiffs argue it is clear from the face of the Complaint Defendant Argo knew or should have known of its misrepresentation and mistake/reformation claims at the latest when it denied coverage to Plaintiff on June 22, 2017. (Dkt. No. 49 at 9). In response, Defendant Argo maintains it filed misrepresentation and mistake/reformation counterclaims as compulsory counterclaims arising out of the same insurance policy at issue in Plaintiffs' complaint, and such counterclaims relate back to the time of the filing of Plaintiff's complaint. (Dkt. No. 54 at 10) (citing *Kirkpatrick v. Lenoir Cnty. Bd. of Educ.*, 216 F.3d 380, 388 (4th Cir. 2000); *Whitaker v. Protective Life Ins. Co.*, No. Civil Action No. 6:10-2314-TMC, 2014 WL 12736154, at * 3 (D.S.C. Nov. 12, 2014).

A Defendant may raise a statute of limitations affirmative defense in a 12(b)(6) motion; however, it is seldom appropriate to do so. *El Hadidi v. Intracoastal Land Sales, Inc.*, Civil Action No. 4:12-cv-00535-RBH, 2013 WL 625575, at * 2 (D.S.C. Feb. 20, 2013). "A motion under Rule 12(b)(6) is intended to test the legal sufficiency of the complaint, and not to address the merits of any affirmative defenses." *Richmond, Fredericksburg & Potomac R. Co. v. Forst*, 4 F.3d 244, 250 (4th Cir. 1993). Accordingly, a statute of limitations defense must "clearly appear [] on the face of the complaint." *Id*. In other words, the complaint must clearly "allege all facts necessary to the affirmative defense." *Goodman v. Praxair, Inc.*, 494 F.3d 458, 464 (4th Cir. 2007).

The Court finds Plaintiffs' 12(b)(6) motion to dismiss counterclaims based on the statute of limitations should be denied. Defendants' fraudulent misrepresentation, mutual mistake, and unilateral mistake counterclaims are compulsory as they arise out of the same insurance policy at issue in Plaintiffs' complaint. *See* Fed. R. Civ. P. 13(a)(1) ("A compulsory counterclaim is one that "arises out of the transaction or occurrence that is the subject matter of the opposing party's claim."). As such, the claims would relate back to the time of the filing of the Complaint for statute of limitations purposes. *Burlington Indus. v. Milliken & Co.*, 690 F.2d 380, 389 (4th Cir. 1982) ("[T]he institution of plaintiff's suit tolls or suspends the running of the statute of limitations governing a compulsory counterclaim.").

### IV.     Conclusion

For the reasons stated above, Plaintiffs' motion to dismiss is **DENIED**. (Dkt. No. 49). **AND IT IS SO ORDERED**.

s/ Richard M. Gergel
Richard M. Gergel
United States District Judge

September 3, 2021
Charleston, South Carolina