**From:** Rigney, John <jrigney@osmose.com>
**Sent:** Thursday, September 1, 2016 9:05 AM
**To:** Kifer, Steve
**Subject:** RE: Riley v. Buck Lumber et al.

Rob already reached out to them

---

**From:** Kifer, Steve [mailto:KiferSC@koppers.com]
**Sent:** Thursday, September 01, 2016 9:01 AM
**To:** 'Robert Friedman'; 'Hopp, Tony'
**Cc:** Rigney, John; Hyde, Leslie; Leonard, Kathryn E.
**Subject:** RE: Riley v. Buck Lumber et al.

From John's prior email, it sounds like he's OK with you doing it, and I also would be very happy for you to do so. I think it's important to do this quickly. And, please reach out to Tony if you need any further backup information. Thanks.

**Stephen C. Kifer**
Vice President, Law and Compliance
Koppers Inc. | 436 Seventh Avenue | Pittsburgh, PA 15219 | United States
T: +1 412 227 2421 | M: +1 412 512 4637 | F: +1 412 227 2935
Kifersc@koppers.com



Responsible Care | A member of the American Chemistry Council
**Learn more about Koppers**: http://www.koppers.com

The contents of this e-mail are intended for the use of the intended addressee(s) only and may be confidential, and may be subject to legal privilege. If you are not an intended addressee, note that any disclosure, copying, distribution or use of this e-mail message or the contents hereof is prohibited.

---

**From:** Robert Friedman [mailto:rob@friedmanpa.com]
**Sent:** Thursday, September 01, 2016 8:31 AM
**To:** Kifer, Steve; 'Hopp, Tony'
**Cc:** 'Rigney John'; Hyde, Leslie; Leonard, Kathryn E.
**Subject:** RE: Riley v. Buck Lumber et al.

Steve, John is out of the office today, but the way we usually do notice is John or I direct the broker and the broker provides the notice. So what I would suggest is that I send an e-mail to the broker telling the broker to provide the additional notices. Let me know if you would like me to do that or if you would like to wait for John to return to the office tomorrow to discuss further.

Robert H. Friedman
Friedman P.A.
340 Royal Poinciana Way, Suite 317-202
Palm Beach, FL 33480
Phone: 561-800-2110
Fax: 561-246-3413
www.friedmanpa.com
www.insurancelawflorida.com

**From:** Kifer, Steve [mailto:KiferSC@koppers.com]
**Sent:** Thursday, September 1, 2016 8:16 AM
**To:** 'Robert Friedman' <rob@friedmanpa.com>; 'Hopp, Tony' <ahopp@Steptoe.com>
**Cc:** 'Rigney John' <Jrigney@osmose.com>; Hyde, Leslie <HydeLS@koppers.com>; Leonard, Kathryn E. <LeonardKE@koppers.com>
**Subject:** RE: Riley v. Buck Lumber et al.

Since we (Koppers) do not have a direct relationship with the Osmose carriers or contact information, it seems as though it would have to be John who provides notice. Or, alternatively, if Robert has the necessary information, perhaps Robert could give notice on behalf of both of us.

John, what are your views? Can you provide appropriate notice or should Robert do it? Do you need more information or a summary letter from Tony?

I'd like to get this done ASAP, to avoid any claims of late notice.

Thanks.

**Stephen C. Kifer**
Vice President, Law and Compliance
Koppers Inc. | 436 Seventh Avenue | Pittsburgh, PA 15219 | United States
T: +1 412 227 2421 | M: +1 412 512 4637 | F: +1 412 227 2935
Kifersc@koppers.com



Responsible Care | A member of the American Chemistry Council
**Learn more about Koppers**: http://www.koppers.com

The contents of this e-mail are intended for the use of the intended addressee(s) only and may be confidential, and may be subject to legal privilege. If you are not an intended addressee, note that any disclosure, copying, distribution or use of this e-mail message or the contents hereof is prohibited.

**From:** Robert Friedman [mailto:rob@friedmanpa.com]
**Sent:** Wednesday, August 31, 2016 4:49 PM
**To:** 'Hopp, Tony'; Kifer, Steve
**Cc:** 'Rigney John'; Hyde, Leslie
**Subject:** RE: Riley v. Buck Lumber et al.

Thanks for this information, Tony. ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇. Keep in mind that many of the same insurers may be involved in the earlier time period that were already noticed. But I do not believe Travelers provided coverage in the later years.

Robert H. Friedman
Friedman P.A.
340 Royal Poinciana Way, Suite 317-202
Palm Beach, FL 33480
Phone: 561-800-2110
Fax: 561-246-3413
www.friedmanpa.com

www.insurancelawflorida.com

---

**From:** Hopp, Tony [mailto:ahopp@Steptoe.com]
**Sent:** Wednesday, August 31, 2016 4:36 PM
**To:** Robert Friedman <rob@friedmanpa.com>; 'Kifer, Steve' <KiferSC@koppers.com>
**Cc:** 'Rigney John' <Jrigney@osmose.com>; 'Hyde, Leslie' <HydeLS@koppers.com>
**Subject:** RE: Riley v. Buck Lumber et al.

The exposure period is not explicitly set forth in the complaint. It came out in discovery. I can send you Phillip Riley's deposition if you'd like or if it will help with the carriers. He was born on December 28, 1978. He claimed that the played on the wood as a toddler and that he went to work full time as an 8 or 9 year old. His exposure ended in 1992, when his father allegedly discovered that the wood contained arsenic and stopped using it. I do not know when in 1992 he stopped using the wood.

The other complaint was filed by his father, Clyde Riley. The beginning date for the father's exposure was much earlier, but the end date was the same: some time in 1992.

Let me know what you need from me in terms of transcripts or other support.

**From:** Robert Friedman [mailto:rob@friedmanpa.com]
**Sent:** Wednesday, August 31, 2016 3:24 PM
**To:** 'Kifer, Steve'
**Cc:** 'Rigney John'; Hopp, Tony; 'Hyde, Leslie'
**Subject:** RE: Riley v. Buck Lumber et al.

Steve, attached is a copy of the complaint that John provided to me. I do not see any of the factual allegations that you referenced in your e-mail. Are these facts coming from an amended complaint, or from information revealed in discovery? ████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████

Perhaps the 2005 lawsuit was filed by his parents? I wonder if anything from that old lawsuit could help in this lawsuit. Perhaps Bob Shuftan might be able to find some old case files?

Robert H. Friedman
Friedman P.A.
340 Royal Poinciana Way, Suite 317-202
Palm Beach, FL 33480
Phone: 561-800-2110
Fax: 561-246-3413
www.friedmanpa.com
www.insurancelawflorida.com

---

**From:** Kifer, Steve [mailto:KiferSC@koppers.com]
**Sent:** Wednesday, August 31, 2016 4:14 PM
**To:** Robert Friedman <rob@friedmanpa.com>
**Cc:** Rigney John <Jrigney@osmose.com>; ahopp@steptoe.com; Hyde, Leslie <HydeLS@koppers.com>
**Subject:** RE: Riley v. Buck Lumber et al.

The allegation is that he lived and worked in the lumber yard kept by his parents for their fence building business; that he played on stacks of CCA treated lumber as a child starting in 1980 and actually started to work there as a 9 year old in

KOPPER PRODUCTION 002558

1988 or 1989 until 1992, when his exposure would have stopped.  So, if only carriers from 1997 have been notified, it looks as though we need to go back and notice additional carriers from 1980-1992.

Happy to discuss, and Tony can correct me if I'm wrong, but I think we need to put the prior carriers on notice ASAP.  The demand in this case is $8.9 million.  Basically, I'd like to make sure the right carriers are on notice, to understand deductibles for each period and to develop a strategy/recommendation from you for maximizing coverage.

Thanks.

**Stephen C. Kifer**
Vice President, Law and Compliance
Koppers Inc. | 436 Seventh Avenue | Pittsburgh, PA 15219 | United States
T: +1 412 227 2421 | M: +1 412 512 4637 | F: +1 412 227 2935
Kifersc@koppers.com



Responsible Care | A member of the American Chemistry Council
**Learn more about Koppers**: http://www.koppers.com

The contents of this e-mail are intended for the use of the intended addressee(s) only and may be confidential, and may be subject to legal privilege.  If you are not an intended addressee, note that any disclosure, copying, distribution or use of this e-mail message or the contents hereof is prohibited.

---

**From:** Robert Friedman [mailto:rob@friedmanpa.com]
**Sent:** Wednesday, August 31, 2016 3:38 PM
**To:** Kifer, Steve <KiferSC@koppers.com>
**Cc:** Rigney John <Jrigney@osmose.com>; ahopp@steptoe.com
**Subject:** RE: Riley v. Buck Lumber et al.

Steve, I went through my files and John has been checking further with the broker.  Notices did go out on this case to the insurers.  Dave Bradley told the broker on December 19, 2014 to put all of Osmose's carriers from 1997 to the (then) present on notice.  The broker confirmed that this was done, but I have not yet seen copies of the actual notice correspondence or any responses from the insurers to the tender.  I am not sure what Dave's justification was in going back to 1997.  Based on my review of the complaint, the only specific allegation regarding the period of harm is par. 22, in which Mr. Riley alleges he is 35 years old.  [REDACTED]

Attached is a copy of a coverage chart for Osmose's policies doing back to 1972.  You can see that ACE (as INA or IINA) provided primary coverage to Osmose during most of the relevant time period.  The broker has confirmed that ACE was put on notice.  [REDACTED]



Please let me know if you would like to discuss further, and if you would like any further assistance from me and/or if you would like me to instruct Osmose's broker to put the earlier carriers (including Travelers) on notice.

Robert H. Friedman
Friedman P.A.
340 Royal Poinciana Way, Suite 317-202
Palm Beach, FL 33480
Phone: 561-800-2110
Fax: 561-246-3413
www.friedmanpa.com
www.insurancelawflorida.com

---

**From:** Kifer, Steve [mailto:KiferSC@koppers.com]
**Sent:** Monday, August 29, 2016 3:14 PM
**To:** Robert H. Friedman Esq. (rob@friedmanpa.com) <rob@friedmanpa.com>; John G. Rigney (jrigney@osmose.com) <jrigney@osmose.com>
**Cc:** Tony Hopp (ahopp@steptoe.com) <ahopp@steptoe.com>
**Subject:** FW: Riley v. Buck Lumber et al.

Robert/John:   We just concluded a mediation regarding this CCA case, and although the case did not come close to settling, I walked away wondering whether or not the proper carriers are on notice.  When I asked Tony about the status of insurance, he forwarded me the below unacceptable response from First Niagara (which I assume was Osmose's broker?) in response to a discovery inquiry.  Plaintiff apparently never followed up for more information.  The primary alleged exposure periods date to 1980-1992, with intensive exposures from 1988-1992, as I understand it.  I am working with an ESIS claims adjuster on the claim, but haven't really discussed with her what policies, if any, might apply here.

I'd like to get up to speed on the various policies that could respond, to make sure everyone is on notice and to understand what exclusions, if any, might apply to this CCA case.  I want to make sure that the adjuster I am working with (Pam Heisser at ESIS) is representing all of the applicable insurers, and I would like to make sure we keep the proper carriers in the loop, especially if there are no significant exclusions and in the event settlement talks ever become serious and/or as we get closer to trial.

If you know the answers to these questions, then an email response might be sufficient; otherwise, if needed, I can organize a call.

I'm not sure if Dave Bradley should be copied on this email or not, so feel free to forward to him if appropriate.

Thanks for your help on this.

KOPPER PRODUCTION 002560

**Stephen C. Kifer**
Vice President, Law and Compliance
Koppers Inc. | 436 Seventh Avenue | Pittsburgh, PA 15219 | United States
T: +1 412 227 2421 | M: +1 412 512 4637 | F: +1 412 227 2935
Kifersc@koppers.com



Responsible Care | A member of the American Chemistry Council
**Learn more about Koppers**: http://www.koppers.com

The contents of this e-mail are intended for the use of the intended addressee(s) only and may be confidential, and may be subject to legal privilege.  If you are not an intended addressee, note that any disclosure, copying, distribution or use of this e-mail message or the contents hereof is prohibited.

**From:** Hopp, Tony [mailto:ahopp@Steptoe.com]
**Sent:** Tuesday, August 23, 2016 5:13 PM
**To:** Kifer, Steve <KiferSC@koppers.com>
**Cc:** Shuftan, Robert <rshuftan@Steptoe.com>
**Subject:** FW: Riley v. Buck Lumber et al.

See below. we can discuss when I see you in a few minutes

**From:** Geiger, Christie [mailto:Christie.Geiger@fnrm.com]
**Sent:** Wednesday, June 01, 2016 11:10 AM
**To:** Rigney, John; Geiger, Tim
**Cc:** Hopp, Tony
**Subject:** RE: Riley v. Buck Lumber et al.

Hi John,

Unfortunately we do not retain copies of policies going back that far.

*Thank you!*
*Christie*

First Niagara Risk Management  * Captive Group  * 726 Exchange Street, Suite 900  * Buffalo, NY 14210  *  Phone:  716.819.5818  * Email: christie.geiger@fnrm.com

**From:** Rigney, John [mailto:jrigney@osmose.com]
**Sent:** Tuesday, May 31, 2016 4:46 PM
**To:** Geiger, Christie; Geiger, Tim
**Cc:** ahopp@Steptoe.com
**Subject:** FW: Riley v. Buck Lumber et al.

Christie and Tim,

Can either of you guys help with the request below. As you may recall, the CAA cases went with the sale of Wood Persevering to Koppers.

Thanks.

John G. Rigney
*General Counsel*
635 Highway 74 S
Peachtree City, GA 30269

770-632-6766

**Osmose.**

NOTICE: All information in and attached to the e-mails below may be proprietary, confidential, privileged and otherwise protected from improper or erroneous disclosure. If you are not the sender's intended recipient, you are not authorized to intercept, read, print, retain, copy, forward, or disseminate this message. If you have erroneously received this communication, please notify the sender immediately by phone (770-632-6700) or by e-mail and destroy all copies of this message electronic, paper, or otherwise.

---

**From:** Hopp, Tony [mailto:ahopp@Steptoe.com]
**Sent:** Tuesday, May 31, 2016 4:43 PM
**To:** Rigney, John
**Cc:** Stephen C. Kifer, Esq. (KiferSC@koppers.com)
**Subject:** Riley v. Buck Lumber et al.


John,

We have never met, but I represent KPC in the Riley CCA case pending in South Carolina. I'm sorry to pester you, but I need to ask for your help.

We have been informed that the plaintiff's exposure period was approximately 1980 to 1992, with an allegedly intensive exposure period from 1988 to 1992. Insurance information is discoverable in South Carolina, and we will need to produce, at the very least, the declarations pages form the relevant Osmose CGL policies in effect between 1988 and 1992. I have been told that you may able to get those for me.

Can you let me know if you have access to those dec pages? If not, can you point me in the right direction? Thanks in advance.


**Anthony G Hopp**
Partner
ahopp@Steptoe.com
+1 312 577 1249 direct | +1 630 846 1044 mobile | +1 312 577 1370 fax

**Steptoe**
Steptoe & Johnson LLP
115 South LaSalle Street | Suite 3100 | Chicago, IL 60603
www.steptoe.com

This message and any attached documents contain information from the law firm Steptoe & Johnson LLP that may be confidential and/or privileged. If you are not the intended recipient, please do not read, copy, distribute, or use this information. If you have received this transmission in error, please notify the sender immediately by reply e-mail and then delete this message.


****************************************************************************************
The information in this communication, including all attachments transmitted with it, is

confidential and may be legally privileged.  It is intended solely for the addressee.  No confidentiality or privilege is waived or lost by any mistransmission.  If you are not the intended recipient, you are strictly prohibited from disclosing, copying, distributing or using any of this information.  If you received this message in error, please contact the sender immediately and destroy the material in its entirety, whether electronic or hard copy.  The sender does not accept liability for any errors or omissions.

This communication may contain nonpublic personal information about consumers, subject to the restrictions of the Gramm-Leach-Bliley Act.  You may not directly or indirectly reuse or disclose such information for any purpose other than to provide the services for which you are receiving the information

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*



KOPPER PRODUCTION 002563