**IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION**

| | |
|---|---|
| Koppers Performance Chemicals, Inc., f/k/a Osmose Wood Preserving Co. of America, Inc. f/k/a Osmose Wood Preserving, Inc. f/k/a Osmose, Inc., <br><br> Plaintiff, <br><br> v. <br><br> The Travelers Indemnity Company; Argonaut-Midwest Insurance Company d/b/a Argo Group; Insurance Company of North America d/b/a Chubb; Indemnity Insurance Company of North America d/b/a Chubb; Pacific Employers Insurance Company d/b/a Chubb; and Ace American Insurance Company d/b/a Chubb, <br><br> Defendants. | Civil Action No. 2:20-cv-2017-RMG <br><br><br> **ORDER AND OPINION** |

Before the Court is Plaintiff's motion for protective order (Dkt. No. 150) and Defendant The Travelers Indemnity Company ("Travelers") motion to compel (Dkt. No. 151). For the reasons set forth below, the Court grants Plaintiff's motion and denies Travelers' motion.

**I.     Background**

This is a declaratory judgment action and breach of contract action filed by Plaintiff against various insurance companies including Travelers.

On February 23, 2022, the Court denied Travelers' motion to strike, (Dkt. No. 125), granted Plaintiff's partial motion for summary judgment, (Dkt. No. 101), and granted in part and denied in part Travelers' motion for summary judgment, (Dkt. No. 100). (Dkt. No. 133) (the "Prior Order").

1

On March 24, 2022, the granted in part Travelers' motion for reconsideration of the Prior Order. *Koppers Performance Chemicals, Inc. v. Travelers Indem. Co.*, No. 2:20-CV-2017-RMG, — F. Supp. 3d —, 2022 WL 1198067 (D.S.C. Mar. 24, 2022) (the "Reconsideration Order"). The Court observed that during discovery Plaintiff had refused to respond to various discovery requests concerning the date by which Plaintiff determined it would tender notice of the underlying lawsuit to Travelers. *See id.* at *2.[1] Nevertheless, despite refusing to provide such information, and despite claiming during discovery the information sought was irrelevant or privileged, in opposing Travelers' motion for summary judgment, Plaintiff submitted a declaration by its former in-house counsel Stephen Kifer explaining why, "although the underlying lawsuit in this action had been filed in 2014, Plaintiff did not inform Travelers of said lawsuit until around August 2016." *Id.* at *1. Plaintiff also filed a declaration by one of Plaintiff's current attorneys, Robert Friedman, which Travelers claimed contained statements which contradicted the parties' joint stipulation and which relied on undisclosed witnesses. *Id.*

---

[1] The Court noted:

> Travelers explains that Plaintiff refused to respond to its Interrogatories Nos. 5, 16, and its Document Request No. 6. As to Interrogatory No. 5—"Explain why you did not forward the Underlying Action to Travelers before the Tender Date"—Plaintiff objected that the request sought privileged information, that "Koppers responds that it tendered the claim to Travelers promptly after determining the potential availability of coverage," but that because Travelers ultimately denied its duty to defend, "any delay in notice was immaterial and non-prejudicial." (Dkt. No. 134-1 at 7). In response to Interrogatory No. 16—"State the date that you first determined that Travelers had an obligation to defend you in the Underlying Acton"—Plaintiff objected that the request sought privileged information, that the request was irrelevant "because the date that Koppers determined that Travelers had an obligation to defendant it in the Underlying Action is immaterial," but that Plaintiff tendered the claim "promptly after determining the potential availability of coverage." (*Id.* at 12-13); (*Id.* at 16-17) (similarly objecting to Travelers' request for "documents relating to the time of your decision to tender the Underlying Action to insurers" and referring Travelers to its existing document production).

Considering the above, the Court held that Plaintiff had wrongfully withheld certain discovery under Fed. R. Civ. P. 37 but found the error harmless as it was possible to cure. *Id.* at *3. The Court "reopen[ed] discovery to allow Travelers to obtain discovery on the issues raised in Kifer's declaration—including deposing Kifer and/or Friedman on the issues raised in Kifer's declaration." Accordingly, the Court vacated its Prior Order and directed that the "limited discovery" described above be completed on or before April 19, 2022.

On April 26, 2022, Plaintiff filed a motion for protective order, (Dkt. Nos. 150, 152), which Travelers opposes.

On May 2, 2022, Travelers filed a motion to compel, (Dkt. Nos. 151, 163), which Plaintiff opposes, (Dkt. No. 159).

The parties' respective motions are fully briefed and ripe for disposition.

## II.   Legal Standard

Parties to a civil litigation may obtain discovery regarding "any nonprivileged matter that is relevant to any party's claim or defense" so long as the information is "proportional to the needs to the case...." Fed. R. Civ. P. 26(b)(1). The scope of discovery permitted by Rule 26 is designed to provide a party with information reasonably necessary to afford a fair opportunity to develop his or her case. *See, e.g.*, *Nat'l Union Fire Ins. Co. of Pittsburgh, Pa. v. Murray Sheet Metal Co.*, 967 F.2d 980, 983 (4th Cir. 1992) (noting that "the discovery rules are given 'a broad and liberal treatment'"). The court "must limit the frequency or extent of discovery ... if it determines that the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive." Fed. R. Civ. P. 26(b)(2)(C)(i). "The scope and conduct of discovery are within the sound discretion of the district court." *Columbus-Am. Discovery Grp. V. Atl. Mut. Ins. Co.*, 56 F.3d 556, 568 n.16 (4th Cir.

1995); *accord Carefirst of Md., Inc. v. Carefirst Pregnancy Ctrs.*, 334 F.3d 390, 402 (4th Cir. 2003) ("Courts have broad discretion in [their] resolution of discovery problems arising in cases before [them]."). To enforce the provisions of Rule 26, a party, under Rule 37, "may move for an order compelling disclosure or discovery." Fed. R. Civ. P. 37(a)(1).

Rule 26 provides that the "court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense[.]" Fed. R. Civ. P. 26(c)(1). Rule 26 also "provides for broad discovery." *Nallapati v. Justh Holdings, LLC*, 2022 WL 274405, at *2 (E.D.N.C. Jan. 28, 2020); *see also* Fed. R. Civ. P. 26(b)(1). Therefore, the "standard for issuance of a protective order is high." *Minter v. Wells Fargo Bank, N.A.*, 258 F.R.D. 118, 124 (D. Md. 2009). "A party moving for a protective order has the burden of making a particularized showing of why discovery should be denied, and conclusory or generalized statements in the motion fail to meet this burden." *Artis v. Murphy-Brown LLC*, 2018 WL 3352639, at *2 (E.D.N.C. July 9, 2018).

> [C]ourts have insisted on a particular and specific demonstration of fact, as distinguished from stereotyped and conclusory statements, in order to establish good cause. This recognizes that the existence of good cause for a protective order is a factual matter to be determined from the nature and character of the information sought by deposition or interrogatory weighed in the balance of the factual issues involved in each action.

8 Charles Alan Wright, Arthur R. Miller & Richard L. Marcus, FED. PRACTICE & PROCEDURE § 2035 (2d ed. 2009).

### III. Discussion

Since the Court issued the Reconsideration Order, Travelers has deposed both Kifer and Friedman, and Plaintiff has produced responsive documents to Travelers, except for two entries listed on Plaintiff's Privilege Log, both of which the Court has reviewed *in camera*. *See* (Dkt. No.

4

159 at 2); (Dkt. No. 159-1) (Plaintiff Privilege Log) (listing redactions to one document and the withholding of a second document).

As it pertains to Travelers' motion to compel, Travelers asks that the Court order that: (1) Travelers may reopen the depositions of Kifer and Friedman and/or take a Rule 30(b)(6) deposition of Plaintiff on the supplemental discovery, including Plaintiff's search for responsive documents; (2) Plaintiff produce documents to which it has asserted a privilege without redactions; and (3) Plaintiff search for and produce documents within the scope of its "privilege waiver" through February 27, 2017, or in the alternative September 1, 2016 including documents from "anyone from whom it has a right to demand documents." (Dkt. No. 151). Travelers argues this relief is proper because Plaintiff, by filing Kifer's declaration, "waived the privilege for all communications relating to how it provided notice to Travelers and other insurers." (Dkt. No. 152 at 3).

As it pertains to Plaintiff's motion for protective order, Plaintiff seeks protection regarding: (1) Travelers' questions to Kifer regarding the redacted potions of certain emails; (2) inquiries by Travelers during the deposition of Friedman as to his search for responsive documents that were produced by Plaintiff as part of its supplemental production; and (3) Travelers' questions to Friedman regarding when Koppers reasonably expected litigation against Travelers. (Dkt. No. 158 at 2). Plaintiff agues, at bottom, that the "information produced by [Plaintiff] in the declaration and the emails is not privileged" and, accordingly, there has been no waiver that supports Travelers' motion to compel. (*Id.* at 4).

The Court first examines whether Kifer's declaration constituted a waiver of the attorney-client privilege or otherwise put "at issue" privileged information.

Travelers contends that two paragraphs in Kifer's declaration—paragraphs 8 and 9—demonstrate Plaintiff has waived the privilege for "all communications relating to how it provided notice to Travelers and other insurers." (Dkt. No. 152 at 3). In his declaration, Kifer begins by stating that when the underlying lawsuit was filed, because it did not appear the plaintiff was alleging exposure to a particular chemical from birth, Plaintiff noticed only insurance companies providing "coverage in the 1990s and 2000s." (Dkt. No. 115-1 ¶ 3). Kifer then states that after the plaintiff in the underlying lawsuit was deposed in March 2016, he was informed by Plaintiff's defense counsel that "Mr. Riley's alleged period of alleged exposure went back further than initially indicated." (*Id.* ¶ 4). Kifer describes the difficulty he encountered locating historic insurance policies. (*Id.* ¶¶ 5-7). Kifer continues:

> 8. During the mediation held in the Riley case in August 2016, it was suggested to me that attorney Robert Friedman might have information on Osmose's [a company acquired by Plaintiff] historic policies. I reached out to Mr. Friedman in late August 2016 and he was able to locate information on a Travelers policy from 1978-79. Travelers was immediately put on notice upon Koppers' discovery of Travelers policy information.
>
> 9. I instructed Mr. Friedman to continue to work with Osmose and Osmose's broker to assemble as much information as possible on Osmose's historic insurance program dating back to the 1970s. Mr. Friedman was able to identify and locate some additional insurance policies from the 1970s and 1980s, including documents referring to Argonaut insurance policies from the early 1980s. Argonaut was put on notice immediately after the discovery of the Argonaut insurance documents.

(*Id.* ¶¶ 8-9).

The Court finds that the Kifer declaration did not constitute waiver of the attorney-client privilege or otherwise put at issue the substance of privileged conversations. Kifer's declaration describes the factual reasons for why Plaintiff apparently waited roughly two years to notify Travelers of the underlying lawsuit. It does not, as Travelers contends, reveal in paragraphs 8 or 9 the substance of any "privileged communications" between Plaintiff and its attorney Friedman.

(Dkt. No. 152 at 2-3). While Plaintiff did initially refuse to produce information on the above subject matter based on both privilege and relevance, the Court overruled that objection. *Koppers Performance Chemicals, Inc.*, 2022 WL 1198067, at *3 ("The Court finds that the information contained in Kifer's declaration was responsive to Travelers' RFP No. 6 and its Interrogatories Nos. 5 and 16. Further, the information requested was within the scope of discovery as stated in Rule 26(b)(1), FRCP."). And as a careful reading of Kifer's declaration reveals, while Kifer mentions speaking to Friedman about the existence of historic insurance policies, Kifer does not put at issue the substance of any privileged conversations the two may have exchanged about the applicability of or extent of coverage by a particular insurance policy. *See Wellin v. Wellin*, 211 F. Supp. 3d 793 (D.S.C. 2016), *order clarified*, No. 2:13-CV-1831-DCN, 2017 WL 3620061 (D.S.C. Aug. 23, 2017) (noting the attorney-client and work product privileges do not protect the disclosure of "the underlying facts by those who communicated with the attorney" and refusing to find waiver of attorney-client privilege based on submission of affidavit containing such facts); *Computer Network Corp. v. Spohler*, 95 F.R.D. 500, 502 (D.D.C. 1982) (allowing discovery based on attorney affidavit where affidavit was factual in nature and comparing it to a memorandum that "weaves in factual representations *with legal arguments*") (emphasis added).

Given the above, the Court **grants** Plaintiff's motion for protective order as it regards the redacted emails produced to Travelers in supplemental discovery. The Court has reviewed *in camera* unredacted versions of said emails, (Dkt. No. 141-2), and finds the redactions therein are necessary to protect the attorney-client privilege. Travelers' requests to obtain said emails in unredacted form is therefore **denied**.

As it concerns the coverage chart attached to Friedman's Wednesday August 31, 2016 3:38PM email, a document which the Court has also reviewed *in camera,* the Court finds the

document is protected by the work product doctrine.  Given the context of the August 31, 2016 email, it is reasonable to infer the "driving force" behind the chart was the underlying lawsuit and that, therefore, the chart is protected from disclosure. *Nat 7 Union Fire Ins. Co. of Pittsburgh, Pa. v. Murray Sheet Metal Co.*, 967 F.2d 980, 984 (4th Cir. 1992) (For the work product doctrine to apply, "[t]he document must be prepared because of the prospect of litigation when the preparer faces an actual claim or a potential claim following an actual event or series of events that reasonably could result in litigation."). Accordingly, Travelers' request to obtain said chart is **denied**.

Further and relatedly, the Court **grants** Plaintiff's motion for protective order regarding any further deposition of Friedman regarding when Koppers reasonably expected litigation against Travelers.  As noted above, no waiver occurred in the Kifer declaration.  Thus, the Court rejects Travelers' argument that the "scope of waiver" extends until February 27, 2017 or that discovery on the above subject is otherwise permitted due to the filing of Kifer's declaration. (Dkt. No. 152 at 7).

Next, the Court considers Travelers' request to depose Friedman about his search for responsive documents.

"[M]eta-discovery" or discovery about discovery "should be closely scrutinized in light of the danger of extending the already costly and time-consuming discovery process *ad infinitum*." *Freedman v. Weatherford Int'l Ltd.*, 2014 WL 4547039 at *2 (S.D.N.Y. Sept. 12, 2014). Nevertheless, there are instances where it is appropriate. For example, courts have allowed discovery on how the opposing party has searched for responsive ESI. *See Ruiz-Bueno v. Scott*, 2013 WL 6055402 at * 4 (S.D. Ohio Nov. 15, 2013); *McNearney v. Wash. Dept. of Corr.*, 2012 WL 3155099, *6 (W.D. Wash. Aug. 2, 2012).

Here, the Court finds that such meta-discovery is unwarranted. Travelers argued such discovery was necessary because "serious questions arose during the depositions" about the privileged nature of above-discussed emails and coverage chart—documents which the Court found above were properly redacted or withheld. Accordingly, as Travelers presents no compelling argument explaining why such discovery would not be cumulative or why such discovery would be beneficial to this litigation compared to its burden, *see* Fed. R. Civ. P. 26(b)(2)(C); *In re Lipitor (Atorvastatin Calcium) Mktg.*, No. 2:14-MN-02502-RMG, 2014 WL 12621613, at *1 (D.S.C. Nov. 13, 2014), the Court **grants** Plaintiff's motion for protection on this point and **denies** Travelers' motion to compel on the same.

### IV.     Conclusion

For the reasons stated above, the Court **GRANTS** Plaintiff's motion for protective order, (Dkt. No. 150), and **DENIES** Travelers' motion to compel, (Dkt. No 151).

**AND IT IS SO ORDERED**.

s/ Richard M. Gergel
Richard M. Gergel
United States District Judge

October 31, 2022
Charleston, South Carolina

9