**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF SOUTH CAROLINA**
**CHARLESTON DIVISION**

| | | |
|---|---|---|
| Koppers Performance Chemicals, Inc., f/k/a Osmose Wood Preserving Co. of America, Inc. f/k/a Osmose Wood Preserving, Inc. f/k/a Osmose, Inc., | ) ) ) ) | Civil Action No. 2:20-cv-2017-RMG |
| | ) | |
| Plaintiff, | ) ) | |
| | ) | **ORDER AND OPINION** |
| v. | ) | |
| | ) | |
| The Travelers Indemnity Company; Argonaut-Midwest Insurance Company d/b/a Argo Group; Insurance Company of North America d/b/a Chubb; Indemnity Insurance Company of North America d/b/a Chubb; Pacific Employers Insurance Company d/b/a Chubb; and Ace American Insurance Company d/b/a Chubb, | ) ) ) ) ) ) ) ) ) | |
| | ) | |
| Defendants. | ) ) | |
| _____ | ) | |

Before the Court is Defendant Travelers Indemnity Company ("Travelers")'s motion to compel. (Dkt. No. 177). For the reasons stated below, the Court denies Travelers's motion without prejudice.

I.    **Background**

This is a declaratory judgment and breach of contract action filed by Plaintiff against various insurance companies including Travelers related to a since settled lawsuit (the "Underlying Action"). (Dkt. No. 1).

On December 12, 2022, the Court granted Plaintiff's amended motion for partial summary judgment and granted in part and denied in part Travelers's renewed motion for summary judgment. (Dkt. No. 173).

1

Travelers now moves to compel production of a confidential settlement agreement (the "Settlement Agreement") reached in this action between Plaintiff and former defendant, insurer Chubb. (Dkt. Nos. 177, 181). Plaintiff opposes. (Dkt. No. 180).

Travelers's motion is fully briefed and ripe for disposition.

## II.    <u>Legal Standard</u>

Parties to civil litigation may obtain discovery regarding "any nonprivileged matter that is relevant to any party's claim or defense" so long as the information is "proportional to the needs of the case." FED. R. CIV. P. 26(b)(1). The scope of discovery permitted by Rule 26 is designed to provide a party with information reasonably necessary to afford a fair opportunity to develop his or her case. *See, e.g., Nat'l Union Fire Ins. Co. of Pittsburgh, P.A. v. Murray Sheet Metal Co., Inc.*, 967 F.2d 980, 983 (4th Cir. 1992) (noting that "the discovery rules are given 'a broad and liberal treatment'".) "The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense" by forbidding or limiting the scope of discovery. FED. R. CIV. P. 26(c)(1). The court "must limit the frequency or extent of discovery ... if it determines that the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive." FED. R. CIV. P. 26(b)(2)(C)(i). "The scope and conduct of discovery are within the sound discretion of the district court." *Columbus–Am. Discovery Grp. v. Atl. Mut. Ins. Co.*, 56 F.3d 556, 568 n.16 (4th Cir. 1995); *see also Carefirst of Md, Inc. v. Carefirst Pregnancy Ctrs.*, 334 F.3d 390, 402 (4th Cir. 2003) ("Courts have broad discretion in [their] resolution of discovery problems arising in cases before [them].") (internal quotation marks omitted). To enforce the provisions of Rule 26, under Federal Rule of Civil Procedure 37, a "party may move for an order compelling disclosure or discovery." FED. R. CIV. P. 37(a)(1).

### III.   <u>Discussion</u>

Travelers argues that Plaintiff must produce the Settlement Agreement with former Defendant Chubb because the agreement is (1) relevant to set-off in the event Travelers is found liable at trial for any defense costs of the Underlying Action and (2) disclosure of the Settlement Agreement would permit Travelers to better evaluate "its risk prior to and during trial on liability." *See* (Dkt. No. 177-1 at 9, 14-15).  As to point two, Travelers cites no case law supporting the argument and acknowledges that "this Court has not viewed settlement agreements as discoverable based solely on promoting the fair, equitable, and transparent conduct and/or resolution of litigation." (*Id.* at 14).

The Fourth Circuit has never recognized a settlement privilege or required a particularized showing that admissible evidence will be generated when confidential settlement documents are sought. *Polston v. Eli Lilly & Co.,* No. 3:08–3639, 2010 WL 2926159, at *1 (D.S.C. July 23, 2010). Accordingly, the only question before the Court is "whether any information in the ... agreement is relevant, and not unduly burdensome to produce." *Id.* at *1; *see Wilshire v. WFOI, LLC*, No. 4:13-CV-3614-RBH, 2015 WL 1643456, at *4 (D.S.C. Apr. 14, 2015) (rejecting an argument identical to Travelers's that the Settlement Agreement is discoverable because "it may assist in dispute resolution" as "[d]ispute resolution or valuation  is not relevant to any claim or defense, nor is it reasonably calculated to lead to the discovery of admissible evidence") (citing *Tanner v. Johnson,* No. 2:11–cv–00028–TS–DSP, 2013 WL 121158, at *4 (D. Utah Jan.8, 2013) ("[T]he Court agrees with Plaintiffs that evaluating settlement options is related less to relevance, than to policy reasons favoring disclosure of settlement agreements. As such, the Court rejects the ... argument that the settlement agreement is relevant because it may alter their settlement negotiation strategy.")).

*Pier View Condominium Assoc., Inc. v. John's Manville, Inc.*, No. 2:18-cv-22-BHH, 2019 WL 13112011 (D.S.C. Nov. 15, 2019) is instructive. In *Pier View*, defendant sought to obtain discovery about settlements plaintiff entered regarding alleged construction damages. *Id.* at *2-3. Defendant argued, inter alia, that the information was relevant to the amount of set-off it "may be entitled to pursuant to S.C. Code Ann. § 15-38-50." *Id.* at *3.[1] After reviewing authority to the contrary, including the principal case Travelers relies on here, *Wilshire v. WFOI, LLC*, the *Pier View* court found that because "settlement information is relevant only to the amount of set-off the defendant would be entitled to upon unfavorable verdict, 'there is no reason . . . to order the disclosure of the amount of the credit *until* a verdict finding liability on the part of [defendant] has been reached." *Id.* at *5 (citing *Polston*, 2010 WL 2926159, at *2) (emphasis added); *Bottaro v. Hattton Assoc.,* 96 F.R.D. 158 (E.D.N.Y. 1982) ("Even then, the settlement would not be evidence relevant to any issue in this case other than the ministerial apportionment of damages, a mathematical computation which the Court rather than the jury will perform. Hence, the amount of the settlement is not relevant to any issue in this case at this time"). *Pier View* also observed that in *Huck v. Oakland Wings, LLC*, the South Carolina Court of Appeals noted that the defendant against whom a verdict was entered would have "had no reason to request the settlement agreement prior to the verdict against it" because only "[o]nce the verdict was rendered [would] setoff become an issue and disclosure of the settlement agreement [] relevant." 813 S.E. 2d 288, 290 n.1 (S.C. App. 2018). In sum, applying *Huck* and *Polston*, *Pier View* denied the motion to compel the settlement agreements without prejudice because the relevance of said agreements was "limited to

---

[1] S.C. Code Ann. § 15-38-50 dictates mandatory set-off in tort and wrongful death cases. Though both parties cite cases discussing this statute, the parties appear to agree that § 15-38-50 does not apply here.

the pure ministerial calculation of damages," not "the issue of *Defendant's* liability." *Pier View*, 2019 WL 13112011, at *6.

The Court denies Travelers's motion to compel without prejudice. The Court finds persuasive the reasoning articulated in *Pier View*, namely that the Settlement Agreement is not relevant to any claim or defense and will only become relevant if a verdict is returned against Travelers at trial. *See, e.g.*, *Pier View*, 2019 WL 13112011, at *4-6; *Polston*, 2010 WL 2926159, at *1 (noting that, "[e]ven then, the settlement would not be evidence relevant to any issue in this case other than the ministerial apportionment of damages, a mathematical computation which the Court rather than the jury will perform. Hence, the amount of the settlement is not relevant to any issue in this case at this time").[2] While *Wilshire* came to a different conclusion, the Court finds *Pier View* more convincing in its reasoning and notes its reliance, in part, on South Carolina specific case law to reach its conclusion.

## IV.    Conclusion

For the reasons stated above, Travelers's motion to compel is denied without prejudice (Dkt. No. 177).

**AND IT IS SO ORDERED**.

s/ Richard M. Gergel
Richard M. Gergel
United States District Judge

---

[2] Travelers attempts to distinguish *Pier View* and *Polston* on the basis that those cases involved S.C. Code Ann. § 15-38-50's automatic joint-tortfeasor setoff provisions while this action does not. (Dkt. No. 177-1 at 12). Travelers omits that *Wilshire* itself involved § 15-38-50. Further, the fact this action is apparently not subject to § 15-38-50 weakens the potential relevance of the Settlement Agreement. *See Sloan Const. Co. v. Cent. Nat. Ins. Co. of Omaha*, 269 S.C. 183, 186, 236 S.E.2d 818, 820 (1977) ("The duty to defend is personal to each insurer. The obligation is several and the insurer is not entitled to divide the duty nor require contribution from another absent a specific contractual right."). Regardless, the Court need decide any issue related to set-off now and will address the issue, if necessary, after trial.

February 23, 2023
Charleston, South Carolina